IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-86 T<br><br>Judge Emily C. Hewitt |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

The plaintiff, by and through undersigned counsel, opposes the defendant's *Motion for Enlargement of Time* of eight days (from June 22, 2006, to June 30, 2006) to answer plaintiff's complaint, for good cause set forth below.

The defendant's current motion for an additional 8 days to answer is the defendant's fourth request for an enlargement of time to answer. Counsel for the government, Jennifer Spriggs, first entered an appearance on February 17, 2006, and, on March 28th, filed her first motion for an extension of 45 days to file a responsive pleading. Government counsel then requested a 30-day extension on May 17th, followed by her penultimate request for 3 days this past Monday, June 19th. With each motion for enlargement of time, government counsel has represented to plaintiff's counsel, Eric Olson, that the additional time was necessary to prepare and file a responsive pleading. It was understood by counsel for plaintiff that, in requesting an enlargement of time,

counsel for the government fully expected in each instance to file the government's answer within the period of time requested.

Plaintiff's counsel consented to government counsel's June 19th motion for an extension of 3 days (up to and including today) to file an answer, with the understanding that government counsel had already prepared a draft answer and that this short amount of additional time was necessary for her supervising attorney to review the answer. Plaintiff's counsel believed, once again, that this was the last extension needed, and understood that a reviewer's approval of the answer was forthcoming.

Yesterday, government counsel requested consent to her latest request for an enlargement of 8 days to answer. In an attempt to accommodate the defendant, plaintiff's counsel, Eric Olson, stated that he would consent to the additional enlargement of time if government counsel provided a letter with the following information: (a) the identity of the supervising attorney who had agreed to review the answer, (b) confirmation that the enlargement of time was discussed with the reviewer, and (c) confirmation that the defendant's answer would be reviewed and filed by the end of the 8-day period requested.

Government counsel instead provided a letter stating "[t]he Government expects to file its response to the complaint in this action by June 30, 2006." *See* Exhibit A (Letter from government counsel)(emphasis added). In a subsequent conversation with J. Michael Hines, acting as counsel for the plaintiff (Mr. Olson being unavailable while in transit on business), Mr. Hines requested changing the word "expects" to "will" to make clear that government counsel would file a responsive pleading within the enlarged time, but government counsel declined.

Government counsel has had over four months to prepare an answer or other responsive pleading, and this Court has already granted her three extensions to do so. Monday's 3-day extension request was made on the premise that a draft response was already prepared and only a few additional days were needed for its review by a supervising attorney. A few days later, the government is once again asking for an extension of time, and, now, the duration of the requested extension has increased. Delay has followed delay, and government counsel has only represented in its current motion that the government "expects to respond to the complaint within the time requested." *See* Motion for Enlargement of Time (filed by government counsel on June 21, 2006) (emphasis added). This expectation was the premise of each of the three preceding motions for extension of time and, thus, gives the plaintiff no confidence that an answer will actually be filed timely.

The defendant has had ample opportunity to prepare and file a responsive pleading and no further extensions should be granted. The court and government are entitled to a response by a date certain and that day is today. Wherefore, the plaintiff prays that this Court deny the defendant's current motion for enlargement of time.

Respectfully submitted,

s/ Eric C. Olson by s/ Alex Bertoldo
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

June 22, 2006

CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing *Plaintiff's Opposition to Defendant's Motion for Enlargement of Time* to be filed with the ECF System of the United States Court of Federal Claims this 22nd day of June 2006, with Notice of Electronic Filing to be made on all case participants who are ECF filing users in compliance with the service requirements of RCFC 5 and the proof of service requirements of RCFC 5.1, as provided in United States Court of Federal Claims General Order No. 42A. I am not aware of any case participants who are not ECF filing users of this Court.

s/ Alex Bertoldo
Tel: (202) 776-2045
Fax: (202) 776-4045
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036