IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

ANSWER

Defendant, the United States, in answer to the complaint, respectfully denies each and every allegation contained therein that is not admitted below.

Defendant further responds as follows:

**COMPLAINT**

Denies the allegations in the first sentence of the introductory paragraph[1] of the complaint that income taxes and related interest were erroneously assessed and illegally collected by the Internal Revenue Service. Admits the remaining allegations in the first sentence of the introductory paragraph of the complaint. With respect to the second sentence of the

[1] The introductory paragraph of the complaint is not numbered.

introductory paragraph of the complaint, admits only that the grounds for the complaint are set forth below.

**THE PARTIES**

1. With respect to the allegations in the first sentence of ¶ 1 of the complaint, admits that DMC is a corporation, and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 1 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 1 of the complaint.

Admits the allegations in the third and fourth sentences of ¶ 1 of the complaint.

2. Admits the allegations in ¶ 2 of the complaint.

**JURISDICTION AND VENUE**

3. With respect to the allegations in ¶ 3 of the complaint, admits only that, if this Court has jurisdiction, it is founded upon 28 U.S.C. § 1491(a)(1). Denies the remaining allegations in ¶ 3 of the complaint.

**INTRODUCTION**

4. With respect to the allegations in the first sentence of ¶ 4 of the complaint, admits that DMC challenges the determinations on which the Service based its denial of the refund claims for 1995 through 1998. Denies the remaining allegations in the first sentence of ¶ 4 of the complaint. Denies the allegations in the second through fifth sentences of ¶ 4 of the complaint.

5. Denies the allegations in the first sentence of ¶ 5 of the complaint. With respect to the second sentence in ¶ 5, admits that DMC seeks refunds for the years and in the amounts stated, and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of ¶ 5 of the complaint.

**PROCEDURAL HISTORY**

6. Admits the allegations in the first sentence of ¶ 6 of the complaint. Denies that there were "errors" identified in ¶ 4, and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of ¶ 6 of the complaint.

7. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the complaint.

8. Admits the allegations in the first and second sentences of ¶ 8 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of ¶ 8 of the complaint. With respect to the fourth sentence in ¶ 8, admits only that a copy of a document is attached to the complaint as Exhibit A.

9. Admits the allegations in the first sentence of ¶ 9 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 9 of the complaint.

10. With respect to the allegations in the first sentence of ¶ 10 of the complaint, admits that on April 24, 2003, DMC made an advance payment to the Service; avers that its

attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 10 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 10 of the complaint.

11. Admits the allegations in ¶ 11 of the complaint that DMC filed its protest on July 14, 2003. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 11 of the complaint.

12-14. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 12-14 of the complaint.

15. Admits the allegations in the first sentence of ¶ 15 of the complaint that on April 4, 2005, the Service issued a Notice of Deficiency for tax years 1995 through 1998. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 15 of the complaint. With respect to the allegations in the second sentence in ¶ 15 of the complaint, admits only that a copy of a document is attached to the complaint as Exhibit B.

16. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16 of the complaint.

17. Denies that there was an “error” referenced in ¶ 4(c), and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 17 of the complaint.

18. Denies the allegations in ¶ 18 of the complaint.

19. Admits the allegations in ¶ 19 of the complaint.

20. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegation in ¶ 20 of the complaint.

21. Admits the allegations in the first sentence of ¶ 21 of the complaint, except avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date the amended returns were filed. With respect to the allegations in the second sentence in ¶ 21 of the complaint, admits only that copies of documents are attached to the complaint as Exhibits C-F.

22. Admits the allegations in the first sentence of ¶ 22 of the complaint, except avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding DMC's anticipation of bringing this refund action. With respect to the allegations in the second sentence in ¶ 22 of the complaint, admits only that a copy of a document is attached to the complaint as Exhibit G.

23. Admits the allegations in ¶ 23 of the complaint, except avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date the amended returns were filed.

## VALUATION OF KIRO-TV ASSETS

### Introduction

24. Denies the allegations in ¶ 24 of the complaint that the Service's determination was erroneous. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 24 of the complaint.

25. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 25 of the complaint.

26-27. Denies the allegations in ¶¶ 26-27 of the complaint.

**KIRO-TV**

28-29. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 28-29 of the complaint.

30. Admits the allegations in ¶ 30 of the complaint.

31. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 31 of the complaint.

**Agreement To Sell KIRO-TV**

32. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 32 of the complaint.

