IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | |
| | ) | Case No. 06-86 T |
| | ) | |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S**
**MOTION TO STRIKE ANSWER**

The plaintiff Deseret Management Corporation ("DMC"), by and through its undersigned counsel, moves the Court pursuant to RCFC 12(f) to strike the Answer filed on June 30, 2006, by the defendant United States of America (the "government"), because the Answer violates of RCFC 8(b) by including immaterial matter and insufficient defenses.

The grounds for this motion are as follows:

1. RCFC 8(b) requires that a defendant (in this Court, by definition, the government) respond to an "averment" in its answer in one of three ways — (a) admit, (b) deny, or (c) declare that "a party is without knowledge or information sufficient to form a belief as to the truth of an averment," which "has the effect of a denial."

2. The government's Answer in this action responds to the allegations set forth in sixty-nine (69) of the Complaint's 119 paragraphs by asserting that "its attorneys presently lack

knowledge or information sufficient to form a belief as to the truth of the allegations. . . ." *See, e.g.*, Answer ¶ 1.

3. The knowledge of a party's attorneys is immaterial to the response to the complaint required under Rule 8(b) and constitutes an "insufficient defense" to the allegations of the Complaint. RCFC 8(b) requires disclosure of the knowledge of "a party," *i.e.*, the government. Indeed, RCFC 11(b) imposes on counsel a duty of reasonable inquiry with respect to the facts underlying the response to the complaint.

4. Moreover, DMC attached as exhibits to the Complaint the following documents:

a. Thirty-day Letter dated March 28, 2003, with examination report and valuation specialist's report, each issued by the government.

b. Notice of Deficiency dated July 3, 2005 issued by the government.

c. Amended DMC Tax Return (form 1120X) for 1995.

d. Amended DMC Tax Return (form 1120X) for 1996.

e. Amended DMC Tax Return (form 1120X) for 1997.

f. Amended DMC Tax Return (form 1120X) for 1998.

g. Waiver of Statutory Notification of Claim Disallowance dated November 10, 2005.

5. With respect to each of these documents – which was either generated or received by the government – the Answer admits only that "a copy of a document is attached" and says nothing further. *See, e.g.*, Answer ¶ 8.

6. Where the government is either the author or the repository of the documents proffered, the mere acknowledgement that what is attached is "a document" is non-responsive and immaterial.

Therefore, DMC respectfully requests that this Court strike the government's Answer and enter an order requiring the government to file within fourteen days an answer that conforms to the requirements of RCFC 8(b). DMC also states its intent, notwithstanding the relief sought by this motion, to adhere to the timing and deadlines set forth in RCFC Appendix A, Part III (¶¶ 4-6) to assure that this action proceeds to a "just, speedy, and inexpensive determination. . . ." RCFC 1.

A supporting memorandum is submitted herewith.

Respectfully submitted,

s/ Eric C. Olson
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

July 7, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Plaintiff's Motion to Strike Answer has, this 11th day of July 2006, been made on defendant by electronic filing and by mailing a copy thereof, in a postage prepaid envelope, to the following address

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893