IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | |
| | ) | Case No. 06-86 T |
| | ) | |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ANSWER**

The plaintiff Deseret Management Corporation ("DMC"), by and through its undersigned counsel, submits this memorandum in support of its motion to strike the Answer filed on June 30, 2006, by the defendant United States of America (the "government") as in violation of RCFC 8(b).

**INTRODUCTION**

The government filed its Answer on June 30, 2006, following four extensions of time totaling nearly 90 days. Those extensions of time were premised on affording government counsel sufficient time to obtain and review the "full administrative file" and "supplemental materials" in advance of preparing "a meaningful response to the complaint." *See* Motions for Enlargement of Time dated March 28, May 17, and June 19, 2006.

The Answer that the government served five months after the filing of the Compliant is generally non-responsive to the Complaint. In response to more than half of the paragraphs in the Complaint (69 out of 119), the Answer states: "Its [the government's] attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the . . . allegations . . .

." The government professes ignorance even with respect to the identity of the documents prepared by the government and delivered to DMC that precipitated this dispute.

The Rules of this Court require a party to answer as to its own knowledge or available information, not that of its attorneys. Under RCFC 8(b), an attorney's knowledge or information is "immaterial" as a response to the allegations of the Complaint, nor does this information constitute a sufficient defense to those allegations. RCFC 12(f). Moreover, the present claim of attorney ignorance is at variance with the repeated assurances in the Motions for Enlargement of Time that counsel had obtained and reviewed the full administrative file and supplemental materials. Pursuant to RCFC 12(f), DMC asks this Court to strike the Answer and to direct the government to file an answer that complies with RCFC 8(b) and fulfills the government's promise of a "meaningful response."

## STATEMENT OF FACTS

The following facts, disclosed in the record, are relevant to the Motion to Strike and the arguments advanced in this Memorandum.

**The Complaint**

1. This is an action for the recovery of $42,728,621 in taxes and interest improperly assessed and collected by the Internal Revenue Service (the "Service") from DMC for tax years 1995, 1996, 1997 and 1998.

2. DMC commenced this action on February 3, 2006, with the filing of a complaint.

3. The Complaint includes 119 separate paragraphs of allegations and seven exhibits.

4. These exhibits are:

Exhibit A – Thirty-day Letter dated March 28, 2003 issued by the government, with an examination report and valuation specialist's report;

Exhibit B – Notice of Deficiency dated July 3, 2005 issued by the government;

Exhibit C – Amended DMC Tax Return (form 1120X) for 1995;

Exhibit D – Amended DMC Tax Return (form 1120X) for 1996;

Exhibit E – Amended DMC Tax Return (form 1120X) for 1997;

Exhibit F – Amended DMC Tax Return (form 1120X) for 1998; and

Exhibit G – Waiver of Statutory Notification of Claim Disallowance *and* Acceptance of Proposed Disallowance of Claim for Refund or Credit, each dated November 10, 2005.

5. Exhibits A and B were prepared by the Service and delivered to DMC with the representation on their face that they set forth the Service's conclusions and supporting rationale for the assessment of taxes against DMC for the tax years at issue.

6. On April 24, 2003, within thirty days of receipt of Exhibit A, DMC paid to the Service the tax liability set forth in Exhibit A. Complaint ¶ 10. Thus, the government has held the $42,728,621 in taxes and interest at issue in this action for over three years.

7. Exhibits C through F were each prepared by DMC and delivered to the Service after the Service had assessed the tax liability reflected in Exhibit B.

8. Exhibit G consists of Form 2297 and Form 3363 executed by DMC and delivered to the Service as prerequisites for filing this action.

**The Extensions of Time**

9. Under RCFC 12(a)(1), the government's response to the Complaint was due April 4, 2006.

10. Before filing its Answer, the government moved this Court on four occasions for an enlargement of the original sixty (60) day period provided under RCFC 12(a)(1):

**First Motion** (filed: March 28, 2006)

**Length of Extension**: 45 days to May 19, 2006

**Grounds**: The government's "trial attorney has not yet received from the Internal Revenue Service the complete administrative files and the defense recommendation which are necessary to prepare a meaningful response to the complaint." Motion at 1.

**DMC's Response**: No opposition

**<u>Second Motion</u>** (filed: May 17, 2006)

**Length of Extension**: 30 days to June 18, 2006

**Grounds**: "[O]n May 8, 2006, [the government's] trial attorney received supplemental materials from the Internal Revenue Service, including supplemental defense recommendations which are relevant in preparing a response to the complaint in this action. This enlargement would allow additional time for defendant's trial attorney to review the supplemental materials and to prepare defendant's response to the complaint." Motion at 1, 2.

