IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE DEFENDANT'S ANSWER

Plaintiff has filed a Complaint in this Court, seeking a substantial refund of federal income taxes for the years 1995 through 1998, in connection with the sale of television station assets. According to the Complaint, the principal issue is the fair market value of the assets ($89,296,000 v. $41,433,000). (Compl. ¶ 25.) Rather than "a short and plain statement of the claim", as RCFC 8(a) specifies, the Complaint contains 119 separately numbered paragraphs, and makes detailed allegations of fact relating to the identification, ownership, sale, and valuation of the television station assets. Since defendant was not a party to the transaction, discovery will be necessary to determine the truth of these lengthy allegations. Not surprisingly, as to many of these allegations, defendant states in its Answer, through its attorneys, that it presently lacks knowledge or information sufficient to form a belief regarding their truth.

Plaintiff also makes various allegations in its Complaint as to documents prepared by the Internal Revenue Service, or filed by plaintiff with the Internal Revenue Service, and attaches exhibits it claims are copies of those documents. Since defendant has identified variances between plaintiff's exhibits and the documents in the Internal Revenue Service's files, its Answer does not admit the authenticity of the exhibits; only that a document is attached to plaintiff's Complaint as an exhibit.

On July 11, 2006, plaintiff filed a Motion to Strike defendant's Answer and asks this Court to direct defendant to provide a "meaningful response." (Pltf.'s Memo. at 2.) Plaintiff apparently feels that the United States should (or can) speak through someone other than its attorneys and complains that it is "immaterial" whether its attorneys have knowledge or information as to plaintiff's allegations. Plaintiff also argues that defendant's responses regarding some of the exhibits are "non-responsive and immaterial." (Pltf.'s Motion at 2, ¶6.)

Defendant's Answer makes it clear that it will put plaintiff to its proof regarding the sale and valuation of its television station assets. Nothing more can reasonably be accomplished by further pleadings; the parties should make their initial disclosures, file a Joint Preliminary Status Report, and discovery should then proceed. Plaintiff's motion to strike is pointless, meritless, and should be denied.

DISCUSSION

A. The United States can speak in an Answer only through its attorneys

When an action has been brought against the United States, 28 U.S.C. § 516 (2006) provides that litigation on its behalf is entrusted to the attorneys of the Department of Justice:

> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

Obviously therefore, noone but an attorney at the Department of Justice can present the government's Answer to a Complaint in this Court. When submitting an Answer or any other pleading, an attorney certifies to its legitimacy, "to the best of the person's knowledge, information, and belief." RCFC 11(b). That representation must be formed on the basis of "an inquiry reasonable under the circumstances." *Ibid*. In particular in an Answer, an attorney is certifying that "denials of factual contentions are warranted on the evidence" or, if indicated, "are reasonably based on a lack of information."[1] Thus, when, as here, defendant's attorneys have made the necessary and reasonable inquiry regarding a factual allegation, and still do not have sufficient information to determine whether it is true, the resulting statement in an Answer that "its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations . . ." simply reflects that they are representing and speaking for the United States and certifying as contemplated by RCFC 11. Not only is the knowledge of defendant's attorneys not "immaterial", but, under RCFC 11, it is indispensable. There is no basis for

[1] Under the familiar rules of pleading, when a party is "without knowledge or information sufficient to form a belief as to the truth of an averment" it shall so state and "this has the effect of a denial." RCFC 8(b).

plaintiff's concern under RCFC 8(b) that the government's attorneys in this case are speaking solely in their individual capacities and not for and on behalf of the defendant, the United States.

B. Since Plaintiff's Exhibits vary from the documents in defendant's files, defendant has admitted all that it can.

In its memorandum (at 5), plaintiff complains that defendant responded to allegations regarding the identity of documents attached to the complaint as exhibits with the following language, "admits only that a copy of a document is attached to the complaint as Exhibit . . ." Apparently, plaintiff is seeking an admission from defendant that the exhibits are authentic copies of the documents it identifies. As explained below, defendant cannot do so.

Plaintiff's Complaint refers to documents such as its Amended Corporation Income Tax Returns (Claim for Refund), the IRS's Examination Report, the IRS' Notice of Deficiency, and a Waiver of Statutory Notification of Claim Disallowance. Plaintiff alleges that certain documents attached as exhibits to its Complaint are such documents. But based on its review of the IRS' administrative files for plaintiff for the periods in issue, defendant observed a variance between plaintiff's Exhibits A through F, and the documents retained by the IRS. Thus, based upon the foregoing, defendant admitted only that the documents were attached to the complaint as the exhibits specified by plaintiff. Therefore, defendant has responded appropriately to the allegations regarding plaintiff's exhibits.

CONCLUSION

For the foregoing reasons, plaintiff's motion to strike should be denied.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

July 28, 2006