IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | |
| | ) | Case No. 06-86 T |
| | ) | |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

**REPLY MEMORANDUM**
**IN SUPPORT OF PLAINTIFF'S**
**MOTION TO STRIKE ANSWER**

The plaintiff Deseret Management Corporation ("DMC"), by and through its undersigned counsel, submits this Reply Memorandum in support of its Motion to Strike Answer.

**INTRODUCTION**

The government contends that, by prefacing the majority of its responses in the Answer with the qualifier "its attorneys presently lack knowledge or information," it has met the pleading standard of RCFC 8(b) and has responded as to the present state of *its own* collective knowledge and information regarding the subject allegations. The government claims that, by limiting its responses to only its counsel's lack of knowledge or information, which responses are in the form of a "deemed denial," it is able to "put plaintiff to its proof." Opposition at 2. Any right to "put plaintiff to its proof," however, is circumscribed both by counsel's obligation to investigate and ascertain the state of the *client's* knowledge and information and by the further requirement that the Answer speak for the *party* and not for counsel. Counsel's professions of ignorance, real or feigned, are not those of the party. Counsel must have intended for the qualifier to mean something or they would not have inserted the phrase "its attorneys" when preparing the Answer.

After nearly a decade of dealings regarding the subject matter of this action – through audit, appeals and mediation – and the assessment of millions of dollars in asserted taxes based on the position of the Internal Revenue Service (the "Service"), the government itself is anything but ignorant of the truth or falsity of the core allegations of the Complaint.

## AGREED FACTS

Before filing the Answer, the government's counsel obtained and reviewed both "the full administrative file" and certain important "supplemental materials." By its own representations to this Court, the government expressed the intent to file a "meaningful response" to the Complaint, something presumed under RCFC 8(b) and 11(b). Moreover, the extended dealings between DMC and the government spanning nearly a decade regarding the February 1, 1995, sale of KIRO-TV could only enhance the government's ability to provide a "meaningful response."

## I. 28 U.S.C. § 516 DOES NOT AMEND RCFC 8(b) NOR DOES IT LIMIT THE GOVERNMENT'S KNOWLEDGE OR INFORMATION TO THAT OF ITS COUNSEL.

RCFC 8(b) specifies that the Answer be that of "the party," not that of counsel. Likewise, any lack of "knowledge or information" cited as justification for a deemed denial is to be that of "the party," not that of counsel. 28 U.S.C. § 516 does not change this. Obviously, attorneys conduct litigation on behalf of parties and, by statute, the Department of Justice conducts litigation on behalf of the government. In that role, attorneys sign pleadings to certify that, to the best of the advocate's knowledge, certain things about the pleading are true. *See* RCFC 11(b)(1) through (4). However, the pleading itself is not a statement of counsel's knowledge or information, but a separate representation of the truth made on behalf of the party. Where counsel in the pleading repeatedly, in lieu of statements referencing the government's

knowledge and information, reference their own subjective knowledge or information, the pleading is not responsive to the Complaint and assertions about counsel's knowledge are immaterial.

Were counsel truly "speaking for the United States" (Defendant's Opposition at 3), the Answer would say simply "*the government* presently lacks knowledge or information sufficient to form a belief as to the truth" rather than incorporate the qualifier "its attorneys." Indeed, each actual admission and denial found in the Answer as filed is advanced in the name of the government – *i.e.*, "Defendant . . . denies . . . [or] admits. . . ." (Answer at 1, second and third paragraphs, *passim*.) Only the deemed denials are consistently worded to be premised only on "its attorneys'" present "lack [of] knowledge or information . . . ." To suggest now, as the government appears to do, that this distinction was intended to be of no consequence, requires either a rewriting of the Answer to say "the government presently lacks knowledge or information" in place of "its attorneys" (to conform to counsel's apparent intent), or a rewriting of RCFC 8(b) to substitute "attorneys" for "a party."

