IN THE UNITED STATES COURT OF FEDERAL CLAIMS

06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims, the parties submit the following information:

(a) Does the Court have jurisdiction over the action?

***Plaintiff*: Yes.**

***Defendant*: The defendant believes that, if this Court has jurisdiction, it is based upon 28 U.S.C. § 1491 (a)(1).**

(b) Should the case be consolidated with any other case and, if so, why?

***Plaintiff*: No.**

***Defendant*: The defendant is unaware of any case with which this case should be consolidated.**

(c) Should trial of liability and damages be bifurcated and, if so, why?

***Plaintiff*: No.**

***Defendant*: While the defendant agrees that separate trials on the questions of liability and damages (i.e., the amount of any overpayment of tax and interest) should be unnecessary in this case, we would ask that the Court determine the question of liability only and thereafter permit the parties a reasonable period of time within which to perform and agree upon any necessary recomputation of tax liability and interest due, with a view to the parties submitting an agreed stipulation as to the amount of the judgment. This will avoid unnecessary time at trial devoted to the question of computations.**

(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

**The parties know of no case pending before this Court that would justify deferral of proceedings in this case.**

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

***Plaintiff*: Not applicable – this is a tax refund action.**

***Defendant*: The defendant does not now anticipate seeking a suspension of this case, and remand of a tax refund suit is inappropriate.**

(f) Will additional parties be joined?

***Plaintiff*: No.**

***Defendant*: The defendant does not know of any additional parties to be joined.**

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

***Plaintiff*: No as to RCFC 12(b) and 12(c). It is anticipated that any motion under RCFC 56 would be filed only after the completion of discovery.**

***Defendant*: At this time, defendant has not made a final determination with respect to any dispositive motion. If circumstances change based upon facts developed during discovery the defendant will notify the Court and propose a schedule for any intended filing.**

(h) What are the relevant factual and legal issues?

***Plaintiff*: These cannot be ascertained from the current state of the pleadings. The plaintiff has brought a motion to strike in an attempt to obtain an Answer sufficiently responsive to the allegations of the Complaint that the plaintiff can identify what relevant issues, fact and legal, exist between the parties. The plaintiff proposes to supplement this portion of the Report upon receipt of an amended answer or an adverse ruling on the pending Motion to Strike.**

***Defendant*: The issue in any tax refund case is whether the plaintiff has overpaid its tax liability. The following are the subsidiary issues that the defendant has identified at this time:**

**1. The fair market value of certain television station assets sold by**

**Bonneville International Corporation ("BIC") in 1995 and whether certain television station assets are properly treated as part of the sale;**

**2. The correct amount of Deseret Management Corporation's ("DMC's") gain on the 1995 sale of the television station assets;**

**3. The correct amount of the charitable contribution deduction for DMC's consolidated life/non-life taxable income;**

**4. Under Treas. Reg. § 1.170A-11T(b)(2) and I.R.C. § 1503(c)[b], the correct amount of DMC's allowable Net Operating Loss deduction for the 1995 and 1997 tax years.**

(I) What is the likelihood of settlement?

***Plaintiff*: The likelihood of settlement is poor.**

***Defendant*: Defendant generally believes that a case is susceptible to settlement, when, as here, a central issue is the valuation of assets. Defendant's counsel intends to consider the potential for settlement of some or all of the issues as discovery proceeds.**

Is alternative dispute resolution contemplated?

***Plaintiff:* The plaintiff has engaged previously in alternative dispute resolution with the Internal Revenue Service without success. The distance between the parties at that time would indicate that ADR is not likely to be successful at that point in time.**

***Defendant*: At this time, defendant cannot tell whether ADR is a viable alternative in this case. If it later appears that ADR would be beneficial,**

**defendant will advise the Court.**

(j) Do the parties anticipate proceeding to trial?

***Plaintiff*: Yes**.

***Defendant*: Development of the factual record will be required before defendant can determine whether a trial will be necessary in this case.**

Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

**No.**

(k) Are there special issues regarding electronic case management needs?

**No.**

(l) Is there other information of which the court should be aware at this time?

**Plaintiff: No.**

**Defendant**: Defendant is unaware of any other information of which the Court should be apprised.

## Proposed Discovery Plans

### a. Plaintiff's Discovery Plan

**Initial Disclosures (RCFC 26(a)(1))**

Serve by September 5, 2006

**Fact Discovery**

Complete by December 31, 2006

Ten (10) depositions per party

Twenty-five (25) interrogatories per party

Otherwise, conducted pursuant to the Rules of the Court of Federal Claims.

**Designate Expert Witnesses and Serve Expert Reports (RCFC 26(a)(2))**

January 31, 2007

**Production of Documents from Experts**

February 15, 2007

**Designate Rebuttal Expert Witnesses and Serve Rebuttal Expert Reports**

March 31, 2007

**Production of Documents from Rebuttal Experts**

April 15, 2007

**Complete Deposition of All Expert Witnesses**

April 30, 2007

**b**. **Defendant's Proposed Discovery Schedule**. The principal issue in this case is a multimillion dollar dispute over the gain to be recognized upon the sale of the assets of a large television station. In this *de novo* proceeding, defendant will need to retain experts and, with their assistance, conduct a substantial amount of discovery. Therefore, defendant believes that plaintiff's proposed discovery schedule is overly optimistic.

The defendant proposes the following tentative schedule for completion of discovery and other pretrial matters:

1. The parties will exchange the information described in RCFC 26(a)(1) on or before September 15, 2006.

2. The parties will complete factual discovery on or before September 30, 2007; with discovery to be conducted pursuant to the Rules of the United States Court of Federal Claims.

3. Expert discovery will occur as follows:

(a) On or before March 31, 2007, the parties will exchange designations of expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(b) On or before May 31, 2007, the parties will exchange designations of rebuttal expert witnesses, including resumes and a brief description of the topic(s) upon which the expert(s) will testify.

(c) On or before June 30, 2007, the parties will exchange expert reports.

(d) On or before July 31, 2007, the parties will exchange rebuttal expert reports.

(e) On or before September 30, 2007, the parties will complete expert witness discovery.

4. If either party perceives that additional time is required, that party will so inform the Court and propose a modification of the schedule.

**Plaintiff's Request for Preliminary Scheduling Conference**

The plaintiff hereby requests that the Court hold a preliminary scheduling conference, as provided in RCFC Appendix A, paragraph 7, to discuss the issues in the case, certain special problems existing in this case that affect scheduling, and the differences noted above between the discovery proposals advanced by the plaintiff and by the government.

Respectfully submitted,

August 23, 2006

s/Eric C. Olson

ERIC C. OLSON
KIRTON & McCONKIE.
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

(801) 321-4818, (801) 321-4893 (facsimile)

Attorney for Plaintiff

8/23/2006
Date

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840, (202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

8/23/2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant