# In the United States Court of Federal Claims

No. 06-86 T
(E-Filed: October 18, 2006)

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | Tax Practice and Procedure; Motion to Strike Answer; RCFC 8(b); Remedy for Failure of Answer to Comply with Requirements of Law; Removal by Court of Limitation on Discovery by Plaintiff by Means of Interrogatories |

Eric C. Olson, Salt Lake City, UT, for plaintiff.

Jennifer Dover Spriggs, with whom were Eileen J. O'Connor, Assistant Attorney General, and David Gustafson, Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, DC, for defendant. Steven I. Frahm, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, of counsel.

## ORDER

## I. Background

Plaintiff Deseret Management Corporation (DMC) alleges that the United States, acting through the Internal Revenue Service (IRS or government), erroneously assessed and illegally collected income taxes. Pl.'s Compl 1. Plaintiff filed its complaint against defendant on February 3, 2006. Id. The complaint contains 119 numbered paragraphs that describe the parties, jurisdictional grounds, procedural history, valuation methodologies, and specific allegations of miscalculations by the IRS. Pl.'s Compl. passim. The complaint also attached the following seven documents as exhibits: Thirty-day Letter dated March 28, 2003 issued by the government; Notice of Deficiency dated April 4, 2005 issued by the government; Amended DMC Tax Return for 1995; Amended DMC Tax Return for 1996; Amended DMC Tax Return for 1997; Amended DMC Tax

Return 1998; and Waiver of Statutory Notification of Claim Disallowance dated November 10, 2005. Pl.'s Compl. Exs. A-G.

Defendant filed its answer on June 30, 2006, Def.'s Answer 1, which was 147 days after plaintiff filed its complaint. The Rules of the Court of Federal Claims (RCFC) require that defendant file its answer within 60 days of the complaint. RCFC 12(a)(1). Defendant requested four enlargements of time, see Motions to Extend Time dated Mar. 28, 2006, May 17, 2006, June 19, 2006, and June 21, 2006 (collectively, Motions to Extend Time), and the court granted each extension, see Orders dated Mar. 28, 2006, May 19, 2006, June 21, 2006, and June 23, 2006. Defendant's counsel requested enlargements of time in order to obtain the relevant records from the IRS and prepare a "meaningful" response, Motion to Extend Time dated Mar. 28, 2006, review the supplemental materials provided by defendant, Motion to Extend Time dated May 17, 2006, and allow for a supervising attorney to review the response, Motions to Extend Time dated June 19, 2006 and June 21, 2006.

Defendant's answer follows the 119 paragraph format of plaintiff's complaint. Def.'s Answer passim. In response to sixty-nine of plaintiff's allegations, defendant avers that its attorneys presently lack sufficient information to form a belief as to the truth of the allegations. Id. With respect to the exhibits attached to plaintiff's complaint, defendant "admits only that a copy of a document is attached to the complaint." Def.'s Answer ¶¶ 8, 15, 22, 46; accord id. at ¶ 21.

Now before the court are Plaintiff's Motion to Strike Answer (Pl.'s Mot.), plaintiff's Memorandum in Support of Plaintiff's Motion to Strike Answer (Pl.'s Mem.), Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Answer (Def.'s Opp.), and plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Strike Answer (Pl.'s Reply). Plaintiff alleges that defendant's Answer violates RCFC 8(b) because its responses to sixty-nine of the allegations speak only to the attorneys' knowledge, not that of the party defendant. Pl.'s Mot. ¶ 3. Plaintiff also alleges that defendant's responses to the exhibits attached to the complaint are "non-responsive and immaterial." Id. at ¶ 6. For the following reasons, plaintiff's motion is GRANTED.

## II. Discussion

Plaintiff moves pursuant to RCFC 12(f) to strike defendant's Answer. Pl.'s Mot. 1. RCFC 12(f) grants the court the ability to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." RCFC 12(f). A motion to strike should be granted when required "to avoid unnecessary time and money in litigating invalid, spurious issues." Anchor Hocking Corp. v.

Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976) (citations omitted). Indeed, a motion to strike "serve[s] a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). "[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." United States v. Fairchild Indus., Inc., 766 F. Supp. 405, 408 (D. Md. 1991) (quotation omitted).

Plaintiff argues that defendant's responses to sixty-nine of plaintiff's allegations fail to conform to the requirements of RCFC 8(b). Pl.'s Mem. 1-2. Plaintiff asserts that defendant's answer, that its "attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the . . . allegations . . . .," id. at 1 (quoting Def.'s Answer passim), is "generally non-responsive." Id. Plaintiff argues that the RCFC "require a party to answer as to its own knowledge or available information, not that of its attorneys." Id. at 2. Plaintiff argues that "an attorney's knowledge or information is 'immaterial' as a response to the allegations of the [c]omplaint." Id. Defendant responds by stating that its answers to sixty-nine of plaintiff's allegations are valid because, under 28 U.S.C. § 516 (2006), the attorneys of the Department of Justice present the government's answer to a complaint and, under RCFC 11, when submitting an answer, an attorney "certifies to its legitimacy[] 'to the best of the person's knowledge, information, and belief.'" Def.'s Opp. 3 (citing RCFC 11(b)).

The language of RCFC 8(b) specifies that a party's defenses to each claim asserted should be based upon the knowledge or belief of the party itself. The rule states, "If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." RCFC 8(b) (emphasis added). The entirety of RCFC 8, which governs the general rules of pleading, speaks only about "a party," never about a party's counsel. See RCFC 8.

