IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

MOTION FOR RECONSIDERATION IN PART,
AND REQUEST FOR ORAL ARGUMENT

The United States hereby moves the Court for reconsideration of that portion of the Court's order of October 18, 2006 (slip op. 5-6) holding, as a sanction against the United States, that plaintiff shall be entitled to serve more than 25 interrogatories. The United States requests an oral argument on this motion.

STATEMENT

Deseret Management Corporation ("DMC") filed a 119-paragraph complaint that seeks a refund of $71.5 million in tax for the four years 1995 through 1998. The complaint alleges detailed facts about the valuation of television station assets that were transferred in 1995 through a series of transactions that involved numerous entities. In addition, the complaint raises complicated issues concerning the correct amount of charitable contribution deduction for

DMC's consolidated life/non-life taxable income as well as the correct amount of DMC's allowable Net Operating Loss deduction for the 1995 and 1997 tax years under Treas. Reg. § 1.170A-11T(b)(2) and I.R.C. § 1503(c)[b]. The United States sought and obtained enlargements totaling 86 days, in order to allow the IRS the extra time needed to locate and assemble the administrative files related to plaintiff's four tax years at issue, and to prepare the defense recommendation required by 28 U.S.C. § 520(b) (discussed below). The United States filed its answer on June 30, 2006, alleging in many instances that its attorneys lacked information sufficient to enable them to admit or deny the allegations.

DMC filed a Motion to Strike Answer ("Motion") which alleges that the answer filed by the United States fails to comply with RCFC 8(b) and 12(f). In its order dated October 18, 2006, the Court granted DMC's motion. In its order, the Court held (slip op. at 5) that the United States failed to comply with RCFC 8(b) and thus made the discovery process more difficult for plaintiff. The Court further determined that to redress that difficulty and to avoid delay, plaintiff shall be entitled to serve more than 25 interrogatories. For the reasons set forth below, defendant requests that the Court reconsider its opinion with respect to the sanctions imposed.

## ARGUMENT

### I. THE ANSWER FILED BY DEFENDANT DID NOT MERIT ANY SANCTION.

#### A. The answer filed in this action followed the customary and long-standing (if archaic) practice for pleading in tax cases in this Court.

Rule 37(a) of the Rules of this Court's predecessor, the Court of Claims, provided, "If the attorney for a party . . . is unable to obtain knowledge or information sufficient for him to form a belief as to the truth of an averment, the answer shall so state and such statement shall have the

effect of a denial." (*See* 189 Ct. Cl. at 14 (Rules app.); underlining added.)[1] Although this language was changed in the rules as adopted in 1982 with the creation of the United States Claims Court (now the Court of Federal Claims), defendant's attorneys in the Tax Division have continued their practice under the predecessor rule of alleging in their answers that defendant's "*attorneys* lack knowledge or information." Notwithstanding that the reference to "the attorney" was admittedly deleted in RCFC 8(b), this has been the regular practice in the Court of Federal Claims Section of the Tax Division for the past 24 years. Thus, contrary to the implication in plaintiff's reply to our objection to its motion to strike, DMC certainly has not been singled out from other taxpayers for special treatment adopted for tactical advantage.

Courts have held that a party need not use the precise language of Rule 8(b) in order to comply with the rule. *See Caterpillar Tractor Co. v. International Harvester Co.*, 106 F.2d 769, 772 (9th Cir. 1939) ("The rules should be reasonably and not technically construed"); *Barthel v. Stamm*, 145 F.2d 487, 489 (5th Cir. 1944), *cert. denied*, 324 U.S. 878 (1945) (although defendant did not use precise language of the rule [Rule 8(b)] the denial based upon lack of information was sufficient). Similarly, in discussing denials based on lack of knowledge or information, Wright & Miller, *Federal Practice & Procedure* § 1262 at p. 535 (3rd ed. 2004), states that "the liberal policy of federal rule pleading does not require a party to frame this type of plea [lack of knowledge or information] in the exact language of Rule 8(b). A pleading formulation approximating the text of Rule 8(b) will be held effective as a denial as long as it is comprehensible and the adverse party can decipher the pleader's intent without difficulty."

---

[1]This language is virtually identical to that of Rule 37(a)'s predecessor, Rule 15(a). *See* 118 Ct. Cl. at 10 (1951).

Whether the Government pleads that "defendant's *attorney* presently lacks knowledge or information" (as in the original answer) or that "*defendant* presently lack knowledge or information" (as in the First Amended Answer submitted herewith), the result is the same–an effective denial of the allegation.[2]

We have learned that our colleagues in the Civil Division adopted a practice consistent with the literal language of RCFC 8(b) (*i.e.*, pleading lack of knowledge by defendant, not by defendant's attorneys), and the Tax Division now expects to follow suit. However, as we will show below, DMC has not been prejudiced by defendant's alleging lack of knowledge by its attorneys.

B. The answer filed in this action reflected the appropriate information.

For litigation in the Court of Federal Claims, a statute–28 U.S.C. § 520–prescribes the procedure that the defendant, the United States, is to follow in responding to a complaint. Section 520(a) provides:

> In suits against the United States in the United States Court of Federal Claims ... when the matter or thing on which the claim is based has been passed on and decided by an executive department, ... the Attorney General shall send to the department ... a printed copy of the petition filed by the claimant, with a request that the department ... furnish to the Attorney General all facts, circumstances, and evidence concerning the claim in the possession or knowledge of the department.

---

[2]Rule 8(b) provides that an allegation that "a *party* is without knowledge or information ... has the effect of a denial." Even if under Rule 8(b) an answer's allegations about the attorney's lack of knowledge would not be deemed a denial, that effect was achieved by the language in the preface to the answer filed in this case, which stated, "Defendant, the United States, in answer to the complaint, respectfully denies each and every allegation contained therein that is not admitted below." All the answers that the Tax Division files in this Court have similar prefatory language.

The United States duly forwarded DMC's complaint to the IRS, with a request for the information. The IRS then complied with § 520(b), which provides that the agency–

> shall furnish the Attorney General with a written statement of all facts, information, and proofs. The statement shall contain a reference to or description of all official documents and papers, if any, as may furnish proof of facts referred to in it, or may be necessary and proper for the defense of the United States against the claim ....

The trial attorney for the United States in this action relied upon the material provided by the IRS pursuant to § 520(b) in preparing the original answer in this case. The reason that, in many instances, those materials would not sufficiently support an outright admission or denial in the answer lies in the very nature of this suit–*i.e.*, it is a tax refund suit:

In the Government contract suits and the pay cases that come before this Court, the subject of the lawsuit is by definition a transaction or circumstance in which the Government was a party at the time the dispute arose. In such suits (as in most litigation generally), the claim will involve the actions of both parties, and each of them may have relevant information that the other party desires to obtain. Tax refund suits are otherwise. Tax is imposed on the income *of the taxpayer*, arising from transactions entered into *by the taxpayer*. The IRS is not a party to the taxpayer's transactions when they occur, and (apart from reporting Forms W-2, 1099 and the like) it does not even receive any information about the taxpayer's tax-generating activities until (at the earliest) the following year, when the taxpayer files its tax return–and then, of course, all of the IRS's information is derived *from the taxpayer*. If a return is selected for "audit," then the IRS requests and receives information *from the taxpayer*. In the vast majority of cases, the IRS receives no information from any source other than the taxpayer. As a result, at the commencement of a tax refund suit, there is a gross disparity in the relevant information held by the parties: The taxpayer has *all* of the information (including in many instances relevant

information that it did not provide to the IRS) about its activities and transactions, and the United States as defendant has, if any, selective information that was previously provided to the IRS *by the taxpayer*. Moreover, unlike information obtained through discovery in litigation, information provided by a taxpayer to the IRS is not submitted under oath.

This refund suit involves transactions entered into by DMC and other entities. The complaint makes detailed allegations with respect to the sale (to third parties, not to the Government) of certain assets. The United States has no independent knowledge or information with respect to those transactions and can confirm the facts surrounding those transactions only after conducting discovery in this action. The only arguable exception in this case to this one-sided discovery dynamic is that, during the examination of DMC's returns, the IRS prepared valuations of the television assets at issue. However, copies of those valuations were provided to DMC by the IRS during the audit, so plaintiff has virtually no need for discovery in this suit.

The change in language ordered by the Court does have the effect of bringing defendant's pleading in line with the literal language of the Court's Rule 8(b), but the resulting revision does not have any real impact in this action. Since compliance with the Court's order does not result in any substantive change in the answer filed by the United States, there was no prejudice to DMC arising from the original wording. Since there was no prejudice to DMC, there is no reason to impose any sanction on the United States.

C. Plaintiff's dissatisfaction (as opposed to prejudice) caused by the answer arises from plaintiff's own failure to comply with the rules.

RCFC 8(a)(2) provides that a complaint filed in this Court shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Conley v. Gibson*, 355 U.S. 41 (1957). Under RCFC 8(e) each averment of the complaint is to be "simple, concise and

direct." Rule 9(h)(6) tells the tax refund plaintiff what is needed in a tax refund complaint.[3] Thus, the complaint is to consist only of a "short and plain statement," and the defendant is therefore obliged to *answer* only a "short and plain statement." Many well-pleaded tax refund complaints are a mere dozen paragraphs long, and some are even shorter.

DMC's complaint, on the other hand, is more in the nature of a pretrial brief. It contains 119 separately numbered paragraphs which are neither short, plain, nor concise. Rather, they include detailed allegations about the valuation of television station assets that were transferred in 1995 through a series of transactions that involved numerous entities, as well as allegations concerning the correct amount of the charitable contribution deduction for DMC's consolidated life/non-life taxable income and the correct amount of DMC's allowable Net Operating Loss deduction for the 1995 and 1997 tax years. By its unnecessarily detailed complaint, DMC would purport to short-circuit the initial disclosure procedures of Rule 26(a)(1), and the "early meeting" and Joint Preliminary Status Report process of Appendix A, and would oblige the defendant to resolve complex factual and legal questions and commit itself in its answer–which answer constitutes a judicial admission and can be amended only with leave of the Court–before defendant has had an opportuntity through sworn discovery responses to ascertain the relevant facts. The rules do not impose this obligation on defendant.

[3]Rule 9(h)(6) provides: "In any action for refund of federal tax, for each tax year or period for which a refund is sought, the amount, date, and place of each payment to be refunded; the date and place the return, if any, was filed; the name, address, and identification number of the taxpayer or taxpayers appearing on the tax return; the date and place the claim for refund was filed; and the identification number for each plaintiff, if different from the identification number of the taxpayer. A copy of the claim for refund shall be annexed to the complaint."

DMC's complaint also includes detailed allegations regarding the examination and other administrative actions that preceded the Internal Revenue Service's determination that DMC had underpaid its tax. These detailed allegations of the administrative process are not relevant here, since a tax refund suit is a *de novo* proceeding. Findings by the Commissioner during the examination and the administrative proceeding are tentative actions and do not bind the United States. *See International Paper Co. v. United States*, 36 Fed. Cl. 313, 320 (1996) *(*the factual findings, if any, underlying the Commissioner's determination of tax liability are irrelevant and entitled to no evidentiary weight); *Sara Lee Corp. v. United States*, 29 Fed. Cl. 330, 336 (1993) (overpayment determination contained in the Revenue Agent's Report was not entitled to a presumption of correctness). If by its complaint DMC thinks to bind the United States to the IRS's audit determinations and thereby limit the matters to be determined by the Court, the attempt will fail. By filing the present refund suit, DMC has placed at issue all determinations bearing on its tax liabilities for the years 1995 through 1998. *See Sara Lee*, 29 Fed. Cl. at 336.

D. Defendant's responses to the allegations about the documents attached to the complaint did not prejudice plaintiff or delay the progress of this lawsuit.

In its answer, the United States admitted that DMC had attached to the complaint Exhibits A-G. As directed by the Court (slip op. at 5), the United States has clarified its position with respect to those exhibits in its First Amended Answer.[4] While the authenticity or

---

[4]With respect to Exhibit A to the complaint, the United States admits that pages 1 through 26 represent a true and correct copy of the 30-day letter contained in the IRS administrative file and denies that the remaining material included in Exhibit A is included in the copy of the 30-day letter contained in the IRS administrative file. The United States denies that Exhibit B, attached to the complaint is a true and correct copy of the Statutory Notice of Deficiency contained in the IRS administrative file. The Statutory Notice of Deficiency in the IRS administrative file contains over 144 pages and includes 57 exhibits. The document which DMC's presents as the Statutory Notice of Deficiency contains only 16 pages. With respect to

completeness of some of the documents is disputed (and those disputes will be resolved or clarified in discovery), we know of no effect upon the progress of the case that could result from this detail being given in our original answer, as opposed to being given in the course of initial disclosures under Rule 26(a)(1), preparation of the Joint Preliminary Status Report pursuant to Appendix A, or discovery.

## II. THE PARTICULAR SANCTION IMPOSED IS NOT APPROPRIATE IN THIS TAX REFUND SUIT.

In its order (slip op. at 5), the Court held that DMC be allowed to serve more than 25 interrogatories. The reason given for this sanction against the United States is that it failed to comply with RCFC 8(b) and thus made the discovery process more difficult for plaintiff. For the reasons stated above, we ask the Court to reconsider this finding, and to perceive that it is not supported by the actual facts in this case, in light of the statute and the rules governing pleading in this Court. We urge, moreover, that the sanction is particularly inappropriate in light of the nature of a tax refund suit like this one, as we have discussed.

This lawsuit is about DMC and most or all of the relevant information in this case will come from DMC or related entities. Valuations from expert witnesses, if any, will be based largely or entirely on information derived from DMC. The United States will have no original information with respect to this action that was not provided by DMC or a related entity. It is

---

the claims for refund attached to the complaint as Exhibits C-F, the United States denies that they are true and correct copies of the claims for refund contained in the IRS administrative file. The United States admits that the documents attached as Exhibit G to the complaint (IRS Form 2297,Waiver of Statutory Notification of Claim Disallowance and IRS Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit) are true and correct copies of the documents contained in the IRS administrative. With respect to the allegations in the second sentence of ¶ 46 of the complaint, the United States denies that the Form 886-A, p.2 referred to by DMC is attached to the 30-day letter contained in the IRS administrative file.

therefore not correct that the original answer filed by the United States could in some way make the discovery process difficult for DMC.

Since the information relevant to the transactions at issue centers on DMC and is derived from DMC, it would be inappropriate to allow DMC extraordinary means for conducting discovery to obtain information from the Government, when in fact DMC is the repository of most or all of the information relevant to the issues in this case.

CONCLUSION

The Court should grant the United States' Motion for Reconsideration.

Respectfully submitted,

s/ Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

November 1, 2006

s/ David Gustafson
Of Counsel