IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION ) | Case No. 06-86 T |
| Plaintiff, ) | Judge Emily C. Hewitt |
| v. ) | |
| THE UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT (SET ONE)**

PROPOUNDING PARTY: Deseret Management Corporation

RESPONDING PARTY: The United States of America

SET NUMBER: One

Pursuant to Rules 26 and 36 of the Rules of the Court of Federal Claims ("RCFC"), plaintiff Deseret Management Corporation ("DMC") hereby requests that the defendant The United States of America ("the Government") serve upon DMC's counsel admissions of the truth of the matters set forth below within the time prescribed by RCFC 36 and in accordance with the following definitions. The matter set forth in each separate request is admitted unless, within 30 days after service of the request, the Government serves upon DMC a written answer or objection addressed to the matter signed by the Government or its attorney.

## DEFINITIONS

1. The term "Government" means the responding party the United States of America, including the Internal Revenue Service ("IRS"), together with any agents,

representatives, employees, or other persons acting or purporting to act on behalf of the United States of America or the IRS.

2. The "Thirty-Day Letter" means the letter from the IRS to DMC, dated March 28, 2003, and signed by Richard Druk on behalf of Mary Tapley, which is attached a part of Exhibit A to the Complaint in this action.

3. "NOPA 41-1" means the Valuation Specialist's Report/Notice of Proposed Adjustment dated September 9, 2002, for DMC "Years 1995, Issue No. 41-1," signed by IRS Valuation Specialist Monty A. Careswell, a copy of which (as received by DMC) is included as part of Exhibit A to the Complaint in this action.

4. The "Notice of Deficiency" means the letter from the IRS to DMC dated April 4, 2005, signed by Kelly R. Schwarz and setting forth a total claimed deficiency in DMC's payment of taxes for the years 1995 through 1998 of $12,703,169.00, as that document appears in the "administrative file" of the Government as referenced in paragraph 15 of the First Amended Answer in this action.

## REQUESTS TO ADMIT

### A. ASSET LISTED IN COMPLAINT, PARAGRAPH 48, AS "NOT IN DISPUTE"

#### (i) Studio Technical Equipment

**REQUEST TO ADMIT NO. 1**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $18,502,000 for the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 2**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $18,502,000 for the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 3**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $18,502,000 for the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 4**

The value of the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV, as of February 1, 1995, was $18,502,000.

**(ii) Land**

**REQUEST TO ADMIT NO. 5**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $4,740,000 for the assets identified in NOPA 41-1 as the "Land" of KIRO-TV.

**REQUEST TO ADMIT NO. 6**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $4,740,000 for the assets identified in NOPA 41-1 as the "Land" of KIRO-TV.

**REQUEST TO ADMIT NO. 7**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $4,740,000 for the assets identified in NOPA 41-1 as the "Land" of KIRO-TV.

**REQUEST TO ADMIT NO. 8**

The value of the assets identified in NOPA 41-1 as the "Land" of KIRO-TV, as of February 1, 1995, was $4,740,000.

**(iii) Vehicles**

**REQUEST TO ADMIT NO. 9**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,496,000 for the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV.

**REQUEST TO ADMIT NO. 10**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,496,000 for the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV.

**REQUEST TO ADMIT NO. 11**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,496,000 for the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV.

**REQUEST TO ADMIT NO. 12**

The value of the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV, as of February 1, 1995, was $1,496,000.

**(iv) TV Transmitter Equipment**

**REQUEST TO ADMIT NO. 13**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,445,000 for the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 14**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,445,000 for the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 15**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,445,000 for the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 16**

The value of the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV, as of February 1, 1995, was $1,445,000.

**(v) Audiovisual Library**

**REQUEST TO ADMIT NO. 17**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,399,000 for the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV.

**REQUEST TO ADMIT NO. 18**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,399,000 for the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV.

**REQUEST TO ADMIT NO. 19**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,399,000 for the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV.

**REQUEST TO ADMIT NO. 20**

The value of the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV, as of February 1, 1995, was $1,399,000.

**(vi) <u>Office Equipment</u>**

**<u>REQUEST TO ADMIT NO. 21</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,286,000 for the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 22</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,286,000 for the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 23</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,286,000 for the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 24</u>**

The value of the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV, as of February 1, 1995, was $1,286,000.

**(vii) <u>Microwave Equipment</u>**

**<u>REQUEST TO ADMIT NO. 25</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,129,000 for the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 26</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,129,000 for the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 27**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,129,000 for the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 28**

The value of the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV, as of February 1, 1995, was $1,129,000.

**(viii) Furniture & Fixtures**

**REQUEST TO ADMIT NO. 29**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $868,000 for the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV.

**REQUEST TO ADMIT NO. 30**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $868,000 for the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV.

**REQUEST TO ADMIT NO. 31**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $868,000 for the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV.

**REQUEST TO ADMIT NO. 32**

The value of the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV, as of February 1, 1995, was $868,000.

**(ix) <u>Towers</u>**

**<u>REQUEST TO ADMIT NO. 33</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $550,000 for the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 34</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $550,000 for the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 35</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $550,000 for the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 36</u>**

The value of the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV, as of February 1, 1995, was $550,000.

**(x) <u>TV Antenna System</u>**

**<u>REQUEST TO ADMIT NO. 37</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $336,000 for the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 38</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $336,000 for the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV.

**REQUEST TO ADMIT NO. 39**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $336,000 for the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV.

**REQUEST TO ADMIT NO. 40**

The value of the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV, as of February 1, 1995, was $336,000.

**(xi) Computer Software**

**REQUEST TO ADMIT NO. 41**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $320,000 for the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV.

**REQUEST TO ADMIT NO. 42**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $320,000 for the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV.

**REQUEST TO ADMIT NO. 43**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $320,000 for the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV.

**REQUEST TO ADMIT NO. 44**

The value of the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV, as of February 1, 1995, was $320,000.

**(xii) Test Equipment**

**REQUEST TO ADMIT NO. 45**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $245,000 for the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 46**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $245,000 for the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 47**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $245,000 for the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 48**

The value of the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV, as of February 1, 1995, was $245,000.

**(xiii) Spare Parts**

**REQUEST TO ADMIT NO. 49**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $239,000 for the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV.

**REQUEST TO ADMIT NO. 50**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $239,000 for the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 51</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $239,000 for the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 52</u>**

The value of the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV, as of February 1, 1995, was $239,000.

**(xiv) <u>Translator Equipment</u>**

**<u>REQUEST TO ADMIT NO. 53</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $195,000 for the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 54</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $195,000 for the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 55</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $195,000 for the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 56</u>**

The value of the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV, as of February 1, 1995, was $195,000.

**(xv) <u>Program Prod. Material/Tape Stock</u>**

**<u>REQUEST TO ADMIT NO. 57</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $157,000 for the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 58</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $157,000 for the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 59</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $157,000 for the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 60</u>**

The value of the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV, as of February 1, 1995, was $157,000.

**(xvi) <u>Surplus Equipment</u>**

**<u>REQUEST TO ADMIT NO. 61</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $102,000 for the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV.

**<u>REQUEST TO ADMIT NO. 62</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $102,000 for the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 63**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $102,000 for the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV.

**REQUEST TO ADMIT NO. 64**

The value of the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV, as of February 1, 1995, was $102,000.

**(xvii) Tools**

**REQUEST TO ADMIT NO. 65**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $51,000 for the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV.

**REQUEST TO ADMIT NO. 66**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $51,000 for the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV.

**REQUEST TO ADMIT NO. 67**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $51,000 for the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV.

**REQUEST TO ADMIT NO. 68**

The value of the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV, as of February 1, 1995, was $51,000.

**(xviii) Promotional Materials**

**REQUEST TO ADMIT NO. 69**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $0 for the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV.

**REQUEST TO ADMIT NO. 70**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $0 for the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV.

**REQUEST TO ADMIT NO. 71**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $0 for the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV.

**REQUEST TO ADMIT NO. 72**

The value of the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV, as of February 1, 1995, was $0.

## B. ASSETS LISTED IN COMPLAINT, PARAGRAPH 90, AS "IN DISPUTE"

**(i) Customer Relationship Asset**

**REQUEST TO ADMIT NO. 73**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $38,100,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Customer Relationship Asset."

**<u>REQUEST TO ADMIT NO. 74</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $38,100,000 for the assets identified in NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Customer Relationship Asset."

**<u>REQUEST TO ADMIT NO. 75</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $38,100,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Customer Relationship Asset.".

**<u>REQUEST TO ADMIT NO. 76</u>**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Customer Relationship Asset," as of February 1, 1995, was $38,100,000.

**(ii) <u>Pre-Sold or Acquired Advertising Contracts</u>**

**<u>REQUEST TO ADMIT NO. 77</u>**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $390,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Pre-sold or Acquired Advertising Contracts."

**<u>REQUEST TO ADMIT NO. 78</u>**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $390,000 for the assets identified in NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Pre-sold or Acquired Advertising Contracts."

**<u>REQUEST TO ADMIT NO. 79</u>**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $390,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Pre-sold or Acquired Advertising Contracts.".

**REQUEST TO ADMIT NO. 80**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Pre-sold or Acquired Advertising Contracts," as of February 1, 1995, was $390,000.

**(iii) Buildings**

**REQUEST TO ADMIT NO. 81**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $10,195,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Buildings."

**REQUEST TO ADMIT NO. 82**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $10,195,000 for the assets identified in the NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Buildings."

**REQUEST TO ADMIT NO. 83**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $10,195,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Buildings.".

**REQUEST TO ADMIT NO. 84**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Buildings," as of February 1, 1995, was $10,195,000.

**(iv) Third Avenue Productions**

**REQUEST TO ADMIT NO. 85**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $3,200,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions."

**REQUEST TO ADMIT NO. 86**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $3,200,000 for the assets identified in the NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Third Avenue Productions."

**REQUEST TO ADMIT NO. 87**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $3,200,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions.".

**REQUEST TO ADMIT NO. 88**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions," as of February 1, 1995, was $3,200,000.

**(v) KIRO Direct**

**REQUEST TO ADMIT NO. 89**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $300,000 for the assets identified in NOPA 41-1 as the KIRO-TV "KIRO Direct."

**REQUEST TO ADMIT NO. 90**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $300,000 for the assets identified in the NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "KIRO Direct."

**REQUEST TO ADMIT NO. 91**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $300,000 for the assets identified in NOPA 41-1 as the KIRO-TV "KIRO Direct."

**REQUEST TO ADMIT NO. 92**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "KIRO Direct," as of February 1, 1995, was $300,000.

**(vi) Assembled Staff/Workforce**

**REQUEST TO ADMIT NO. 93**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $2,950,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Assembled Staff/Workforce."

**REQUEST TO ADMIT NO. 94**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $2,950,000 for the assets identified in the NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Assembled Staff/Workforce."

**REQUEST TO ADMIT NO. 95**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $2,950,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Assembled Staff/Workforce."

**REQUEST TO ADMIT NO. 96**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Assembled Staff/Workforce," as of February 1, 1995, was $2,950,000.

**(vii) Going Concern (Operations)**

**REQUEST TO ADMIT NO. 97**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $480,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)."

**REQUEST TO ADMIT NO. 98**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $480,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)."

**REQUEST TO ADMIT NO. 99**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $480,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)."

**REQUEST TO ADMIT NO. 100**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)," as of February 1, 1995, was $480,000.

**(viii) Acquired Program Contracts**

**REQUEST TO ADMIT NO. 101**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $600,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts."

**REQUEST TO ADMIT NO. 102**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $600,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts."

**REQUEST TO ADMIT NO. 103**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $600,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts."

**REQUEST TO ADMIT NO. 104**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts," as of February 1, 1995, was $600,000.

## C. CONSIDERATION/BASIS (Complaint, paragraphs 91-92)

**REQUEST TO ADMIT NO. 105**

The only consideration that DMC's subsidiary Bonneville International Corporation ("BIC") received from the sale of the various KIRO-TV assets was cash in the amount of $52,529,929.

**REQUEST TO ADMIT NO. 106**

The Government currently contends that the only consideration that BIC received from the sale of the various KIRO-TV assets was cash in the amount of $52,529,929.

**REQUEST TO ADMIT NO. 107**

BIC's adjusted basis in the various KIRO-TV assets, as of February 1, 1995, was $9,801,308.

**REQUEST TO ADMIT NO. 108**

The Government currently contends that BIC's basis in the various KIRO-TV assets, as of February 1, 1995, was $9,801,308.

## D. VALUATION METHODOLOGY (Complaint, paragraphs 52-53)

**REQUEST TO ADMIT NO. 109**

The expert retained by the IRS to value the assets of KIRO-TV, DKB Consulting ("DKB"), stated in his appraisal report dated December 1998 at page 20 that the discounted cash flow methodology was "weak" as a "general tool" for valuing an FCC license.

**REQUEST TO ADMIT NO. 110**

DKB was correct that the discounted cash flow methodology was "weak" as a "general tool" for valuing an FCC license.

**REQUEST TO ADMIT NO. 111**

DKB was correct to use the residual method rather than the discounted cash flow method to value the KIRO-TV FCC license.

## E. TREATMENT OF GOODWILL (Complaint, paragraphs 55-56)

**REQUEST TO ADMIT NO. 112**

In his appraisal report dated December 1998, DKB did not assign any value to KIRO-TV goodwill.

**REQUEST TO ADMIT NO. 113**

DKB was correct not to assign any value to KIRO-TV goodwill.

**REQUEST TO ADMIT NO. 114**

In his appraisal report dated December 1998, DKB concluded that KIRO-TV goodwill could not be valued.

**REQUEST TO ADMIT NO. 115**

DKB was correct to conclude that KIRO-TV goodwill could not be valued.

## F. RELIANCE ON DKB APPRAISAL REPORTS (Complaint, paragraph 44)

**REQUEST TO ADMIT NO. 116**

The IRS relied upon DKB's valuations of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports in preparing the Thirty-Day Letter.

**REQUEST TO ADMIT NO. 117**

The IRS relied upon DKB's valuations of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports in preparing the NOPA 41-1.

**REQUEST TO ADMIT NO. 118**

The IRS relied upon DKB's valuations of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports in preparing the Notice of Deficiency.

**REQUEST TO ADMIT NO. 119**

The IRS relied upon DKB's valuations of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports when it collected from DMC the claimed tax deficiencies set forth in the Thirty-Day Letter.

**REQUEST TO ADMIT NO. 120**

The Government currently contends that DKB's valuations, as set forth in the DKB December 1998 and December 2001 appraisal reports of the KIRO-TV assets, are correct.

**REQUEST TO ADMIT NO. 121**

The Government currently contends that DKB used the correct valuation methodologies, as set forth in the DKB December 1998 and December 2001 appraisal reports, to determine the value of the KIRO-TV assets.

## G. AUTHENTICATION OF NOPA 41-1 (Complaint, paragraph 8)

**REQUEST TO ADMIT NO. 122**

Exhibit A hereto is a true and correct copy of the NOPA 41-1 dated September 9, 2002, for Issue No. 41-1, relating to the fair market value of the assets sold by and resulting gains reported by DMC in connection with the sale of Third Avenue Television, Inc.

Respectfully submitted,

s/ Eric C. Olson
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

November 8, 2006

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing Plaintiff's Requests for Admission to Defendant (Set One) has, this 8th day of November 2006, been made on Defendant by hand delivering a copy thereof to the following address

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893