IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | |
| | ) | Case No. 06-86 T |
| | ) | |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION FOR RELIEF FROM NOVEMBER 14, 2006 ORDER**

The plaintiff Deseret Management Corporation ("DMC"), through counsel, submits this Opposition to Motion for Relief from the Court's Order of November 14, 2006, As It Relates to Recently-Discovered Documents in the Custody of a Third Party, which was filed by the defendant United States of America (the "Government").

**INTRODUCTION**

The Government's Motion for Relief is puzzling. The obligation to produce documents under RCFC 34(a) extends only to documents in the "possession, custody or control of a party upon which the request is served." The Motion acknowledges that the documents at issue are presently in the hands of a third party, not in the hands of the Government, and that the third party is not within the "control" of the Government. Thus, the Government has no obligation to produce the documents. Any such motion for relief from the November 14, 2006, Order is premature, if not entirely inapposite.

Of greater concern, however, is a fact not disclosed by the Government: DMC has served a subpoena duces tecum on the third party to produce on December 12, 2006, certain documents relating to KIRO-TV. In anticipation of *that* production, the Government seeks to obtain possession of the documents presently in the custody of the third party and subject to the subpoena. Documents responsive to the subpoena should not be transferred to the Government.

**STATEMENT OF FACTS**

The following facts bear on the pending Motion:

1. The Government retained DKB Consulting ("DKB") during the course of examining DMC's 1995 through 1998 tax returns. Complaint ¶44; First Amended Answer ¶ 44.

2. While not actually named anywhere in the Motion for Relief, DKB through its sole principal David K Bivins is the "consulting expert who was retained by the IRS during the audit for the years at issue." Motion for Relief at 1.

3. DKB "is no longer under contract with the IRS or otherwise associated with the case. . . ." *Id.* at 3.

4. DKB is not in the "control" of the Government or its attorneys. *Id.*

5. On November 16, 2006, DMC served DKB with a subpoena duces tecum to produce certain documents relating to his appraisal of KIRO-TV. Exhibit 1 hereto.

6. A copy of the subpoena was also served with a notice of deposition on counsel for the Government. Exhibit 2 hereto.

7. The subpoena commands that DKB produce the following categories of documents:

a. All documents constituting or evidencing communications between David K Bivins and the Internal Revenue Service relating to Bonneville International Corporation, Deseret Management Corporation or KIRO-TV.

b. All documents constituting or evidencing communications between David K Bivins and any person other than the Internal Revenue Service relating to the valuation of any asset of KIRO-TV.

c. All documents reviewed by David K Bivins to create, or otherwise referenced in, Table 2 to DKB Consulting's Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuations *etc.* for KIRO-TV dated December 1998.

d. All documents reviewed by David K Bivins to create, or otherwise referenced in, the text found at pages 4 through 6 of DKB Consulting's Review and Critique of the Asset Valuation of Charles H. Kadlec *etc.*, dated December 2001.

e. All documents reviewed by David K Bivins to create, or otherwise referenced in, Exhibit 1 to DKB Consulting's Review and Critique of the Asset Valuation of Charles H. Kadlec *etc.*, dated December 2001.

f. All appraisals of the assets of television stations or radio stations completed by David K Bivins or DKB Consulting on or before December 1998, excluding the KIRO-TV appraisal.

g. All appraisals of the assets of television stations or radio stations completed by David K Bivins or DKB Consulting after December 1998, excluding any report on KIRO-TV.

8. The present Motion for Relief discloses for the first time that the Government has requested that DKB ("the consultant") "transmit" the "audit documents still in the custody of the consultant" to the IRS. Motion for Relief at 2-3.

9. Without making any mention of the subpoena, the Government requests relief from the November 22, 2006, deadline to produce documents in order to permit the Government to obtain transfer of custody of DKB's documents.

10. Counsel for DMC has spoken with DKB and made a written request that DKB not transfer documents responsive to the subpoena to the Government before the date of the deposition, absent further direction from this Court. *See* Exhibit 3 hereto.

## ARGUMENT

### I. THE GOVERNMENT DOES NOT NEED RELIEF FROM THE NOVEMBER 22, 2006, DEADLINE BECAUSE IT HAS PRODUCED ALL DOCUMENTS IN ITS "POSSESSION, CUSTODY OR CONTROL."

RCFC 34(a) defines the Government's obligation to produce documents: DMC can only seek production of documents "in the possession, custody or control of the party on whom the request is served. . . ." RCFC 34 does not impose any duty on the Government to obtain or retrieve documents in the hands of third parties such as DKB.

The Government in its Motion for Relief concedes that the files of DKB are not in its "possession" or "custody." Further, the Government specifies that DKB is not under contract with it nor is DKB in the Government's "control." Thus, there is no need for an extension of time because, with the latest production of November 22, 2006, and tender of voluminous privilege logs pursuant to the terms of the November 14, 2006, Order, the Government has complied with the Request for Production (subject only to *in camera* examination of the more than 300 documents as to which the Government has asserted a claim of privilege). The motion for relief should be denied as moot or unnecessary.

### II. THIS COURT SHOULD PREVENT THE GOVERNMENT FROM INTERFERING WITH DKB's PRODUCTION OF DOCUMENTS PURSUANT TO THE SUBPOENA DUCES TECUM SERVED ON NOVEMBER 16, 2006.

The more troubling issue raised by the facts disclosed in the Motion for Relief is whether the Government should be permitted unilaterally and informally to obtain control and possession of documents that are subject to an unchallenged subpoena duces tecum already served on DKB. In essence, the Government seeks to interfere with DMC's right to take third-party discovery. This is particularly clear when one notes that the date of the extension sought by the Government is the precise date on which Mr. Bivins of DKB is to be deposed and to produce documents.

The Government insists that it needs to obtain the DKB documents in order to run those documents through the privilege review process that, to date, has delayed the Government's production by a month. The most ready response is simply that these documents are in the hands of a third party. For years, the Government has had neither possession, nor custody, nor control of the DKB documents. It is inconceivable that some privilege would attach to such documents.

More fundamentally, this entire course – broad assertion of privileges to shield the Government's past handling of the DMC audit and appeal – seems at variance with defense counsel's oft-repeated position in this action that, because this proceeding is *de novo* with respect to the rationale for any tax assessment and because DMC bears the burden of proving the correct assessment, whatever happened before the filing of this action has no bearing on this proceeding. The Government has stated emphatically that (a) it has terminated its relationship with DKB and (b) it presently has no expert or rationale for the assessment of taxes against DMC. Thus, the Government's First Amended Answer, at paragraphs 43 through 90, largely claims present lack of knowledge or information with respect to the core valuation issues arising from the KIRO-TV sale. In sum, the Government has disclaimed its expert's conclusions on which it previously rested the assessment of taxes from DMC. From the Government's perspective and consistent with this position or non-position, whatever DKB did is outside the Government's present knowledge or information and whatever occurred on the Government side of the equation prior to February 3, 2006, is of no probative value in the action.

This begs the question: If all of this is so, as the Government has insisted, why must the Government seek relief from the November 22, 2006, deadline to obtain DKB's documents and comb them for privilege claims? Already, the Government has occupied eight weeks in that exercise in reviewing its own files. (From that review, the Government has issued two privilege

logs totaling nearly eighty pages with over 300 entries. *See* Exhibits 4 and 5 hereto.) A further review of third-party documents for privilege claims will only result in delay and require rescheduling of the December 12, 2006, deposition. Interference with the discovery process will be both direct and indirect.

In the end, the documents at issue all relate to a point in time that, by the definition of materiality proffered by the Government, is of no consequence to the merits of this case. Indeed, the boundaries of materiality have yet to be fixed because, by its own admission, nearly ten months into this case the Government has no expert and no information or knowledge regarding any rationale for the amount assessed against DMC as tax on the KIRO-TV sale.

**CONCLUSION**

This Court should deny the Motion for Relief as moot because the Government has completed its response to the Request for Production of Documents. The Court should also direct the Government to cease all efforts to interfere with DKB's production of documents pursuant to the subpoena duces tecum as disclosed in the Motion for Relief.

Respectfully submitted,

s/ Eric C. Olson
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

November 28, 2006

## CERTIFICATE OF SERVICE

I certify that service of the foregoing **OPPOSITION TO MOTION FOR RELIEF FROM NOVEMBER 14, 2006, ORDER** has, this 28th day of November 2006, been made on Defendant by electronic mail and by mailing a copy thereof, in a postage prepaid envelope, to the following address

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893