IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | Case No. 06-86 T |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF DAVID K BIVINS

PLEASE TAKE NOTICE that the plaintiff Deseret Management Corporation ("DMC") will take the deposition of David K Bivins, 7 Berkshire Dr., Princeton Junction, NJ, before a certified court reporter by sound-and-visual means on Tuesday, December 12, 2006, at 9:00 a.m., at the law offices of Bressler Amery & Ross, 325 Columbia Turnpike, Florham Park, NJ 07932.

The taking of this deposition shall be pursuant both to the subpoena duces tecum attached hereto, which requires the production of certain documents, and to RCFC 26, 30 and 45.

Respectfully submitted,

s/ Eric C. Olson

Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

November 15, 2006

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing **NOTICE OF DEPOSITION OF DAVID K BIVINS** has, this 15th day of November 2006, been made on Defendant by electronic mail and by mailing a copy thereof, in a postage prepaid envelope, to the following address

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893

# United States Court of Federal Claims

*DESERET MANAGEMENT CORPORATION,*

Plaintiff,

vs. No. 06-86 T

*THE UNITED STATES,*

Defendant.

## SUBPOENA DUCES TECUM

**To:** David K Bivins

*Work*:

822 South Avenue West
Westfield, NJ 07090-1460

*Home*:

7 Berkshire Dr.
Princeton Junction, NJ

---

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition recorded by sound-and-visual in the above-captioned case.

*Place of Deposition: Bressler Amery & Ross*
*325 Columbia Turnpike*
*Florham Park, NJ 07932*

*Date and Time: 12 December 2006*
*9:00 a.m.*

2. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified indicated in paragraph 1 above (list documents or objects):

   a. All documents constituting or evidencing communications between David K Bivins and the Internal Revenue Service relating to Bonneville International Corporation, Deseret Management Corporation or KIRO-TV.

   b. All documents constituting or evidencing communications between David K Bivins and any person other than the Internal Revenue Service relating to the valuation of any asset of KIRO-TV.

   c. All documents reviewed by David K Bivins to create, or otherwise referenced in, Table 2 to DKB Consulting's Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuations *etc.* for KIRO-TV dated December 1998.

   d. All documents reviewed by David K Bivins to create, or otherwise referenced in, the text found at pages 4 through 6 of DKB Consulting's Review and Critique of the Asset Valuation of Charles H. Kadlec *etc.*, dated December 2001.

e. All documents reviewed by David K Bivins to create, or otherwise referenced in, Exhibit 1 to DKB Consulting's Review and Critique of the Asset Valuation of Charles H. Kadlec *etc.*, dated December 2001.

f. All appraisals of the assets of television stations or radio stations completed by David K Bivins or DKB Consulting on or before December 1998, excluding the KIRO-TV appraisal.

g. All appraisals of the assets of television stations or radio stations completed by David K Bivins or DKB Consulting after December 1998, excluding any report on KIRO-TV.

ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Attorney for Plaintiff 15 November 2006

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Eric C. Olson, Kirton & McConkie, 60 E. South Temple, Salt Lake City, UT 84111 (801) 321-4818

NOTE – If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. § 1821)

PROOF OF SERVICE

SERVED DATE PLACE

SERVED ON (PRINT NAME) MANNER OF SERVICE

☐ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

**(3)(A)** On timely motion, the court shall quash or modify the subpoena if it

**(i)** fails to allow reasonable time for compliance;

**(ii)** requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

**(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies, or

**(iv)** subjects a person to undue burden.

**(B)** If a subpoena

**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or

**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

**(iii)** requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim