KIRTON & McCONKIE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

ERIC C. OLSON
E-MAIL: eolson@kmclaw.com

1800 EAGLE GATE TOWER
60 EAST SOUTH TEMPLE
P.O. BOX 45120
SALT LAKE CITY, UTAH 84145-0120
www.kmclaw.com

FAX (801) 321-4893
TELEPHONE (801) 328-3600

November 27, 2006

**VIA FAX (609-799-4354) AND E-MAIL** dkbivins@kanereece.com

Mr. David K Bivins
Kane Reece Associates, Inc.
822 South Avenue West
Westfield, NJ 07090-1460

RE: DMC v. United States

Dear Mr. Bivins:

This letter confirms my telephone discussions with you on November 27, 2006. On November 16, 2006, you were served with a subpoena to testify on December 12, 2006, in the above litigation. That subpoena included a request that you produce certain documents relating to your valuation of KIRO-TV in Seattle, Washington.

By the attached Motion for Relief from the Court's Order of November 14, 2006, I have learned (and you have subsequently confirmed) that the Internal Revenue Service or the Department of Justice has recently been in touch with you to discuss documents that are potentially responsive to the subpoena served on November 16, 2006. You will see from the Motion that the IRS disclaims any control over you and represents that it has no contract with you at this time. Apparently, the government is attempting to obtain custody of certain documents used by you in connection with the valuation noted above. In the Motion, there is also a mention of expense and compensation associated with your retrieving and transferring the documents.

As counsel for a party that has subpoenaed some of the records sought by the government, I repeat in writing my request that you not deliver to the government any document responsive to the subpoena until such time as the proposed transfer has been addressed to the judge presiding over this case and some order has been issued regarding the matter. With respect to compensation for any time or expense you might incur, DMC will reimburse you for any expense incurred in connection with the production of these documents. In fact, as we discussed, it would seem most efficient, in terms of the expenditure of your time and my time, to arrange for review of the documents in advance of your December 12, 2006 deposition. The tone of the attached Motion would suggest that the potential volume of documents is considerable. While we do not anticipate

using, or needing to copy, all of the documents, it will take some effort to ascertain which documents bear upon the issues of concern to us and which do not.

You have indicated to me that you will not deliver files responsive to the subpoena to the government until after Wednesday's court hearing. I will undertake to raise the issue with the Court at that time. In any event, we request that you retain custody of documents responsive to the subpoena until such time as the parties by agreement, or the Court by order. give further direction. We will visit further regarding the best way to expedite the production and your deposition.

Sincerely,

KIRTON & McCONKIE

Eric C. Olson

ECO:bb

cc: J. Michael Hines, Esq.
Judith Mather, Esq.

0031:0011\934756.01

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

MOTION FOR RELIEF FROM THE COURT'S ORDER OF NOVEMBER 14, 2006, AS IT RELATES TO RECENTLY-DISCOVERED DOCUMENTS IN THE CUSTODY OF A THIRD PARTY

The United States hereby moves the Court for relief from the Court's order of November 14, 2006, to the extent that it requires production by November 22, 2006, of recently identified documents in the custody of a consulting expert who was retained by the IRS during the audit for the years at issue. The consulting expert is no longer under contract with the IRS, and is no longer involved with this case. With respect to these newly identified documents that remained in the custody of the consultant after the close of the audit, the United States requests that it be allowed until December 12, 2006, to produce a privilege log and/or any responsive non-privileged documents. In support of this motion, defendant states as follows:

The United States first received plaintiff's document request less than eight weeks ago, on October 2, 2006. In order to comply with the Court's orders of October 30 and November 14 regarding those requests, a team of IRS personnel was assembled from across the nation: two paralegals from Dallas and an attorney from Phoenix traveled to Salt Lake City to assist IRS counsel there who are formally assigned to this case. After their first round of document review (*i.e.*, the documents that were produced, or withheld on privilege grounds, on November 15, 2006, after having undergone additional review by the delegate of the Secretary of the Treasury, in Washington, D.C.), this team reviewed over 3,000 additional pages of documents in less than a week, by working 11- to 12-hour days, including working through the weekend, in order to meet the next deadline of November 22. A member of the team had a family funeral during this time period but had limited time to attend because of the document review. The amount of effort put forth by this team was extraordinary.

In conducting its review of documents, the IRS did not initially consider that the audit documents still in the custody of the consultant were responsive to plaintiff's discovery requests. However, in an effort to insure full compliance with the Court's orders, counsel for the IRS has contacted the consultant about those files, and notified defendant's counsel that some or all of those documents may be responsive to plaintiff's First Request for Production of Documents. Because there may be privilege issues, as well as disclosure issues pursuant to I.R.C. § 6103,[1] the documents in the consultant's custody must be reviewed by the IRS before a determination can

[1] Unauthorized disclosure of tax return information is a felony punishable by fine as well as imprisonment of up to 5 years. *See* I.R.C. § 7213(a) and I.R.C. § 7431.

be made regarding their release to plaintiff.[2] The consultant who, as noted above, is no longer under contract the IRS or otherwise associated with this case, has raised concerns about the costs he will incur in retrieving and transmitting the documents to the IRS. The IRS is considering options by which the consultant may be compensated for his time and effort. We believe that this issue can be quickly resolved, but we should point out that defendant's attorneys cannot control this third party.

Once the files have been returned to the IRS by the consultant, the IRS will review them for any privilege issues and/or disclosure issues pursuant to I.R.C. § 6103. If there are privileged documents, the IRS will prepare a privilege log which identifies each document, the privilege asserted, and the basis therefor. After these procedures are accomplished, the IRS will forward any privilege log to defendant's trial attorney for submission to plaintiff, along with copies of the non-privileged responsive documents that will be released to plaintiff. As noted above, at this point the documents have not been returned to the IRS. Therefore, it is not possible for the IRS to complete the necessary review of those documents by the November 22 deadline set forth in the Court's order of November 14.

---

[2] It is also possible that, upon review, it will be determined that some or all of these documents are duplicates of those documents that have already been produced or as to which a privilege has been assserted.

WHEREFORE, defendant requests that its motion be granted.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

November 22, 2006