and Peter Baumgarten, Attorney, Office of the Associate Chief Counsel (ITA). The Service asserts executive privilege to the entire document as it contains the authors' respective views and concerns regarding the appraisal of the outside expert and their recommendations and strategies as to how the Service should proceed once plaintiff responds to the notice of deficiency, which had not yet been issued.

**Bates Nos. 0296-0297.** A string of three e-mails, all dated February 16, 2005, from Katherine Ankeny. Two of the three e-mails are duplicates of the documents described as Bates Nos. 0294-0295; the third merely transmits the other two to Linda Flemins. The Service asserts executive privilege to the entire document for the same reasons as set forth for that duplicate document.

**Bates No. 0298.** One e-mail, dated February 17, 2005, from Katherine Ankeny to Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, and which was copied to Monty Careswell. The Service asserts executive privilege to the entire document as it contains the author's analysis of the appraisal of the outside expert, reflects Mr. Careswell's views of the methodology employed by, and results of, that expert, and her suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff.

**Bates Nos. 0299-0300.** A string of two e-mails, both dated February 17, 2005, among Katherine Ankeny, Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, and which was copied to Monty Careswell, Alan Jacobson, and Deborah Delgado. The Service asserts executive privilege to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, reflects Mr. Careswell's and Kelly Schwarz's views of the methodology employed by, and results of, that expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff.

**Bates Nos. 0301-0302.** A string of three e-mails, all dated February 17, 2005, among Katherine Ankeny, Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, Monty Careswell, Alan Jacobson, Barbara Leonard, and Deborah Delgado. The Service asserts executive privilege to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, reflects Mr. Careswell's and Kelly Schwarz's views of the methodology employed by, and results of, that expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, in anticipation of expected litigation by plaintiff.

**Bates Nos. 0304-0305.** A string of two e-mails, dated February 16 and 17, 2005, among Katherine Ankeny, Deborah Delgado, Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, Monty Careswell, Alan Jacobson, Marion Friedman, Associate Area Counsel, LMSB (Houston), Stephen Toomey, Senior Counsel, Office of the Associate Chief Counsel (ITA), and Barbara Leonard. The Service asserts executive privilege to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0306-0307.** A string of three e-mails, dated February 16 and 17, 2005, among Katherine Ankeny, Deborah Delgado, Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, Monty Careswell, Alan Jacobson, Marion Friedman, Stephen Toomey, and Barbara Leonard. The Service asserts executive privilege to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development.

**Bates No. 0308-0309.** One e-mail, dated February 18, 2005, from Scott Cline to Katherine Ankeny and Linda Flemins. The Service asserts executive privilege for the entire document as it contains the author's analysis of, and views regarding, valuation issues involving FCC licenses, as it would inform the development of the Coordinated Issue Paper and the Service's treatment of these issues in examinations of taxpayers generally and this taxpayer

specifically. The document also references his recommendations on how to proceed in plaintiff's examination, given his view of litigating hazards.

**Bates No. 0310.** One e-mail, dated February 18, 2005, from Katherine Ankeny to Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the author's analysis regarding the outside expert's appraisal and her recommendations as to the strategy the Service should employ going forward.

**Bates Nos. 0311-0313.** A string of four e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0314-0316.** A string of five e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated

Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0317-0319.** A string of seven e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Barbara Leonard, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0320-0322.** A string of five e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also

addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0323-0326.** A string of seven e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0327-0330.** A string of eight e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards

assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0331-0333.** A string of three e-mails, dated February 16, 2005, through February 18, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Barbara Leonard and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 0335.** A string of three e-mails, all dated February 22, 2005, between Katherine Ankeny and Scott Cline. The Service asserts executive privilege for the portions of the document that contain the 7:35 AM and 10:18 AM e-mails as they reflect the authors' respective views on the outside expert's appraisal and the strategy the Service should employ before finalizing and issuing the notice of deficiency to plaintiff.

**Bates Nos. 0336-0338.** One e-mail, dated February 22, 2005, from Katherine Ankeny to Barbara Leonard and Ronald Rosen. The document outlines an inventory review and tasks that are to be completed in the upcoming weeks. Only a portion of Bates No. 0337 pertains to this plaintiff; the other portions pertain to other matters assigned to Ms. Ankeny, including third party taxpayers. The Service asserts executive privilege to the entire document as it contains the author's recommendations as to the strategies to follow on each of these matters, which were submitted to her reviewers. Strategies including a discussion of the issues being considered before the notice of deficiency in plaintiff's case was finalized and issued. The Service also asserts I.R.C. § 6103 to withhold the portions of the document that pertain to third party taxpayers whose tax matters were also assigned to Ms. Ankeny. The portions include the identities of those third party taxpayers, the fact of their examination, and other details as to the issues raised in their examinations, all of which are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0339-0343.** A string of eight e-mails, dated February 16, 2005, through February 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0344-0348.** A string of nine e-mails, dated February 16, 2005, through February 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0349-0350.** A string of three e-mails, all dated February 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Linda Flemins, Scott Cline, Craig Wojay, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff.

**Bates Nos. 0351-0356.** A string of ten e-mails, dated February 16, 2005, through February 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of

expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0358-0359.** A string of four e-mails, all dated February 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Barbara Leonard, Linda Flemins, Craig Wojay, and Scott Cline. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff.

**Bates Nos. 0360-0365.** A string of eleven e-mails, dated February 16, 2005, through February 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third

party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 0366.** One e-mail, dated February 23, 2005, from Katherine Ankeny to Glenn McLoughlin, Barbara Leonard, Ronald Rosen, and Craig Wojay. The Service asserts executive privilege to the entire document as it contains the author's, and Mr. Rosen's, analyses of the outside expert's report and how it may affect the Service's strategy in the event of litigation.

**Bates Nos. 0367-0371.** A string of nine e-mails, dated February 16, 2005, through February 23, 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, Stephen Toomey, and Ronald Rosen. The Service asserts executive privilege for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. The Service also asserts I.R.C. § 6103 to protect the identity of those third party taxpayers, and the fact of examinations of those third party taxpayers. A taxpayer's identity, and fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0372.** A string of two e-mails, both dated February 23, 2005, among Katherine Ankeny, Glenn McLoughlin, Ronald Rosen, Barbara Leonard, and Craig Wojay. The Service asserts executive privilege to the entire document as it contains the authors' respective analyses of the outside expert's report and how it may affect the Service's strategy in the event of litigation.

**Bates Nos. 0375-0376.** A string of four e-mails, all dated February 23 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Craig Wojay, Scott Cline, Barbara Leonard, and Ronald Rosen. The Service

asserts executive privilege for the portion of the document that contains the 11:11 AM e-mail as it reflects the author's analysis of the methodology used by, and the results reached in, the expert's appraisal.

**Bates Nos. 0377-0378.** A string of five e-mails, all dated February 23 2005, among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Craig Wojay, Scott Cline, Barbara Leonard, and Ronald Rosen. The Service asserts executive privilege for the portion of the document that contains the 11:11 AM e-mail as it reflects the author's analysis of the methodology used by, and the results reached in, the expert report.

**Bates No. 0379.** A string of two e-mails, both dated February 23 2005, between Katherine Ankeny and Monty Careswell, and which was copied to Scott Cline. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the methodology used by, and the results reached in, the expert report.

**Bates No. 0380.** A string of four e-mails, dated February 22 and 23, 2005, among Katherine Ankeny, Glenn McLoughlin, Ronald Rosen, and Craig Wojay. The Service asserts executive privilege for the entire document as it contains the authors' views regarding the methodology used by, and the results reached in, the expert report.

**Bates No. 0381.** A string of two e-mails, both dated February 23 2005, between Katherine Ankeny and Glenn McLoughlin. The Service asserts executive privilege for the entire document as it contains the authors' respective views as to the strategy that may be employed before issuance of the notice of deficiency.

**Bates No. 0382-0383.** A string of five e-mails, dated February 22 and 23, 2005, among Katherine Ankeny, Glenn McLoughlin, Craig Wojay, and Ronald Rosen. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses of the methodology used by, and the results reached in, the expert report.

**Bates No. 0384.** A string of three e-mails, dated February 22 and 23, 2005, between Katherine Ankeny and Glenn McLoughlin. The Service asserts executive privilege for the entire document as it contains the authors' respective views, as well as Monty Careswell's, as to the strategy that may be employed before issuance of the notice of deficiency.

**Bates No. 0385.** One e-mail, dated February 23, 2005, from Ronald Rosen to Katherine Ankeny. The Service asserts executive privilege for the entire document as it contains Mr. Rosen's suggested editorial changes to a summary of the issues raised in the examination of plaintiff prepared by Ms. Ankeny, which includes a discussion of the outside expert's report and the possible options that may be pursued before the Service finalizes and issues the notice of deficiency to plaintiff.

**Bates Nos. 0388-0389.** A string of three e-mails, dated February 23 and 24, 2005, through February 24, 2005, among Katherine Ankeny, Scott Cline, Monty Careswell, and Linda Flemins. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and views regarding the methodology employed by, and the results reached in, the outside expert's report, including a discussion of possible options that may be pursued before the Service finalizes and issues the notice of deficiency to plaintiff.

**Bates No. 0390.** One e-mail, dated February 24, 2005, from Katherine Ankeny to Glenn McLoughlin, Monty Careswell, Craig Wojay, Linda Flemins, Barbara Leonard, and Ronald Rosen. The Service asserts executive privilege for the entire document as it contains the author's analysis and opinions regarding an upcoming conference call during which time the participants would be discussing the methodology used by, and the results reached in, the outside expert's report and what options may be pursued before the Service finalizes and issues the notice of deficiency to plaintiff.

**Bates No. 0393.** A string of three e-mails, all dated February 25, 2005, among Katherine Ankeny, Kendall Williams, Mark O'Leary, Associate Area Counsel, LMSB (Dallas), Bernard Nelson, Area Counsel, LMSB (Houston), Dennis Kelly, Special Trial Attorney, LMSB (Dallas), William Merkle, Deputy Area Counsel, LMSB (Chicago). The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding the valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 0394.** A string of four e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0395-0396.** A string of six e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by the plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0397-0398.** A string of six e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As

such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0399-0400.** A string of seven e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0401-0402.** A string of nine e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0403-0405.** A string of eleven e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the

entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0406-0408.** A string of eleven e-mails, dated February 25, 2005, through March 1, 2005, among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 0409.** One e-mail, dated March 1, 2005, from Katherine Ankeny to Glenn McLoughlin, Monty Careswell, Linda Flemins, Barbara Leonard, Kendall Williams, Scott Cline, Craig Wojay and Ronald Rosen. The Service asserts executive privilege for the entire document as it contains the author's summary of the consensus reached during a conference call among the participants as to the recommendations to be made to Examination and Appeals personnel as to the next steps to be taken prior to the Service's issuance of the notice of deficiency.

**Bates No. 0410.** An exchange of two e-mails, both dated March 1, 2005, between Katherine Ankeny and Ronald Rosen, in response to the third email, which is the document described as Bates No. 0409. The Service asserts executive privilege for the 1:40 PM e-mail for the same reasons as set forth for Bates No. 0409; the Service also asserts executive privilege for the 2:15 and

2:13 PM e-mails as they reflect an additional exchange of ideas with regard to valuation issues raised in the examination.

**Bates No. 0411.** One e-mail, dated March 1, 2005, from Barbara Leonard to Katherine Ankeny, in response to a second e-mail, which is the document described as Bates No. 0409. The Service asserts executive privilege for the 1:40 PM e-mail for the same reasons as set forth for Bates No. 0409; the Service also asserts executive privilege for the 2:25 PM e-mail as it reflects an additional exchange of ideas with regard to valuation issues raised in the examination.

**Bates No. 0412.** A string of four e-mails, dated March 1, 2005, among Katherine Ankeny, Kendall Williams, Barbara Leonard, Ronald Rosen, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, and Glenn McLoughlin. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0413-0414.** An exchange of four e-mails, all dated March 1, 2005, between Katherine Ankeny and Ronald Rosen, as a result of a fifth e-mail, also dated March 1, 2005, which is described as Bates No. 0409. The Service asserts executive privilege for the 1:40 PM e-mail for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the other four e-mails, which reflect the authors' respective views as to the methodology used by the outside expert in his report and what strategies may be used by the Service as they consider the valuation issue before the notice of deficiency is finalized and issued.

**Bates Nos. 0415-0416.** A string of two e-mails, both dated March 1, 2005. The 2:56 PM e-mail from Katherine Ankeny to Glenn McLoughlin, Scott Cline, Craig Wojay, Ronald Rosen, Monty Careswell, Linda Flemins, Barbara Leonard, and Kendall Williams, forwards a 1:40 PM e-mail that is described as Bates No. 0409 and offers her suggested advice that Mr. McLoughlin should provide Appeals regarding the valuation issues as they should be addressed in the notice of

deficiency that had yet to be finalized and issued to the plaintiff. It also reflects her assessment of litigating hazards associated with that issue.

**Bates Nos. 0417-0418.** An exchange of five e-mails, all dated March 1, 2005, between Katherine Ankeny and Ronald Rosen, as a result of a sixth e-mail, also dated March 1, 2005, which is described as Bates No. 0409. The Service asserts executive privilege for 1:40 PM e-mail for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the other five e-mails, which reflect the authors' respective views as to the methodology used by the outside expert in his report and what strategies may be used by the Service as they consider the valuation issue before the notice of deficiency is finalized and issued.

**Bates Nos. 0419-0420.** An exchange of two e-mails, both dated March 2, 2005, between Katherine Ankeny and Glenn McLoughlin, as a result of two March 1, 2005, e-mails, at 1:40 PM and 2:56 PM, which are the documents described as Bates No. 0409 and Bates No. 0415, respectively. The Service asserts executive privilege for the 1:40 PM and 2:56 PM e-mails for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the additional e-mail exchange that addresses the strategy they recommend that Service follow before the notice of deficiency is finalized and issued.

**Bates Nos. 0421-0423.** A string of six e-mails, dated February 28, 2005, through March 3, 2005, among Katherine Ankeny, Barbara Leonard, Craig Wojay, Peter Baumgarten, Linda Flemins, Percy Weathington, Revenue Agent, LMSB (Chicago), Scott Cline, Deborah Delgado, Kathy Follis, Revenue Agent, LMSB (King of Prussia, PA), Fred Petrino, Attorney, Area Counsel, LMSB (Newark), Maria Hwang, Program Manager, LMSB (San Jose), Paul Kelly, Appeals Officer, Technical Services (Chicago), Chris Lappano, Team Manager, LMSB (Syracuse, NY), Harold Peterson, Group Manager, LMSB (Chicago), Douglas Price, General Engineer, LMSB (Chicago), Ewan Purkiss, Attorney, Area Counsel, LMSB (Oakland), and Alan Jacobson. The Service asserts executive privilege for the entire document as it contains the authors' respective analyses and recommendations as to the development of the position in the Coordination Issue Paper on the valuation issue, and the strategy that should be employed by the Service in finalizing the notice of deficiency that had not yet been issued to plaintiff in anticipation of expected litigation. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information

which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 0424.** One e-mail, dated March 3, 2005, from Katherine Ankeny to Glenn McLoughlin, which was copied to Barbara Leonard and Linda Flemins. The Service asserts executive privilege for the entire document as it memorializes her discussions with Messrs. Careswell, Schmidt, Nance, and Druk as to the strategy that should be employed with the notice of claim disallowance which would have to be drafted once plaintiff filed its refund claim; in particular, the e-mail touches upon the valuation issues raised in the examination.

**Bates No. 0425.** One e-mail, dated March 3, 2005, from Linda Flemins to Monty Careswell, which was copied to Katherine Ankeny. The Service asserts executive privilege for the entire document as it solicits from Ms. Ankeny her advice and reactions to the author's understanding of, and relates the views of Monty Careswell as they relate to, the issue of valuation of FCC licenses and I.R.C. § 1031, for her use in developing a response to in an unrelated (unnamed) third party taxpayer's inquiry on such matters. The document also reflects alternative methodologies that may be used in these valuation matters. The Service also asserts I.R.C. § 6103 to withhold the facts framed by the unrelated third party taxpayer whose telephone inquiry prompted Ms. Flemins' exchange with Mr. Careswell. The facts of the transaction underlying the taxpayer's inquiry and the possible tax treatment of those transaction, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0426-0427.** An e-mail, dated March 3, 2005, from Linda Flemins to Scott Cline, which was copied to Katherine Ankeny, transmitting the document described as Bates No. 0245, and soliciting from Mr. Cline his advice and reactions to the author's understanding of, and relates the views of Monty Careswell as to, the issue of valuation of FCC licenses and I.R.C. § 1031, for her use in developing a response to in an unrelated (unnamed) third party taxpayer's inquiry on such matters. The document also reflects alternative methodologies that may be used in these valuation matters. The Service also asserts I.R.C. § 6103 to withhold the facts framed by the unrelated third party taxpayer whose telephone inquiry prompted Ms. Flemins' exchange with Mr. Careswell. The facts of the transaction underlying the taxpayer's inquiry and the possible tax

treatment of that transaction, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates Nos. 0428-0429.** An e-mail, dated March 10, 2005, from Monty Careswell to Katherine Ankeny, Glenn McLoughlin, and copied to Scott Cline, Craig Wojay, Ronald Rosen, Linda Flemins, Barbara Leonard, Kendall Williams, Richard Druk, Bradley Nance, and Robert Schmidt, as a result of his receipt of the document described as Bates No. 0415, which is reproduced herein. This document is included within the document described as Bates No. 0174. The Service asserts executive privilege for the entire document for the same reasons as those duplicate documents.

**Bates Nos. 0430-0431.** An e-mail, dated March 10, 2005, from Katherine Ankeny to Monty Careswell, which was copied to Glenn McLoughlin, Scott Cline, Craig Wojay, Ronald Rosen, Linda Flemins, Barbara Leonard, Kendall Williams, Richard Druk, Bradley Nance, and Robert Schmidt, as a result of her receipt of the document described as Bates Nos. 0428-0429, which is reproduced herein. The Service asserts executive privilege for the portion of this document that reproduces the e-mails that are described as Bates Nos. 0428-0429 (which are, in turn, described as Bates No. 0415) for the same reasons as that duplicate document.

**Bates No. 0437.** An exchange of two e-mails, dated April 13, 2005, through April 14, 2005, between Richard Druk and Linda Flemins, which was copied to Katherine Ankeny, Mark Howard, and Glenn McLoughlin. The Service asserts executive privilege for the entire document as it contains the authors' discussion of issues that may be framed in the plaintiff's refund claim, and what options the Service will have at that point.

**Bates Nos. 0438-0439.** A string of three e-mails, dated April 20, 2005, among Linda Flemins, Kelly Schwarz, Glenn McLoughlin, and Katherine Ankeny. The Service asserts executive privilege for the portion of the document that contains the 2:15 PM e-mail, which memorializes various case development strategies with respect to the valuation issues that should be employed prior to the Service considering the issuance of a claim disallowance in anticipation of plaintiff filing a claim.

**Bates Nos. 0440-0441.** A string of four e-mails, dated April 20, 2005, among Linda Flemins, Kelly Schwarz, Glenn McLoughlin, and Katherine Ankeny. The Service asserts executive privilege for the portion of the document that contains the e-mail for which privilege is claimed in the document described as Bates Nos. 0438-0439 for the same reasons as that duplicate document. The Service also asserts executive privilege for the additional e-mail that Mr. McLoughlin wrote in response, as it reflects Appeals' consideration of various issues, including advice previously rendered by Chief Counsel, before the Service's issuance of the notice of deficiency, and discusses strategies concerning the valuation issues.

**Bates No. 0442.** One e-mail, dated April 22, 2005, from Katherine Ankeny to Peter Baumgarten, which was copied to Glenn McLoughlin, Barbara Leonard, and Craig Wojay. The Service asserts executive privilege for the entire document as it contains the author's views on the draft notice of deficiency Appeals had not yet finalized and issued to plaintiff, including an assessment of litigating hazards associated with the positions taken in the draft notice of deficiency.

**Bates No. 0443.** An e-mail, dated April 22, 2005, from Katherine Ankeny to Linda Flemins, in response to the document described as Bates No. 0442, which is reproduced herein. The Service asserts executive privilege for the portion of the document that reproduces Bates No. 0442 for the same reasons as that duplicate document.

**Bates No. 0444.** An e-mail, dated April 22, 2005, from Glenn McLoughlin to Katherine Ankeny, in response to the document described as Bates No. 0442, which is reproduced herein. The Service asserts executive privilege for the same reasons as that duplicate document; in addition, the Service asserts executive privilege for Mr. McLoughlin's comments on the draft notice of deficiency.

**Bates Nos. 0445-0446.** A string of three e-mails, all dated April 22, 2005, among Katherine Ankeny, Peter Baumgarten, Glenn McLoughlin, Linda Flemins, Craig Wojay, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective views on the draft notice of deficiency Appeals had not yet finalized and issued to plaintiff, including an assessment of litigating hazards associated with the positions taken in the draft notice of deficiency.

**Bates Nos. 0447-0448.** A string of four e-mails, all dated April 22, 2005, among Katherine Ankeny, Peter Baumgarten, Glenn McLoughlin, Linda Flemins, Craig Wojay, and Barbara Leonard. The Service asserts executive privilege for the entire document as it contains the authors' respective views on the draft notice of deficiency Appeals had not yet finalized and issued to plaintiff, including an assessment of litigating hazards associated with the positions taken in the draft notice of deficiency.

**Bates Nos. 0449-0450.** A string of two e-mails, both dated April 22, 2005, among Katherine Ankeny, Charles Burnett, Barbara Leonard, Rick Hosler, and John Duncan. These e-mails are also contained in the document described as Bates Nos. 0168-0169. The Service asserts executive privilege for the entire document for the same reasons as that duplicate document.

**Bates Nos. 0451-0452.** A string of four e-mails, dated July 6, 2005 through July 8, 2005, between Katherine Ankeny and Glenn McLoughlin, which reproduces the two e-mails contained in the document described as Bates No. 0444. The Service asserts executive privilege for the portions of the document that contain the two e-mails contained in Bates No. 0444 for the same reasons as that duplicate document.

**Bates Nos. 0460-0464.** A string of three e-mails dated March 24, 2003, through March 31, 2003, among Bradley Nance, Monty Careswell, Art Lucchese, Linda Flemins, Mark Howard, Robert Schmidt, and Richard Druk, with attached three-page fact sheet reflecting the Media and Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use in other contexts (such as plaintiff's examination). This exchange took place at a time when the Service had not yet finalized and issued its notice of deficiency to plaintiff. The Service asserts executive privilege to the entire document as it contains the authors' respective analyses, including strengths and weaknesses thereof, a valuation issue.

**Bates No. 0467-0482.** Memorandum dated August 28, 2003, to Richard Druk, from Mark H. Howard, regarding the taxpayer's protest sent to Appeals. This is a duplicate of the document described as Bates Nos. 0189-0204. The Service asserts executive privilege for the same reasons as that duplicate document.

**Bates No. 0483-0484.** One e-mail, dated September 17, 2003, from Bradley Nance to Monty Careswell, providing an explanation for, and transmitting a one-page attachment of, Mr. Nance's suggested revisions to what Mr. Careswell had

prepared as the rebuttal to the plaintiff's protest. The Service asserts executive privilege for the entire document as it contains the respective authors' analyses of the issues addressed in a portion of taxpayer's protest for inclusion in the Service's rebuttal, which had not yet been finalized and issued to plaintiff.

**Bates No. 0486-0502.** Memorandum to file, dated September 11, 2003, drafted by Monty Careswell. The Service asserts executive privilege for the entire document as it contains the author's analysis of certain issues addressed in taxpayer's protest for inclusion in the Service's rebuttal, which had not yet been finalized and issued to plaintiff.

**Bates No. 0508.** One e-mail, dated November 21, 2003, from Richard Druk to Monty Careswell, which was copied to Robert Schmidt and Bradley Nance. The Service asserts executive privilege for the entire document as it reflects certain matters the author was considering as he prepared for the upcoming Appeals conference with plaintiff.

**Bates Nos. 0510-0511.** A string of two e-mails, both dated January 12, 2004, among Kelly Schwarz, Robert Schmidt, Richard Druk, and Monty Careswell. The Service asserts executive privilege for the entire document as it contains the authors' respective views regarding the vulnerabilities in the Service's positions that could be addressed in additional work by an expert. The document reflects their views as to what tasks should be included in a statement of work to be finalized to secure the services of an outside expert.

12. The production of the documents, or the withheld portions thereof, described in paragraph 11, above, would inhibit the frank and honest discussion of legal and policy matters, and thus would adversely affect the quality of the Service's decisions and policies. Disclosure of the withheld documents or portions of the documents would reveal opinions of Office of Chief Counsel and Internal Revenue Service personnel at many levels at a time when the opinions were not fully developed and the issues were still being debated. None of the withheld information represents a statement of agency policy or a final decision and release of the withheld information could, therefore, result

in confusion to the public. Disclosure of the withheld documents, or portions thereof, would adversely affect the Service's ability to administer and enforce sections 338, 482, 1031 and 1060 of the Internal Revenue Code at all levels, from voluntary compliance and examination to appeals and litigation.

13. In addition, portions of certain of the documents described in paragraph 11 above, relate to third party taxpayers and contain the names, the fact of their examination, and certain other details of their transactions and the tax treatment thereof, of these unrelated third party taxpayers. These items of information constitute the return information of these taxpayers. These items of information are withheld pursuant to I.R.C. § 6103(a), which provides that returns and return information shall not be disclosed except as authorized by a provision of the Code. None of the provisions of the Code authorize the release of this information to the plaintiff and we are, therefore, withholding this material pursuant to I.R.C. § 6103(a).

14. Pursuant to the authority vested in me by Delegation Order No. 220 (Rev. 3), I hereby assert a formal claim of executive privilege and respectfully request that none of the withheld documents, or portions thereof, described in paragraph 11, above, be disclosed in response to Plaintiffs' First Request for Production of Documents To Defendant dated September 27, 2006, or otherwise in connection with any issue in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of November, 2006, in Washington, D.C.

MARGO L. STEVENS
Assistant Chief Counsel
(Disclosure and Privacy Law)
Office of Chief Counsel
Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, D.C. 20224
Tel: (202) 622-4560