"Log" of Additional Documents potentially responsive to Plaintiffs' First Request, which are subject to attorney client privilege, attorney work product privilege, personal privacy, and privilege from production by reason of I.R.C. § 6103 include the following:

**Bates No. SUPP00001-00002.** A string of five e-mails, dated July 1, 1999 through May 27, 1999, among Stephen M. Barnes, Senior Attorney, Small Business/Self-Employed (SBSE )(Salt Lake City), Mark H. Howard, Senior Counsel, SBSE (Salt Lake City, M. Kendall Williams, Deputy Area Counsel, Large and Mid-Size Business (LMSB) (San Jose), Bryce A. Kranzthor, Special Litigation Assistant, LMSB (San Francisco), and Ronald L. Buch, Senior Attorney, LMSB (Washington, D.C.) transmitting the respective author's views regarding the application of I.R.C. § 482 in a domestic rather than international setting. The e-mail references other taxpayers and cases where the Service had asserted section 482 in a domestic setting. The Service asserts executive privilege for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. The Service also asserts I.R.C. § 6103 as a basis for nondisclosure because of the references to the identities of, fact of examination, and other details regarding, other unrelated third party taxpayers.

**Bates No. SUPP00003.** An e-mail dated September 16, 2002 from Charles B. Burnett, Senior Attorney, LMSB (Phoenix) to David W. Otto, Associate Area Counsel, LMSB (Phoenix) with copy to Mark H. Howard dealing with communications from Richard Druk, Group Manager, LMSB ( Salt Lake City) about developments on the consideration of the exempt entity holding title to the FCC license. The Service asserts executive privilege for the entire document as it contains the views of Richard Druk on dealings with the exempt. The Service asserts I.R.C. § 6103 as a basis for nondisclosure because of the references to review of another taxpayer. The Service asserts attorney client privilege for the entire document because it contains the information communicated to counsel by the examination group manager.

**Bates No. SUPP00004.** An e-mail dated October 28, 2002, from Nancy L. Hansen, Revenue Agent, Tax Exempt and Governmental Entities Division (TEGE) (Salt Lake City) to Mark H. Howard, Richard Druk, with copies to Janet S. Hughes, Group Manager, TEGE (Denver) and Robert W. Towler, Attorney, TEGE (San Francisco) regarding examination of another taxpayer. The Service asserts executive privilege for the entire document as it contains proposed course of action for dealing with a related audit. The Service asserts I.R.C. § 6103 as a basis for nondisclosure because of the references to examination of another named taxpayer. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to

DEFENDANT'S EXHIBIT

counsel by a revenue agent.

**Bates No. SUPP00005.** An e-mail dated October 28, 2002, from Mark H. Howard to David W. Otto, Associate Area Counsel, LMSB (Phoenix) and Charles B. Burnett transmitting the same e-mail identified above as Bates No. SUPP003. The Service asserts executive privilege for the entire document as it contains proposed course of action for dealing with an audit of another taxpayer. The Service asserts I.R.C. § 6103 as a basis for nondisclosure because of the references to examination of another named taxpayer. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to counsel by a revenue agent.

**Bates No. SUPP00006-00009.** A string of four e-mails, dated April 4, 2003 through March 24, 2003, among from Mark H. Howard, Rick Hosler, Associate Area Counsel, LMSB (Phoenix), Charles Burnett, Monty Careswell, IRS Valuation/Economist Specialist, LMSB (Denver), Richard A. Druk, Robert H. Schmidt, Supervisory General Engineer, LMSB (Denver), Arthur (Art) Lucchese, Revenue Agent, Technical Advisor for Media and Entertainment, LMSB (Chicago), Bradley K. Nance, Revenue Agent, LMSB (Salt Lake City), Linda Flemins, Revenue Agent, Technical Advisor for Media and Entertainment, LMSB (Los Angeles) with attached three page fact sheet. The bulk of this document was dealt with in the original declaration of Margo Stevens, Assistant Chief Counsel, Disclosure and Privacy Law (Washington, D.C.) at Bates Nos. 0460 through 0464. The Service asserts executive privilege for the entire document for the reasons set forth in that declaration. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to counsel by a revenue agent and requesting assistance

**Bates No. SUPP00010-00012.** The string e-mail identified as Bates No. SUPP005 with an added response from Rick Hosler to Mark H. Howard but without the attachment. The Service asserts the same privileges as noted above.

**Bates No. SUPP00013-00016.** An e-mail dated May 13, 2003, from Richard Druk to Mark H. Howard with an attached three page fact sheet reflecting the Media and Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use in other contexts (such as plaintiff's examination). This exchange took place at a time when the Service had not yet finalized and issued its notice of deficiency to plaintiff. The Service asserts executive privilege to the entire document as it

contains the authors' respective analyses, including strengths and weaknesses thereof, a valuation issue. The Service asserts attorney client privilege for this entire document as it requests the review by counsel and a discussion with counsel of these matters.

**Bates No. SUPP00017.** An e-mail dated August 7, 2003, from Cliff Toyama, Revenue Agent, LMSB, Honolulu to Mark H. Howard containing the author's analysis of the application of I.R.C. § 482 to counter the taxpayer protest and requesting the view of Mr. Howard on that analysis. This exchange took place at a time when the Service had not yet finalized its response to the protest. The Service asserts executive privilege to the entire document as it contains the author's analyses, including strengths and weaknesses thereof. This dealt, in part, with the valuation issues in the KIRO matter. The Service asserts attorney client privilege for this entire document as it requests the author's analysis and requests a review by counsel.

**Bates No. SUPP00018-00018a.** An e-mail dated August 22, 2003 from Mark H. Howard to Cliff Toyama in response to the e-mail identified as Bates No. SUPP007 above. The Service asserts executive privilege to the entire document as it contains the author's analyses, including strengths and weaknesses thereof. The Service asserts attorney client privilege for this entire document as it requests the author's analysis and requests a review by counsel. The Service asserts work product privilege for the portion of the document in which Mr. Howard provided his response.

**Bates No. SUPP00019-00035.** An e-mail dated August 27, 2003, from Mark H. Howard to Rick Hosler and M. K. Mortensen, Associate Area Counsel, SBSE (Salt Lake City) with an attached draft memorandum regarding the application of Treas. Reg. § 1.338-6T. The attached memorandum is the same as the one found in the original Margo Stevens Declaration at Bates Nos. 0206 -0221 except that it does not contain the editorial changes. The Service asserts executive privilege for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it would apply to plaintiff's transactions under examination, for the use of IRS Examination personnel before they issued any rebuttal to plaintiff. The Service asserts attorney client privilege as Mark Howard provided this memorandum to the Service as its attorney in response to its request and seeking comments before preparing the final product. The Service asserts attorney work product privilege for the document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP00036.** An e-mail dated August 27, 2003, from Rick Hosler to

Mark H. Howard in response to the e-mail identified as Bates No. SUPP009 above. The Service asserts executive privilege for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it would apply to plaintiff's transactions under examination, for the use of IRS Examination personnel before they issued any rebuttal to plaintiff.

**Bates No. SUPP00036a-00036r.** A chain of three e-mails dated from September 16, 2003, to September 12, 2003, among Richard Druk, Mark Howard, Bradley Nance and Monty Careswell with attached memorandum to file dated September 11, 2003, prepared by Monty Careswell. The e-mail transmits the memorandum and requests review of the memorandum by Mark Howard. The Service asserts executive privilege for the e-mail as it deals with matter under examination and in preparation for the presentation of a rebuttal to plaintiff's protest. The Service asserted executive privilege for the entire attached memorandum in the original Margo Stevens Declaration. See Bates No. 0486-0502.

**Bates No. SUPP00037-00040.** An e-mail dated October 21, 2003, from Mark H. Howard to Richard Druk with copies to Rick Hosler, and M. K. Mortensen with an attached three page summary providing the views of Mark H. Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts executive privilege for the entire document as it is a draft and it contains the authors' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00041-00044.** An e-mail dated October 22, 2003, from Richard Druk to Mark H. Howard with an edit of the attached three page summary providing the views of Mark H. Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts executive privilege for the entire document as it is a draft and it contains the authors' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00045-00049.** An e-mail dated October 24, 2003, from Mark H. Howard to Richard Druk with an edit of the attached three page summary providing the views of Mark H. Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts executive privilege for the entire document as it is a draft and it contains the authors' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00050-00053.** An e-mail dated October 24, 2003, from Richard Druk to Kelly Schwarz, Appeals Officer (Oklahoma City), with copies to Bradley Nance and Mark H. Howard and an attached three page summary providing the views of Mark H. Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts executive privilege for the entire document as it contains the authors' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00054-00057.** An e-mail dated October 24, 2003, from Mark H. Howard to Rick Hosler and Charles Burnett with a copy to M. K. Mortensen and with an attached three page summary providing the views of Mark H. Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts executive privilege for the entire document as it contains the authors' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00058-00059.** An e-mail dated October 27, 2003, from Richard Druk to Kelly Schwarz with copies to Mark H. Howard and Bradley Nance. This e-mail contained a supplement to the transmittal memorandum to Appeals with information on the ownership of the taxpayer and providing an analyses of several of the issues going to Appeals for consideration. The Service asserts executive privilege for the entire document as it contains the author' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00060-00061.** A string e-mail dated October 28, 2003, with one page attachment from Mark H. Howard to Rick Hosler and Charles Burnett transmitting a copy of the e-mail identified as Bates No. SUPP00058-00059 above. The Service asserts executive privilege for the entire document as it contains the author' analysis of issues in preparation for the pre-Appeals conference.

**Bates No. SUPP00062-00067.** An e-mail dated November 14, 2003, from Mark H. Howard to John Prisco, revenue agent, Technical Advisor for Insurance, LMSB (New York) with a four page attached memorandum from Grid Glyer, attorney, Corporate (Washington, DC). The Service asserts executive privilege for the entire document. The e-mail transmits a memorandum and comments on the insurance issues pending in Appeals. The attachment provides the author's analysis of an insurance issue from a prior audit cycle of the plaintiff. The Service asserts attorney work product privilege on the attachment as it contains the legal research and analysis of an attorney in the Office of Chief Counsel.

**Bates No. SUPP00068-00084.** An e-mail dated October 28, 2003, from Mark H. Howard to Kelly Schwartz with an attached 16 page memorandum. The Service will produce the e-mail but not the memorandum. The memorandum was described in Margo Stevens first Declaration at Bates No. 0467 to 0482. The Service asserts the executive privilege for that memorandum as explained in the Margo Stevens Declaration. The Service also asserts the attorney work product and attorney client privilege for this memorandum prepared by Mark H. Howard at the request of the Service employees in anticipation of the Appeals consideration and possible litigation.

**Bates No. SUPP00085-00086.** A string of e-mails dated from December 4, 2003, to December 2, 2003, among Bradley Nance, Mark H. Howard, Cliff Toyama and Richard Druk asking for assistance in locating a cases relevant to the discussion on the taxpayer's protest. The Service claims executive privilege for the entire document because of its discussion of issues prior to the issuance of the notice of deficiency and which was the subject of potential litigation. The Service claims attorney client privilege for the entire document as it provided information to Mark H. Howard to use in providing legal assistance related to issues in the case.

**Bates No. SUPP00087-00088.** An e-mail dated December 4, 2003, from Mark H. Howard to Clif Toyama and Bradley Nance with the remainder of the chain e-mail identified as Bates No. SUPP00085-00086 above. This e-mail contains the author's response to the inquiry regarding cases involving section 482 and cases discussed in preparation for the pre-Appeals conference. For the reasons stated above, the Service asserts executive privilege and attorney client privilege as to the entire document. The Service asserts attorney work product privilege as to the portion of the e-mail from Mark H. Howard as it provides fruit of his research on the I.R.C. § 482 issue.

**Bates No. SUPP00089.** A string of two e-mails dated from October 1, 2004, through October 1, 2004 among Charles Burnett, Rick Hosler and Mark H. Howard regarding an area weekly report and including information on another taxpayer's case involving the valuation of FCC licenses and the possible application of that information in this taxpayer's case. The Service asserts executive privilege for the entire document because of its discussion of the valuation of FCC licenses. The Service asserts that the document is not subject to production under I.R.C. § 6103 because of its discussion of a named unrelated third party taxpayer in another case.

**Bates No. SUPP00090-00091.** A string of four e-mails dated March 7, 2005, through March 1, 2005, the last three from Richard Druk to Mark H. Howard, then from Robert Schmidt to Richard Druk and from Monty Careswell to Robert Schmidt and Bradley Nance. Each transmitted the fourth e-mail described as Bates No. 0409. The Service asserts executive privilege for this entire document for the same reasons asserted on that earlier document.

**Bates No. SUPP00092-00096.** A string of four e-mails dated March 10, 2005, through March 1, 2005, with attached three pages of notes. The last e-mail from Richard Druk to Mark H. Howard transmitted a copy of the e-mail identified as Bates No. 428-429 and the attachment identified as Bates No. 0176 – 0178. The Service asserts executive privilege for the entire document for the same reasons asserted for the prior documents in the original Declaration of Margo Stevens. The Service asserts attorney client privilege for the entire document which transmits information between various Service personnel and the attorneys working with them.

**Bates No. SUPP00097-00101.** A string of five e-mails dated March 14 through March 1, 2005, with attached three pages of notes. The last e-mail from Mark H. Howard to Rick Hosler transmitted the string e-mail identified as Bates No. SUPP00092-00096. The Service asserts the executive privilege and attorney client privilege for the entire document for the reasons stated for that prior document.

**Bates No. SUPP00102.** An e-mail dated April 13, 2005, from Richard Druk to Linda Flemins with copies to Mark H. Howard and Glenn McLoughlin, Attorney, LMSB (Oklahoma City). The Service asserts executive privilege for the entire document as it contains the author's questions about the statutory notice and claim disallowance. The Service claims attorney client privilege for the entire document as it communicates information to attorneys for the Service in anticipation of or preparation for litigation.

**Bates No. SUPP00103.** An e-mail dated April 20, 2005, from Richard Druk to Robert Schmidt with copies to Bradley Nance, Mark H. Howard and Edward A. Johnsen, Territory Manager, LMSB (Phoenix), transmitting the author's views on the status of the notice of deficiency, the processing of a claims disallowance notice and the preparations of the Service for defending the valuation issue and a charitable deduction issue. The Service asserts executive privilege for the entire document as it contains views on the preparation of the Service for litigation. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorney in anticipation of litigation.

**Bates No. SUPP00104.** A string of two e-mails dated April 20, 2005. The last transmitted the e-mail identified as Bates No. SUPP00103 from Mark Howard to Rick Hosler with comment on the anticipated litigation. The Service asserts executive privilege for the entire document as it contains views on the preparation of the Service for litigation. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorney in anticipation of litigation.

**Bates No. SUPP00105-00106.** A string of four e-mails dated from April 21, 2005, to April 20, 2005, between Richard Druk, Robert Schmidt, Bradley Nance, Mark H. Howard, Edward Johnsen, Linda Flemins, Katherine Ankeny, Senior Attorney, Lead Industry Counsel, Media, LMSB (Los Angeles) and Glenn McLoughlin. The Service asserts executive privilege for the entire document as it contains the authors' discussion of issues that may be framed in the plaintiff's refund claim, and what options the Service will have at that point as well as preparation for expected litigation. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorneys in anticipation of litigation.

**Bates No. SUPP00107-108.** A string of five e-mails dated from April 21, 2005, to April 20, 2005. The last e-mail from Mark H. Howard to Rick Hosler transmits the e-mail identified as Bates No. SUPP000105-106 above. The Service asserts the same privileges for this e-mail as that prior one.

**Bates No. SUPP00109.** Handwritten notes, dated January 19, 2000, by Mark H. Howard, summarizing a telephone conversation with Patricia Donohue, Assistant Regional Counsel (Tax Litigation), Western Region (San Francisco). The Service asserts executive privilege for the entire document as it memorializes Ms. Donohue's discussion with Mr. Howard regarding the possible access of the audit team to appraisal reports from other audits and the need for legal review of this issue. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice.

**Bates No. SUPP00110-00114.** A memorandum dated January 24, 2000, from M. K. Mortensen to Assistant Chief Counsel (Disclosure Litigation). The principal drafter is Mark H. Howard, and it conveys his summary of the facts involving the KIRO issue and discusses the potential for disclosure issues to arise depending on the access of the audit team and expert to appraisal reports involving broadcast industry companies other than the plaintiff in this case. The Service claims executive privilege for the entire document as the memorandum

contains analysis of issues pending in audit and requests legal advice from the national Chief Counsel Office in resolving certain legal issues. The Service claims attorney client privilege as the Service communicated information to its attorneys for the preparation of this memorandum and the seek of advice. The Service claims attorney work product privilege for entire document as Mr. Howard prepared it as part of the process of obtaining a final legal opinion on the issues dealt with in that memorandum. The Service asserts the right not to produce portions of that document under I.R.C. § 6103 because of the references to facts and issues pending in an audit of another unrelated third party taxpayer.

**Bates No. SUPP00115.** Handwritten notes, dated February 4, 2000, by Mark H. Howard, summarizing a telephone conversation with Neal Nelson, Revenue Agent, LMSB (Salt Lake City). The Service asserts executive privilege for the entire document as it memorializes Mr. Nelson's further discussion of the request for advice on disclosure related to broadcast industry appraisal reports and Mr. Howard's response. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00116.** Handwritten notes, dated February 18, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty, attorney, Office of Assistant Chief Counsel (Disclosure Litigation), (Washington, DC). The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. The Service asserts the right of nonproduction under I.R.C. § 6103 because the document contains information about the audit of another unrelated third party taxpayer.

**Bates No. SUPP00117.** Handwritten notes, dated March 7, 2000, by Mark H. Howard, summarizing a telephone conversation with Neal Nelson. The Service asserts executive privilege for the entire document as it memorializes Mr. Nelson's further discussion of the request for advice on disclosure related to broadcast industry appraisal reports and Mr. Howard's response. The Service asserts attorney client privilege for this document as it dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00118.** Handwritten notes, dated April 20, 2000, by Mark H.

Howard, summarizing a telephone conversation with Jennifer McGinty. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00119.** Handwritten notes, dated April 21, 25 and 26, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty and a separate conversation with Neal Nelson and Jennifer McGinty. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice and provides an informal response to the request for advice. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege for the portion of the notes documenting the legal conclusions of Ms. McGinty.

**Bates No. SUPP00120.** An e-mail dated April 25, 2000, from Jennifer McGinty to Mark H. Howard providing an informal response on use of appraisal reports available to an expert from outside sources and the use by the Service of appraisal reports available from other audits. The Service asserts executive privilege for the entire document as it memorializes an analysis and informal opinion provided to Mr. Howard by Ms. McGinty on general principles of disclosure law which might apply in the case. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege as the e-mail consists of the legal research and the legal conclusions of Ms. McGinty relative to the general disclosure issues raised.

**Bates No. SUPP00121-123.** Fax cover sheet (2 pages) dated April 26, 2000, with attached schedule from draft expert report sent to Jennifer McGinty by Mark H. Howard. The Service asserts executive privilege for the entire document as it includes information from Mr. Howard provided at the request of Ms. McGinty as part of the process of obtaining her opinion. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00124.** Handwritten notes, dated April 26, 2000, by Mark H.

Howard, summarizing a telephone conversation with Richard Druk. The Service asserts executive privilege for the entire document as it memorializes the communication by Mr. Howard to Mr. Druk of the informal opinion provided by Ms. McGinty. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege for the portion of the notes documenting the legal conclusions of Ms. McGinty.

**Bates No. SUPP00125.** Handwritten notes, dated April 26 and 27, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty and memorializing the legal analysis of Ms. McGinty and David Fish, then a branch chief in the Office of Assistant Chief Counsel (Disclosure Litigation) regarding reference in an expert report to appraisal reports of other companies. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the request for advice and provides an informal response to a portion of the request for advice as developed through the continuing discussion. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege for the portion of the notes documenting the legal conclusions of Ms. McGinty and Mr. Fish.

**Bates No. SUPP00126.** A memorandum dated November 20, 2000, from Mark H. Howard to Richard Druk and Neal Nelson providing a summary of the legal response to the disclosure questions they had raised. The Service asserts executive privilege for the entire document as it memorializes the ongoing discussion between the Service employees and their attorneys on the disclosure issues and the implementation of that advice in the case. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege as the memorandum documents the legal analysis of Jennifer McGinty and David Fish.

**Bates No. SUPP00127.** Handwritten notes of Neal Nelson dated February 24, 1998, of a conversation with Stephen Webb, Disclosure Specialist (Denver) regarding possible contract with David Bivins, a media industry expert from Princeton Junction, New Jersey. The notes discuss the information which the Service could provide to Mr. Bivins as part of his contract work. The Service asserts executive privilege for the entire document, as it contains the author's views regarding disclosure issues involving the valuation issue on the KIRO sale

at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination.

**Bates No. SUPP00128-00129.** Handwritten notes of Neal Nelson dated February 24, 1998, of a conversation with Art Lucchese and dealing with applicable cases, possible experts and discussion of the valuation issue on the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination.

**Bates No. SUPP00130.** Handwritten notes dated March 5, 1998, probably written by Richard Druk to memorialize a discussion or meeting of Richard Druk, Neal Nelson and Mark Howard regarding valuation of FCC license and other KIRO assets. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts attorney client privilege for the entire document as it involves communications between Service employees and their assigned counsel for the purpose of obtaining legal advice useful to the audit and possible future litigation.

**Bates No. SUPP00131.** Handwritten notes, not dated, probably prepared by Neal Nelson. Appear to deal with possible expert witnesses under consideration and work they had done. The Service asserts executive privilege for the entire document, as it contains the preliminary thoughts and deliberations toward the obtaining of an outside expert on the valuation issue for the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination.

**Bates No. SUPP00132-00133.** Handwritten notes dated March 17, 1998, probably prepared by Richard Druk, summarizing various questions to be answered and considered in discussion of the valuation issue on the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary thoughts and deliberations on the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination.

**Bates No. SUPP00134-00139.** Handwritten note dated March 25, 1998, from Robert Schmidt to Monty Careswell requesting his review of an attached memorandum from Mark H. Howard dated March 20, 1998. The attached

memorandum was previously identified as Bates Nos. 0139-0143. The Service asserts no privilege on the handwritten note. The Service asserts executive privilege for the entire memorandum of Mark H. Howard for the reasons set forth in the Declaration of Margo Stevens. The Service asserts executive privilege for the handwritten notes on the memorandum which it appears Mr. Schmidt made as they show his thoughts and deliberations on the memorandum. The Service asserts attorney client privilege for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the need for an outside expert and its possible impact on the audit and future litigations.

**Bates No. SUPP00140-00142.** Handwritten notes dated April 6, 1998, probably written by Richard Druk, memorializing a discussion between Richard Druk with Bob Heer, Chief, Examination Branch II, regarding how the audit team will proceed to analyze and complete the audit process on the valuation issues. The notes also include a summary of responses provided to that point by Mark H. Howard. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts attorney client privilege for the portion of the document summarizing communications between Service employees and their assigned counsel for the purpose of obtaining legal advice useful to the audit and possible future litigation.

**Bates No. SUPP00143-00144.** Memorandum, dated April 20, 1998, to Examination Division, Salt Lake City, to the attention of Richard Druk and Neal Nelson, from Associate District Counsel, Salt Lake City. The principal drafter is Mark H. Howard, and it conveys his review of the proposed statement of work prepared by IRS Examination personnel to secure the services of an expert in the examination. It duplicates a document previously identified as Bates No. 0132-0133, except that it contains notations in the margins made by Neal Nelson. The Service asserts executive privilege for the entire document as it contains the author's recommendations for changes in certain language to be used in the statement of work that he believes should be made before IRS Examination personnel finalize the statement of work and Neal Nelson's notes regarding those comments. The Service asserts attorney client privilege for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the

work which to be done by an outside expert and its possible impact on the audit and future litigation.

**Bates No. SUPP00145.** Memorandum, dated July 31, 1998, from Arthur A. Lucchese to Neal Nelson. This memorandum references various articles and materials available to the public and provides some discussion and analysis on those articles and materials and on the valuation issue. The Service asserts executive privilege for the entire document as it contains the author's thoughts and discussion on the work to be done on the valuation issue at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The referenced attachments are dealt with at Bates Nos.SUPP00149-00222 below.

**Bates No. SUPP00146-00148.** Memorandum, dated July 31, 1998, from Arthur A. Lucchese to Neal Nelson. This memorandum references various articles and materials available to the public and provides some discussion and analysis on those articles and materials and on the valuation issue. This memorandum is partially duplicative of Bates No. SUPP00145 above but it adds additional comments and discussion. The Service asserts executive privilege for the entire document as it contains the author's thoughts and discussion on the work to be done on the valuation issue at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The referenced attachments are dealt with at Bates Nos.SUPP0149-00222 below.

**Bates No. SUPP00149-00152.** Discussion paper entitled "ABCs of LMAs" by Erwin G. Krasnow. No privilege asserted. This document will be produced.

**Bates No. SUPP00153-00155.** Discussion paper entitled "Local Marketing Agreements" by Haley Bader & Potts P.L.C. No privilege asserted. This document will be produced.

**Bates No. SUPP00156-00170.** Discussion paper entitled "Cooperative Arrangements Between Local Broadcasters In An Era Of Regulatory Uncertainty" by John C. Quale and Anthony E. Varona. No privilege asserted. This document will be produced.

**Bates No. SUPP00171-00176.** Article entitled "Independents Network for Survival" from the March 1, 1993, Broadcasting & Cable No privilege asserted. This document will be produced.

**Bates No. SUPP00177-00182.** FCC forms 314, 315 and 316. No privilege asserted. These documents will be produced.

**Bates No. SUPP00183-00191.** Broadcasting & Cable Yearbook 1995. No privilege asserted. This document will be produced.

**Bates No. SUPP00192-00207.** Cable & Broadcasting Industry , Broadcast Television Fact Book for March 1997. No privilege asserted. This document will be produced.

**Bates No. SUPP00208-00217.** Article on Station Trading in 1994 from Broadcasting & Cable. No privilege asserted. This document will be produced.

**Bates No. SUPP00218-00222.** Article on Station Trading in 1995 from Broadcasting & Cable. No privilege asserted. This document will be produced.

**Bates No. SUPP00223.** Handwritten notes of Neal Nelson dated October 6, 1998, of conversations with Art Lucchese; Martin H. Peltz, Revenue Agent (New York); Bruce Sanz, probably a revenue agent (New York). The conversations deal with work done by other agents in audits of other, unrelated third party taxpayers in the broadcast industry. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose return information of unrelated third party taxpayers pursuant to I.R.C. § 6103.

**Bates No. SUPP00224-00226.** Three pages of schedules with handwritten notes. Notes on the first page appear to be by Neal Nelson. Notes on the second page appear to be by David Bivins. The second two pages have a fax print date of October 6, 1998. The schedules deal with the KIRO sale. The notes contain analysis of the information regarding the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination.

**Bates No. SUPP00227-00230.** Fax cover sheet dated December 8, 1998, from Neal Nelson to David Bivins transmitting an attached memorandum from Mark H. Howard dated December 8, 1998. The memorandum provides Mr. Howard's

comments on the draft report prepared by Mr. Bivins. The second page of the memorandum has a handwritten comment in the margin which appears to have been made by Neal Nelson. No privilege is asserted for the first page, the fax cover sheet. The memorandum was previously identified as Bates No. 0126-0128 and the Service claims the executive privilege on the entire document for the reasons stated in the original Margo Stevens Declaration. The Service asserts attorney client privilege for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the work done by an outside expert to that point in time.

**Bates No. SUPP00231-00244.** Business card of Janet R. Wells, Revenue Agent (Albany, GA) with attached handwritten note from Janet Wells to Neal Nelson dealing with an appraisal in a case for another unrelated broadcast industry taxpayer and transmitting an attached summary portion of the appraisal from that case. The Service does not assert privilege for the first page. The Service asserts the right not to produce the remainder of the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00245-00256.** Fax cover sheet dated February 9, 1999, from Janet Wells to Neal Nelson with an attached portion of a draft appraisal report for an unrelated broadcast industry taxpayer. The Service does not assert privilege for the first page. The Service asserts the right not to produce the remainder of the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00257-00259.** Two page of handwritten notes of Neal Nelson dated February 9, 1999, through November 8, 1999, and an attached memorandum to Neal Nelson from Art Lucchese dated January 15, 1999, with handwritten notes on the memorandum which appear to have been written by Neal Nelson. The notes document conversations with Janet Wells, Art Lucchese, Joann Harmon, appears to be a Revenue Agent (Florida), Myron Belyeu, Revenue Agent (Florida) The notes appear to have been made on a small note pad and then pasted on a larger page. The notes and the memorandum deal with conversations on work done by other agents in audits of taxpayers in the broadcast industry. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final

determination. . The Service asserts the right of not to produce the document based on the duty not to disclose other unrelated third party taxpayers' return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00260.** Handwritten notes of Neal Nelson dated December 1, 1999, regarding the report prepared by Charles H. Kadlec, appraiser for plaintiff, and Mr. Nelson's discussions with David Bivins about that report and how to deal with assertions in that report. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of Neal Nelson and David Bivins on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination.

**Bates No. SUPP00261.** Memorandum, dated December 16, 1999, from Neal Nelson to Myron Belyeu requesting information regarding work done in the audit of an unrelated third party taxpayer and providing analysis of work done in the audit of the plaintiff. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of a revenue agent on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. . The Service asserts the right of not to produce the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00262-00264.** Three page document including a first page with a handwritten note by Neal Nelson, a second page consisting of a fax cover sheet and a third page which is the document identified as Bates No. SUPP00261 above. The Service asserts the same privileges for the third page as noted above. The Service does not assert a privilege as to the first two pages.

**Bates No. SUPP00265-00274.** Handwritten notes of Neal Nelson dated April 17, 2000, with an attachment of research material regarding another unrelated third party taxpayer. The notes memorialize a conversation with Mark Howard on the question of obtaining information from the plaintiff that it had not previously provided and a discussion of the merits of issuing a summons to obtain that information. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of the revenue agent on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts attorney client privilege for the entire document as it contains communications from counsel to client on the preparation of an issue

for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on how to proceed with the collection of information in the audit. The Service asserts the right of not to produce the remainder of the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00275.** Handwritten notes of Neal Nelson dated April 28, 2000, summarizing work Mr. Nelson needed to do on the valuation issue and memorializing a conversation with David Bivins regarding the obtaining of information from other appraisers and regarding the restrictions on use of information from other appraisal sources. The Service asserts executive privilege for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with the outside expert at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103 as the document makes reference to appraisals of an unrelated third party taxpayer.

**Bates No. SUPP00276.** Undated, handwritten notes of Neal Nelson dealing with a conversation Arthur A. Lucchese on how to obtain information on work done by the Service employees in the audit of another unrelated third party taxpayer. The Service asserts executive privilege for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with another revenue agent at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103 as the document makes reference to another unrelated third party taxpayer.

**Bates No. SUPP00277.** Engineer Memorandum Report dated December 18, 2002, from Robert Schmidt to Neal Nelson but signed by Monty Careswell. This report was used by the Service to transmit the Engineering and Valuation Report of Monty Careswell. However, a copy of that report was not attached. This report is used to transmit comments or discussion between Service personnel which should not be included in the transmitted report. The Service asserts executive privilege for the entire document, as it is the report used to send deliberative comments and analysis between Service employees and is specifically marked "Not for Taxpayer."

**Bates No. SUPP00278-00281.** A string of two e-mails, both dated March 1, 2005, with some notes written in the margin. The 6:03 PM e-mail from Monty Careswell to Robert Schmidt and Bradley Nance, forwards a 2:40 PM e-mail that is described as Bates No. 0409 (the only difference being the time zone in which it was received) and offers her suggested advice that Mr. McLoughlin should provide Appeals regarding the valuation issues as they should be addressed in the notice of deficiency that had yet to be finalized and issued to the plaintiff. It also reflects her assessment of litigating hazards associated with that issue. The Service asserts executive privilege for the entire document as it contains the author's summary of the consensus reached during a conference call among the participants as to the recommendations to be made to Examination and Appeals personnel as to the next steps to be taken prior to the Service's issuance of the notice of deficiency as well as comments by the forwarding party.

**Bates No. SUPP00282-00289.** Media/Communications ISP Status report dated November 1, 1994, and marked "Official Use Only" with an affixed handwritten note which appears to have been written by Neal Nelson. Respondent does not assert any privilege for the note. The document sets out positions on a number of issues including amortization of cable television franchises, amortization of FCC license, capitalization of cable television franchise costs, customer subscription lists, network affiliation agreements, transponders, charitable contributions of inventory, intangibles make ready costs, newspaper morgues, and transition property. The Service asserts executive privilege for the entire report as it contains official but internal positions on a number of different issues.

**Bates No. SUPP00290-00291.** A string of four e-mails, dated October 27, 2005, through October 27, 2005, among Thomas Collins, group manager, LMSB (Salt Lake City), John D. Barker, Revenue Agent, LMSB (Ogden, formerly Salt Lake City), and Racheal A. Jaeckel, Revenue Agent (Salt Lake City). The e-mail chain documents a discussion about how to process the refund claims and prepare for the anticipated litigation. The Service asserts attorney client privilege for the entire document because it contains analysis of how to prepare the case in anticipation of litigation.

**Bates No. SUPP00292.** Handwritten note, dated May 1, 2000, from Neal Nelson to Elaine Hare, formerly group secretary, LMSB, now Tax Specialist, Customer Assistance, Relationship & Education (Salt Lake City) asking her to copy documents. The Service does not assert any privilege as to this note. However the Service asserts the right of not to produce the copy of documents mentioned in the note based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103. The copy of documents which relate to one unrelated third party taxpayer include documents

identified below as Bates No. 00293-00843.

**Bates No. SUPP00293-00394.** Draft report on appraisal of FCC license of an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00395-00512.** Appraisal report on tangible and intangible assets of broadcast property owned by an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00513-00690.** Appraisal report on tangible and intangible assets of a second broadcast property owned by an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00692-00721.** Appraisal report of tangible assets of a communications company owned by an unrelated third party taxpayer. he Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00722-00843.** Draft appraisal report of tangible and intangible assets of another communication company owned by an unrelated third party taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00844-00914.** Annual report of an unrelated third party taxpayer . The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP00915-01101.** Prospectus of an unrelated third party taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.