**Bates No. SUPP01102-01103.** Copy of the outside and insider cover of a folder containing material provided to the audit team probably by Art Lucchese, the Technical Advisor for Media and Entertainment at that time. The Service asserts no privilege as to these two pages. However the Service asserts the right not to produce the documents contained in the folder that relate to other unrelated third party taxpayers based on the duty not to disclose other unrelated third party taxpayers' return information pursuant to I.R.C.
§ 6103. The copies related to various other taxpayers include documents identified below as Bates No. 001104-01408.

**Bates No. SUPP01104-01192.** Routing slip dated August 14, 1989, from Richard Otier, Engineer, to Charles Reynolds, probably a Revenue Officer (Phoenix), regarding an investigation under I.R.C. § 6700 with an attached appraisal of assets for another unrelated third party taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP01193-01226.** Appraisal review prepared for the assets of a communications property owned by another unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103

**Bates No. SUPP01227-01240.** Routing slip dated November 13, 1991, from Jo Powers, Revenue Agent (Santa Ana, Cal.) to Arthur Lucchese with an attached partial copy of an appraisal of assets of an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's information pursuant to I.R.C. § 6103.

**Bates No. SUPP01241-01305.** Appraisal of tangible and intangible assets of another unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP01306-01325.** Asset appraisal of television station of another unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP01326-01404.** Memorandum from Al Kapp, Revenue Agent (Illinois) to Art Lucchese with an attached spread sheet and portions of an appraisal. All of these documents deal with another unrelated third party taxpayer. The appraisal is missing pages 36 through 49 and may be missing other parts of the document. The Service asserts the duty not to produce the entire set of documents based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103.

**Bates No. SUPP01405-01408.** Article from Tax Notes Today, dated in 1994 dealing with another unrelated third party taxpayer, with an attached print from an appeals court opinion dealing with that taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's information pursuant to I.R.C. § 6103.

**Bates No. SUPP01409.** Undated Report Transmittal signed by John Barker. This document provides a brief analysis of each of the issues which the plaintiff did not settle with Appeals and which became the subject of claims for refund after the Service assessed the deficiencies determined in the statutory notice and applied the payments from the plaintiff. The Service asserts executive privilege for the entire document, as it is the report used to send deliberative comments and analysis between Service employees. Transmitted with this document were a number of other documents identified below as Bates No. SUPP01410-01517.

**Bates No. SUPP01410-01430.** Notice of proposed adjustment 41-1 dated September 9, 2002 and signed by Monty Careswell. The Service asserts no privilege for this document and will produce it.

**Bates No. SUPP01431-01446.** Memorandum to file, dated September 11, 2003, drafted by Monty Careswell. Previously identified as Bates No. 0486-0502 The Service asserts executive privilege for the entire document as explained in the original Declaration of Margo Stevens.

**Bates No. SUPP01447-01461.** Undated draft of the document described as Bates Nos. 0189-0204. See also Bates Nos. 0240-0254. It contains the handwritten "Draft" on the first page and there are some handwritten comments that appear to have been made by Neal Nelson. The Service asserts executive privilege for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it would apply to plaintiff's transactions under examination, for the use of IRS

Examination personnel before they issued any rebuttal to plaintiff as well as comments of Neal Nelson regarding that analysis. The Service asserts attorney client privilege as Mark Howard provided this memorandum to the Service as its attorney in response to its request and seeking comments before preparing the final product. The Service asserts attorney work product privilege for the document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01462-01486.** Appeals case memorandum prepared by Kelly Schwarz summarizing the issues in the case and providing his analysis of the issues. The Service asserts executive privilege for the entire document as it contains the author's analysis of the appropriate tax treatment of the transactions that were the subject of the examination and of Appeals consideration and, for some issues, of future litigation.

**Bates No. SUPP001487-01505.** Valuation report dated June 28, 2005, prepared by Monty Careswell. The Service asserts no privilege for this document.

**Bates No. SUPP01506-1508.** Notice of proposed adjustment 51-1 dated June 11, 2003. The Service does not assert any privilege for this document.

**Bates No. SUPP01509.** Rebuttal to taxpayer's protest for notice of proposed adjustment 51-1. The Service does not assert any privilege for this document.

**Bates No. SUPP01510-01516.** Technical advice memorandum as published in Tax Notes today at TAM 2003 TNT 110-7. The Service does not assert any privilege for this document.

**Bates No. SUPP01517.** Form 886-A, one page explanation of adjustments dealing with net operating loss deductions in 1997 and adjustments for charitable contributions. The Service does not assert any privilege for this document.

**Bates No. SUPP01518-01539.** One e-mail, dated August 25, 2004, from Kelly Schwarz to Glenn McLoughlin, and which was copied to Dwight Sumner, Appeals Team Manager (Dallas), transmitting as attachments draft language for the statutory notice of deficiency and an Appeals Discussion Memorandum regarding the issues to be addressed in the statutory notice of deficiency. The Service asserts executive privilege for the e-mail and the draft statutory notice language as they contain the authors' analyses, including strengths and weaknesses thereof at a time prior to the issuance of the notice of deficiency.

The Service asserts the attorney client privilege for the e-mail and the draft statutory notice language as they contain factual information communicated to counsel by the Appeals officer. The Service asserts no privilege for the Appeals Discussion Memorandum.

**Bates No. SUPP01540.** No document

**Bates No. SUPP01541-01543.** One e-mail, dated November 23, 2005, from Glenn McLoughlin to Mark O'Leary, Associate Area Counsel, LMSB (Dallas) transmitting a draft memorandum analyzing the statutory notice of deficiency for review. The Service asserts no privilege for the e-mail and will produce it. The attachment is dated November 23, 2004, and was prepared by Glenn McLoughlin for Kelly Schwarz. The Service asserts executive privilege to the attachment as it contains the author's analysis of the valuation issue. The Service asserts attorney client privilege over the attachment as it consists of draft advice from counsel to the appeals officer. The Service asserts work product privilege over the attachment as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01544-01545.** A memorandum dated November 30, 2004, from Associate Area Counsel (Dallas, Group 2) (LMSB) to Atcl, Team 1, Office of Appeals, Attn: Kelly Schwarz. The principal drafter is Glenn McLoughlin, and it conveys the author's views on the statutory notice of deficiency. The Service asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue. The Service asserts attorney client privilege as it contains advice from counsel to the Appeals officer. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01546-01547.** String of five e-mails. The top e-mail, dated January 28, 2005, from Katherine Ankeny to Glenn McLoughlin, requests information relating to the valuation issue. The Service responded to the balance of the e-mails on November 15, 2006, Bates Nos. 0278-0279. The Service asserts executive privilege for the portion of the document that contains the January 27 e-mail as it contains the author's explanation of his strategy regarding the treatment of valuation issues, in anticipation of possible litigation. The Service asserts work product privilege for the portion of the document that contains the January 27 e-mail as it consists of the work product of counsel prepared in anticipation of litigation.

**Bates No. SUPP01548.** One e-mail, dated February 22, 2005, from Katherine Ankeny to Ronald M. Rosen, Associate Area Counsel, LMSB (Los Angeles).

This document reports the status of the case to an attorney manager. The Service asserts executive privilege for the entire document as it contains the author's views of the valuation issues.

**Bates No. SUPP01549-01576.** One e-mail, dated February 23, 2005, from Glenn McLoughlin to Mark O'Leary, transmitting three attachments. The Service asserts no privilege for the e-mail and will produce it. Attachment 1 is the memorandum described in Bates No. SUPP01544-01545. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. Attachment 2 is the Appeals Discussion Memorandum described in Bates No. SUPP01518-01539. The Service asserts no privilege on attachment 2 Attachment 3 is an internal report of LMSB significant cases with an executive summary. The Service asserts executive privilege for attachments 1 and 3, as they contain the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over Attachment 3 as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01577.** A string of three e-mails, dated February 25, 2005 through February 23, 2005, among Kelly Schwarz, Glenn McLoughlin, Katherine Ankeny, Linda Flemins and Paul Kelly, Appeals Media ISP (Chicago), transmitting the respective authors' views regarding the valuation issue. The Service asserts executive privilege to the entire document, including attachments, as it contains the authors' analyses, including strengths and weaknesses thereof. The Service asserts attorney client privilege for the entire document because it contains communications between and among counsel and appeals personnel.

**Bates No. SUPP01578-01606.** One e-mail, dated February 25, 2005, from Glenn McLoughlin to Mark O'Leary, transmitting three attachments. The Service asserts no privilege for the e-mail and will produce it. Attachment 1 is an internal report of significant cases approaching litigation with an executive summary. Attachment 2 is a copy of the Appeals Discussion Memorandum described in Bastes No. SUPP 01518-01539. The Service asserts no privilege for this memorandum and will produce it. Attachment 3 is the memorandum described in Bates No. SUPP01544-01545. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. The Service asserts executive privilege to Attachments 1 and 3, as they contain the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over Attachments 1 and 3 as they consist of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01607-1635.** One e-mail, dated February 25, 2005, from Mark O'Leary, Associate Area Counsel (LMSB) (Dallas), to Bernard Nelson, Area Counsel Natural Resources and Construction (LMSB) (Houston), and Dennis Kelly, Special Trial Attorney (LMSB) (Dallas), and which was copied to Glenn McLoughlin, with three attachments. Attachment 1 is an internal memorandum and executive summary described in Bates No. SUPP01578-01606. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. Attachment 2 is the memorandum described in Bates No. SUPP01544-01545. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. Attachment 3 is a copy of an Appeals Discussion Memorandum described in Bates No. SUPP01518-01539. The Service asserts no privilege for this memorandum and will produce it. The Service asserts executive privilege to the e-mail and Attachments 1 and 2, as they contain the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts attorney client privilege for Attachment 2 because it contains advice from counsel to the appeals officer. The Service asserts work product privilege over the original e-mail and Attachment 1 as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01636-01637.** A string of five e-mails, dated February 28, 2005, through February 25, 2005, among Dennis Kelly, Mark O'Leary, Glenn McLoughlin, William Merkle, Deputy Area Counsel Strategic Litigation, LMSB (Chicago), Kendall Williams, Alan Jacobson, Special Trial Attorney, LMSB (Kansas City), and Bernard Nelson. The e-mails discuss the valuation issue in the statutory notice of deficiency and its relationship to other cases pending in the office. The Service asserts executive privilege over the entire document as it contains the authors' analysis of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel prepared in anticipation of litigation. The Service asserts that the document is not subject to production under IRC § 6103 because of its discussion of named unrelated third party taxpayers in other cases.

**Bates No. SUPP01638-1666.** A string of two e-mails, dated March 1, 2005 and February 25, 2005, among Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, then Area Counsel, LMSB (Oakland), James Lanning, Area Counsel, LMSB (Chicago), Mark O'Leary, Kendal Williams and Allan Lang, Deputy Area Counsel Strategic Litigation, LMSB (Dallas), with three attachments, concerning the valuation issue in the statutory notice of deficiency. The three attachments are the same three attachments to Bates No. SUPP01578-01606. The Service response with respect to these three attachments is set forth above and

incorporated herein by reference. The Service asserts executive privilege over the entire document as it contains the authors' analysis of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel prepared in anticipation of litigation. The Service asserts that the document is not subject to production under IRC § 6103 because of its discussion of named unrelated third party taxpayers in other cases.

**Bates No. SUPP01667.** A string of three e-mails dated March 1, 2005 through February 25, 2005. The e-mail dated February 25 is the e-mail covered in Bates No. SUPP01607-01635 without attachments, and the Service response above is incorporated herein by reference with respect to that e-mail. The second e-mail in the string, dated March 1, 2005 is the same as described in Bates No. SUPP1673. The top e-mail is from William Merkle to Dennis Kelly, Bettie Ricca, now Deputy Associate Chief Counsel, International (Washington, D.C.), Bernard Nelson, James Clark, and James Lanning and which is copied to the same group in the second e-mail (with the exception of William Merkle). These e-mails are in response to the Bates No. SUPP01607-01635 discussed above and contain the authors' views on the case. The Service asserts executive privilege to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01668.** A string of four e-mails dated March 1, 2005, through February 25, 2005. The top e-mail in this string, dated March 1, 2005, is from Bernard Nelson to William Merkle, Dennis Kelly, Bettie Ricca, James Clark, and James Lanning, and which is copied to Mark O'Leary, Kendall Williams, Allan Lang and Glenn McLoughlin. The balance of the string is identical to the three e-mails discussed in Bates No. SUPP01667. These e-mails are in response to the Bates No. SUPP01607-01635 discussed above and contain the authors' views on the case. The Service asserts executive privilege to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01669.** A string of three e-mails dated March 1, 2005 through February 25, 2005. The e-mail dated February 25 is the e-mail covered in Bates No. SUPP01607-01635 without attachments, and the Service response above is incorporated herein by reference with respect to that e-mail. The second e-mail in the string, dated March 1, 2005 is the same as described in Bates No.

SUPP01673. The top e-mail is from Kendall Williams to Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, and James Lanning and which is copied to the same group in the second e-mail. These e-mails are in response to Bates No. SUPP01607-01635 discussed above and they contain the authors' views on the case. The Service asserts executive privilege to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01670.** A string of two e-mails, both dated March 1, 2005, over a string of two e-mails described in Bates No. SUPP01638-01666, without the attachments. The Service's response with respect to the two e-mails described in Bates No. SUPP01638-01666 to this memorandum is set forth above and incorporated herein by reference. The Service asserts executive privilege over the entire document as it contains the authors' analysis of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel prepared in anticipation of litigation. The Service asserts that the document is not subject to production under I.R.C. § 6103 because of its discussion of other unrelated third party taxpayers in other cases.

**Bates No. SUPP01671-01672.** A string of three e-mails, dated March 2, 2005 through March 1, 2005. The top e-mail is from Glenn McLoughlin to Katherine Ankeny, and discusses strategy concerning the issuance of the statutory notice of deficiency. The Service response with respect to the rest of the document was provided on November 15, 2005, Bates Nos. 0415-0416 and 0409, which response is incorporated herein by reference. The Service asserts executive privilege to the entire document as it discusses the steps to be taken with respect to issuing the statutory notice of deficiency.

**Bates No. SUPP01673.** A string of three e-mails dated March 3, 2005 through February 25, 2005. The e-mail dated February 25 is the e-mail covered in Bates No. SUPP01607-01635 without attachments, and the Service response above is incorporated herein by reference with respect to that e-mail. The second e-mail in the string, dated March 1, 2005, is from Dennis Kelly to Bettie Ricca, Bernard Nelson, James Clark, Area Counsel Communications Technology and Media (LMSB) (Oakland) and James Lanning, Area Counsel Retailers, Food, Pharmaceuticals and Health Care (LMSB) (Chicago), and which is copied to Mark O'Leary, Kendall Williams, William Merkle, Allan Lang Deputy Area Counsel Strategic Litigation (LMSB) (Dallas), and Glenn McLoughlin. The top e-mail is from Bettie Ricca to Dennis Kelly, Bernard Nelson, James Clark, and

James Lanning and which is copied to the same group in the second e-mail, with the addition of Joanne Michaels, Program Analyst (LMSB) (Washington, D.C.). These e-mails are in response to Bates No. SUPP01607-01635 discussed above and contain the authors' views on the case. The Service asserts executive privilege to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01674-1676.** One e-mail, dated March 28, 2005, from Glenn McLoughlin to Mark O'Leary, discussing the statutory notice of deficiency and transmitting a second draft memorandum analyzing the statutory notice of deficiency for review. The attachment is dated March 28, 2005, and was prepared by Glenn McLoughlin for Kelly Schwarz. The Service asserts executive privilege to the entire document, including the attachment, as it contains the author's analysis of the valuation issue. The Service asserts attorney client privilege over the attachment as it consists of draft advice from counsel to the appeals officer. The Service asserts work product privilege over the entire document, including the attachment, as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01677-01678.** A memorandum dated March 29, 2006, from Associate Area Counsel (Dallas, Group 2) (LMSB) to Atcl, Team 1, Office of Appeals, Attn: Kelly Schwarz. The principal drafter is Glenn McLoughlin, and it conveys the author's views on the statutory notice of deficiency. The Service asserts executive privilege to the entire document as it contains the author's analysis of the valuation issue. The Service asserts attorney client privilege as it contains advice from counsel to the appeals officer. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01679.** One e-mail, dated March 29, 2005, from Kelly Schwarz to Glenn McLoughlin and Dwight Sumner, concerning the issuance of the statutory notice of deficiency. The Service asserts executive privilege to the entire document, including attachments, as it contains the authors' analyses, including strengths and weaknesses thereof. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to counsel by the appeals officer and requests assistance.

**Bates No. SUPP01680.** One e-mail, dated March 30, 2005, from Kelly Schwarz to Dwight Sumner, and which was copied to Glenn McLoughlin, regarding the

issuance of the statutory notice of deficiency and the valuation issue therein. The Service asserts executive privilege to the entire document, as it contains the author's analyses, including strengths and weaknesses thereof. The Service asserts the attorney client privilege for the entire document as it contains factual information communicated to counsel by the appeals officer and discusses advice received from counsel.

**Bates No. SUPP01681-01682.** A string of two e-mails both dated March 30, 2005, between Kelly Schwarz, Appeals Team Case Leader and Dwight M. Sumner and which was copied to Glenn McLoughlin. The e-mails discuss the authors' views regarding the issues in the proposed statutory notice of deficiency and counsel's review of the notice. The Service asserts executive privilege for the entire document because it contains the authors' views as to the strategy the Service should employ in developing and potentially defending the valuation issues in this matter. The Service asserts attorney client privilege because it contains factual information communicated to counsel by the Appeals officer.

**Bates No. SUPP01683-01684.** A string of five e-mails dated from April 20, 2005 to April 20, 2005. The Service provided a response to the first three e-mails in the string in the Declaration of Margo L. Stevens for Bates Nos. 0438-0439. Top e-mail is from Linda Flemins to Glenn McLoughlin and acknowledges his e-mail. The Service asserts no privilege for this e-mail and will produce it. The second e-mail is from Glenn McLoughlin to Linda Flemins, with copy to Katherine Ankeny concerning the valuation issue in the statutory notice of deficiency as it was issued. The Service asserts executive privilege over the second e-mail as it contains the authors' analysis of the valuation issue. The Service asserts attorney client privilege over the second e-mail as it contains advice from counsel to an appeals officer.

**Bates No. SUPP01685.** A string of three e-mails dated from July 6, 2005, to April 22, 2005, among Katherine Ankeny, Glenn McLoughlin, Peter Baumgarten, Barbara Leonard and Craig R. Wojay. The Service responded to the first April 22, 2005, e-mail in the first Margo L. Stevens Declaration at Bates No. 0442. The Service continues to assert executive privilege for that portion of the e-mail string. The Service asserts no privilege for the remaining two portions of the e-mail string dated July 6, 2005, and April 22, 2005, and will produce them.

**Bates No. SUPP01685.** A string of two e-mails between Katherine Ankeny and Glenn McLoughlin, over an e-mail dated April 22, 2005. The Service responded to the April 22 e-mail on November 15, 2006, Bates No. 0442. The Service asserts executive privilege for the portion of the document that contains the April 22 e-mail for the reasons set forth in the original Declaration of Margo L. Stevens

at Bates No. 0442. The Service asserts no privilege for the two portions of the e-mail string dated July 6, 2005, and April 22, 2005, and will produce them.

**Bates No. SUPP01686.** One e-mail, dated July 7, 2005, from Katherine Ankeny to Donna Crisalli, Senior Technician Reviewer, Income Tax & Accounting (Washington, D.C.), with copies to Barbara Leonard, Area Counsel, Communications, Technology and Media (LMSB) (Oakland) and Glenn McLoughlin, describing the status of case, post issuance of the statutory notice of deficiency and the potential effect on the industry. The Service asserts executive privilege to the entire document as it contains the author's analysis of the valuation issues, in anticipation of litigation. The Service asserts attorney work product for the entire document as it consists of the work product of counsel with respect to the communications industry in anticipation of litigation.

**Bates No. SUPP01687-01688.** A string of five e-mails that include the three e-mails described in Bates No. SUPP01685 between Katherine Ankeny and Glenn McLoughlin, including an e-mail dated April 22, 2005. The Service responded to the April 22 e-mail on November 15, 2006, Bates No. 0442. The Service asserts executive privilege for the portion of the document that contains the April 22 e-mail for the reasons set forth in the original Declaration of Margo L. Stevens at Bates No. 0442. The Service asserts no privilege for the two other portions of the string e-mail and will produce them.

**Bates No. SUPP01689.** One e-mail, dated January 23, 2006, from Linda Flemins to Katherine Ankeny, regarding the valuation issue in the statutory notice of deficiency. The Service asserts executive privilege over the entire document as it contains the author's analysis of the valuation issue. The Service asserts the attorney client privilege as it contains factual information communicated to counsel by an appeals officer.

**Bates No. SUPP01690-01691.** A string of two e-mails dated from November 1, 2006 to September 24, 2003 among Kelly Schwarz, Tammi L. Bond, Information Technology Specialist (Oklahoma City), Richard Druk and Bradley K. Nance regarding a rebuttal to the protest. The e-mail includes, as an attachment, a Report Transmittal which contains the examination's position on the taxpayer's protest. The Service asserts executive privilege for the entire document as it contains thoughts and deliberations of the revenue agent in anticipation of the pre-Appeals conference.

**Bates No. SUPP01692-01698.** A string of two e-mails dated from November 1, 2006, to September 26, 2003 among Kelly R. Schwarz, Tammi L. Bond, William

C. Reitan, Appeals Team Manager (Houston) with two attached memorandums and a work plan. The memorandums are both dated September 25, 2003, and they are addressed from Kelly Schwarz to Lynn E. Gaston, Appeals Officer (Omaha) and Sharon G. Johnson, Appeals Officer (Oklahoma City), and deal with an upcoming pre-Appeals conference. The e-mail contains a discussion by Mr. Schwarz of some of the work needed in the case in preparation for the pre-Appeals conference. The Service asserts executive privilege for the entire document other than the work plan as the documents involve the deliberations and preparations for the pre-Appeals conference.

**Bates No. SUPP01699.** A string of three e-mails, dated from October 6, 2003 through October 2, 2003 among Jerry D. Payne, Appeals Officer (Dallas), William Reitan and Kelly Schwarz. The document contains thoughts and discussion about the need for a screening panel and makes reference to a screening panel recommendation in another case. The Service asserts executive privilege for the entire document as it contains the author's analysis of the aspects of the case in anticipation of the pre-Appeals conference. The Service asserts the duty not to produce this document pursuant to I.R.C. § 6103 to protect the return information of an unrelatedthird party taxpayer.

**Bates No. SUPP01700-01702.** A string of two e-mails dated from November 1, 2006, to October 27, 2003, among Kelly Schwarz, Tammi Bond, and William Reitan. The text of the e-mail describes the scheduling of the pre-Appeals conference. The attachment to the e-mail contains some personal information on a Travel Request. The Service asserts executive privilege for four page attachment to the e-mail string as it contains personal information of Service employees on their travel requests.

**Bates No. SUPP01703-01708.** A string of four e-mails dated from November 1, 2006, to October 27, 2003, among Kelly Schwarz, Tammi Bond, Veronica Perez and William Reitan. Related to Bates No. SUPP1700-1702 above. The e-mail adds a personal message that is not related to the case and is not protected by privilege. However, the same attachment with the Travel Request is privileged as to the personal employee information that it contains.

**Bates No. SUPP01709-01720.** A string of two e-mails dated November 1, 2006, through November 24, 2003, among, Kelly Schwarz, Tammi L. Bond and Lynn Gaston with an attached 11 page draft analysis of a number of insurance issues. The Service asserts executive privilege for the entire document as it contains information that involves agency deliberations that are predecisional.

**Bates No. SUPP01721-1723.** A string of two e-mails dated November 1, 2006, through November 24, 2003, among Kelly Schwarz, Tammi Bond, Lynn Gaston and Jeffrey M. Galante, Team Manager, Appeals (Laguna Niguel), with an attached memorandum dated November 24, 2003 from Lynn Gaston to Kelly Schwarz. The e-mail references the pre-Appeals conference and the memorandum contains the analysis of the author of what was presented at the pre-Appeals conference as it related to insurance issues. The Service asserts executive privilege for the entire document as it contains information that involves agency deliberations that are predecisional.

**Bates No. SUPP01724.** An e-mail dated April 13, 2004 from Kelly R. Schwarz to Dwight M. Sumner with a copy to Sharon G. Johnson. The e-mail contains an analysis if several of the issues in the case and contains the personal opinions and deliberations of team members. The Service asserts executive privilege for the entire document as it contains agency deliberations that are predecisional.

**Bates No. SUPP01725-01726.** A string of three e-mails dated April 19, 2004, to April 14, 2004, among Lynn Gaston, Dwight Sumner, and Kelly Schwarz. The e-mails deal with the negotiations with the plaintiff, certain agreements reached and consideration of how to deal with additional issues. The Service asserts executive privilege for the entire document as it contains agency deliberations that are predecisional.

**Bates No. SUPP01727-01745.** A string of three e-mails dated from November 1, 2006 to June 18, 2004, among Kelly Schwarz, Tammi Bond, and Lynn Gaston with an attached 13 page analysis of certain issues and an attached copy of Private Letter Ruling 200323002 dated January 31, 2003. The e-mail contains a discussion of the issues in the attachment. The Service asserts executive privilege for the e-mail and the attachment as it contains agency deliberations that are predecisional. The Service does not claim a privilege for the private letter ruling.

**Bates No. SUPP01746-1750.** A string of two e-mails dated from November 1, 2006, to July 27, 2004, among Kelly Schwarz, Tammi Bond, Cynthia E. Gdula, Appeals employee (Houston), and Dwight Sumner with an attached request for services and schedule of adjustments. The e-mail discusses preparations for the notice of deficiency and refers to the attachments which involve the preparation for the notice of deficiency. The Service asserts executive privilege for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01751-01755.** A string of three e-mails dated from November 1, 2006 to July 27, 2006, among Kelly Schwarz, Cynthia E. Gdula, Todd A. Ekstrom, Supervisory Appeals Officer (Chicago) with an attached request for services and schedule of adjustments. The e-mail discusses preparations for the notice of deficiency and refers to the attachments which involve the preparation for the notice of deficiency. The Service asserts executive privilege for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01756.** An e-mail dated September 14, 2004 from Thomas J. Wells, Revenue Agent, Office of Appeals (Omaha) to Kelly R. Schwarz. The e-mail provides corrections to a draft computation for a partial agreement. The Service asserts executive privilege for the entire document as it contains agency actions that are not final.

**Bates No. SUPP01757-01758.** A string of two e-mails dated November 1, 2006 to September 16, 2004 among Kelly Schwarz, Tammi L. Bond and Thomas J. Wells with an attached spreadsheet. Both the e-mail and the spreadsheet involve preparations for the notice of deficiency. The Service asserts executive privilege for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01759-1761.** A string of four e-mails dated from October 1, 2004, through August 20, 2004, among David Blivins, Kelly Schwarz and Linda Flemins. The e-mails deal with the valuation on the KIRO issue. The Service asserts executive privilege for the entire document as it contains agency deliberations that are predecisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01762.** A string of two e-mails dated from November 4, 2004, to November 3, 2004, among Thomas Wells and Kelly Schwarz. The e-mail provides information on a meeting on and preparations for the issuance of the notice of deficiency. The Service asserts executive privilege for the entire document as it contains agency deliberations that are predecisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01763.** A string of three e-mails dated from November 4, 2004 through November 3, 2004, among Kelly Schwarz and Thomas Wells. The e-mails provided information on a meeting on and preparations for the issuance of the notice of deficiency with comments on the prior matter. This e-mail includes Bates No. SUPP01762 above. The Service asserts executive privilege for the

entire document as it contains agency deliberations that are predecisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01764-01765.** A string of two e-mails dated from November 1, 2006 through January 25, 2005, among Kelly Schwarz, Tammi Bond, Terri L. Shelley-Kirkum, Supervisor Tax Examining Technician, Appeals (Phoenix) with a copy to Dwight M. Sumner with an attached case assignment request. The e-mail and attachment deal with the preparations for the issuance of the notice of deficiency and subsequent assessment. The Service asserts executive privilege for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01766-01767.** A string of three e-mails dated from November 1, 2006 to January 25, 2005, among Kelly Schwartz, Tammi Bond, Terri L. Shelly-Kirkum Patricia G. Dittman, Tax Examining Technician, Appeals (St. Louis) with a copy to Dwight M. Sumner with an attached case assignment request. This e-mail is related to Bates No. SUPP#26 above, containing that e-mail content and the attachment. The e-mail assigns the case and provides instructions. This information is part of the case development process. The Service asserts executive privilege for the entire document as it contains agency deliberations that are predecisional to the notice of deficiency and potential litigation.

**Bates No. SUPP01768.** An e-mail dated February 2, 2005 from Kelly R. Schwarz to Lynn E. Gaston and Sharon G. Johnson. The e-mail briefly explains the progress in the case toward assessment of agreed amounts and issuance of the notice of deficiency. The Service asserts executive privilege for the entire document as it contains information that is speculative about the progress of the case and does not represent a final decision.

**Bates No. SUPP01769-01791.** A string of two e-mails dated from November 1, 2006 to February 16, 2005, among Kelly Schwarz, Tammi Bond and Sharon G. Johnson with an attached 22 page analysis. The attachment involves issues which almost entirely issues not pending before the court and contains the thoughts and analysis of the Ms. Johnson on the various issues. The Service asserts executive privilege for the entire document.

**Bates No. SUPP01792-01829.** A string of two e-mails dated from November 1, 2006 to February 16, 2005, among Kelly Schwarz, Tammi Bond and Richard Druk with a 34-page analysis by the Appeals officers of various issues in the case and an attached three-page work plan. The e-mail and 34-page deal with

the analysis and deliberations of the appeals officers on the various issues and deals almost entirely with resolved issues. The Service asserts executive privilege for the e-mail and the 34-page analysis but asserts no privilege for the work plan.

**Bates No. SUPP01830-01852.** A string of two e-mails dated from November 1, 2006 through February 16, 2005, among Kelly Schwarz, Tammi Bond and Richard Druk with an attached 22-page analysis on legal fee issues. The e-mail and attachment deal with the analysis and deliberations of the Appeals officer. The Service asserts executive privilege for the entire document.

**Bates No. SUPP01853.** A string of two e-mails dated from February 24, 2005, to February 23, 2005, among, Glenn McLoughlin, Kelly Schwarz, Katherine Ankeny, Linda Flemins and Paul Kelly regarding ideas on how the Service should approach the valuation adjustment in the notice of deficiency. The Service asserts executive privilege for the entire document as it deals with analysis and deliberations pre-decisional to the statutory notice. The Service asserts attorney-client privilege for the document as it communicates information to the attorney assigned to provide legal review of the notice of deficiency.

**Bates No. SUPP01854-01858.** A string of three e-mails dated from May 16, 2005 through May 16, 2005, among Lynette Schofield, Lead Tax Examining Technician, Office of Appeals (Ogden), Kelly Schwarz, Patricia Dittman, Terri L. Shelley-Kirkum and Dwight M. Sumner, and attached request for interest computation. The e-mails deal with the processing of the notice of deficiency and possible need for subsequent assessment and interest computations. The Service asserts executive privilege for the entire document as it contains agency deliberations that deal with the notice of deficiency and potential litigation.

**Bates No. SUPP01859-01862.** A string of three e-mails dated from November 1, 2006, to May 16, 2005, among Kelly Schwarz, Tammi Bond, Terri Shelley-Kirkum, Dwight Sumner, Patricia Dittman, David A. Hatherley, Supervisory Appeals Officer (Boston). The e-mail contains the e-mails in Bates No. SUPP01854-01858. The Service asserts executive privilege for the entire document for the same reasons noted above.

**Bates No. SUPP01863-01975.** A string of two e-mails dated from November 1, 2006 to September 1, 2005, among Kelly Schwarz, Tammi Bond and Susan Kahalekulu, Appeals Officer (Denver) with attached copies of: Undated and unexecuted closing agreement on the sewer treatment plant issue; a series of Appeals Case Memorandum which includes the analysis by Appeals of the

various issues they had under consideration. While the e-mail references an attached work plan there was not one attached. The e-mail and attached series of Appeals Case Memoranda deal with the analysis and deliberations of the Appeals officers. The Service asserts executive privilege for those documents. The Service does not assert any privilege for the closing agreement.

**Bates No. SUPP01976-01977.** A string of two e-mails dated from November 1, 2006, to October 31, 2003, among Kelly Schwarz, Tammi Bond and William Reitan with an attached conference memo dated October 31, 2003. The e-mail and memorandum deal with a discussion between Kelly Schwarz and Paul Kelly regarding the KIRO issue and how it should be dealt with. The Service asserts executive privilege for the entire document.

**Bates No. SUPP01978-01980.** A string of two e-mails dated from November 1, 2006, to January 9, 2004, among Kelly R. Schwarz, Tammi Bond and Dwight Sumner with two attached memoranda. The e-mail deals with preparations for a meeting on the KIRO issue. The first memorandum dated January 9, 2003, memorialized the discussions which occurred in a conference with Kelly Schwarz, Richard Druk, and Monty Careswell regarding the valuation on the KIRO issue and the expert witness on that matter. The second memorandum dated January 9, 2003, memorialized a conference with Kelly Schwarz and Eric Olson. The Service asserts executive privilege for the e-mail and the first memorandum as they contains agency deliberations that are predecisional to the notice of deficiency and potential litigation. The Service does not assert any privilege on the second memorandum.

**Bates No. SUPP01981-02006.** A string of two e-mails dated from November 1, 2006, to February 2, 2005, among Kelly Schwarz, Tammi Bond and Glenn McLoughlin with an attached and revised Appeals Case Memorandum. The attachment is a 25 page document containing the personal opinions, analyses, and recommendations of the appeals officer. The Service asserts executive privilege for the entire document, including the attachment. The Service claims attorney client privilege for these documents as they deal with the communications from an Appeals Officer to an assigned attorney as part of the statutory notice review process.

**Bates No. SUPP02007-02022.** A string of three e-mails dated from November 1, 2006 to February 18, 2004 among, Kelly Schwarz, Tammi Bond, Richard Druk, Linda Flemins and Bradley Nance. The e-mail has two attachments. The first attachment is a transmittal of the Coordinated Issue Paper. The second attachment is a draft of a cover letter to Scott Florence of Bonneville

International Corporation concerning the Coordinated Issue Paper and the draft of the Coordinated Issue Paper. Both attachments are drafts and are not final documents. The Service asserts executive privilege for the entire document because it deals with a draft document under consideration as part of the ongoing dealings with the taxpayer in preparation for the issuance of the notice of deficiency.

**Bates No. SUPP02023-02030.** A string of two e-mails dated from November 1, 2006, to May 4, 2004, among Kelly R. Schwarz, Tammi Bond and Dwight M. Sumner with an attached draft mediation contract. The e-mail and attachment deal with preliminary documents and the consideration of the mediation process for the KIRO issue. The Service asserts the executive privilege for the entire document.

**Bates No. SUPP02031-02051.** A string of two e-mails dated November 1, 2006, through June 10, 2004, among Kelly Schwarz, Tammi Bond and Dwight Sumner with an attached 20 page draft position paper. The attachment is a draft of the Appeals Discussion Memorandum which is not in final form. The Service asserts executive privilege for the entire document, including attachment.

**Bates No. SUPP02052-02206.** An e-mail dated September 14, 2004 from Linda Flemins to Kelly Schwarz, with an attached response from Taxpayer I to a draft Coordinated Issue Paper prepared by the Medial & Entertainment ISP. The Service asserts executive privilege for the e-mail which contains comments and thoughts of Linda Flemins. The Service asserts the duty pursuant to I.R.C. § 6103 not to produce the entire document which relates to a third party taxpayer.

**Bates No. SUPP02207-02471.** A string of three e-mails dated from November 1, 2006, to January 25, 2006, with attached portions of the draft notice of deficiency. The Service asserts executive privilege for the entire document that deals with draft documents prepared for the issuance of the notice of deficiency.

**Bates No. SUPP02472-02525.** A string of three e-mails dated from November 1, 2006, through February 24, 2005, among Kelly Schwarz, Tammi Bond, Glenn McLoughlin, Monty Careswell, Craig R. Wojay, attorney, Income Tax & Accounting (IT&A) (Washington, DC), Barbara M. Leonard, Ronald M. Rosen, and Scott Cline, General Engineer, LMSB (Rochester), with an attached copy of the BIA appraisal of tangible and intangible assets for KIRO-TV as of January 31, 1995. The e-mail contains a discussion of the KIRO issue for the parties to

consider in preparation for a conference call. The Service asserts executive privilege for the entire document including the attachment as the copy of the appraisal has comments which appear to be those of the revenue agent in the margin and would disclose his pre-decisional thinking. The plaintiff already has copies of the report without the comments.

**Bates No. SUPP02526-02640.** A string of two e-mails dated from November 1, 2006, to March 30, 2005, among Kelly Schwarz, Tammi Bond, Dwight Sumner and Joyce L. Phillips, employee, Office of Appeals (Houston). The e-mail attachments are as follows: Appeals Transmittal and Case Memo, Form 5402 dated June 30, 2005, sending the case for closing and including comments from Kelly Schwarz on the status of the case; Schedule of Adjustments for Deseret Management Corporation for 1994 through 1998; Closing Agreement on Financial Determination Covering Specific Matters (Deseret Management Corporation and Subs); Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment; Appeals case memoranda for various issues providing the analysis, summaries and recommendations of the Appeals officers on the various issues. The Service does not assert any privilege for the closing agreement or the Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. The Service asserts the executive privilege for the e-mail and all the remaining documents as they document the deliberative process of the Appeals Office on the issues in this case.

**Bates No. SUPP02641.** An e-mail dated March 5, 2004, from Kelly Schwarz to Lynn Gaston with copies to Dwight Sumner. This e-mail contains the author's summary of a conversation with Eric Olson and his analysis of the taxpayer position asserted on the KIRO issue. The Service asserts executive privilege for the entire document as it contains the thoughts and analysis of the KIRO issue at a pre-decision state of the case.

**Bates No. SUPP02642-02650.** A string of two e-mails dated from November 1, 2006, to November 24, 2003 among Kelly Schwarz, Tammi Bond and William Reitan with two attached memoranda. The first memorandum is dated November 20, 2003, and it summarizes the presentations at the pre-Appeals conference. The Service asserts no privilege for the e-mail and the first memorandum and will produce them. The second memorandum is dated November 20, 2003, and it summarizes discussions during a meeting by Kelly Schwarz and Sharon Johnson with representatives of the taxpayer including Eric Olson, Scott Florence, Bob Edwards, Mike Hines, Charles Kadlec, Bruce Olson and Bob Smith. The Service asserts executive privilege for the second memorandum as it contains the thoughts and analysis of the Appeals officers on

the presentation made by the plaintiff's representatives.

**Bates No. SUPP02651-02654**. A string of two e-mails dated from November 1, 2006, to March 4, 2004, among Kelly Schwarz, Tammi Bond and Dwight Sumner with an attached memorandum dated March 4, 2004. The memorandum memorialized discussion between Kelly Schwarz, Sharon Johnson, Eric Olson and Scott Florence. The Service claims executive privilege for the memorandum as it contains the analysis of the Appeals Officers on the issues discussed. The Service asserts no privilege for the e-mail string.

**Bates No. SUPP02655-02657**. An e-mail string dated from November 1, 2006, to April 14, 2004, among Kelly Schwarz, Tammi Bond, Dwight Sumner and Sharon Johnson with an attached Conference Memorandum dated April 13, 2004, regarding a conference of Kelly Schwarz, Sharon Johnson, Dwight Sumner, Eric Olson and Scott Florence dealing with a request for post-Appeals mediation. The Service claims executive privilege for the Conference Memorandum as it contains that thoughts and analysis of the Appeals employees on the status of issues and on the taxpayer request for mediation. The Service asserts no privilege for the e-mail string.

**Bates No. SUPP02658-02661**. A string of two e-mails dated from November 1, 2006 to April 26, 2004, among Kelly Schwarz, Tammi Bond, and Dwight Sumner with an attached Conference Memorandum dated April 26, 2004. The Conference Memorandum deals with a conference of Kelly Schwarz, Sharon Johnson, Scott Florence and Eric Olson and the discussion of settlements of a number of issues. The Service asserts executive privilege for the entire document including the attachment as they contain thoughts and considerations by the Appeals Officers on the proposed settlement of various issues.