IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION FOR RELIEF FROM THE COURT'S
ORDER OF NOVEMBER 14, 2006

The United States files its rely in support of its Motion for Relief From the Court's Order of November 14, 2006 ("Motion for Relief'). In support of this reply, the United States states as follows:

STATEMENT

On September 27, 2006, Deseret Management Corporation ("DMC") served its First Request for Production of Documents on the United States (a copy of which is attached hereto as Exhibit A). Six of DMC's nineteen requests for production of documents (*see* Exhibit A, Requests Nos. 7, 10, 11, 12, 13-14) seek documents that refer or relate to the work done and materials provided to Dr. David K. Bivins, as a contract employee and consultant of the IRS,

with respect to the valuation of the television station assets at issue in this case. Dr. Bivins was retained by the IRS as a consulting expert to provide appraisal services in connection with the examination of DMC for the years in suit. As set forth in the Motion for Relief (at p. 2) the IRS did not initially consider the audit documents retained by the consultant to be responsive to plaintiff's discovery requests. However, to insure full compliance with the Court's order, counsel for the IRS contacted Dr. Bivins and requested that he return the taxpayer return information, data, records or other materials furnished or obtained in connection with his work for the IRS as required by contract. An excerpt from the March 2000 contract between Dr. Bivins and the IRS is attached hereto as Exhibit B[1] and it provides in part as follows:

1. "The contractor shall return, or dispose of, the taxpayer information, data, records, etc. furnished or obtained under this contract . . . " *See* Exhibit B, ¶1052.224.9000(a)(4);(b)(8) and (c)(9) at pp. 6231-6232.

2. The appraisal [expert] report (s) becomes the sole property of the Government . . ." *Id*. at p. 6232.

3. "Each officer or employee of any person (contractor or subcontractor) . . . to whom returns or return information is or may be disclosed shall be notified . . . that returns or return information disclosed to such officer or employee can be used only for a purpose and to the extent authorized herein, and that further disclosure of any such returns or return information for a purpose or to an extent unauthorized herein constitutes a felony punishable upon conviction by a fine . . . or imprisonment. . ." *Id.* ¶ 1052.224-9001(a) at p. 6242.

---

[1] Dr. Bivins had other contracts with the IRS. The March 2000 contract stems from earlier work done by Dr. Bivens and extends his consultation with the IRS. (*See* Ex. B at p. 6220.)

4. "Only those inspections or disclosures authorized in writing by the Contracting Officer may be made . . ." *Id.* ¶ 1052.224-90006(b) at p. 6243

A copy of the March 2000 contract for Dr. Bivins was provided to DMC on November 15, 2006, in connection with Defendant's Response to Plaintiff's First Request for Production of Documents.

On November 15, 2006, DMC served a Notice of Deposition for David K. Bivins and a Subpoena Duces Tecum for the taking of Dr. Bivins deposition on December 12, 2006, and the production of documents. The majority of the documents sought pursuant to the subpoena duces tecum to Dr. Bivins are documents which relate to his work as a consulting expert for the IRS. As set forth above, those documents have also been requested from the United States by DMC in its First Request for Production of Documents.

Counsel for DMC has spoken with Dr. Bivins and made a written request that he not transfer documents responsive to the subpoena to the Government before the date of the deposition, absent further direction from the Court. (*See* Pl. Opp. at p. 3.) Counsel for the IRS has requested that Dr. Bivins promptly return the records he retained to the IRS.

ARGUMENT

I.

THE UNITED STATES NEEDS RELIEF FROM THE NOVEMBER 14, 2006 ORDER BECAUSE IT HAS NOT PRODUCED ALL DOCUMENTS IN ITS "POSSESSION, CUSTODY OR CONTROL"

RCFC 34 provides that "Any party may serve on any other party a request (1) to produce . . . any tangible things which constitute or contain matters within the scope of RCFC 26(b) and which are in the possession, custody *or control* of the party upon whom the request is served

. . .” Production under RCFC 34 is not limited to material in the possession of a party but it requires production of documents or things that are in a party’s possession, custody *or control*.

The United States has control of the taxpayer information, data, records and other materials furnished or obtained by Dr. Bivins pursuant to his contractual agreement with the IRS. The contract which Dr. Bivins entered into with the IRS in March 2000 (*see* Exhibit B at pp. 6231-6232) provides that Dr. Bivins, as a contract employee, is required to return to the IRS (or to dispose of) the taxpayer information, data, and records that were furnished by the IRS or were obtained by Dr. Bivins in the course of completing his work under the contract. The contract specifies that the appraisal reports become the sole property of the Government. (*Id*. at p. 6232.) In addition, under the contract the inspection by or disclosure of tax return or return information to anyone other than an officer or employee of the contractor requires prior written approval of the IRS. (*Id*. at p. 6243.)

In analyzing the Government’s obligation under RCFC 34, actual possession of documents is not necessary if the party has control over those documents. *See* 7 Moore, *Moore’s Federal Practice* § 34. 14[2][b] (3d ed.). Control can be found where a party has a legal right to obtain the documents requested upon demand. *See Cabot v. United States*, 35 Fed. Cl. 80, 83 (1996); *Searock v. Stripling*, 736 F. 2d 650 (11th Cir. 1984). The IRS has the legal right to demand the return of the documents retained by Dr. Bivins which were obtained either from the IRS or from other sources during the course of his employment. DMC is misleading when it states (Pl. Opp. at 4), “nor is DKB [Dr. Bivins] in the Government’s control.” While defendant’s attorneys, as a practical matter, lack the ability to “control” Dr. Bivins behavior, Dr. Bivins’ contractual agreement with the IRS requires that he return to the IRS or dispose of the materials

which he obtained as a result of his contract. The Government may lack practical "control" of Dr. Bivins, but it has legal "control" of the documents for purposes of Rule 34.

The fact that the Government has responded in part to DMC's Request for Production does not make the motion for relief moot or unnecessary. There are additional documents which Dr. Bivins has retained which are potentially responsive to DMC's Request for Production. There may also be documents retained by Dr. Bivins which the Government may determine are privileged or prohibited from disclosure under I.R.C. § 6103. In contacting Dr. Bivins, and advising him to withhold documents from the Government, counsel for DMC has improperly interfered with the IRS's contractual rights and with the Government's ability to fully respond to DMC's Request for Production of Documents.

II

DOCUMENTS RETAINED BY DR. BIVINS WHICH WERE FURNISHED BY THE IRS OR OBTAINED IN CONNECTION WITH WORK DONE FOR THE IRS BELONG TO THE GOVERNMENT

DMC is misguided in its assertion (Pl. Opp. at p. 4-5) that the documents retained by Dr. Bivins are third-party documents. Dr. Bivins is a third-party, but the documents retained by Dr. Bivins, which were either furnished by the IRS or obtained in connection with his work for the IRS, belong to the IRS pursuant to the provisions of the contract under which Dr. Bivins was employed. As set forth above, the March 2000 contract requires that Dr. Bivins return to the IRS or dispose of all taxpayer information, data, records or other materials which were furnished by the IRS or were obtained by him under the contract. (*See* Exhibit B at pp. 6231-6232.) Under the terms of the contract, inspections or disclosures of the tax return material provided to Dr. Bivins or obtained by him require authorization in writing by the IRS. (*Id*. at p. 6243.) In addition,

under the terms of the March 2000 contract, the appraisal report(s) becomes the sole property of the Government (*id*. at p. 6232). Moreover, the unauthorized disclosure of return or return information by Dr. Bivins may lead to both criminal and civil penalties. *(Id*. at p. 6242.)

DMC is simply incorrect when it states (Pl. Opp. at p. 4) that "the Government seeks to interfere with DMC's right to take third-party discovery." The documents at issue, those retained by Dr. Bivins as a result of his work as a contract employee for the IRS, are not "third-party" documents; rather, under the terms of the agreement entered into by Dr. Bivins, those documents belong to the IRS. DMC is also wrong when it asserts (Pl. Opp. at p. 5), "For years the Government has had neither possession, nor custody, nor control of the DKB [Dr. Bivins] documents." Under the terms of the March 2000 contract, the IRS has control of the documents retained by Dr. Bivins; and because the documents belong to the IRS, any applicable privilege may also be asserted with respect to those documents. Similarly, any prohibition preventing disclosure under I.R.C. § 6103 would also apply to those documents.

DMC is correct when it asserts (Pl. Opp. at p. 5) that "From the Government's perspective . . . whatever DKB [Dr. Bivins] did is of no probative value in the action." However, the documents which Dr. Bivins retained must by contract be returned to the IRS. Since the IRS has control over these documents they are subject to production under RCFC 34, absent any privilege or disclosure prohibitions.

WHEREFORE, defendant requests that its motion be granted.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

December 1, 2006