# ORDER FOR SUPPLIES OR SERVICES

PAGE 1 OF 28 PAGES

**IMPORTANT: Mark all packages and papers with contract and/or order numbers.**

1. DATE OF ORDER: 3 Mar 2000
2. CONTRACT NO. (if any):
3. ORDER NO.: TIRWR-00-P-00381
4. REQUISITION/REFERENCE NO.: 9-0-41-21-02-A02
5. ISSUING OFFICE (Address correspondence to): INTERNAL REVENUE SERVICE irs0093
Western Procurement Branch (A:P:R:WR)
1650 Mission Street, Room 310
San Francisco, CA 94103

6. SHIP TO:
a. NAME OF CONSIGNEE: INTERNAL REVENUE SERVICE 80204004
b. STREET ADDRESS: 1244 SPEER BLVD., SUITE 550
c. CITY: DENVER
d. STATE: CO
e. ZIP CODE: 80204
f. SHIP VIA: Kaye Barrett

7. TO:
a. NAME OF CONTRACTOR: DKB CONSULTING 00046628
b. COMPANY NAME: ATTN: DAVID K. BIVINS Phone: 609-799-3298
c. STREET ADDRESS: 7 BERKSHIRE DRIVE
d. CITY: PRINCETON
e. STATE: NJ
f. ZIP CODE: 08550

8. TYPE OF ORDER
[X] a. PURCHASE
REFERENCE YOUR: 03/03/00 Quote
Please furnish the following on the terms and conditions specified on both sides of this order and on the attached sheet, if any, including delivery as indicated.
[ ] b. DELIVERY – Except for billing instructions on the reverse, this delivery order is subject to instructions contained on this side only of this form and is issued subject to the terms and conditions of the above-numbered contract.

9. ACCOUNTING AND APPROPRIATION DATA: 2000 0913 26090941 0941 31 BOC: 2511
10. REQUISITIONING OFFICE: E:2:19

11. BUSINESS CLASSIFICATION (Check appropriate box(es))
[X] a. SMALL [ ] b. OTHER THAN SMALL [ ] c. DISADVANTAGED [ ] d. WOMEN-OWNED

12. F.O.B. POINT: DESTINATION
13. PLACE OF
a. INSPECTION: Destination
b. ACCEPTANCE: Destination
14. GOVERNMENT B/L NO.:
15. DELIVER TO F.O.B. POINT ON OR BEFORE (Date): 06/09/2000
16. DISCOUNT TERMS: Net Due: 30

## 17. SCHEDULE (See reverse for Rejections)

| ITEM NO. (a) | SUPPLIES OR SERVICES (b) | QUANTITY ORDERED (c) | UNIT (d) | UNIT PRICE (e) | AMOUNT (f) | QUANTITY ACCEPTED (g) |
|---|---|---|---|---|---|---|
| 0001 | Professional Services Phase I Estimated Labor Hours | 72.00 | HR | 125.0000 | 9,000.00 | |
| 0002 | Direct Project Non-Travel Costs and Related Expenses (Provide written description for reimbursement of costs. If none, enter zero). | 1.00 | LO | 375.0000 | 375.00 | |
| 0003 | Professional Services Phase II Estimated Labor Hours | 40.00 | HR | 125.0000 | 5,000.00 | |
| 0004 | Direct Project Non-Travel Costs and Related Expenses (Provide written description for | 1.00 | LO | 125.0000 | 125.00 | |

18. SHIPPING POINT:
19. GROSS SHIPPING WEIGHT:
20. INVOICE NO.:

SEE BILLING INSTRUCTIONS ON REVERSE

21. MAIL INVOICE TO:
a. NAME: IRS/IRS-ADMINISTRATIVE SERVICES CENTER
b. STREET ADDRESS (or P.O. Box): PO BOX E TELEPHONE # (304) 256-6000
c. CITY: BECKLEY
d. STATE: WV
e. ZIP CODE: 25802

17(h) TOT. (Cont. pages): 0.00
17(i) GRAND TOTAL: $14,500.00

22. UNITED STATES OF AMERICA BY (Signature) Cathy P. Handy
23. NAME (Typed): Cathy P. Handy 415-575-7594
TITLE: CONTRACTING/ORDERING OFFICER

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

OPTIONAL FORM 347 (REV. 6/95)
Prescribed by GSA/FAR 48 CFR 53.213(e)

DEFENDANT'S EXHIBIT B

STATEMENT OF WORK

TAXPAYER: DESERET MANAGEMENT CORP. AND SUBSIDIARIES

REFERENCE: INTERNAL REVENUE SERVICE
PURCHASE ORDER TIRWR-98-P-00420

BACKGROUND:

The Corporation of the President of the Church of Jesus Christ of Later-Day Saints (COP) owns all the stock of Deseret Management Company. (DMC) DMC owns all the stock of numerous operating companies, one of which is Bonneville International Corporation (BIC) located in Salt Lake City, Utah. BIC owns and operates a number of AM & FM radio stations throughout the country and one TV station. It also owns all the stock of KIRO Inc., which also owns radio stations and one TV station located in Seattle, Washington . The COP is an exempt organization which, in addition to owning DMC, owns the stock of Bonneville Holding Company (BHC), a 501(c)(2) exempt organization. BHC holds the FCC licenses and network affiliation agreements for most of the radio and TV stations owned by BIC and KIRO Inc.

On November 29, 1994, KIRO Inc. entered a stock purchase/sales agreement with A. H. Belo Corporation (BELO). This agreement required KIRO Inc to contribute it's KIRO-TV station assets as well as the assets of a production company (Third Avenue Productions) to a newly formed target company called Third Avenue Television, Inc. (TAT). The stock of TAT was to be sold to BELO for the total value of the assets transferred. Concurrent with the sale of TAT, BHC agreed to sell the related FCC license to BELO for the value of the license. The sale was pending the approval of the Federal Communication Commission which was received in January 1995. The sale was closed on 2-1-95.

The sales price was determined to be $162,500,000. Both the buyer and seller agreed to secure the services of independent appraisers, one representing the seller and one representing the buyer, in order to determine the allocation of the predetermined sales price to the individual assets. The average of the two appraisals, on an asset by asset basis, was to determine the individual asset value. BIA was selected by the seller and Harrison, Bond and Pecaro was selected by the buyer. Both appraisers used a residual approach, in that they valued the tangible assets and some intangibles. The remaining difference

in the value of these assets and the $162,500,000 was assigned to the BHC assets called "FCC License, Network Affiliation, and other unidentified intangible assets". Only BIA provided a value to any of the BHC separate intangibles. They valued the FCC license at $89,085,000.

It should be noted that CBS had given notice to KIRO-TV, prior to the sales negotiations, of their intent to terminate the affiliation agreement with KIRO-TV. This was known by both parties prior to the sale/purchase.

SUBSEQUENT ACTIVITIES BACKGROUND:

On December 17, 1998, David K. Bivins (the contractor) provided an appraisal in satisfaction of the terms of the contract. It was believed at the time of his engagement that his appraisal would provide a basis for resolving the issue between the IRS and the Taxpayer without significant further activity, or that the issue would be elevated to the next level. However, instead of potentially resolving an approximately $20 million issue, Mr. Bivins report concluded that there were specific intangibles belonging to KIRO-TV that were well in excess of $20 million and that the Taxpayer's claimed value of the FCC license was overstated resulting in a much larger issue.
Mr. Bivins' conclusions resulted in an increase to Taxpayer's income of approximately $ 42 million. At this finding, the Taxpayer hired the services of another outside independent appraiser, a Mr. Charles Kadlec, to critique Mr. Bivins' appraisal. Mr. Kadlec's appraisal critique, on the surface, appears to support the Taxpayer's original position as reported on the tax return and further appears to discredit Mr. Bivins' appraisal.

However, a close analysis of Mr. Kadlec's report reveals considerable inconsistencies and errors in his methodologies and conclusions. Mr. Bivins believes he can successfully point out these errors and reinforce his initial appraisal with a rebuttal report.

SCOPE OF WORK:

The services required under this contract will be divided into two phases which are described below.

PHASE I: Appraisal and Evaluation

CONFLICT OF INTEREST

By acceptance of this contract, the contractor agrees that if this contract is completed, or if it is terminated, cancelled or rescinded, for what ever reason, he shall be forever barred from offering his services to the other party(ies) identified in the contract. This bar is limited solely to this litigation and all appeals taken therefrom and shall not relate to other litigation and all appeals taken therefrom and shall not relate to other actions that the identified party(ies) may become involved in, whether or not the IRS is a party to any subsequent action.

SAFEGUARDS, NONDISCLOSURE AND DISCLOSURE

The following information supplements the IRSAP Disclosure of Information Clauses found at 1052.224-9000 through 1052.224-9007.

Notice to Contractor

A. Background

The use and handling of data relating to returns, taxpayers, and other individuals is governed by statutes protecting the right of individuals to privacy (Public Law 93-579); prohibiting improper disclosure of information (5 U.S.C. 552a); and protecting the confidentiality of tax information (Public Law 94-455). As an agency of the Federal Government, the Internal Revenue Service is responsible for adhering to these statutes and for ensuring that contractors processing, handling, or storing certain records and information also comply with the law. The Federal Government, its officers and employees, and contractors performing work subject to the above statutes may be subject to penalties and recourses established by law (Public Law 93-579, Public Law 94-455, Public Law 105-35, etc.) for unauthorized disclosure of information.

Statutory Basis

The Internal Revenue Service is authorized by 26 C.F.R. 301.6103(n)-1 to disclose returns and return information to officers and employees of contractors where such disclosure is necessary to perform the tax administration functions of the agency in a lawful manner provided that the officers and employees of contractors are informed of and accept the security provisions applicable to the action. With respect to inclusion

of the Privacy Act and disclosure controls and penalty provisions, it should be noted that the "Christian Doctrine" (G.L. Christian and Associates vs. United States, cite 320 F.2d Court of Claims 1963) has established conclusively that government contracts are subject to provisions required by law whether the instant provisions are contained in the contractual document or not.

Additional Safeguards, Nondisclosure and Disclosure Requirements Related to Tax Returns, Taxpayers and Other Individuals, from the Internal Revenue Service Acquisition Procedures (IRSAP) (includes revisions dated January 1998).

The contractor accepts, and agrees to, the following additional IRSAP terms and conditions. The term 'the contractor' denotes, but is not limited to, inclusion of the following: the contractor, the contractor's officers, responsible employee(s) of the contractor, agent(s) of the contractor, subcontractor(s) at any tier of the contractor, power of attorney for the contractor, and, if a business entity, includes, but is not limited to, a corporation, partnership, sole proprietorship or association.

The following clauses are appended to add additional safeguards, as indicated by the corresponding clause number and paragraph shown below. In performance of this contract, the contractor agrees to comply and assume responsibility for compliance by his/her employees with the following additional requirements:

1052.224-9000(a)(4) The contractor shall return, or dispose of, the taxpayer information, data, records, etc., furnished or obtained under this contract, in the manner(s) required in writing by the designated IRS COTR and the IRS trial attorneys only if it such costs are at no further separate cost to the Government. The IRS COTR shall send a copy of such instructions to the IRS Contracting Officer. However, if the contractor proposes to charge for such return or disposition, the contractor shall simultaneously notify the IRS Contracting Officer, the IRS COTR and IRS trial attorneys of the proposed costs and shall await further instructions from the IRS Contracting Officer prior to incurring such costs.

1052.224-9000 (b)(8) The contractor shall return, or dispose of, the taxpayer information, data, records, etc., furnished or obtained under this contract, including any films or photo impressions and reproductions made therefrom, in the manner(s) required in writing by the designated IRS COTR and the IRS trial

attorneys only if it such costs are at no further separate cost to the Government. The IRS COTR shall send a copy of such instructions to the IRS Contracting Officer. However, if the contractor proposes to charge for such return or disposition, the contractor shall simultaneously notify the IRS Contracting Officer, the IRS COTR and IRS trial attorneys of the proposed costs and shall await further instructions from the IRS Contracting Officer prior to incurring such costs.

1052.224-9000 (c)(9) The contractor shall return, or dispose of, the taxpayer information, data, records, etc., furnished or obtained under this contract, in the manner(s) required in writing by the designated IRS COTR and the IRS trial attorneys only if it such costs are at no further separate cost to the Government. The IRS COTR shall send a copy of such instructions to the IRS Contracting Officer. However, if the contractor proposes to charge for such return or disposition, the contractor shall simultaneously notify the IRS Contracting Officer, the IRS COTR and IRS trial attorneys of the proposed costs and shall await further instructions from the IRS Contracting Officer prior to incurring such costs.

INTERNAL REVENUE MANUAL REQUIREMENTS

The following provisions from Internal Revenue Manual 4000.403(24)8(j) through (n) apply.

(j) the appraisal [expert] report(s) becomes the sole property of the Government and my be used in any matter;

(k) no appraisal on the same property may be made for anyone else for two years in any proceeding against a Government agency;

(l) the Government retains the right to examine the appraiser's workpapers for two years following submission of the appraisals;

(m) all disputes will be resolved by the IRS Contracting Officer per the FAR disputes clause; and

(n) the appraiser [expert] has no financial relationship with the taxpayer or past or present interest in the property.

PAYMENT REMITTANCE

The contractor shall provide payment remittance information and invoice administrator information:

anyone other than an officer or employee of the contractor or subcontractor at any tier shall require prior written approval of the IRS. Requests to make such disclosure should be addressed to the IRS Contracting Officer.

[End of Clause]

35 1052.2249001a

IRSAP 1052.224-9001(a) Disclosure of Information--
Criminal/Civil Sanctions
(January 1998)

(1) Each officer or employee of any person (contractor or subcontractor) at any tier to whom returns or return information is or may be disclosed shall be notified in writing by the person (contractor or subcontractor) that returns or return information disclosed to such officer or employee can be used only for a purpose and to the extent authorized herein, and that further disclosure of any such returns or return information for a purpose or to an extent unauthorized herein constitutes a felony punishable upon conviction by a fine of as much as $5,000 or imprisonment for as long as five years, or both, together with the costs of prosecution. Such person (contractor or subcontractor) shall also notify each such officer and employee that any such unauthorized future disclosure of returns or return information may also result in an award of civil damages against the officer or employee in an amount not less than $1,000 with respect to each instance of unauthorized disclosure plus in the case of willful disclosure or a disclosure which is the result of gross negligence, punitive damages, plus the cost of the action. These penalties are prescribed by IRC Sections 7213 and 7431 and set forth at 26 CFR 301.6103(n).

(2) Each officer or employee of any person (contractor or subcontractor) to whom returns or return information is or may be disclosed shall be notified in writing by such person that any return or return information made available in any format shall be used only for the purpose of carrying out the provisions of this contract and that inspection of any such returns or return information for a purpose or to an extent not authorized herein constitutes a criminal misdemeanor punishable upon conviction by a fine of as much as $1,000.00 or imprisonment for as long as 1 year, or both, together with the costs of prosecution. Such person (contractor or subcontractor) shall also notify each such officer and employee that any such unauthorized inspection of returns or return information may also result in an award of civil damages against the officer or employee in an amount equal to the sum of the greater of $1,000.00 for each act of

TIRWR-00-P-00381

37 1052.224-9002

IRSAP 1052.224-9002 Disclosure of Information--Inspection
(December 1988)

The Internal Revenue Service shall have the right to send its officers and employees into the offices and plants of the contractor for inspection of the facilities and operations provided for the performance of any work under this contract. On the basis of such inspection, the Contracting Officer may require specific measures in cases where the contractor is found to be noncompliant with contract safeguards.

[End of Clause]

38 1052.224-9006

IRSAP 1052.224-9006 Nondisclosure of Information
(January 1998)

(a) Except as provided elsewhere in this contract, the contractor shall not disclose the identity of the taxpayer or property being appraised, nor the results of the appraisal except to the individual specified in this contract to receive the contractor's report.

(b) Only those inspections or disclosures authorized in writing by the Contracting Officer may be made, and only when it is clearly shown by the contractor that such inspections or disclosures are essential to successfully perform under this contract.

(c) Should a person (contractor or subcontractor) or one of his/her employees make any unauthorized inspection(s) or disclosure(s) of confidential tax information, the terms of the Default clause (FAR 52.249- 8), incorporated herein by reference, may be invoked, and the person (contractor or subcontractor) will be considered to be in breach of this contract.

[End of Clause]

39 1052.224-9007

IRSAP 1052.224-9007 Authorization to Make Limited Disclosure

The contractor is authorized to disclose the name and address of the taxpayer and/or the legal description of the property to courts of record or other sources when such disclosures are required in order to adequately accomplish the appraisal. Additional disclosures may be made only when authorized or directed by the Contracting Officer.

[End of Clause]

(End of Section)



6243