## Eric Olson

**From:** Eric Olson
**Sent:** Friday, October 27, 2006 11:33 AM
**To:** Jennifer.D.Spriggs@usdoj.gov
**Cc:** Hines, J. Michael; Mather, Judith
**Subject:** Pending Discovery Issues

Jennifer-

This e-mail is a follow up to our exchange of voicemails and our discussions at the review of the administrative file on 23 Oct 2006 as well as a follow-up on topics raised in earlier conversations.

**Request for Extension of Time on Discovery Responses**

At the conclusion of the review of the administrative file, you mentioned to me for the first time that the government needed additional time in which to respond to the Request for Production of Documents served by DMC on 27 September 2006 (responses due today). You did not indicate precisely why additional time would be needed, nor did you specify the amount of time needed. I responded that, in light of the outcome of past extensions of time in this matter, I would need something in writing explaining why an extension of time was necessary so that I could discuss the topic with care and accuracy with a skeptical client.

The next communication that I had from you was a telephone message left at 4:30 p.m., MDST, on 26 Oct 2006 (which I picked up this a.m. upon returning to the office from DC), indicating that you needed an additional thirty days to respond because, udner IRS procedures, it needs time to review the requested documents for privilege. I responded to this voicemail with my own voicemail asking that you provide me with a request in writing explaining when the IRS received the Request for Production, what it had done in the interim to comply with the request, and why additional time was needed.

As promised in the voicemail, I will present this information to the client, although I suspect that, in light of the timeline set in the 24 Oct 2006 scheduling order from the Court, DMC cannot agree to any extension in excess of seven (7) calendar days because of the disadvantage to DMC arising from longer extensions. You mentioned in your voicemail that the IRS had certain procedures to follow in reviewing materials for privilege. It would seem that, if this IRS privilege review is standard and the delay systemic, DMC will never see a response in this action that is within the time limits set by the Rules of the Court of Federal Claims. Certainly, our past experience with the IRS in addressing issues of privilege is that the Service moves very slowly and struggles to bring anything to a conclusion. Such a course in this action, given the schedule outlined in the Court's 24 Oct 2006 Order, would be highly prejudicial to DMC's discovery rights. Thus, we must insist on clear, specific written explanations of the government's position. I look forward to receiving the written request for extension outlined above.

**Copy of Administrative File**

At the conclusion of our review of the administrative file on Monday, we set out for copying a limited number of items found in the seven boxes of the administrative file. You agreed to arrange for copying of these. Please inform me of when we can expect to retrieve those copies. You should contact Judy Mather at Dow Lohnes, who will arrange for a runner to pick up the copies. If you anticipate any delay in the copying process, we will arrange for an outside copier. As you have indicated that certain items (all whole box it would appear) were withheld from production of the administrative file because the items might be subject to a claim of privilege, we requested that you promptly provide us with a log identifying those documents sufficiently to disclose the basis for any claim of privilege. Please advise me of when you will produce the privilege log. If some documents, initially withheld from production to review for privilege are not ultimately determined to be subject to a claim of privilege, please provide me with copies of those documents.

**David Bivins**

Several weeks ago, I advised you that DMC wishes to talk with and/or take the deposition of Mr. Bivins, the IRS's outside expert in connection with the attack on DMC's reporting of the KIRO transaction and the formulation of the thirty-day letter. I indicated that, since your initial disclosures state that the government currently has no expert, we believed it appropriate to approach Mr. Bivins directly. Howeve, as a courtesy, I afforded you the opportunity to advise me whether or not, in view of Mr. Bivins' previous employment by the government, you would take the position that I could not contact him directly to arrange for a deposition. I have not heard from you on this point. Again, with the schedule set by Judge Hewitt, we need to know immediately where the government stands so we can make necessary arrangements for the deposition. It would also be helpful to know your availability for a deposition between now and 15 Dec 2006. We will also want to depose Monty Careswell out of Denver so you might contact him as well on this point.

I look forward to hearing from you.

**Eric C. Olson**
**(801) 321-4818**

**Eric Olson**

**From:** Eric Olson
**Sent:** Friday, November 10, 2006 8:46 AM
**To:** 'Jennifer.D.Spriggs@usdoj.gov'
**Cc:** 'Hines, J. Michael'; 'Mather, Judith'; Ken Birrell
**Subject:** RE: DMC v. U.S.

Jennifer-

At present, Bivins and Careswell are the two fact witnesses whose testimony we would seek before the end of the year. We may also want to depose Neal Nelson, depending on what Bivins and Careswell say.

Further down the road, I cannot rule out the possibility of other depositions as we obtain documents and receive discovery responses. Thus, it is not likely to be "just Mr. Bivins and Mr. Careswell" in the long run but they are the only indicated fact witnesses in the short run.

Eric C. Olson
(801) 321-4818

-----Original Message-----
From: Jennifer.D.Spriggs@usdoj.gov [mailto:Jennifer.D.Spriggs@usdoj.gov]
Sent: Thursday, November 09, 2006 8:21 AM
To: Eric Olson
Subject: RE: DMC v. U.S.

Please confirm the names of the individuals that you plan to depose. Is it just Mr. Bivins and Mr. Careswell?

-----Original Message-----
From: eolson@kmclaw.com [mailto:eolson@kmclaw.com]
Sent: Wednesday, November 08, 2006 1:20 PM
To: Spriggs, Jennifer D. (TAX)
Cc: mhines@dowlohnes.com; jmather@dowlohnes.com; florencesc@deseretmgt.com; kbirrell@kmclaw.com
Subject: DMC v. U.S.

Jennifer-

I am following up on my request set forth below. It has now been nearly ten days since I sent you this e-mail as a follow-up to previous e-mails and conversations. With the deadlines set by the Court in the Scheduling Order and in the absence of any information from you regarding a preferred schedule, I will soon be forced to move forward unilaterally to set deposition dates. I would like to proceed on depositions in a cooperative manner, but the threshold question regarding Mr. Bivins' status has been pending for over a month. My inquiries regarding Mr. Careswell have also gone unanswered.

With the holidays nearly upon us and given the distances involved to take any discovery, we need to take some action to complete discovery.

Thanks for your anticipated cooperation.

I am also attaching electronic copies of the discovery served today in the hope that it will be of assistance in expediting response.

Eric C. Olson
(801) 321-4818

-----Original Message-----
From: Eric Olson
Sent: Monday, October 30, 2006 3:44 PM

To: Jennifer.D.Spriggs@usdoj.gov
Subject: RE: DMC v. U.S. -- First Amended Initial Disclosures

Jennifer-

Thank you for the update. Please encourage the IRS to move quickly to respond on Bivins. I also look forward to receiving notice of your schedule so we can plan initial depositions of government-related fact witnesses well before the end of the year.

Eric C. Olson
(801) 321-4818

-----Original Message-----
From: Jennifer.D.Spriggs@usdoj.gov [mailto:Jennifer.D.Spriggs@usdoj.gov]
Sent: Monday, October 30, 2006 2:47 PM
To: Eric Olson
Subject: RE: DMC v. U.S. -- First Amended Initial Disclosures

The documents were picked up by the courier. I forwarded your request to the IRS regarding David Bivens. I will notify you once the IRS advises me whether there are any potential disclosure issues.

-----Original Message-----
From: eolson@kmclaw.com [mailto:eolson@kmclaw.com]
Sent: Monday, October 30, 2006 3:26 PM
To: Spriggs, Jennifer D. (TAX)
Subject: DMC v. U.S. -- First Amended Initial Disclosures

<<DMC First Amended Initial Disclosures.pdf>> Jennifer-

Attached is DMC's First Amended Initial Disclosures. It came to my attention recently that I had included an incorrect name in the original disclosures. Please call with any questions.

On two other matters:

1) Our DC counsel Ms. Mather has indicated that, consistent with your representation to me last Friday that the copies requested a week ago are ready, she has attempted to retrieve the documents today without success. Could you please advise me regarding the status of the copies and when counsel will be able to have runner pick them up?

2) I have still not heard back from you regarding the status of Mr. Bivins. Given the time that has passed since my initial inquiry, a prompt reply would be most appreciated.

Eric C. Olson
(801) 321-4818