# In the United States Court of Federal Claims

No. 06-86 T
(E-Filed: December 7, 2006)

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | ) | Motion for Reconsideration; Failure to Comply with RCFC 8(b); Appropriateness of Removing Limit of 25 Interrogatories. |

Eric C. Olson, Salt Lake City, UT, for plaintiff.

Jennifer Dover Spriggs, with whom were Eileen J. O'Connor, Assistant Attorney General, and David Gustafson, Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, DC, for defendant. Steven I. Frahm, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, of counsel.

## ORDER

### I. Background

Plaintiff Deseret Management Corporation (DMC) alleges that the United States, acting through the Internal Revenue Service (IRS or government), erroneously assessed and illegally collected income taxes. Complaint (Pl.'s Compl.) 1. Plaintiff filed its complaint against defendant on February 3, 2006. Id. The complaint contains 119 numbered paragraphs that describe the parties, jurisdictional grounds, procedural history, valuation methodologies, and specific allegations of miscalculations by the IRS. Pl.'s Compl. passim. The complaint also attached the following seven documents as exhibits: Thirty-day Letter dated March 28, 2003 issued by the government; Notice of Deficiency dated April 4, 2005 issued by the government; Amended DMC Tax Return for 1995; Amended DMC Tax Return for 1996; Amended DMC Tax Return for 1997; Amended

DMC Tax Return 1998; and Waiver of Statutory Notification of Claim Disallowance dated November 10, 2005. Pl.'s Compl. Exs. A-G.

Defendant filed its answer on June 30, 2006, Answer (Def.'s Answer) 1, which was 147 days after plaintiff filed its complaint. The Rules of the Court of Federal Claims (RCFC) require that defendant file its answer within 60 days of the complaint. RCFC 12(a)(1) (2006). Defendant requested four enlargements of time, see Motions to Extend Time dated Mar. 28, 2006, May 17, 2006, June 19, 2006, and June 21, 2006 (collectively, Motions to Extend Time), each of which the court granted, see Orders dated Mar. 28, 2006, May 19, 2006, June 21, 2006, and June 23, 2006. Defendant's counsel requested enlargements of time in order to obtain the relevant records from the IRS and prepare a "meaningful" response, Motion to Extend Time 1, dated Mar. 28, 2006, review the supplemental materials provided by defendant, Motion to Extend Time 1-2, dated May 17, 2006, and allow for a supervising attorney to review the response, Motion to Extend Time 2, dated June 19, 2006; Motion to Extend Time 1, dated June 21, 2006.

Defendant's answer follows the 119-paragraph format of plaintiff's complaint. Def.'s Answer passim. In response to sixty-nine of plaintiff's allegations, defendant averred that its attorneys then lacked sufficient information to form a belief as to the truth of the allegations. Id. With respect to the exhibits attached to plaintiff's complaint, defendant admitted "only that a copy of [each] document is attached to the complaint." Def.'s Answer ¶¶ 8, 15, 22, 46; accord id. at ¶ 21.

DMC filed Plaintiff's Motion to Strike Answer (Pl.'s Mot.), alleging that defendant's Answer violated RCFC 8(b) because its responses to sixty-nine of the allegations spoke only to the attorneys' knowledge, not that of the party defendant, Pl.'s Mot. ¶ 3, and its responses to the exhibits attached to the complaint were "non-responsive and immaterial," id. at ¶ 6. On October 18, 2006, the court filed an order granting plaintiff's motion. See Order of Oct. 18, 2006 (Order). The court held that defendant's answer did not conform to the requirements of RCFC 8(b) and that defendant had failed properly to respond to the exhibits contained in plaintiff's complaint. Id. at 5. The court stated that "[d]efendant's failure to comply with RCFC 8(b) makes the discovery process more difficult for plaintiff," id. at 5, and that "[i]n order to provide redress for that difficulty and to avoid delay . . . . plaintiff shall be entitled to serve interrogatories numbering in excess of 25," id.

Now before the court are defendant's Motion for Reconsideration in Part, and Request for Oral Argument (Def.'s Mot.) and plaintiff's Opposition to Motion for Reconsideration (Pl.'s Opp.). Defendant requested an oral argument, see Def.'s Mot. 1, but did not file a reply. The court held an oral argument on November 29, 2006. See

generally Oral Argument Transcript, Nov. 29, 2006 (Tr.). Defendant argues that its Answer did not merit any "sanction"[1] because the Answer could not "make the discovery process difficult for [plaintiff]." Def.'s Mot. 9-10. Plaintiff asserts that the court was correct in permitting plaintiff to serve more than 25 interrogatories because defendant has "failed to provide anything meaningful or responsive" thus far, and that those additional interrogatories are necessary "to determine what the Government's position is in this litigation and the evidentiary support it has for its position." Pl.'s Opp. 4. For the following reasons, defendant's motion is DENIED.

## II. Discussion

### A. Standard for Reconsideration

The decision to grant or deny a motion for reconsideration is within the court's sound discretion. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (holding that "the decision whether to grant reconsideration lies largely within the discretion of the [trial] court"). RCFC 59 sets out that "reconsideration may be granted . . . for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1). In order to prevail on a motion of reconsideration, a party must show "manifest error of law, or mistake of fact." Coconut Grove Entm't, Inc. v. United States, 46 Fed. Cl. 249, 255 (2000); see also Bishop v. United States, 26 Cl. Ct. 281, 284 (1992).

### B. Whether Defendant's Answer Complied with Law

Defendant argues that the Answer it filed did not merit any "sanction." Def.'s Mot. 2. Defendant supports its assertion by citing Rule 37(a) of the former Court of Claims, RCFC 8(b), and section 520 of title 28 of the United States Code. Id. at 2-4. Defendant also claims that plaintiff's dissatisfaction with its Answer actually arises from plaintiff's own failure to comply with the rules by not filing a shorter complaint. Id. at 6-7. Plaintiff argues that the court was correct in the consideration it had afforded plaintiff because defendant failed "to provide anything meaningful or responsive at the pleading stage." Pl.'s Opp. 4. Plaintiff asserts that it will require more than 25 interrogatories in order to determine defendant's position in this case and its evidentiary support for that position. Id. at 2.

In support of its assertion that defendant's Answer did not warrant any "sanction,"

---

[1]The court notes that the term "sanction" is one used by the defendant only, not by the court. See infra page 4.

defendant first cites Rule 37(a) of the former Court of Claims. Def.'s Mot. 2. Defendant argues that its attorneys in the Tax Division have followed the language of the rule, that "[i]f the attorney for a party . . . is unable to obtain knowledge or information sufficient for him to form a belief as to the truth of an averment, the answer shall so state and such statement shall have the effect of a denial," id. at 2-3 (citation omitted), even though the language was changed in 1982 with the creation of the United States Claims Court, the immediate predecessor to this court, id. at 3. Defendant states that, because it is the regular practice of its attorneys to use such language, plaintiff was not "singled out from other taxpayers for special treatment adopted for tactical advantage." Id.

The court notes that the term "sanction" is used only by the defendant, not by the court. In its Order, the court referred to its expansion of plaintiff's allotted interrogatories as a "remedy," not a sanction. Order 5. "[F]ederal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). That power has been held to include the ability to order sanctions, including default or dismissal. See In re: Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (holding that "[o]rderly and expeditious resolution of disputes is of great importance to the rule of law" and that courts "have an inherent power to control their dockets" (citing Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986))). However, this court merely ordered a remedy and granted the plaintiff permission to seek more than 25 interrogatories from defendant. Defendant's counsel admitted in oral argument that the court's "discretion to manage [its docket] is very broad," Tr. 11:8, and stated that the court did not abuse its discretion in ordering such a remedy, id. at 11:13-16. The court has wide discretion to employ remedies to expedite proceedings before it, and that is exactly what it did when it expanded plaintiff's allotted interrogatories.

Additionally, Defendant's reliance on Rule 37(a) of the former Court of Claims is misplaced. That rule was changed twenty-four years ago and has since made the party the source of information or knowledge when responding to a complaint. See RCFC 8(b) (stating that the "party shall state . . . the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies"). Whether or not defendant's attorneys have followed the proper language guidelines over the past twenty-four years is not dispositive for the court. RCFC 8(b) was enacted in 1982, and, since that time, parties are directed to speak from the parties' knowledge or information when answering a complaint. The court simply determined in its Order that defendant's Answer failed properly to follow the rule that is currently in effect, RCFC 8(b). Order 5. The court reaffirms that holding here because defendant's longstanding practice does not excuse defendant's failure to comply with the applicable rule.

Defendant argues that "[c]ourts have held that a party need not use the precise language of [RCFC] 8(b) in order to comply with the rule." Def.'s Mot. 3. In support of that assertion, defendant cites Caterpillar Tractor Co. v. International Harvester Co., 106 F.2d 769, 772 (9th Cir. 1939) (Caterpillar) and Barthel v. Stamm, 145 F.2d 487, 489 (5th Cir. 1944). Defendant's reliance on these cases is misplaced. With regard to Caterpillar, the question submitted to the court concerned whether the trial court had erred in granting the plaintiff's motion for judgment on the pleadings. Caterpillar, 106 F.2d at 772. The defendant had stated that its "party is without any knowledge," id., rather than following exactly the language of RCFC 8(b) that "a party is without knowledge," RCFC 8(b). The court does not deem the difference between "without any knowledge" and "without knowledge" in the Caterpillar case comparable to the deficiencies in defendant's Answer. Defendant answered sixty-nine of plaintiff's allegations with the statement that its attorneys were without knowledge or information. Def.'s Answer passim. As this court stated in its Order, such answers did not conform to the requirements of RCFC 8(b) because they do "not give any indication as to the level of knowledge or information of the government." Order 4. Similarly, the defendant in Barthel used language not identical to RCFC 8(b), stating that "for lack of sufficient information he can neither affirm nor deny" plaintiff's allegations, and the court accepted that phrase as compliant with the rule. Barthel, 145 F.2d at 489. The court does not view Barthel as analogous to this case. The language used by the defendant in Barthel did not substantively change the meaning of its denials to something other than what is delineated by RCFC 8(b). Defendant's denials in its Answer, however, involve a substantive change. By speaking from the attorney's knowledge or information, as distinguished from the party's, defendant did not fulfill the requirements of RCFC 8(b). As the court held in its Order, RCFC 8(b) "specifies that a party's defense to each claim asserted should be based upon the knowledge of the party itself." Order 3. Under a plain language reading of RCFC 8(b), "the rule's consistent specification of 'a party' means that defendant's response must speak to the party's knowledge or belief." Id. at 3-4.

Defendant claims that there is no difference between its responses in its initial Answer and Amended Answer because "the result is the same - an effective denial of the allegation." Def.'s Mot. 4. The court does not agree. The court believes that there is a significant, substantive difference between speaking from the knowledge of the party and speaking from the knowledge of the party's attorneys. When speaking from the attorneys' viewpoint, defendant's counsel communicates that it has not consulted adequately with its executive branch client and is unable to speak from the client's perspective. This is troubling to the court because it forecasts potentially lengthy delays in the litigation process, something that would impede the court's goal "to secure the just, speedy, and inexpensive determination of every action." RCFC 1. The Tax Division has recently informed the court that it expects to follow the Civil Division in "adopt[ing] a

practice consistent with the literal language of RCFC 8(b) (i.e., pleading lack of knowledge by defendant, not by defendant's attorneys)." Def.'s Mot. 4.

Defendant also argues that its revisions in its Amended Answer "do[] not have any real impact in this action," id. at 6, because its Answer "reflected the appropriate information," id. at 4 (emphasis omitted). Defendant asserts that the nature of taxpayer refund lawsuits are different than other suits before the court because the government agency in such cases, the IRS, "is not a party to the taxpayer's transactions when they occur," so the IRS relies on information from the taxpayer. Id. at 5. The court recognizes that taxpayer refund lawsuits may differ from government contract, takings, or other cases that come before it, but such differences do not excuse defendant from complying with the rules. Defendant's Answer was deficient not because of the party's lack of information but because the Answer did not speak to the party's knowledge or information. See Order 5. If, as defendant states, it is true that plaintiff "has all of the information," Def.'s Mot. 5, and defendant "has, if any, selective information that was previously provided to the IRS by the taxpayer," id. at 6, defendant could have relayed that in its original Answer by speaking from the party's knowledge and not from the attorneys' knowledge. Doing so would have avoided the appearance that defendant's attorneys are not consulting with their client - with possible resulting delay. Before filing its original Answer, defendant requested and received four extensions of time so that it might prepare a "meaningful" response. See Motions to Extend Time; Orders dated Mar. 28, 2006, May 19, 2006, June 21, 2006, and June 23, 2006. As this court found, the original Answer was deficient because it failed to comply with RCFC 8(b). Order 5. Defendant was required to file and did file an Amended Answer in response. See Def.'s Amended Answer. The court views defendant's repeated requests for extensions of time and filing of an initially non-compliant Answer as having resulted in delay. Defendant has not made clear the basis upon which it intends to defend against plaintiff's allegations. Without this information, plaintiff is effectively unable to litigate its case. RCFC 1 requires that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." RCFC 1.

Defendant asserts that plaintiff's "dissatisfaction" with defendant's Answer stems from "plaintiff's own failure to comply with the rules." Def.'s Mot. 6 (emphasis omitted). Defendant argues that plaintiff did not follow RCFC 8(e) because its allegations are not "simple, concise, and direct." Id. at 6-7 (citing RCFC 8(e)). The court is not persuaded by defendant's argument. If defendant objected to the form of plaintiff's complaint, it could have brought a timely motion before the court. Instead, defendant filed four motions to extend time and then filed a non-compliant Answer.

Finally, defendant argues that its Answer "did not prejudice plaintiff or delay the

progress of this lawsuit." Def.'s Mot. 8 (emphasis omitted). Defendant then asserts that the so-called "sanction" imposed upon it by the court's Order "is not appropriate in this tax refund suit," id. at 9 (emphasis omitted), because the "lawsuit is about [plaintiff] and most or all of the relevant information in this case will come from [plaintiff] or related entities." Id. However, defendant still has not explained to plaintiff or the court its basis for defending this lawsuit, and it is unclear to the court why the achievement of the goal articulated in RCFC 1, "to secure the just, speedy, and inexpensive determination of every action," would not be furthered by plaintiff's learning the basis for defendant's denial of plaintiff's refund request. Only defendant can fill a major gap that exists currently in this case: the basis on which defendant will defend against plaintiff's allegations. Because there are many subordinate asset valuation issues involved in the disputed valuation in this case, Pl.'s Compl. passim, the court determined, in the exercise of its discretion efficiently to manage cases, that plaintiff is entitled to additional interrogatories beyond the 25 granted by RCFC 33(a) in order to address the opaqueness of defendant's position and to avoid further delay.

## III. Conclusion

For the foregoing reasons, defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge