# Exhibit C

## Government's Second Supplemental Log I

## PRIVILEGE LOG FOR DECEMBER 7, 2006, PRODUCTION

"Log" of Additional Documents potentially responsive to Plaintiff's First Request for Production of Documents to Defendant which are subject to attorney client privilege, attorney work product privilege, personal privacy and privilege from production by reason of I.R.C. § 6103 include the following:

**Bates No. 2SUPP00001-00006.** This is a copy of a proposed Statement of Work to be submitted as part of the request for the expert services contract for David K. Bivins with a fax cover sheet from Neal Nelson, Revenue Agent (Salt Lake City) to David K. Bivins, an expert from New York hired by the Service to assist the audit team. The copy was sent via Fax on April 30, 1998 from Neal Nelson to David K. Bivins. The Service asserts executive privilege for the proposed Statement of Work because it is not final and contains information that was a part of the deliberative process of negotiating with and obtaining the services of a non-governmental expert. The Service does not assert any privilege for the fax cover sheet.

**Bates No. 2SUPP00007-00011.** This undated document is duplicative of Bates No. 2SUPP00001-00006 with the exception of the handwritten notes and other marks that were part of the editing and commenting process. This document did not contain a fax cover sheet. The editing marks were largely made by Mark H. Howard, Senior Counsel, formerly Special Litigation Assistant (Salt Lake City). One of the editorial comments was made by Neal Nelson. The Service asserts executive privilege for this proposed document because it is not final and contains information that was a part of the deliberative process of negotiating with and obtaining the services of a non-governmental expert.

**Bates No. 2SUPP0012-00033.** This undated document is an unsigned document that starts with a Table of Contents and contains an Executive Summary and attachment a. The Table of Contents addresses Issues 1 through 4 and identifies the KIRO issue as Issue # 1. The Executive Summary and attachment a deal with Issue #1, KIRO-TV. Attachment a contains notes and markings made by David K. Bivins which reflect his analysis and deliberations on the KIRO issue. The Service asserts executive privilege for the entire document as it appears to be a briefing paper prepared for Service use and as it contains the analysis and deliberations of the expert hired to assist the audit team at a time before the issuance of the notice of deficiency.

**Bates No. 2SUPP00034.** Memorandum dated April 18, 1998 from David Bivins to Neal Nelson concerning additional suggestions in reference to the Proposed Statement of Work. The Service asserts executive privilege for this document as it contains the analysis and deliberations of David Bivins on the work he needed to do as an expert to assist the audit team.

**Bates No. 2SUPP00035.** Memorandum dated April 18, 1998 from David Bivins to Neal Nelson concerning additional suggestions in reference to the Proposed Statement of Work. The Service asserts executive privilege for this document as it contains the analysis and deliberations of David Bivins on the work he needed to do as an expert to assist the audit team.

**Bates No. 2SUPP00036.** Memorandum dated May 8, 1998 from David Bivins to Neal Nelson. The memorandum contains a request for certain information and documents which were part of the deliberative process. The Service asserts executive privilege for this document as it contains the analysis and deliberations of David Bivins on the work he needed to do as an expert to assist the audit team.

**Bates No. 2SUPP00037-00039.** E-mail dated June 19, 1998, from David Bivins to Neal Nelson with an attached press release. The Service asserts executive privilege for the e-mail as it deals with the analysis on the possible impact on the valuation issue of the relationship between KIRO and the Seattle Mariners. The Service does not claim any privilege for the attachment to the e-mail and will release it.

**Bates No. 2SUPP00040.** An undated fax cover sheet from David Bivins to Neal Nelson which refers to a one page attachment. The attachment was not present. Reference is made to the Statement of Work and suggestions are made as to language. The fax also is a request to discuss certain questions. The Service asserts executive privilege for the document because it contains information that is part of the deliberative process in the audit and in the preparation of the expert's report.

**Bates No. 2SUPP00041-00044.** An undated fax cover sheet from David Bivins to Monty Careswell, IRS Valuation/Economist Specialist, LMSB (Denver), with an attachment dated November 11, 1998. The attachments are preliminary schedules and suggested calculations by the expert that were part of the deliberative process. The Service asserts executive privilege for the entire document as all pages deal with the deliberations and analysis by David Bivins as an expert assisting the audit team. The Service asserts personal privacy privilege for the home telephone number of Monty Careswell listed on Bates No. 2SUPP00041.

**Bates No. 2SUPP00045-00050.** A printed review of Bivins' draft appraisal prepared by Monty Careswell with an attached fax cover sheet from M.A. Careswell, CPA IRS (Monty) to David K. Bivins, DKB Consulting. This documents shows a fax transmittal date of December 3, 1998. The review prepared by Mr. Careswell includes questions posed to Mr. Bivins. The Service asserts executive privilege for the document because it contains the deliberations and analysis of Mr. Careswell as part of the audit process.

**Bates No. 2SUPP00051.** Fax cover sheet dated December 15, 1998, from David K. Bivins to Monty Careswell and Neal Nelson. The fax cover sheet refers to an attachment, but the attachment was not with the fax cover sheet. The fax cover sheet contains a summary of changes and additions made in the draft report. The Service asserts executive privilege because the document contains information that is deliberative and was part of the audit process prior to the issuance of the notice of deficiency.

**Bates No. 2SUPP00052.** Fax cover sheet from David K. Bivins to Monty Careswell and Neal Nelson dated December 15, 1998. The fax cover sheet makes reference to an attached Part 2 of a draft that was not with the cover sheet. This document contains hand-written notes from David Bivens to Monty Careswell. This document describes additional changes made to the Bivins report. The Service asserts executive privilege because the document provides insight into the deliberative process used in the preparation of the report ultimately prepared by Mr. Bivins in providing assistance to the audit team.

**Bates No. 2SUPP00053-00054.** Fax cover sheet dated May 26, 2000, from David K. Bivins to Neal Nelson. The fax cover sheet is a two-page document which memorializes a discussion between Mr. Bivins and Mr. Nelson and provides a status report on work in progress. The document refers to two invoices as enclosures, but they were not with the fax cover sheet. The Service asserts executive privilege for the entire document as it contains the analysis and deliberations of the expert and the revenue agent at a time when the Service was in the process of formulating its audit position.

**Bates No. 2SUPP00055-00063.** Fax cover sheet from Neal Nelson to David Bivins dated November 14, 2001, with attachments including: a part of a Kadlec report, a letter from Bond & Pecaro, and part of a document prepared by Lamb Appraisal Associates, Inc. The page of the Kadlec report has hand-written notes made by David Bivins with questions and comments. The Service asserts executive privilege for the page of the Kadlec report containing the hand-written notes made by David Bivins as those notes document thoughts and analysis on the Kadlec report.

**Bates No. 2SUPP00064.** Handwritten notes of David Bivins dated December 12, 2003. The notes appear to summarize a telephone call with Kelly Schwarz, Appeals Officer (Oklahoma City). The Service asserts executive privilege for this document as the notes contain information that instructs the expert and is deliberative in nature.

**Bates No. 2SUPP00065-00069.** Five page document including: estimated costs for additional Service in Jan-March 2004 by DKB Consulting, fax cover sheet to Kelly Schwarz from David Bivins, hand-written notes prepared by David Bivins of a conversation with Kelly Schwarz dealing with work being done by Mr. Bivins,

amendment of solicitation /modification of contract. The Service asserts executive privilege for the hand-written notes which memorialize work of Bivins in process as he assisted the Appeals team at a time prior to the issuance of the notice of deficiency.

**Bates No. 2SUPP00070.** Fax cover letter dated June 3, 2004, from David Bivins to Kelly Schwarz. The fax cover letter refers to an 11 page attachment but none was present. The Service asserts no privilege and will produce this document.

**Bates No. 2SUPP0071-00090.** Fax cover letter dated June 8, 2004, with a 20 page attachment. The attachment is a draft report prepared by DKB Consulting dated June 2004. The Service asserts executive privilege for the entire attachment, i.e., the draft report as it was not yet final and potentially subject to further deliberation. The Service asserts no privilege on the fax cover letter and will produce it.

**Bates No. 2SUPP00091-00112.** Fax cover sheet dated June 9, 2004 from Kelly Schwarz to David Bivins with a twenty page attachment. The attachment is a draft of Appeals Discussion Memorandum. The final version of that memorandum was provided to the plaintiff. See Bates No. SUPP01549-01576 and Bates No. SUPP01578-01606. The Service asserts executive privilege for the entire attachment as it is a draft and was subject to further deliberations and analysis by the Appeals officer and the expert. The Service asserts no privilege for the fax cover sheet and will produce it.

**Bates No. 2SUPP00113-00115.** Fax cover sheet dated June 10, 2004 from Kelly Schwarz to David Bivins with two attached pages. The two pages appear to be proposed exhibits to the draft Appeals Discussion Memorandum. The Service asserts executive privilege for the two page attachment as it constitutes a portion of a draft document subject to further deliberation and modification.

**Bates No. 2SUPP00116-00124.** Nine page document entitled Deseret Management Settlement Options which includes two pages of spread sheets. The Service asserts executive privilege for the entire document as it contains the deliberations and analysis of the Service as it prepared for the mediation conference on July 7, 2004.

**Bates No. 2SUPP000125-00127.** A Form 4564, Information Document Request, dated January 26, 1998, signed by Monty Careswell and dealing with the BIA appraisal of tangible and intangible assets of KIRO-TV. This document has a number of handwritten comments made by David Bivins in the margins and blank spaces of the first page. The Service asserts the executive privilege for the first page as it contains analysis and deliberations of Mr. Bivins in his role as an expert and advisor to the audit team during the time the audit team was formulating its position.

**Bates No. 2SUPP000128.** An undated fax cover sheet from David K. Bivins to Monty Careswell. The fax cover sheet refers to an attachment but none was present. The Service asserts the personal privacy privilege for the home telephone number of Mr. Careswell listed on the document. The Service will produce the remainder of this document.

**Bates No. 2SUPP00129.** A fax cover sheet dated December 1 from David K. Bivins to Monty Careswell. The fax cover sheet refers to an attachment but none was present. The Service asserts the personal privacy privilege for the handwritten address of Mr. Careswell found on the document. The Service will produce the remainder of this document.

**Bates No. 2SUPP00130-00201.** An appraisal report prepared by Charles H. Kadlec, plaintiff's appraiser, and dated November 1999, valuing assets of KIRO-TV, Seattle, Washington. This report has numerous notes written in blank spaces or margins by David K. Bivins. The Service asserts executive privilege for the appraisal, as the placement and content of the handwritten annotations reflect Mr. Bivins' views at a time before the notice of deficiency was finalized and issued to the plaintiff.

**Bates No. 2SUPP00202-00254.** An appraisal report of assets referenced as Station A, Appraiser 1 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer and certain appraisal-related information concerning that taxpayer's assets that are referenced in this review report. A taxpayer's identity, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00255-00354.** An appraisal of assets referenced as Station B, Appraiser 2 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a

consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00355-00383.** An appraisal of assets referenced as Station C, Appraiser 3 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00384-00418.** An appraisal of assets referenced as Station D, Appraiser 4 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity and the asset valuation related research material are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00419-00534.** Appraisal report referenced as Station E, Appraiser 5 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December, 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer and certain appraisal-related information concerning that taxpayer's assets that are referenced in this review report. A taxpayer's identity and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00535-00599.** Report prepared by David K. Bivins in 1992 for IRS Regional Counsel, New York, to analyze the appraisal identified above as Bates No. 2SUPP00419-00534. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, the fact of its examination, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this report. A taxpayer's identity, the fact of its examination, and the asset valuation related research material are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00600-00601.** An undated, two-page document entitled "Overview of Tangible Assets" dealing with the assets of a radio station of a third party taxpayer. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00602-00621.** A memorandum dated March 16, 1995, from an employee of a third-party taxpayer with an attached multi-page spread sheet all dealing with advertising contracts. The memorandum also contains a hand-written note back to the original author; this note is dated March 16, 1995. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer and financial data of that taxpayer referenced in the memorandum and spread sheet. A taxpayer's identity and financial information are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00622-00812.** A fixed asset inventory for a third party taxpayer dated May 21, 1998. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, and financial data of that taxpayer referenced in the inventory records. A taxpayer's identity and financial information are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer

under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00813.** A letter dated March 31, 2000, from David K. Bivins to an employee of a third-party taxpayer requesting information regarding advertising sales. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer. A taxpayer's identity and financial information are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00814.** An informal letter dated May 3, 2000, from an employee of a third-party taxpayer to David Bivins transmitting reports on advertising sales. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer. A taxpayer's identity and financial information are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. 2SUPP00815-01719.** Reports on advertising sales of a third-party taxpayer for the period from January 1, 1996, through December 31, 1996. The Service asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, and financial data of that taxpayer referenced in the inventory records. A taxpayer's identity and financial information are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C. § 6103(e), secured a consent from the taxpayer under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.