# Exhibit F

## Government's First Supplemental Log II

## UNITED STATES COURT OF FEDERAL CLAIMS

DESERET MANAGEMENT CORPORATION,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 06-86 T

(Judge Hewitt)

## FIRST SUPPLEMENTAL DECLARATION OF MARGO L. STEVENS

MARGO L. STEVENS certifies as follows:

1. I am the Assistant Chief Counsel (Disclosure and Privacy Law) in the Office of the Associate Chief Counsel (Procedure and Administration), Office of Chief Counsel, Internal Revenue Service (Service). I previously executed a declaration in this case on November 15, 2006, claiming executive privilege and I.R.C. § 6103 on behalf of the Internal Revenue Service (Service) with respect to certain documents responsive to Plaintiff's First Request For Production Of Documents To Defendant ("Plaintiff's First Request") served on the United States pursuant to Rule 34 of the Rules of the Federal Court of Claims.

2. I am informed by attorney Mark H. Howard in the Office of Division Counsel, Small Business/Self-Employed (SBSE) that there are additional documents responsive to Plaintiff's First Request that were not identified in time for inclusion in my first

EXHIBIT H

Declaration. These documents were located in various paper and electronic files of Service employees and in the administrative file currently located at the Department of Justice.

3. Based upon the thorough review of the additional documents by attorneys in the Office of Division Counsel, Large and Mid-Sized Business (LMSB); and in the Office of Division Counsel (SBSE), I have determined to assert the claim of executive privilege with respect to certain additional documents, or portions thereof, more thoroughly described herein below at paragraph 11. Should the Court determine the withheld documents or portions thereof to be relevant and that I.R.C. § 6103 or no other evidentiary privileges apply, I am claiming executive privilege.

4. When the Service asserts a formal claim of executive privilege with respect to predecisional/deliberative documents, the privilege is claimed only to protect those intragovernmental documents reflecting advisory opinions, recommendations, and deliberations that comprise part of the process by which agency decisions and policies are formulated. The agency does not seek to protect documents containing factual matters unless such factual matters are so intertwined with advisory opinions, recommendations, conclusions, or reasoning by Government officials that the factual material cannot be excised from the privileged material or unless the factual matter itself, through its selection and distillation by the author, would reveal the author's mental processes or the agency's deliberations. The privilege is not claimed to protect

all opinions, conclusions, mental impressions, and thought processes of Government officials, but only those whose disclosure would interfere with vital Government functions or would cause injury to the quality of agency decisions.

5. When the Service asserts a formal claim of executive privilege with respect to predecisional/deliberative documents, the agency first considers whether the document falls within the scope of the deliberative process privilege; that is, whether the document was generated before the adoption of an agency policy or position and whether the document reflects the give-and-take of the consultation process leading up to the formulation of an agency policy or position. The agency also considers whether the document is recommendatory in nature or is a draft of what may become a final document; whether the document weighs the pros and cons as to the agency's ultimate adoption of one viewpoint or another; and whether the material is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency. Consequently, the agency considers protecting recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the personal opinions of the writer rather than the policy or position of the agency. These types of documents could inaccurately reflect or prematurely disclose the views of Government officials, suggesting an agency position which is, as yet, only a personal position. Disclosure of documents containing reasons and rationales that were not ultimately relied upon by the agency in reaching its decision(s) could create public confusion.

6. The production of the withheld documents, or portions thereof, more fully described below, would inhibit the frank and honest discussion of legal and policy matters and thus would adversely affect the quality of the Service's decisions and policies. Furthermore, disclosure of the withheld documents, or portions thereof, would reveal opinions of Chief Counsel and Service personnel at many levels at a time when the opinions were not fully developed and the issues were still being debated. None of the withheld documents, or portions thereof, represents a statement of agency policy or a final decision and release of the withheld information could, therefore, result in confusion to the public. Disclosure of the withheld information would adversely affect the Service's ability to administer and enforce the law under the Internal Revenue Code at all levels, from voluntary compliance and examination to appeals and litigation. By way of example, taxpayers may choose to argue that the Service must defend positions that were not adopted, or that consideration of a position not adopted demonstrates the reasonableness of a taxpayer's position.

Documents potentially responsive to Plaintiff's First Request, which are subject to a claim of executive privilege, are:

**Bates No. SUPP00001-00002.** A string of five emails, dated May 27, 1999 through July 1, 1999, among Stephen Barnes, Senior Attorney, SBSE (Salt Lake City), Mark H. Howard, Senior Counsel, SBSE (Salt Lake City), Kendall Williams, Deputy Area Counsel, LMSB (San Jose), Bryce Kranzthor, Special Litigation Assistant, Area Counsel, LMSB (San Francisco), and Ronald Buch, Senior Attorney, Office of Assistant Chief Counsel (Field Service) (Washington, D.C.) transmitting the respective authors' views regarding the possible application of I.R.C. § 482 in a domestic rather than international setting. The email references other taxpayers and cases where the Service had asserted section 482 in a domestic setting. The Service asserts executive privilege for the entire

document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning other taxpayers whose examinations and/or litigation involved section 482. A taxpayer's identity, fact of examination (investigation, or other processing) as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00003.** One email, dated September 16, 2002 from Charles Burnett, Senior Attorney, Area Counsel, LMSB (Phoenix) to David Otto, Associate Area Counsel, LMSB (Phoenix), which was copied to Mark H. Howard, relaying a communication from Richard Druk, Group Manager, LMSB (Salt Lake City) about certain related developments on the consideration of a tax exempt entity holding title to the FCC license. The email reflects some advice provided by Helene Winnick, Area Counsel, Tax Exempt & Government Entities (TEGE) (San Francisco) with respect to this entity. The Service asserts executive privilege for the entire document as it contains the views of Richard Druk on dealings with a tax exempt entity. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning the Service's determination as to the existence of liability under the Code, including the prospect of examination, of a third party taxpayer. A taxpayer's identity, fact of examination, as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00004.** One email, dated October 28, 2002, from Nancy Hansen, Revenue Agent, TEGE (Salt Lake City) to Mark H. Howard and Richard Druk, which was copied to Janet Hughes, Group Manager, TEGE (Denver) and Robert Towler, Attorney, Area Counsel, TEGE (San Francisco) regarding an examination of a tax exempt entity. The Service asserts executive privilege for the entire document as it relates to a proposed course of action in an examination of a third party taxpayer. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning the Service's determination as to

the existence of liability under the Code, including the prospect of examination, of a third party taxpayer. A taxpayer's identity, fact of examination, as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00005.** One email, dated October 28, 2002, from Mark H. Howard to David Otto and Charles Burnett, transmitting for their information the email that is described as Bates No. SUPP003. The Service asserts executive privilege for the portion of the document that is a duplicate of the document described as Bates No. SUPP004 for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00006-00009.** One email, dated April 4, 2003, from Mark H. Howard to Charles Burnett and Rick Hosler, Associate Area Counsel, LMSB (Phoenix), transmitting for their information a string of three emails, dated March 24, 2003 through March 31, 2003, among Mark H. Howard, Monty Careswell, IRS Valuation/Economist Specialist, LMSB (Denver), Richard Druk, Robert Schmidt, Supervisory General Engineer, LMSB (Denver), Arthur (Art) Lucchese, Revenue Agent, Technical Advisor for Media and Entertainment, LMSB (Chicago), Bradley Nance, Revenue Agent, LMSB (Salt Lake City), Linda Flemins, Revenue Agent, Technical Advisor for Media and Entertainment, LMSB (Los Angeles), with an attached three page fact sheet. The string of three emails, and three page fact sheet, are duplicates of the document described in the Stevens Declaration as Bates No. 0460-0464. The Service asserts executive privilege for these same portions as set forth for that duplicate document.

**Bates No. SUPP00010-00012.** A string of five emails, dated March 24, 2003 through April 4, 2003, among Rick Hosler, Mark H. Howard, Charles Burnett, Art Lucchese, Bradley Nance, and Linda Flemins. The Service asserts executive privilege for the portions of the document that are duplicates of Bates No. SUPP0006-0009 for the same reasons set forth for that duplicate document

**Bates No. SUPP00014-00016.** A three page fact sheet reflecting the Media and Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use

in other contexts, including plaintiff's examination. This is a duplicate of the document described in the Stevens Declaration as Bates No. 0460-0464. The Service asserts executive privilege for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00017.** One email, dated August 7, 2003, from Cliff Toyama, Revenue Agent, LMSB ( Honolulu) to Mark H. Howard, which was copied to Bradley Nance and Richard Druk, containing the author's analysis of the application of I.R.C. § 482 to counter the plaintiff's protest and requesting the view of Mr. Howard on his analysis. This exchange took place at a time when the Service had not yet finalized its response to the protest. The Service asserts executive privilege for the entire document as it contains the author's analyses of the valuation issues in the KIRO matter, including his assessment of the comparative strengths and weaknesses of the Service's and plaintiff's positions.

**Bates No. SUPP00018-00018a.** One email, dated August 22, 2003, from Mark H. Howard to Cliff Toyama in response to the email described as Bates No. SUPP007. The Service asserts executive privilege for the entire document as it contains the author's response to, and analysis of, Mr. Toyoma's views regarding the application of I.R.C. § 482 to the plaintiff's case. This exchange took place at a time when the Service had not yet finalized its response to the protest. The Service asserts executive privilege for the entire document as it contains the author's analyses of the valuation issues in the KIRO matter, including his assessment of the comparative strengths and weaknesses of the Service's and plaintiff's positions.

**Bates No. SUPP00019-00035.** One email, dated August 27, 2003, from Mark H. Howard to Rick Hosler and M. K. Mortensen, Associate Area Counsel, SBSE (Salt Lake City), with an attached draft memorandum regarding the application of Treas. Reg. § 1.338-6T. The memorandum was written at a time when the Service had not yet finalized its response to plaintiff's protest. The attached memorandum is the same as the document described in the Stevens Declaration as Bates No. 0206-0221, except that it does not contain the editorial changes. The Service asserts executive privilege for the portion of this document (attached memorandum) for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00036a-00036r.** A chain of three emails, dated September 12, 2003, through September 16, 2003, among Richard Druk, Mark Howard, Bradley Nance and Monty Careswell, with an attached memorandum to file dated September 11, 2003, which was prepared by Monty Careswell. The memorandum is a slightly different, and earlier, draft version of the document described in the Stevens Declaration as Bates No. 0486-0502. The Service

asserts executive privilege for the attachment for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the e-mail string, which transmits and provides the authors' respective comments about, the memorandum for Mr. Howard's review before it is finalized as a rebuttal to plaintiff's protest.

**Bates No. SUPP00037-00040.** One email, dated October 21, 2003, from Mark H. Howard to Richard Druk which is copied to Rick Hosler, and M. K. Mortensen, with an attached three page summary providing the views of Mr. Druk, with suggested revisions by Mr. Howard, on efforts made to resolve several issues with the plaintiff and their views on various settlement proposals and the prospect of the Service reaching agreement with plaintiff. The Service asserts executive privilege for the portion of the document (attached summary) as it is a draft and it contains the authors' analysis of outstanding issues, including their assessment of litigating hazards, in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00041-00044.** A string of two emails, dated October 21, 2003, through October 22, 2003, between Richard Druk and Mark H. Howard, transmitting an attached three-page summary prepared by Mr. Howard with Mr. Druk's proposed revisions (Bates No. SUPP00037-00040), which reflects the efforts made to resolve several issues with the plaintiff and their views on various settlement proposals. The Service asserts executive privilege for the portion of the document (attached summary) as it is a draft and it contains the authors' analyses of outstanding issues, including their assessment of litigating hazards, in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00045-00048.** One email, dated October 24, 2003, from Mark H. Howard to Richard Druk with further editorial revisions Mr. Howard proposed to the version of an attached three-page summary commented upon by Mr. Druk (Bates No. SUPP00041-00044), which reflects the efforts made to resolve several issues with the plaintiff and their views on various settlement proposals. The Service asserts executive privilege for the portion of the document (attached summary) as it is a draft and it contains the authors' analysis of outstanding issues, including their assessment of litigating hazards, in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00050-00053.** One email, dated October 24, 2003, from Richard Druk to Kelly Schwarz, Appeals Officer (Oklahoma City), which is copied to Bradley Nance and Mark H. Howard, and an attached three-page summary as to the efforts made to resolve several issues with the plaintiff and their views on various settlement proposals, which is a duplicate of the document described as

Bates No. SUPP00050-00053. The Service asserts executive privilege for the attachment for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the email as it contains the author's analysis of outstanding issues, including their assessment of litigating hazards, in preparation for the appeals conference with plaintiff.

**Bates No. SUPP00054-00057.** One email, dated October 24, 2003, from Mark H. Howard to Rick Hosler and Charles Burnett, which is copied to M.K. Mortensen, forwarding for their information the email and attached three-page summary, which is the document described as Bates No. SUPP00050-00053. The Service asserts executive privilege for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the email, as it contains the author's views on a strategy for handling various issues in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00058-00059.** One email, dated October 27, 2003, from Richard Druk to Kelly Schwarz, which is copied to Mark H. Howard and Bradley Nance. This email attaches a draft supplement to the transmittal memorandum to Appeals ("T-letter") with information on the ownership of the plaintiff and providing an analysis of several of the issues going to Appeals for consideration. The Service asserts executive privilege for the entire document as it consists of draft language for the T-letter and the authors' analyses of certain issues in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00060-00061.** One email, dated October 28, 2003, from Mark H. Howard to Rick Hosler and Charles Burnett, forwarding for their information the e-mail and attached draft supplement to the T-letter, which is the document described as Bates No. SUPP00058-00059. The Service asserts executive privilege for the same portions of the document October 27th email and attachment) for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00062-00067.** One email, dated November 14, 2003, from Mark H. Howard to John Prisco, Technical Advisor for Insurance, LMSB (New York) forwarding a four page-attachment prepared by Grid Glyer, attorney, Office of the Associate Chief Counsel, Corporate (Washington, D.C.) to memorialize informal assistance he had provided over the telephone to Mr. Howard during a prior audit cycle. The Service asserts executive privilege for the entire document as it transmits Mr. Glyer's legal analysis on insurance issues from a prior audit cycle of the plaintiff, for the current cycle that was pending in Appeals.

**Bates No. SUPP00068-00084.** One email, dated October 28, 2003, from Mark H. Howard to Kelly Schwartz with an attached 16-page memorandum. The memorandum was described in the Stevens Declaration as Bates No. 0467-0482. The Service asserts the executive privilege for the attached memorandum for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00090-00091.** A string of three emails, dated March 1, 2005, through March 7, 2005, among Richard Druk, Mark H. Howard, Robert Schmidt, Monty Careswell and Bradley Nance. Each transmitted the fourth email, which is the document described in the Stevens Declaration as Bates No. 0409. The Service asserts executive privilege for the portion of this document (the fourth email) for the same reasons asserted for that duplicate document.

**Bates No. SUPP00092-00096.** A string of four emails, dated March 1, 2005, through March 10, 2005, with attached three pages of notes. The last email from Richard Druk to Mark H. Howard transmits and comments upon a copy of the email identified in the Stevens Declaration as Bates No. 0428-0429 and the attachment identified as Bates No. 0176–0178. The Service asserts executive privilege for the entire document for the same reasons as set forth for those duplicate documents.

**Bates No. SUPP00097-00101.** A string of five emails, dated March 1 through March 14, 2005, with attached three pages of notes. The last email from Mark H. Howard to Rick Hosler transmits and comments upon the previous four emails that are contained in the document described as Bates No. SUPP00092-00096. The Service asserts the executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00103.** One email, dated April 20, 2005, from Richard Druk to Robert Schmidt, which is copied to Edward Johnsen, Program Manager, Natural Resources & Construction, LMSB (Phoenix), Bradley Nance, and Mark H. Howard. This is a duplicate of the document described in the Stevens Declaration as Bates No. 0170. The Service asserts executive privilege for the same portions for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00104.** A string of two emails, both dated April 20, 2005. One of the emails duplicates the document described as Bates No. SUPP00103. The other email is a response from Mark Howard to Rick Hosler, with his comments

on the handling of anticipated litigation. The Service asserts executive privilege for the portion of this document (part of one email sent at 8:00 AM) for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00105-00106.** A string of four emails, dated April 20, 2005 through April 21, 2005, among Linda Flemins, Glenn McLoughlin, Senior Attorney, Area Counsel, LMSB (Oklahoma City), Katherine Ankeny, Media Industry Counsel, LMSB (Los Angeles), Richard Druk, Robert Schmidt, Bradley Nance, Edward Johnsen, and Mark H. Howard, transmitting the respective authors' views regarding the steps needed to be taken after the notice of deficiency and in anticipation of plaintiff's refund claim being filed in court, and particularly with respect to any additional development of the valuation methodology. These four emails are included in the five-email string that is the document described in the Stevens Declaration as Bates No. 0171-0174. The Service asserts executive privilege for the entire document for the same reasons as that duplicate document.

**Bates No. SUPP00107-108.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0171-0174. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00109.** Handwritten notes, dated January 19, 2000, by Mark H. Howard, summarizing a telephone conversation with Patricia Donohue, Assistant Regional Counsel (Tax Litigation), Western Region (San Francisco). The Service asserts executive privilege for the entire document as it memorializes strategic discussions certain outstanding issues to be resolved concerning the use of valuations performed in examinations of other (unnamed) third party taxpayers.

**Bates No. SUPP00110-00114.** A memorandum, dated January 24, 2000, from M.K. Mortensen to the Assistant Chief Counsel (Disclosure Litigation). The principal drafter is Mark H. Howard, and it conveys his summary of the facts involving the KIRO issue and requesting assistance on the disclosure rules as they would apply to IRS Examination personnel and expert's access to, and use of, appraisal reports involving broadcast industry companies other than the plaintiff in this case. The Service claims executive privilege for the entire document as it contains the author's analysis of issues pending in the examination and requests legal advice from the Assistant Chief Counsel (Disclosure Litigation) in resolving certain legal issues. The Service also asserts I.R.C. § 6103 to protect the portions of the memorandum that reference the fact

of, and broadcast property appraisal-related information obtained and developed by IRS Examination personnel with respect to the determination of the liability of, an unrelated (unnamed) third party taxpayer. Even though unnamed, the fact of examination, and details as to the appraisal of assets of that taxpayer, drawn directly from the examination of that taxpayer, are items of return information under I.R.C. § 6103(b)(2)(A). The location of that taxpayer, which is in the same industry as plaintiff, is indicated. As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00116.** Handwritten notes, dated February 18, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty, Attorney, Office of Assistant Chief Counsel (Disclosure Litigation), (Washington, DC). The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for disclosure-related advice, including a new strategy being considered for which disclosure advice would be needed. The Service also asserts I.R.C. § 6103 to protect the identity of, and the fact of examination of, an unrelated third party taxpayer, whose appraisal-related information was being discussed in the context of Mr. Howard's request for advice from Ms. McGinty. A taxpayer's identity, the fact of examination, and the appraisal-related information), are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00119.** Handwritten notes, dated April 21, 25 and 26, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty and a separate conversation with Neal Nelson and Ms. McGinty. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice; it recounts her informal response to the request for advice and her request for additional information from Mr. Howard.

**Bates No. SUPP00120.** One email, dated April 25, 2000, from Jennifer McGinty to Mark H. Howard, providing an informal response on use of appraisal reports available to an expert from outside sources and the use by IRS Examination personnel assigned to plaintiff's examination of appraisal reports available from

other audits. The Service asserts executive privilege for the entire document as it memorializes Ms. McGinty's analysis of the disclosure laws as they would apply to plaintiff's case, depending on various strategies then be considered.

**Bates No. SUPP00121-123.** Fax cover sheet (2 pages), dated April 26, 2000, with attached schedule from Mr. Bivens' draft expert report sent to Jennifer McGinty by Mark H. Howard in response to the request described in Bates No. SUPP00119. The Service asserts executive privilege for the portions of the document (attached schedule) as it includes information developed to date by the expert assisting IRS Examination personnel in the examination of plaintiff, which was furnished by Mr. Howard at the request of Ms. McGinty as part of the process of obtaining her legal assistance.

**Bates No. SUPP00124.** Handwritten notes, dated April 26, 2000, by Mark H. Howard, summarizing a telephone conversation with Richard Druk. The Service asserts executive privilege for the entire document as it memorializes the communication by Mr. Howard to Mr. Druk of the informal advice received from Ms. McGinty as to the expert's use of appraisal-related information from the examinations of unrelated (unnamed) third party taxpayers.

**Bates No. SUPP00125.** Handwritten notes, dated April 26 and 27, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty and memorializing additional legal analysis of Ms. McGinty and David Fish, Branch Chief, Office of Assistant Chief Counsel (Disclosure Litigation), with regard to the appraisal expert's access to, and use of, appraisal reports of other unrelated third party taxpayers who were under examination. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the request for advice and provides additional assistance on disclosure-related issues that were being developed at a time when they were continuing to develop the valuation issue that would be needed to complete their examination.

**Bates No. SUPP00126.** A memorandum, dated November 20, 2000, from Mark H. Howard to Richard Druk and Neal Nelson, memorializing the informal advice received from Disclosure Litigation on the disclosure questions they had raised. The Service asserts executive privilege for the entire document as it memorializes the legal advice and assistance the field and national office attorneys were providing to IRS Examination personnel, at a time when they were continuing to develop the valuation issue that would needed to complete their examination of plaintiff.

**Bates No. SUPP00127.** Handwritten notes of Neal Nelson, dated February 24, 1998, of a conversation with Stephen Webb, Disclosure Specialist, Governmental Liaison & Disclosure (Denver), regarding a possible contract with David Bivins, a media industry expert from Princeton Junction, New Jersey. The notes discuss the particulars of any tax information the Service could provide to Mr. Bivins as part of his contract work. The Service asserts executive privilege for the entire document, as it contains the author's recordation of the advice provided by Mr. Webb on disclosure issues involving the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would needed to complete their examination of plaintiff.

**Bates No. SUPP00128-00129.** Handwritten notes of Neal Nelson, dated February 24, 1998, of a conversation with Art Lucchese and dealing with potentially applicable cases involving third party taxpayers with similar issues, possible experts and discussion of the valuation issue on the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of, and the fact of examination of, an unrelated third party taxpayer, whose examination involved a similar valuation issue. A taxpayer's identity and the fact of examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00130.** Handwritten notes, dated March 5, 1998, probably written by Richard Druk, to memorialize a conversation among Richard Druk, Neal Nelson and Mark Howard, regarding valuation of FCC license and other KIRO assets. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale, and their strategy for further developing certain information, at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00131.** Handwritten notes on ledger paper, not dated, probably prepared by Neal Nelson. The notes appear to deal with the possible use of expert witnesses then under consideration. The Service asserts executive

privilege for the entire document, as it contains the preliminary thoughts and deliberations toward the obtaining of an outside expert on the valuation issue for the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00132-00133.** Handwritten notes, dated March 17, 1998, probably prepared by Richard Druk, summarizing various questions that needed to be considered about the valuation issue on the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the author's preliminary thoughts and analysis on various aspects of the information gathered to date as it affects the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00134-00139.** Handwritten note, dated March 25, 198 [sic], from Robert Schmidt to Monty Careswell, requesting his review of an attached memorandum from Mark H. Howard, dated March 20, 1998. The attached memorandum has Mr. Schmidt's handwritten notations in the margins. The attached memorandum (without Mr. Schmidt's notations) was previously identified as the document described in the Stevens Declaration as Bates No. 0139-0143. The Service asserts executive privilege for the memorandum for the reasons set forth for that duplicate document. The Service also asserts executive privilege for the handwritten notes on the memorandum which Mr. Schmidt made as they show his thoughts on, and reactions to, Mr. Howard's memorandum.

**Bates No. SUPP00140-00142.** Handwritten notes, probably written by Richard Druk, memorializing discussions among Mr. Druk, Mark H. Howard, Neal Nelson, Sharon [last name unknown], and Bob Heer, Chief, Examination Branch II (LMSB), during the time period of March 23, 1998 through April 1, 1998, regarding how IRS Examination personnel intended to proceed on the examination, particularly with respect to the valuation issue. The notes also include a summary of responses provided to that point by Mark H. Howard. The Service asserts executive privilege for the entire document, as it contains the respective participants' preliminary discussions of the valuation issue on the KIRO sale, including the use of possible experts, at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00143-00144.** A memorandum, dated April 20, 1998, to "Examination Division, Salt Lake City," to the attention of Richard Druk and Neal Nelson, from Associate District Counsel, Salt Lake City. The principal drafter is Mark H. Howard, and it conveys his review of the proposed statement of work prepared by IRS Examination personnel to secure the services of an expert in the examination. This memorandum is the same as the document described in the Stevens Declaration as Bates No. 0132-0133, except that it contains handwritten notations in the margins made by Neal Nelson. The Service asserts executive privilege for the same reasons as set forth for that duplicate document, as well as for the additional notations, which reflect Neal Nelson's views on, and reactions to, Mr. Howard's memorandum.

**Bates No. SUPP00145.** A memorandum, dated July 31, 1998, from Art Lucchese to Neal Nelson. This memorandum reflects his analysis of various articles and materials as they impact the valuation issue presented in plaintiff's examination. The Service asserts executive privilege for the entire document as it contains the author's thoughts on, and strategies to follow with respect to, the work to be done on the valuation issue at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00146-00147.** A memorandum, dated July 31, 1998, from Art Lucchese to Neal Nelson. This memorandum reflects his analysis of various articles and materials as they may impact the valuation issue presented in plaintiff's examination. This memorandum appears to be a more extensive discussion of the matters addressed in the document described as Bates No. SUPP00145 as it contains the same content as well as additional comments and analysis. The Service asserts executive privilege for the entire document as it contains the author's thoughts on, and strategies to follow with respect to, the work to be done on the valuation issue at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00223.** Handwritten notes of Neal Nelson, dated October 6, 1998, memorializing his conversations with Art Lucchese, Martin Peltz, Revenue Agent, LMSB (New York); Bruce Danz, Revenue Agent (New York). The conversations deal with work done by other agents in examinations of other unrelated third party taxpayers in the broadcast industry. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also

asserts I.R.C. § 6103 to protect the identity of the third party taxpayers, and the fact of their examination, and certain details of their transactions which were under examination. A taxpayer's identity, the fact of examination, and details collected by IRS Examination personnel to determine these taxpayers' tax liability, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00224-00226.** Three pages of schedules with handwritten notes. Notes on the first page appear to be by Neal Nelson. Notes on the second page appear to be by David Bivins. The second two pages have a fax print date of October 6, 1998. The schedules deal with the KIRO sale. The notes contain analysis of the information regarding the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00228-00230.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0126-0128. The Service claims executive privilege for the entire document for the same reasons stated for that duplicate document.

**Bates No. SUPP00232-00244.** Draft appraisal of an unrelated third party taxpayer whose examination raised similar issues to plaintiff's examination, accompanied by transmittals from the assigned revenue agent to Neal Nelson, which he has annotated and as to which he transcribed notes on the final page. The Service asserts executive privilege for his annotations and handwritten notes as they reflect his preliminary views as to the utility of this information for the valuation issue present in his examination of plaintiff. The Service also asserts I.R.C. § 6103 for the entire appraisal, as it contains the name of the third party taxpayer, reflects the fact of its examination, and consists, in its entirety, of other data, such as its assets and liabilities. A taxpayer's identity, the fact of examination, and details collected by IRS Examination personnel to determine this taxpayer's tax liability, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material

interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00246-00256.** Draft appraisal of an unrelated third party taxpayer whose examination raised similar issues to plaintiff's examination, accompanied by transmittals from another assigned revenue agent to Neal Nelson, which he has annotated and as to which he transcribed notes on the final page. The Service asserts executive privilege for his annotations and handwritten notes as they reflect his preliminary views as to the utility of this information for the valuation issue present in his examination of plaintiff. The Service also asserts I.R.C. § 6103 for the entire appraisal, as it contains the name of the third party taxpayer, reflects the fact of its examination, and consists, in its entirety, of other data, such as its assets and liabilities. A taxpayer's identity, the fact of examination, and details collected by IRS Examination personnel to determine this taxpayer's tax liability, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code

**Bates No. SUPP00257-00259.** Two pages of handwritten notes of Neal Nelson, dated February 9, 1999, through November 8, 1999, and an attached handwritten memorandum to Neal Nelson from Art Lucchese, dated January 15, 1999, with handwritten notes on the memorandum which appear to have been written by Neal Nelson. The notes memorialize conversations with Janet Wells, Art Lucchese, Joann Harmon, Revenue Agent, LMSB (Florida), Myron Belyeu, Revenue Agent, LMSB (Florida). The notes appear to have been made on smaller note paper and then pasted on a larger page. The notes and the memorandum deal with conversations on work done by other agents in examinations of other unrelated third party taxpayers in the broadcast industry. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. he Service also asserts I.R.C. § 6103 for the identity, and fact of examination, of an unrelated third party taxpayer, whose examination raises similar valuation issues. A taxpayer's identity, and the fact of its examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not

demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code

**Bates No. SUPP00260.** Handwritten notes of Neal Nelson, dated December 1, 1999, regarding the report prepared by Charles Kadlec, appraiser for plaintiff, and Mr. Nelson's discussions with David Bivins about that report and how to deal with assertions in that report. The Service asserts executive privilege for the entire document, as it contains the respective views of Neal Nelson and David Bivins on the handling of valuation issues at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 for the identity of an unrelated third party taxpayer whose examination raised similar issues to plaintiff's examination. A taxpayer's identity and the fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00261.** A memorandum, dated December 16, 1999, from Neal Nelson to Myron Belyeu, requesting information as to appraisal-related work done in the examination of an unrelated third party taxpayer in the broadcasting industry and providing preliminary strategies as to how IRS Examination personnel intend to develop the valuation issue in the examination of the plaintiff. The Service asserts executive privilege for the entire document, as it contains preliminary views of Mr. Nelson on the handling of valuation issues at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination. The Service also asserts I.R.C. § 6103 to protect the identity of the third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in this memorandum. Although unnamed, the particular assets indirectly identify the taxpayer. A taxpayer's identity, the fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00264.** This is a duplicate of the document described as Bates No. SUPP00261, with the addition of Mr. Nelson's handwritten initials. The Service asserts executive privilege and I.R.C. § 6103 for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00265-00274.** Handwritten notes of Neal Nelson, dated April 17, 2000, with an attachment of research regarding another unrelated third party taxpayer in the broadcasting industry. The notes memorialize a conversation with Mark Howard on the question of obtaining information from the plaintiff that it had not previously provided and a discussion of the merits of issuing a summons to obtain that information. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of the revenue agent on the handling of valuation issues at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of the third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in these notes and in the attached research material., A taxpayer's identity, the fact of its examination, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00275.** Handwritten notes of Neal Nelson, dated April 28, 2000, summarizing work Mr. Nelson needed to do on the valuation issue and memorializing a conversation with David Bivins with respect to obtaining information from other appraisers and regarding the restrictions on use of information from other appraisal sources. The Service asserts executive privilege for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with the Service's outside expert at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in these notes and in the attached research material. A taxpayer's identity, the fact of its examination, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which