33. Denies the allegations in ¶¶ 33 of the complaint that $162.5 million was the fair market value of Kiro-TV as of February 1, 1995. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 33 of the complaint.

34-35. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 34-35 of the complaint.

**Closing And Appraisal Of KIRO-TV Assets**

36. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36 of the complaint.

37. Admits the allegations in ¶ 37 of the complaint that Belo and BIC each retained an appraisal firm. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 37 of the complaint.

38-40. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 38-40 of the complaint.

41. Avers that “parties” refers to the “parties” to the transaction, avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the manner in which the values were “established,” and admits the remaining allegations in ¶ 41 of the complaint.

42. Admits the allegations in ¶ 42 of the complaint that BHC’s gain or loss from the sale of the FCC License and the Network Affiliation Agreement was not included on DMC’s 1995 return. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 42 of the complaint.

**The Service’s Examination Of The KIRO-TV Sale**

43. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 43 of the complaint.

44. Admits the allegations in ¶ 44 of the complaint that during the course of examining DMC’s tax returns for 1995 through 1998, the Service retained DKB. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 44 of the complaint.

45. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 45 of the complaint.

46. Admits the allegations in the first sentence of ¶ 46 of the complaint that the Service used the DKB valuations to determine its proposed adjustment. Denies the allegation in the first sentence of ¶ 46 of the complaint that the Service "adopted" the DKB valuations. With respect to the allegations in the second sentence in ¶ 46 of the complaint, admits only that a copy of a document is attached to the complaint as Exhibit A.

**Conclusions Adopted By The Service And Not In Dispute**

**Asset Valuations - Not In Dispute**

47-48. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 47-48 of the complaint.

**Valuation Methodology - Not In Dispute**

49. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 49 of the complaint.

50. Admits the allegations in the first sentence in ¶ 50 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in ¶ 50 of the complaint.

51. Avers that the allegations in ¶ 51 of the complaint are contentions of law to which no response is required.

52. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 52 of the complaint.

53. Admits the allegations in ¶ 53 of the complaint that DKB used the residual method to value the FCC License. Denies the remaining allegations in ¶ 53 of the complaint.

54. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 54 of the complaint.

**<u>The Absence Of Goodwill-Not in Dispute</u>**

55. Denies the allegations in ¶ 55 of the complaint.

56. Denies the allegations in ¶ 56 of the complaint that DKB assigned no value to goodwill. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 56 of the complaint.

57. Denies the allegation in ¶ 57 of the complaint that DKB and the Service in NOPA 41-1 attributed no value to goodwill. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 57 of the complaint.

**<u>Valuation Conclusions In Dispute</u>**

**<u>Introduction</u>**

58. Admits the allegations in the first sentence in ¶ 58 of the complaint that the DKB conclusions were used by the Service during audit. Admits the allegations in the first sentence in ¶ 58 of the complaint that DMC retained appraiser Charles H. Kadlec. Denies the allegations in the first sentence in ¶ 58 of the complaint that the DKB conclusions were adopted by the Service. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 58 of the complaint.

59. Admits the allegations in ¶ 59 of the complaint that DKB prepared valuations. Denies the allegation in ¶ 59 of the complaint that the DKB conclusions were adopted by the Service. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 59 of the complaint.

**<u>Advertiser Relationship And Pre-Sold Or Acquired Advertising Contracts</u>**

60. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 60 of the complaint. Denies the allegations in the second sentence in ¶ 60 of the complaint.

61. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 61 of the complaint. Admits the allegations in the second sentence of ¶ 61 of the complaint, except avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the total value of the contracts.

62-65. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 62-65 of the complaint.

66. Admits the allegations in ¶ 66 of the complaint that a value of $390,000 for "Pre-Sold Commercial Advertising" was determined on audit. Denies the allegation in ¶ 66 of the complaint that the audit position represents the current Service position.

67-69. Denies the allegations in ¶¶ 67-69 of the complaint.

70. Admits the allegations in ¶ 70 of the complaint.

71-73. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 71-73 of the complaint.

74. Denies the allegations in ¶ 74 of the complaint.

75. Admits the allegations in ¶ 75 of the complaint that DKB and the Service on audit determined that the value of the Kiro-TV buildings at the time of the 1995 sale was $10,195,000. Denies the remaining allegations in ¶ 75 of the complaint.

76. Admits the allegations in ¶ 76 of the complaint that the Service adjusted DMC's tax liability on audit based on a value of $10,195,00 for the Kiro-TV buildings. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 76 of the complaint that the value of the buildings is overstated by $5,809,000. Denies the remaining allegations in ¶ 76 of the complaint.

**Support Operations- Third Avenue Productions And KIRO Direct**

77. Admits the allegations in the first sentence of ¶ 77 of the complaint that the DKB appraisal and the Service on audit determined a gain of $3,500,000 to be recognized from the sale of Third Avenue and KIRO Direct. Denies that the audit position represents the current Service position. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 77 of the complaint that Third Avenue was an "in- house production arm for commercials and programs" and KIRO Direct was a "one person, in-house direct mail service." Denies the remaining allegations in the first sentence in ¶ 77 of the complaint. Denies the allegations in the second sentence in ¶ 77 of the complaint.

78-80. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 78-80 of the complaint.

81-82. Denies the allegations in ¶¶ 81-82 of the complaint.

**General Operations - Going Concern/Assembled Workforce**

83. Admits the allegations in ¶ 83 of the complaint.

84. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶ 84 of the complaint. Denies the allegations in the second sentence in ¶ 84 of the complaint.

85-87. Denies the allegations in ¶¶ 85-87 of the complaint.

**Acquired Program Contracts**

88-89. Denies the allegations in ¶¶ 88-89 of the complaint.

**Summary Of Valuation Conclusions In Dispute**

90. Admits the allegations in ¶ 90 of the complaint that the numbers are in dispute; denies that they result in an "overvaluation" and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the amounts listed are the total amounts in dispute.

**DMC'S GAIN**

91-92. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 91-92 of the complaint.

93-95. Avers that the allegations in ¶¶ 93-95 of the complaint are contentions of law to which no response is required.

96. Admits the allegations in ¶ 96 of the complaint, except avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding BIC.

97. Denies the allegations in ¶ 97 of the complaint.

98. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 98 of the complaint.

99. Avers that the allegations in ¶ 99 of the complaint are contentions of law to which no response is required.

**LIFE/NON-LIFE CONTRIBUTION OFFSET**

100. Avers that the allegations in ¶ 100 of the complaint are contentions of law to which no response is required.

101-102. Denies the allegations in ¶¶ 101-102 of the complaint.

103. Denies that there was an "overstatement," that it is "uncorrected," or that a "corrected determination" is necessary; and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 103 of the complaint.

**NON-LIFE LOSS OFFSET AGAINST LIFE INCOME**

104. Denies the allegations in ¶ 104 of the complaint.

105. Denies the allegations in the first sentence in ¶ 105 of the complaint. Avers that the allegations in the second sentence in ¶ 105 of the complaint are contentions of law to which no response is required.

106. Denies the allegations regarding the Service's position, and avers that the remaining allegations in the first sentence of ¶ 106 of the complaint are contentions of law to

which no response is required. Denies the allegations in the second sentence of ¶ 106 of the complaint.

## CLAIMS FOR RELIEF

## COUNT I

## CLAIMS FOR TAX REFUND RELATED TO THE ERRONEOUS VALUATION OF THE BIC ASSETS

107. Defendant repeats the responses set forth in ¶¶ 1-106 of this answer as if fully set forth herein.

108-109. Denies the allegations in ¶¶ 108-109 of the complaint.

## COUNT II

## COMPUTATION OF GAIN ON SALE OF KIRO, INC. ASSETS

110. Defendant repeats the responses set forth in ¶¶ 1-109 of this answer as if fully set forth herein.

111. Avers that the allegations in ¶ 111 of the complaint are contentions of law to which no response is required.

112-113. Denies the allegations in ¶¶ 112-113 of the complaint.

## COUNT III

## LIFE/NON-LIFE CONTRIBUTION OFFSET

114. Defendant repeats the responses set forth in ¶¶ 1-113 of this answer as if fully set forth herein.

115-116. Denies the allegations in ¶¶ 115-116 of the complaint.

**COUNT IV**

**NON-LIFE LOSS OFFSET AGAINST LIFE INCOME**

117. Defendant repeats the responses set forth in ¶¶ 1-116 of this answer as if fully set forth herein.

118-119. Denies the allegations in ¶¶ 118-119 of the complaint.

**RELIEF**

Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause (including A-D) of the complaint.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiff.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

June 30, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 30th day of June 2006, been made on plaintiff by electronic filing and by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Eric C. Olson
Kirton & McConkie
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

s/Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440
(202) 514-9440 (facsimile)