**DMC's Response**: No opposition

**<u>Third Motion</u>** (filed: June 19, 2006)

**Length of Extension**: 3 days to June 22, 2006

**Grounds**: "Defendant's trial attorney has reviewed the supplemental materials provided and has prepared a draft response to the complaint. This enlargement is sought in order to allow additional time for defendant's trial attorney to finalize her response to the complaint and to allow additional time for review by the supervising attorney." Motion at 2.

**DMC's Response**: No opposition

**<u>Fourth Motion</u>** (filed: June 21, 2006)

**Length of Extension**: 8 days to June 30, 2006

**Grounds**: "[T]o allow additional time for review by the [new] supervising attorney." Motion at 1.

**DMC's Response**: Opposed (but motion granted).

**The Answer**

11. Nearly five months after the filing of the Complaint – on June 30, 2006 – the government filed its Answer.

12. Two features of the Answer constitute the grounds for this Motion to Strike:

**A. Denials Based on Attorneys' Lack of Knowledge or Information**

13. Commencing with its response to the first sentence of the first paragraph of the Complaint, the government employs the phrase: "[The government's] attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the . . . allegations . . . ."[1] Answer ¶ 1 at p. 2.

14. The government uses this phrase in response to allegations found in 69 of the 119 paragraphs of the Complaint: 1, 5 through 17, 20 through 25, 28 through 29, 31 through 45, 47 through 50, 52, 54, 56 through 65, 71 through 73, 76 through 80, 84, 90 through 92, 96, and 98.

**B. Non-Response to Documents Attached to the Complaint**

15. The government uniformly responds to allegations regarding the identity of the documents attached to the Complaint with: "[The government] admits only that a copy of a document is attached to the complaint . . . ." Answer ¶¶ 8, 15, 21, 22 and 46.

**ARGUMENT**

## I. THE ANSWER DOES NOT COMPLY WITH RCFC 8(b) AND SHOULD BE STRICKEN.

The Rules of the United States Court of Federal Claims establish procedures to "secure the just, speedy, and inexpensive determination of every action." RCFC 1. The first step in achieving this goal is the pleading of the case. The plaintiff sets forth its claim and the facts that support the claim. The government, as defendant, then responds to the plaintiff's allegations. This process promotes a "just" and "speedy" resolution of the action by establishing at the outset

[1] This language is first used to respond to the allegation that "DMC is a corporation organized under the laws of Utah with its principal place of business at 60 East South Temple Street, Suite 575, Salt Lake city, Utah 84111." Complaint ¶ 1. The government's full response was to admit only "that DMC is a corporation" then to assert that "its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations . . . ." Answer ¶ 1.

those facts not in dispute between the parties, those allegations in dispute, and those factual allegations that fall outside the knowledge or information available to the government.

The current Motion rests on a very basic, unremarkable proposition: the government's Answer to the Complaint should conform with the requirements of RCFC 8(b) by setting forth *the knowledge of the government* and not by merely referencing the current state of counsel's knowledge of the case. Rule 8(b) provides:

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If *a party* is without knowledge or information sufficient to form a belief as to the truth of an averment, *the party* shall so state and this has the effect of a denial.

(Emphasis added.) The answer must be that of the "party." (Here, as in all cases before this Court, the "party" under RCFC 8(b) is the government, which includes the Service.) The facts or information known or available to the government as "party" constitute the measure of the obligation to respond to the Complaint. A "party" may admit, deny or, if the "party" lacks the "knowledge or information sufficient to form a belief as to the truth" of an allegation, "the party" can "so state," which is deemed a denial. Not surprisingly, Rule 8(b) makes no mention of the knowledge of or information available to the party's attorney; under the language of the rule, this has no bearing on, nor is it material to, the obligation to plead in response to a complaint.

Here, the Answer of the government limits all references to "knowledge" or "information" to that presently available to "its attorneys." The Answer is silent regarding the knowledge or information of the "party." What the attorneys may know or have information of is "immaterial" to the pleading standard set in RCFC 8(b) and, based on the plain language of the Rules, cannot constitute a "sufficient defense" to the allegations. What the Rules require is pleading based on the government's knowledge and information, not that of its attorneys. Thus, the Answer should be stricken and the government should file a responsive answer.

## II. CLAIMS OF IGNORANCE AND LACK OF INFORMATION ARE NOT PLAUSIBLE GIVEN THE GOVERNMENT'S PREVIOUS REPRESENTATIONS TO THIS COURT.

DMC is a plaintiff seeking recovery of amounts paid in response to a notice of tax deficiency. As such, it finds itself in a posture distinct from that of the typical plaintiff in a civil action. In March 2003, the Service served its thirty-day letter and related supporting documents setting forth allegations that DMC had underpaid income taxes for tax years 1995 through 1998. *See* Complaint Exhibit A. In response to those allegations, DMC paid the government over $40 million. This action is to recover that amount and necessarily constitutes a response in opposition to the allegations against DMC on which the Service premised its thirty-day letter.

To fairly present the dispute as it now stands, DMC's Complaint had to articulate the alleged factual basis for the Service's assessment of additional taxes before setting forth the facts that disprove the Service's position. In preparing its Complaint, DMC necessarily relied upon the written materials produced by the Service during the course of its examination of the DMC returns and review of the KIRO-TV sale. For example, DMC set forth in the Complaint the specific components of the Service's position as stated in the Valuation Specialist's Report, provided to DMC by the Service and attached as part of Exhibit A to the Complaint. Surely, the government has knowledge of this Report, and government counsel easily could have ascertained the government's intent to affirm or deny the Report's conclusions.

The Rules of this Court contemplate that, in preparing the answer to such allegations, counsel for the government will take steps to obtain such relevant information from its client. RCFC 11(b) specifies that the signature of counsel (again, by definition, counsel for the government) on the Answer certifies that she has undertaken "an inquiry reasonable under the

circumstances" into "factual contentions" and that any denials "are warranted on the evidence or . . . reasonably based on a lack of information and belief." [2]

The government's moving papers in seeking repeated extensions of time in which to respond to the Complaint certainly led this Court and counsel to believe that such a process of reasonable inquiry was underway. In March 2006, counsel represented that she needed time to receive "the complete administrative files" from the Service "necessary to prepare a *meaningful* response to the complaint." (Emphasis added.) In May 2006, counsel represented that she needed further time to review "supplemental materials" received from the Service. Finally, in June 2006, counsel represented that she had completed her review of the "supplemental materials." Notwithstanding the repeated extensions, the professed goals in obtaining the extensions, and review of the "complete administrative files" and "supplemental materials," the government's Answer states in dozens of instances that "its attorneys presently lack knowledge or information" regarding even basic facts such as when the Service first proposed the adjustment found in its thirty-day letter. *See* Complaint ¶ 7 (the document referenced in this allegation, NOPA 41-1, is part of Exhibit A, as stated in Complaint ¶ 45). [3]

The course of events outlined above begs the following question: If five months in which to complete a "reasonable" inquiry – with admitted access to the exhibits to the Complaint, the "complete administrative files," and "supplemental materials" – was not sufficient time for the

[2] FRCP 8(b) is a "carefully-framed requirement [that] has gained added significance now that Rule 11 has put added teeth into the need for a lawyer's prior verification of what is said in any pleading he or she signs or files." *Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989).

[3] RCFC 12(a)(1) recognizes the challenge facing counsel for the government in conducting the "reasonable inquiry" necessary to prepare an answer by extending the normal twenty (20) day filing deadline for private litigants to sixty (60) days for the government. DMC, by its agreement to all but the last request for extension, demonstrated that it was not insensitive to counsel's need for time to study the files and materials generated during the course of the administrative proceedings. This Court likewise acknowledged the specific challenges cited by government's counsel in the moving papers by granting all four motions for enlargement of time. Yet, ironically, the nearly five months afforded counsel to investigate and prepare an answer has produced an answer that, viewed in light of the representations in the record, is truly baffling and implausible.

government's attorneys to ascertain facts already known to the government, what length of time will suffice? Put another way, when will counsel be ready to respond substantively to the allegations of the Complaint so that the case will be fully pled? Clearly, the present course of response, measured solely by counsel's chosen pace in which they obtain knowledge of facts known to their client, is not one that will lead to a "just, speedy, and inexpensive determination" of this action. RCFC 1.

Shortly, the attorneys will commence making initial disclosures and responding to discovery. Counsel may argue that these tools should be used to ascertain the government's knowledge and information (in contrast to that of counsel). However, by defining and narrowing the issues, the pleadings will set the scope of these procedures and guide any inquiry. Nor do the apparently very limited efforts by the government's attorneys to investigate the facts, as reflected in the responses found in the Answer, bode well for responses in the initial disclosures or the discovery process. Now is the time, through compliance with the RCFC 11(b) duty of reasonable inquiry and the RCFC 8(b) pleading obligations, to assure that the parties' energies in this action are expended resolving the issues that divide them as "parties" and not in bringing counsel's knowledge and information in line with that of their client, the government.

## CONCLUSION

The Answer fails to meet the requirements of RCFC 8(b). In a dispute so far progressed (as reflected in the attachments to the Complaint), this is not a trivial matter but goes to the heart of the parties' obligation to move this case forward towards resolution. Knowledge and information presently available to counsel is not the measure of the government's pleading obligation. This Court should order the government to file an answer that addresses the merits of

the allegations of the Complaint – a "meaningful response" – in compliance with RCFC 8(b) so that this case will move forward to a prompt and just resolution.

Respectfully submitted,

s/ Eric C. Olson

Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

July 11, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Memorandum in Support of Plaintiff's Motion to Strike Answer has, this 11th day of July 2006, been made on defendant by electronic filing and by mailing a copy thereof, in a postage prepaid envelope, to the following address

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson

Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893