Either way, as demonstrated below, such a needless effort – to try to make language say what, on its face, it does not say – does not suffice in the real world for the simple reason that the government does have extensive knowledge and information about, and is frequently the source of, the factual allegations as to which, the Answer claims, its "attorneys presently lack knowledge and information." Therefore, counsel should be required to file an answer that makes the government accountable for the responses given because those responses are expressly based on the government's knowledge and information.

## II. THE GOVERNMENT, IN CONTRAST TO COUNSEL, CANNOT CLAIM IGNORANCE OF THE PROCEDURAL HISTORY OF THIS DISPUTE AND THE MOST FUNDAMENTAL ASPECTS OF ITS ASSESSMENT OF TAXES.

DMC and the Service have dealt with one another regarding the subject matter of this action for nearly a decade. A detailed summary of the government's knowledge regarding the facts of the underlying KIRO-TV sale and the alleged tax deficiency in connection therewith was set forth in the September 9, 2002, Valuation Specialist's Report ("VSR"), prepared by the Service, and included as part of Exhibit A to the Complaint. Therein, the government cited to materials prepared by the appraiser it hired, DKB Consulting,[1] and acknowledged its reliance on the conclusions set forth in those materials. VSR at 12-20. The VSR constituted the factual basis relied upon by the Service for the deficiencies asserted in the thirty-day letter and in the notice of deficiency. *See* Complaint Exhibits A and B.

The government appears displeased with DMC for filing a Complaint containing 119 separately numbered paragraphs containing "detailed allegations of fact," which it seems to view as not constituting a "short and plain" statement of the claim. Opposition at 1. DMC makes no apology for the content of its Complaint. Given both the extensive procedural history and the multiple assets at issue in this claim, the 119-paragraph Complaint was as short and as plain as possible under the circumstances. The major portion of the Complaint either (a) alleges the extended dealings to which *both* the government and DMC were parties or (b) restates facts previously asserted *by the government* in its demand that DMC pay an alleged tax deficiency.

Paragraphs 6 through 23 of the Complaint set forth the basic facts of the procedural history of the dealings between the government and DMC leading up to the litigation. Surely the

---

[1] As an aside, one would certainly hope that the DKB Consulting reports were included in the "complete administrative file" obtained by counsel during the five-month period following the filing of the Complaint.

government as party to the pre-litigation proceedings has knowledge sufficient to form a belief as to whether or not DMC has accurately alleged these dealings, even if the government's attorneys currently profess ignorance. For example, paragraph 6 alleges that the Service increased DMC's taxable income for 1995 by $36,566,071 and paragraph 7 alleges that the Service first proposed this upward adjustment in a Notice of Proposed Adjustment dated September 9, 2002. Since the government is the party that took these actions, it is difficult (if not impossible) to see how the government could now credibly assert that it lacks sufficient information to admit or deny these allegations. Accordingly, contrary to the position advanced in the government's Opposition, the "deemed denials" in the Answer must be based on counsel's lack of knowledge and information, not on the government's knowledge, making the Answer insufficient under RCFC 8(b).

Paragraphs 43 through 90 of the Complaint outline, first, the position advanced by the government in the VSR to justify its finding of a deficiency and corresponding assessment of tax and then DMC's response to that position. To the extent that these paragraphs summarize the government's position, as DMC understands it, the government (in contrast to "its attorneys") certainly has "knowledge or information sufficient to form a belief" as to whether DMC's summary is accurate. Indeed, it is simply ludicrous for the government to claim that it lacks knowledge regarding, for example, the purpose for which it retained DKB, its appraiser, or the position taken by its own appraiser, as set forth in paragraphs of 44 and 45 of the Complaint.

The government has demanded and received payment of millions of dollars of asserted tax and interest premised on its position in the thirty-day letter and supporting materials. That position is not a mere incident to the pleadings or to these proceedings; rather, it is the core consideration for the Court. Indeed, as the genesis of this dispute, the government's rationale for assessing additional tax is what DMC must attack to prevail. When the government's response

to allegations relating to that rationale consists of nothing more than a dodge – "its attorneys presently lack information or knowledge sufficient to form a belief as to the truth," the Court and DMC are unable to ascertain even the most basic parameters of the action. DMC may be right or wrong in its articulation of the government's position, but surely the government cannot claim such absolute ignorance of where *it* stands as to be incapable even to "form a belief" as to whether DMC has accurately summarized the government's position.

The government principal justification for citing the ignorance of "its attorneys" is because the "lengthy allegations" of the Complaint deal with "the identification, ownership, sale, and valuation of the television station assets" and "defendant was not a party to the transaction." Defendant's Opposition at 1. Not only does this argument ignore the fact that the Service has thoroughly investigated the transaction over the past decade (and imposed millions of dollars of taxes based upon the results of its investigation), but it also ignores the fact that only in paragraphs 28 through 42 of the Complaint does DMC allege the actual events surrounding the sale of KIRO-TV. Moreover, these fifteen paragraphs of allegations simply track information contained in the government's VSR at pages 6 through 9 and confirmed in the materials generated by DKB Consultants, the government's outside expert referenced in the VSR. Again, "its attorneys" may have closed their eyes to these facts as they surfaced in the review of the "full administrative file" and "supplemental materials," but the government certainly knew or believed the truth of the allegations with sufficient confidence to have embraced them in assessing millions of dollars of tax deficiency against DMC.[2]

[2] Interestingly, these three sections of the Complaint (paragraphs 6 through 90), which are premised on facts manifestly or admittedly within the government's knowledge, contain all but five of the deemed denials advanced by the government using the "its attorneys presently lack knowledge or information" qualifier.

## III. AS TO THE EXHIBITS, ADMITTING A FACT NOT ALLEGED IS "IMMATERIAL" TO THE ANSWER AND NOT A PROPER RESPONSE.

The government's repeated admission only that exhibits it authored or received are "a copy of a document" is not responsive to the allegations. DMC was not in doubt that it had attached "a copy of a document" to its Complaint; thus, it did not allege this in the Complaint. Rather, it alleged that those copies attached were the specific documents identified and named on the face of the documents.

The government's narrow admission is non-responsive. The government appears at pains not to come right out and either admit or deny that the documents are what DMC claims them to be. The government makes a very limited admission of a self-evident fact (that the exhibits are "a copy of a document") while maintaining stubborn silence with respect to the substance of the allegation (what the document is).

The government's reliance upon some perceived "variance" between what is attached to the Complaint and what is found in the government files is puzzling since most of the documents attached were prepared by the Service or delivered to the Service. In the case of Exhibit G, for example, the documents consist of two single pages, both IRS forms prepared by the Service, to which DMC and its counsel merely added their signatures.

If the documents attached in the exhibits are not copies of the documents that DMC claims them to be, due to "variances" or otherwise, then the government should expressly deny DMC's allegations that the attached documents are in fact copies of the identified documents. DMC is entitled to know, for example, if the thirty-day letter or notice of deficiency attached to the Complaint, on which DMC relied in paying to the government millions of dollars in taxes, is something other than what the Service intended to send or believes it sent to DMC. The government's oblique denials are fundamentally at odds with the requirements of RCFC 8(b).

## CONCLUSION

The best explanation for the Answer and the government's current justification for its disregard for RCFC 8(b) is that the government is not sure of its position at this time and wishes to hedge its bets for the moment. However, neither the Court nor DMC should have to engage in psychoanalysis to determine what is in dispute and why. RCFC 8(b)'s simple mandate seeks to avoid such an inefficient waste of the Court's and DMC's time by focusing the response on the "party" rather than on "its attorneys." Indeed, this is the very manner in which issue is joined between the parties. As previously requested, this Court should strike the Answer and order the government to file an answer that addresses the merits of the allegations of the Complaint and that is based upon the government's knowledge or information – a "meaningful response" in compliance with RCFC 8(b) – so that this case can move forward to a prompt and just resolution.

Respectfully submitted,

s/ Eric C. Olson

Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

August 8, 2006

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing Reply Memorandum in Support of Plaintiff's Motion to Strike Answer has, this 8th day of August 2006, been made on defendant by electronic filing and by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893