RCFC closely follows the Federal Rules of Civil Procedure (FRCP), and Rule 8(b) under both regimes is identical. RCFC 8 rules committee note. FRCP 8(b) has been held to be "quite specific" in delineating acceptable defenses to a plaintiff's complaint. Gilbert v. Johnston, 127 F.R.D. 145, 145 (N.D. Ill. 1989) (Gilbert). The court in Gilbert held that, under a plain language reading of FRCP 8(b), the only circumstances under which a pleader can do something other than either admit or deny an allegation is when "a party is without knowledge or information sufficient to form a belief." Gilbert, 127 F.R.D. at 145 (citing FRCP 8(b) (emphasis added)). The court believes that a similar, plain language reading applies to RCFC 8(b) and holds that the rule's consistent specification of "a party" means that the defendant's response must speak to the party's

knowledge or belief.

Moore's Federal Practice underscores that FRCP 8(b) refers specifically to the knowledge or belief of the party, not of the party's counsel. In its descriptions of defenses and denials that are governed by FRCP 8(b), see 2 James Wm. Moore et al., Moore's Federal Practice, § 8.06 (Matthew Bender 3d ed. 2004) (Moore's), the text always refers to the party and to the knowledge or belief of the party, see id. Therefore, based upon a plain language reading of RCFC 8(b), the holding in Gilbert, and the understanding of FRCP 8(b) presented by Moore's, the court determines that RCFC 8(b) requires that a party must answer a complaint based upon the knowledge or belief of the party itself, not of the party's counsel.

Defendant's Answer does not conform to the requirements of RCFC 8(b). In response to sixty-nine of plaintiff's 119 allegations, defendant states that "its attorneys presently lack knowledge or information." Def.'s Answer passim. The document does not give any indication as to the level of knowledge or information of the government, only that of the government's counsel. Id. Because RCFC 8(b) requires that the Answer concern the party's knowledge or belief, Defendant's Answer does not comply with the requirements of the rule.

The court does not find defendant's defenses regarding 28 U.S.C. § 516 or RCFC 11(b) persuasive. See Def.'s Opp. 3-4. Section 516 of Title 28 of the United States Code simply reserves the powers of litigation to "officers of the Department of Justice [(DOJ)]," meaning that, whenever the United States is a party, the attorneys of the DOJ serve as the government's counsel. The statute has no bearing on the interpretation of RCFC 8(b). As the government's attorneys, defendant's counsel must speak on behalf of the party, as instructed by RCFC 8(b). Nor does the language of RCFC 11(b) change the language of RCFC 8(b). Defendant argues that, because RCFC 11(b) requires attorneys to certify to the legitimacy of an answer "to the best of the person's knowledge, information, and belief," RCFC 8(b) should be interpreted to encompass the attorneys' knowledge, information, and belief. Def.'s Opp. 3. Defendant's argument is misguided. RCFC 11(b) applies when a party seeks sanctions against another party's counsel because that counsel has acted for an "improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." RCFC 11(b)(1). Plaintiff has not moved for sanctions pursuant to RCFC 11; rather, plaintiff has moved to strike defendant's Answer pursuant to RCFC 8(b) because defendant's Answer does not meet the rule's requirement that an answer reflect the party's knowledge or belief. Because defendant's Answer does not conform to RCFC 8(b), the court strikes every response in which defendant refers to the attorneys' lack of knowledge or belief instead of the party's knowledge or belief.

Plaintiff attached the following seven documents as exhibits to its Complaint: Thirty-day Letter dated March 28, 2003 issued by the government; Notice of Deficiency dated April 4, 2005 issued by the government; Amended DMC Tax Return for 1995; Amended DMC Tax Return for 1996; Amended DMC Tax Return for 1997; Amended DMC Tax Return for 1998; and Waiver of Statutory Notification of Claim Disallowance dated November 10, 2005. Pl.'s Compl. Ex. A-G. In response to each of these documents, defendant stated that it "admits only that a copy of a document is attached to the complaint." Def.'s Answer ¶¶ 8, 15, 22, 46; accord id. at ¶ 21. Plaintiff asserts in its Motion to Strike that such an answer is "non-responsive and immaterial." Pl.'s Mot. ¶ 6. Defendant claims that it "responded appropriately" in its Answer because it "observed a variance between plaintiff's [e]xhibits . . . and the documents retained by the IRS." Def.'s Opp. 4.

Exhibits to a pleading are considered to be a part of that pleading. See RCFC 10(c). RCFC 10(c) specifies that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Id. The contents of an exhibit are considered in determining the party's claim for relief or defense. See Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991) (holding that a written document attached to a complaint and incorporated as an exhibit may be considered in a motion to dismiss the complaint).

The court determines that defendant failed properly to respond to the documents that plaintiff had attached as exhibits to its Complaint. All seven documents appear either to have been issued by the government or to have been submitted by DMC to the government. Defendant's response to those documents in its Answer, stating merely that the government "admits only that a copy of a document is attached to the complaint," Def.'s Answer ¶¶ 8, 15, 22, 46; accord id. at ¶ 21, does not treat the exhibits as part of the pleading.

Defendant's Answer does not speak from the knowledge or belief of the party, and it does not appear reasonably to address the documents that plaintiff attached as exhibits to the Complaint on the basis of the knowledge or belief of the party. For the foregoing reasons, plaintiff's Motion to Strike Answer is GRANTED.

III. Remedy

Defendant's failure to comply with RCFC 8(b) makes the discovery process more difficult for plaintiff. In order to provide redress for that difficulty and to avoid delay, the court will provide plaintiff with additional rights to conduct discovery. In particular, plaintiff shall be entitled to serve interrogatories numbering in excess of 25,

notwithstanding the provisions of RCFC 33(a). Defendant shall file an amended answer to plaintiff's Complaint in compliance with RCFC 8(b) on or before November 8, 2006.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge