is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00276.** Undated, handwritten notes of Neal Nelson, memorializing a conversation with Art Lucchese on how to obtain information on appraisal-related work done in the examination of an unrelated third party taxpayer. The Service asserts executive privilege for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with another revenue agent at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in these notes and in the attached research material., A taxpayer's identity, the fact of its examination, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00278-00281.** A string of four emails, dated March 1, 2005, through March 2, 2005, with some notes written in the margins, and to which some handwritten notes are attached. The handwriting is Bradley Nance's. This document pertains to a conference call that was set up to discuss certain issues that needed to be addressed before the notice of deficiency was to be issued. The two March 1st emails are duplicates of the document described in the Stevens Declaration as Bates No. 0090-0091. The Service asserts executive privilege for these portions (March 1st emails) for the same reason as set forth for that duplicate document. The Service also asserts executive privilege for the attached page of handwritten notes that memorialize the author's summary of the consensus reached during a conference call among the participants as to the recommendations to be made to Examination and Appeals personnel as to the next steps to be taken prior to the Service's issuance of the notice of deficiency.

**Bates No. SUPP00282-00289.** A Media/Communications ISP Status report, dated November 1, 1994. The document outlines selected legal authorities that address a number of issues including amortization of cable television franchises, amortization of FCC license, capitalization of cable television franchise costs,

customer subscription lists, network affiliation agreements, transponders, charitable contributions of inventory, intangibles make ready costs, newspaper morgues, and transition property, which were of interest to IRS Examination personnel as they were conducting their examination of plaintiff. The Service asserts executive privilege for the entire report as it contains the industry specialist's views on strategies under consideration and being employed with respect to these issues in examinations of, and ruling requests by, unnamed third party taxpayers, and in the development of the Coordinated Issue Paper on these issues.

**Bates No. SUPP00290-00291.** A string of four emails, all dated October 27, 2005, among Thomas Collins, Group Manager, LMSB (Salt Lake City), John Barker, Revenue Agent, LMSB (Ogden, formerly Salt Lake City), and Racheal Jaeckel, Revenue Agent, LMSB (Salt Lake City). The Service asserts executive privilege for the entire document as it memorializes the authors' respective views about how to process plaintiff's refund claims and prepare for the anticipated litigation.

**Bates No. SUPP01409.** Form 4665, Undated Report Transmittal, prepared for the signature of, by not signed by, John Barker. This document provides a brief analysis of the issues, which the plaintiff did not settle with Appeals, and that were expected to become the subject of claims for refund after the Service assessed the deficiencies determined in the notice of deficiency and applied the payments from the plaintiff. The Service asserts executive privilege for the entire document, as it reflects IRS Examination personnel's analysis of the outstanding issues and reasons for the proposed adjustments that formed the basis for the notice of deficiency and the denial of plaintiff's refund claim, at a time when litigation was anticipated.

**Bates No. SUPP01431-01446.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0486-0502. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01447-01461.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0240-0254, but with additional handwritten comments on the first page, apparently by Neal Nelson, indicating that the document was furnished to Monty Careswell. The Service asserts executive privilege for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01462-01486.** Appeals Case Memorandum, prepared by Kelly Schwarz, summarizing the issues in the case and providing his analysis of the issues. The Service asserts executive privilege for the entire document as it contains the author's analysis of the appropriate tax treatment of the transactions that were the subject of the examination of plaintiff, at a time when settlement negotiations were unsuccessful and the Service was preparing to issue a notice of deficiency. The document memorializes Appeals' perspective on the plaintiff's and IRS Examination personnel's respective views on each issue, and Ms. Schwarz's own views and litigating hazards assessment of each.

**Bates No. SUPP01518-01539.** One email, dated August 25, 2004, from Kelly Schwarz to Glenn McLoughlin, and which is copied to Dwight Sumner, Appeals Team Manager (Dallas), transmitting as attachments draft language for the notice of deficiency and an Appeals Discussion Memorandum regarding the issues Appeals recommended be addressed in the notice of deficiency. The Service asserts executive privilege for the portions of this document consisting of the e-mail and attached draft notice language as they contain the author's analyses of the issues presented in the examination of plaintiff, including strengths and weaknesses thereof, prior to the issuance of the notice of deficiency.

**Bates No. SUPP01541-01543.** One email, dated November 23, 2004, from Glenn McLoughlin, to Mark O'Leary, Associate Area Counsel, LMSB (Dallas), transmitting for his comments prior to issuance, a memorandum Mr. McLoughlin had prepared to send to "Atcl, Team 1, Office of Appeals, Attn; Kelly Schwarz," in response to Appeals' request for review of the draft notice of deficiency. The Service asserts executive privilege for the portion of the document that is the attached memorandum as it is a draft and it contains the author's analysis of the valuation issue, including suggested draft language for the notice itself.

**Bates No. SUPP01544-01545.** A memorandum, dated November 30, 2004, from Glenn McLoughlin, which is copied to the Associate Area Counsel (Dallas, Group 2) (LMSB) to "Atcl, Team 1, Office of Appeals, Attn: Kelly Schwarz." The principal drafter is Glenn McLoughlin, and it conveys the author's views on the notice of deficiency. It is the final version of the memorandum that was included in the document described as Bates No. SUPP01541-01543. The Service asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue, including suggested draft language for the notice itself.

**Bates No. SUPP01546-01547.** A string of five emails, dated January 25, 2005 through January 28, 2005, among Katherine Ankeny, Glenn McLoughlin, Kelly Schwarz, and Thomas Wells, all of which are contained in a longer email string this is the document described in the Stevens Declaration as Bates No. 0287-0289. The Service asserts executive privilege for the same portion (January 27th email) for the same reasons as set forth for the duplicate document.

**Bates No. SUPP01548.** One email, dated February 22, 2005, from Katherine Ankeny to Ronald Rosen, Associate Area Counsel, LMSB (Los Angeles), which contains Ms. Ankeny's views regarding the methodology used by, and the results reached in, the expert report. It is included in the longer email string that is the document described in the Stevens Declaration as Bates No. 0380. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01549-01576.** One email, dated February 23, 2005, from Glenn McLoughlin to Mark O'Leary, transmitting three attachments. Attachment 1 is the document described as Bates No. SUPP01544-01545. Attachment 2 is the document described as Bates No. 01520-01539 (Appeals Discussion Memorandum). The Service asserts executive privilege for the portions of this document consisting of Attachment 1 for the same reasons as set forth for that duplicate document. Attachment 3 is an internal report of LMSB significant cases with an executive summary. The Service also asserts executive privilege for Attachment 3, as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue presented in plaintiff's case at a time when the Service anticipated litigation.

**Bates No. SUPP01577.** A string of three emails, dated February 23, 2005 through February 25, 2005, among Kelly Schwarz, Glenn McLoughlin, Katherine Ankeny, Linda Flemins, and Paul Kelly, Appeals Media ISP (Chicago), transmitting the respective authors' views on the valuation issue. The Service asserts executive privilege for the portion of the document (February 24th email), as it contains the author's suggestion of possible strategies to follow at a time when the notice of deficiency had not yet been finalized and issued to plaintiff.

**Bates No. SUPP01578-01606.** One email, dated February 25, 2005, from Glenn McLoughlin to Mark O'Leary, transmitting three attachments. Attachment 1 is an internal report of significant cases approaching litigation with an executive summary. Attachment 2 is a duplicate of the document described as Bates No. SUPP01544-01545. Attachment 3 is a duplicate of the document described as Bates No. SUPP01520-1539 (Appeals Discussion Memorandum). The Service

asserts executive privilege for Attachment 2 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for Attachment 1 as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue at a time when the Service anticipated litigation on this matter.

**Bates No. SUPP01607-1635.** One email, dated February 25, 2005, from Mark O'Leary, to Bernard Nelson, Area Counsel, Natural Resources and Construction (LMSB) (Houston), and Dennis Kelly, Special Trial Attorney (LMSB) (Dallas), which is copied to Glenn McLoughlin, with three attachments. The email is included in a longer email string that is described in the Stevens Declaration as Bates No. 0412. The three attachments are duplicates of the attachments in the document described as Bates No. SUPP01578-01606. The Service asserts executive privilege for the portions of this document consisting of the email and two attachments for the same reasons as set forth for the duplicate documents.

**Bates No. SUPP01636-01637.** A string of five emails, dated February 25, 2005, through February 28, 2005, among Dennis Kelly, Mark O'Leary, Glenn McLoughlin, William Merkle, Deputy Area Counsel, Strategic Litigation, LMSB (Chicago), Kendall Williams, Alan Jacobson, Special Trial Attorney, LMSB (Kansas City), and Bernard Nelson. The emails discuss the authors' respective views on the valuation issue in the notice of deficiency and its relationship to other cases pending in the office. The two February 25th emails are duplicates of documents described in the Stevens Declaration as Bates No. 0412 and in this declaration as Bates No. SUPP1607. The Service asserts executive privilege for these two emails for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the remaining emails as they contain the authors' respective analyses of the valuation issue. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01638-1666.** A string of two emails, dated February 25, 2005 and March 1, 2005, among Dennis Kelly, Bettie Ricca, Acting Deputy Division Counsel (LMSB), Bernard Nelson, James Clark, Area Counsel, Communications Technology and Media (LMSB) (Oakland), James Lanning, Area Counsel, Retailers, Food & Pharmaceuticals, LMSB (Chicago), Mark O'Leary, Kendall

Williams and Allan Lang, Deputy Area Counsel, Strategic Litigation, LMSB (Dallas), with three attachments, concerning the valuation issue in the notice of deficiency. The three attachments are the same three attachments included in the document described as Bates No. SUPP01578-01606. The February 25th email is a duplicate of the document described as Bates No. SUPP01607. The Service asserts executive privilege for two of the three attachments for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the March 1st email as it reflects the views of the author, as well as Mr. O'Leary, with respect to the valuation issue and handling of the case as it moves forward in anticipation of litigation that was expected. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01667.** A string of three emails, dated February 25, 2005 through March 1, 2005. The two earlier emails are duplicates of the documents described as Bates No. SUPP01638. The Service asserts executive privilege and I.R.C. § 6103 for those two emails for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the third email, dated March 1, 2005, from William Merkle to Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, and James Lanning, and which is copied to Mark O'Leary, Kendall Williams, Allan Lang, and Glenn McLoughlin, as it contains the author's views on the matters addressed by the two earlier emails, at a time when the notice of deficiency was to be issued by Appeals. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01668.** A string of four emails, dated February 25, 2005, through March 1, 2005. Two of the earlier emails are duplicates of the document described as Bates No. SUPP01638. The Service asserts executive privilege and I.R.C. § 6103 for those two emails for the same reasons as set

forth for that duplicate document. The third and fourth emails, both dated March 1, 2005, are from Bernard Nelson and William Merkle, respectively, to each other, Dennis Kelly, Bettie Ricca, James Clark, and James Lanning, and which are copied to Mark O'Leary, Kendall Williams, Allan Lang and Glenn McLoughlin. The Service also asserts executive privilege for the additional emails, as they contain the authors' respective views, including strengths and weaknesses thereof, of the valuation issue.

**Bates No. SUPP01669.** A string of three emails, dated February 25, 2005 through March 1, 2005. The two emails dated February 25 and March 1, 2005, are duplicates of the document described as Bates No. SUPP01638. The Service asserts executive privilege and I.R.C. § 6103 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the third email, dated March 1, 2005, from Kendall Williams to Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, and James Lanning, and which is copied to Mark O'Leary, William Merkle, Allan Lang, and Glenn McLoughlin, as it reflects the author's analysis, including strengths and weaknesses, of the valuation issue. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of the third party taxpayer, and the fact and nature of issues in its examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01670.** A string of four emails, dated February 25, 2005 through March 1, 2005. The three earlier emails dated February 25 and March 1, 2005, are duplicates of the document described as Bates No. SUPP01669. The Service asserts executive privilege and I.R.C. § 6103 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the fourth email, dated March 1, 2005, and sent at 5:26 PM, from James Clark to Kendall Williams, Dennis Kelly, Bettie Ricca, Bernard Nelson, and James Lanning, and which is copied to Mark O'Leary, William Merkle, Allan Lang, and Glenn McLoughlin, as it reflects the author's analysis, including strengths and weaknesses thereof, of the valuation issue.

**Bates No. SUPP01671-01672.** One email, dated March 2, 2005, from Glenn McLoughlin to Katherine Ankeny, in which Mr. McLoughlin further responds to an an (attached) exchange of two emails that are included in the document in the Stevens Declaration described as Bates No. 0419-0420. The Service asserts

executive privilege for the two emails for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the additional email as it provides the author's additional views as to a strategy he recommends that the Service follow before the notice of deficiency is finalized and issued.

**Bates No. SUPP01673.** A string of three emails, dated February 25, 2005 through March 3, 2005. The two earlier emails, dated February 25 and March 1, 2005, are duplicates of the document described as Bates No. SUPP01669. The Service asserts executive privilege and I.R.C. § 6103 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the fourth email, dated March 3, 2005, from Bettie Ricca to Dennis Kelly, Bernard Nelson, and James Lanning, and which is copied to Mark O'Leary, William Kendall, William Merkle, Allan Lang, Glenn McLoughlin, and Joanne Michaels, Program Analyst, LMSB (Washington, D.C.), as it reflects the author's analysis, including strengths and weaknesses, of the valuation issue.

**Bates No. SUPP01674-01676.** One email, dated March 28, 2005, from Glenn McLoughlin to Mark O'Leary, discussing the notice of deficiency and transmitting a second and revised memorandum to "Atcl, Team 1, Office of Appeals to the attention of Kelly Schwarz," analyzing the notice of deficiency for his review. The attachment is dated March 28, 2005, and is prepared by Glenn McLoughlin. The Service asserts executive privilege for the entire document, including the attached memorandum (which, although dated, is unsigned), as it is contains the author's analysis of the valuation issue and references earlier advice and the manner in which the draft advice addresses some of the same issues, as well as the views of Katherine Ankeny as to the draft memorandum. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of the third party taxpayer, and the fact and nature of issues in its examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01677-01678.** A memorandum, dated March 29, 2005, from Associate Area Counsel (Dallas, Group 2) (LMSB) to "Atcl, Team 1, Office of Appeals to the attention of Kelly Schwarz." The principal drafter is Glenn McLoughlin, and it conveys the author's views on the notice of deficiency. Its content is the same as the version of the document described as Bates No. SUPP01675-01676, but it is dated a day later and is signed. The Service

asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue, including the strengths and weaknesses of the Service's position at a time when the notice of deficiency had yet to be finalized and issued to the plaintiff.

**Bates No. SUPP01680.** One email, dated March 30, 2005, from Kelly Schwarz to Dwight Sumner, and which is copied to Glenn McLoughlin, regarding the issuance of the notice of deficiency and the valuation issue therein. The Service asserts executive privilege for the entire document, as it contains the author's analysis of, as well as local counsel's views regarding, various issues framed in the examination and the resulting notice of deficiency, including strengths and weaknesses of the positions reflected therein.

**Bates No. SUPP01681-01682.** A string of two emails, both dated March 30, 2005, between Kelly Schwarz, and Dwight Sumner, and which is copied to Glenn McLoughlin. The emails discuss the authors' respective views regarding the issues in the proposed notice of deficiency and local counsel's review of the notice. The earlier email is a duplicate of the document described as Bates No. SUPP1680. The Service asserts executive privilege for the earlier email for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the other email as it contains the author's views as to the strategy the Service should employ in developing and potentially defending the valuation issue in this matter.

**Bates No. SUPP01683-01684**. A string of five emails, all dated April 20, 2005, among Linda Flemins, Glenn McLoughlin, Katherine Ankeny, and Kelly Schwarz. Three of the emails are included in the document described in the Stevens Declaration as Bates No. 0438-0439. The Service asserts executive privilege for the same portions for the same reasons as that duplicate document. The Service also claims executive privilege for a portion of this document (email sent at 2:25 PM) as it reflects the author's views of, and strategies concerning, the treatment of the valuation issue at a time when the notice of deficiency had been issued and the Service anticipated litigation.

**Bates No. SUPP01685.** A string of three emails, dated April 22, 2005, through July 6, 2005, among Katherine Ankeny, Glenn McLoughlin, Peter Baumgarten, Attorney, Office of the Associate Chief Counsel (Income Tax & Accounting (ITA)) (Washington, D.C.), Barbara Leonard, Deputy Area Counsel (LMSB) (Oakland) and Craig R. Wojay, Attorney, Office of Associate Chief Counsel (ITA) (Washington, D.C.), all of which are included in a longer email string described in

the Stevens Declaration as Bates No. 0451-0452. The Service asserts executive privilege for the portion of this document (April 22nd email sent at 2:30 PM) for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01687-01688.** A string of five emails, dated April 22, 2005 through July 8, 2005, between Katherine Ankeny and Glenn McLoughlin, all but the latest of which are duplicates of the email string described in the Stevens Declaration as Bates No. 0451-0452. The Service asserts executive privilege for the same portions for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01689.** One email, dated January 23, 2006, from Linda Flemins to Katherine Ankeny, reflecting the status of, and the strategy employed regarding, the valuation issue in the notice of deficiency. The Service asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue.

**Bates No. SUPP01690-01691.** A string of two emails, dated November 1, 2006 through September 24, 2003, among Kelly Schwarz, Tammi Bond, Information Technology Specialist, LMSB (Oklahoma City), Richard Druk and Bradley Nance regarding the preparation of a rebuttal in response to the plaintiff's protest. The email includes, as an attachment, a one-page Form 4665, Report Transmittal, which contains IRS Examination personnel's position on the plaintiff's protest. The Service asserts executive privilege for the attachment, as it contains the thoughts and deliberations of the revenue agent in anticipation of the pre-Appeals conference with plaintiff.

**Bates No. SUPP01692-01698.** A string of two emails, dated November 1, 2006, through September 26, 2003 among Kelly Schwarz, Tammi Bond, William Reitan, Appeals Team Manager (Houston), with two attached memoranda and a work plan. The memoranda are both dated September 25, 2003, and they are addressed from Kelly Schwarz to Lynn Gaston, Appeals Officer (Omaha) and Sharon Johnson, Appeals Officer (Oklahoma City), and concern an upcoming pre-Appeals conference with plaintiff. The email contains a discussion by Mr. Schwarz of some of the work needed to be done in preparation for the pre-Appeals conference. The Service asserts executive privilege for the portions of the document (emails and attached memoranda) as they reflect the issues framed by IRS Examination personnel and their proposed adjustments, as a starting point for Appeals' consideration in anticipation of the pre-Appeals conference with plaintiff.

**Bates No. SUPP01699.** A string of three emails, dated October 2, 2003 through October 6, 2003, among Jerry Payne, Appeals Officer (Dallas), William Reitan and Kelly Schwarz. The document contains the authors' respective views about the need for a screening panel in plaintiff's examination and makes reference to a screening panel recommendation in another case. The Service asserts executive privilege for the entire document as it contains the authors' analyses of the aspects of the case in anticipation of the pre-Appeals conference. The Service also asserts I.R.C. § 6103 to protect the identity of, and fact of examination of, a third party taxpayer who is named in the document. A taxpayer's identity and fact of examination are items of return information under I.R.C. § 6103(b)(2)(A), which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), or otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01709-01720.** One email, dated November 24, 2003, from Kelly Schwarz to Lynn Gaston, with an attached 11-page draft Appeals Counsel Memorandum on a number of insurance issues. This email was then forwarded by an email, dated November 1, 2006, from Mr. Schwarz to Tammi Bond. The Service asserts executive privilege for the portion of the document that is the attachment as it contains the author's analysis of applicable legal authorities as they would affect the taxpayer's and IRS Examination personnel's respective positions on the insurance-related issues that were pending, including the author's proposed treatment of these transactions, at a time before the notice of deficiency was issued.

**Bates No. SUPP01721-1723.** One email, dated November 24, 2003, from Kelly Schwarz to Lynn Gaston, which is copied to Jeffrey Galante, and which transmits his conference notes. This email is then forwarded by an email dated November 1, 2006, from Mr. Schwarz to Tammi Bond. The email references the pre-Appeals conference and the conference notes contain the author's memorialization of the Examination, Appeals, and Counsel participants' respective views of the issues presented at the pre-Appeals conference as it related to insurance issues. The Service asserts executive privilege for the attached conference notes as it reflects numerous participants' views on the insurance issues framed in plaintiff's examination, at a time before the notice of deficiency was issued.

**Bates No. SUPP01724.** One email, dated April 13, 2004, from Kelly Schwarz to Dwight Sumner, which is copied to Sharon Johnson. The email contains Mr.

Schwarz's, and other team members' respective analyses of several issues in the case. The Service asserts executive privilege for the entire document as it reflects the personal views and analysis, including litigating hazard assessments, of Mr. Schwarz and the other Appeals team members.

**Bates No. SUPP01725-01726.** A string of three emails, dated April 14, 2004, through April 19, 2004, among Lynn Gaston, Dwight Sumner, and Kelly Schwarz. The e-mails deal with the negotiations with the plaintiff, including consideration of how to deal with additional issues. The Service asserts executive privilege for the entire document as it contains a briefing by the Appeals team members of the tentative posture of plaintiff's case, including consideration of various approaches for trying to resolve all outstanding issues.

**Bates No. SUPP01727-01745.** A string of two emails, both dated June 18, 2004, between Kelly Schwarz and Lynn Gaston with an attached 13-page draft of the Appeals Case Memorandum with respect to certain issues assigned to Ms. Gaston. This email string, with attachments (including an attached copy of Private Letter Ruling 200323002, dated January 31, 2003), was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it reflects the preliminary analysis of a member of the Appeals team on certain issues, at a time before the notice of deficiency was issued, including her recommendations as to courses of action to take and the prospects for settlement.

**Bates No. SUPP01746-1750.** One email, dated July 27, 2004, from Kelly Schwarz to Cynthia Gdula, Appeals Tax Computation Team Manager (Houston), which is copied to Dwight Sumner, with an attached request for services and schedule of adjustments for certain pending issues. This email was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it discusses preparations for the notice of deficiency and refers to the attachments, which involve the preparation of tax computations, at a time before the notice of deficiency was finalized and issued to plaintiff.

**Bates No. SUPP01751-01755.** A string of two emails, both dated July 27, 2004, among Kelly Schwarz, Cynthia Gdula, and Todd Ekstrom, Supervisory Appeals Officer (Chicago), which is copied to Dwight Sumner, with an attached request for services and schedule of adjustments. The email was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it discusses preparations for the notice of deficiency and refers to the attachments which involve the

preparation of tax computations, at a time before the notice of deficiency was finalized and issued to plaintiff.

**Bates No. SUPP01756.** One email, dated September 14, 2004 from Thomas Wells, Revenue Agent, Appeals (Omaha) to Kelly.Schwarz. The email provides corrected figures to certain draft computations for an anticipated partial agreement with the plaintiff. The Service asserts executive privilege for the entire document as it contains suggested input for a computation that was furnished at a time before the notice of deficiency was not yet finalized and issued to plaintiff.

**Bates No. SUPP01757-01758.** One email, dated September 16, 2004, from Thomas Wells to Kelly Schwarz, transmitting a spreadsheet involving preparations to be incorporated into the notice of deficiency, which had not yet been finalized and issued to plaintiff. This email was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it contains preliminary language to be incorporated into the notice of deficiency, at a time before it had been finalized and issued to the plaintiff.

**Bates No. SUPP01759-1761.** A string of four emails, dated August 20, 2004, through October 1, 2004, among David Blivins, Kelly Schwarz and Linda Flemins. The emails deal with the valuation on the KIRO issue. The Service asserts executive privilege for the entire document as it contains the authors' respective views regarding, and their legal analysis of, the valuation issue, including their litigating hazards assessments, at a time when the notice of deficiency had not yet been finalized and issued to plaintiff and the Service was still formulating its position for the Coordinated Issue Paper on this issue.

**Bates No. SUPP01762.** A string of two emails, dated November 3, 2004, through November 4, 2004, between Thomas Wells and Kelly Schwarz. The email reflects the authors' discussion of additional computations that might need to be made and certain other issues that need resolution. The Service asserts executive privilege for the portion of the document (November 4th email) as it reflects certain matters warranting further development, at a time before the Service finalized and issued the notice of deficiency to plaintiff.

**Bates No. SUPP01763.** A string of three emails, dated November 3, 2004 and November 4, 2004. Two of the emails are included in the document described as Bates No. SUPP01762; the third email, also dated November 4, 2004, from Kelly Schwarz to Thomas Wells, responds to the earlier exchange. The Service

asserts executive privilege for the portion of the document (the same November 4th email) for the same reasons as set forth for that portion of the duplicate document.

**Bates No. SUPP01764-01765.** One email, dated January 25, 2005, from Kelly Schwarz to Terri Shelley-Kirkum, Supervisory Tax Examining Technician, Appeals (Phoenix), which is copied to Dwight Sumner, with an attached case assignment request. This email was later forwarded by Mr. Schwarz to Tammi Bond by a second email dated November 1, 2006. The Service asserts executive privilege for the entire document as it reflects the continuing development of the examination, including the calculations needed in preparation for the issuance of the notice of deficiency and subsequent assessment.

**Bates No. SUPP01766-01767.** A string of two emails, both dated January 25, 2005, among Kelly Schwartz, Terri Shelly-Kirkum, Patricia Dittman, Tax Examining Technician, Appeals (St. Louis), which is copied to Dwight Sumner, with an attached case assignment request. These emails were later forwarded by Mr. Schwarz to Tammi Bond by a third email dated November 1, 2006. The earliest email (and its attachment) is included in the document described as Bates No. SUPP1764-1765. The Service asserts executive privilege for the same reasons as set forth for that duplicate document. The other January 25th email reflects additional steps to be taken in the development of the examination. The Service also asserts executive privilege for that email, as it reflects the continuing development of the examination, including the calculations needed in preparation for the issuance of the notice of deficiency and subsequent assessment.

**Bates No. SUPP01768.** One email, dated February 2, 2005 from Kelly Schwarz to Lynn Gaston and Sharon Johnson. The email briefly explains the progress in the case toward assessment of agreed amounts and issuance of the notice of deficiency. The Service asserts executive privilege for the entire document as it reflects the continuing development of the examination, including the calculations needed in preparation for the issuance of the notice of deficiency and subsequent assessment.

**Bates No. SUPP01769-01791.** One email, dated February 16, 2005, from Sharon Johnson,to Kelly Schwarz, with an attached 22-page analysis. This email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The attachment is a draft portion of the Appeals Case Memorandum addressing one issue, prepared by Ms. Johnson for

Mr. Schwarz's review. The Service asserts executive privilege for the entire document as it is a draft and it contains her analysis and recommendations as to the tax treatment of certain transactions at issue, including her litigating hazards assessments, at a time when the matter was not finalized.

**Bates No. SUPP01792-01829.** One email, dated February 16, 2005, from Kelly Schwarz to Richard Druk, with a 34-page analysis by the appeals officers assigned to develop various issues in the case and an attached three-page work plan, for his review. This email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document (email and 34-page attachment) as it is a draft that will ultimately be incorporated into the Appeals Case Memorandum, and it contains the appeals officers' analyses and recommendations as to the tax treatment of certain transactions at issue, including litigating hazards assessments, at a time when the matter was not finalized and litigation was anticipated.

**Bates No. SUPP01830-01852.** One email, dated February 16, 2005, from Kelly Schwarz to Richard Druk with an attached 22-page analysis that is prepared by Sharon Johnson. The analysis is a duplicate of the attachment that is a part of the document described as Bates No. SUPP1769-1691. The analysis was forwarded by Mr. Schwarz to Mr. Druk for use in the expected claim disallowance and later for anticipated litigation. This email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01853.** A string of two emails, dated, February 23, 2005, through February 24, 2005, among Glenn McLoughlin, Kelly Schwarz, Katherine Ankeny, Linda Flemins and Paul Kelly regarding ideas on how the Service should approach the valuation adjustment in the notice of deficiency. The Service asserts executive privilege for the portion of the document that consists of the February 24th email as it reflects the author's analysis and recommendations on the valuation issue and certain calculations at a time when the notice of deficiency had not yet been issued.

**Bates No. SUPP01854-01858.** A string of three emails, all dated May 16, 2005, among Lynette Schofield, Lead Tax Examining Technician, Appeals (Ogden), Kelly Schwarz, Patricia Dittman, Terri Shelley-Kirkum and Dwight Sumner, and an attached request for interest computation. The Service asserts executive

privilege for the entire document as it reflects the authors' respective views as to the processing of the notice of deficiency and possible need for subsequent assessment and interest computations.

**Bates No. SUPP01859-01862.** A string of two emails, dated May 16, 2005, through May 23, 2005, among Kelly Schwarz, Terri Shelley-Kirkum, Dwight Sumner, Patricia Dittman, David Hatherley, Supervisory Appeals Officer (Boston) attaching a request for interest computation. These emails (with 2-page attachment) were later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The May 16th email is contained in the document described as Bates No. SUPP01855; the second page of the attachment is a duplicate of the document described as Bates No. SUPP01857. The Service asserts executive privilege for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the first page of the attachment as it contains the bases for the interest computations.

**Bates No. SUPP01863-01975.** One email, dated September 1, 2005, from Kelly Schwarz to Susan Kahalekulu, Appeals Officer (Denver), with attached copies of: an undated and unexecuted closing agreement on the sewer treatment plant issue; a the Appeals Case Memorandum that analyzes the various issues Appeals had under consideration. This email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. While the email references an attached work plan there was not one attached. The Service asserts executive privilege for the email as it addresses the progress of the case and certain information that may be useful to Ms. Kahalekulu, who was assigned to the examination of plaintiff for later years. The Service also asserts executive privilege for the Appeals Case Memorandum, as it reflects the analyses and recommendations of various appeals officers, including their litigating hazards assessments, on the outstanding issues in plaintiff's case.

**Bates No. SUPP01976-01977.** One email, dated October 31, 2003, from Kelly Schwarz to William Reitan, with an attached conference memorandum, dated October 31, 2003. The email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document (the attachment) as it memorializes a discussion between Kelly Schwarz and Paul Kelly regarding the KIRO issue and how it should be dealt with in the Appeals Case Memorandum, at a time when the notice of deficiency had yet to be finalized and issued to the plaintiff.

**Bates No. SUPP01978-01980.** One email, dated January 9, 2004, from Kelly Schwarz to Dwight Sumner, with two attached memoranda of conference calls. The email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The email reflects the progress of the matter under Appeals consideration, including consideration of procuring the services of an expert. The first memorandum dated January 9, 2003, memorializes a conference among Kelly Schwarz, Richard Druk, and Monty Careswell regarding the valuation on the KIRO issue and the expert witness on that matter. The second memorandum dated January 9, 2003, memorializes a conference between Kelly Schwarz and Eric Olson. The Service asserts executive privilege for the first attachment as it contains the respective participants' views on the valuation issue, at a time when Appeals had just begun its consideration of the case, and before the notice of deficiency had not yet been finalized and issued to the plaintiff.

**Bates No. SUPP01981-02006.** One email, dated February 2, 2005, from Kelly Schwarz to Glenn McLoughlin, with an attached and revised 25-page Appeals Case Memorandum. The email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document that is the attachment as it is a draft of the Appeals Counsel Memorandum forwarded for Mr. McLoughlin's consideration as part of his review of the notice of deficiency, at a time before the Service had issued the notice of deficiency to the plaintiff.

**Bates No. SUPP02023-02030.** One email, dated May 4, 2004, from Kelly Schwarz to Dwight Sumner, with an attached draft of a mediation contract. The email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document that consists of the attachment as it is a draft of a mediation contract that may be used, if the Service and plaintiff were to agree, at a time when the decision to utilize mediation was not yet made.

**Bates No. SUPP02031-02051.** One email, dated June 10, 2004, from Kelly Schwarz to Dwight Sumner, with an attached 20-page draft position paper. The email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The attachment is a draft of the Appeals Discussion Memorandum, which is not in final form. The Service asserts executive privilege for the portion of the document that consists of the attachment as it is a draft and reflects the analysis and recommendations of the appeals officers at a time when the Service and plaintiff were to enter mediation.

**Bates No. SUPP02207-02471.** A string of two emails, dated January 25, 2005 through January 26, 2005, between Kelly Schwarz and Thomas Wells, with attached portions of the draft notice of deficiency. The email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document that is the attachment, as it is a draft and consists of the preliminary analysis and recommendations as to the tax treatment of certain transactions, before the notice of deficiency was finalized and issued to the plaintiff.

**Bates No. SUPP02472-02525.** A string of two emails, dated February 24, 2005, through February 25, 2005, among Kelly Schwarz, Glenn McLoughlin, Monty Careswell, Craig Wojay, Barbara Leonard, Ronald Rosen, and Scott Cline, General Engineer, LMSB (Rochester), with an attached copy of the BIA appraisal of tangible and intangible assets for KIRO-TV as of January 31, 1995, which has some handwritten annotations by Neal Nelson. This email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by a third email dated November 1, 2006. The Service asserts executive privilege for the portion of this document that contains the February 24th email as it is a duplicate of the document described in the Stevens Declaration as Bates No. 0390 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the appraisal, as the placement and content of the handwritten annotations reflects the agent's views at a time before the notice of deficiency was finalized and issued to the plaintiff.

**Bates No. SUPP02526-02640.** One email, dated March 30, 2005, among Kelly Schwarz, Tammi Bond, Dwight Sumner and Joyce Phillips, Technical Advisor, Appeals Area 7 (Houston), with the following attachments: Form 5402, Appeals Transmittal and Case Memo, dated June 30, 2005, sending the case for closing and including comments from Kelly Schwarz on the status of the case; Schedule of Adjustments for Deseret Management Corporation for 1994 through 1998; Closing Agreement on Financial Determination Covering Specific Matters (Deseret Management Corporation and Subs); Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment; Appeals Case Memoranda for various issues providing the analysis, summaries and recommendations of the appeals officers on the various issues. The email, with attachments, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts the executive privilege for the portions of the document consisting of the attachments, except the Forms 870 and closing agreement, as they reflect the

appeals officers' analyses and recommendations respecting the outstanding issues, including litigating hazards assessments, at a time before the Service had finalized and issued the notice of deficiency to plaintiff.

**Bates No. SUPP02641.** One email, dated March 5, 2004, from Kelly Schwarz to Lynn Gaston, which is copied to Dwight Sumner. This email contains the author's summary of aspects of his conversation with Eric Olson and his analysis of, and recommendations on, developing the case further. The Service asserts executive privilege for the entire document as it reflects his analysis and recommendations, including his litigating hazards assessment, as to how the Service should proceed in light of plaintiff's position on the KIRO issue, at a time before the Service had finalized and issued the notice of deficiency to plaintiff.

**Bates No. SUPP02642-02650.** One email, dated November 24, 2003, from Kelly Schwarz to William Reitan, with two attached conference memoranda, both of which are dated November 20, 2003. The email, with attachments, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The conference memoranda summarize selected discussions during a meeting by Kelly Schwarz and Sharon Johnson with representatives of the plaintiff including Eric Olson, Scott Florence, Bob Edwards, Mike Hines, Charles Kadlec, Bruce Olson and Bob Smith. The Service asserts executive privilege for the portion of the document that consists of the second attached memorandum as it contains the thoughts and analyses of the appeals officers in reaction to the presentation made by the plaintiff's representatives, including their recommended next steps that might be taken.

**Bates No. SUPP02651-02654.** One email, dated March 4, 2004, from Kelly Schwarz to Dwight Sumner, with an attached conference memorandum dated March 4, 2004. This email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The memorandum memorializes select discussions among Kelly Schwarz, Sharon Johnson, Eric Olson and Scott Florence. The Service claims executive privilege for the portion of the document that consists of the attached memorandum as it contains the analyses of the appeals officers on the issues discussed, including his litigating hazards assessment and his recommended next steps that might be taken

**Bates No. SUPP02655-02657.** One email, dated April 14, 2004, from Kelly Schwarz to Dwight Sumner and Sharon Johnson. The email string attaches a Conference Memorandum, dated April 13, 2004, memorializing select portions of a conference attended by Kelly Schwarz, Sharon Johnson, Dwight Sumner, Eric Olson and Scott Florence dealing with a request for post-Appeals mediation. This email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond

by an email dated November 1, 2006. The Service claims executive privilege for the portion of the document that consists of the attached Conference Memorandum as it contains the analyses of the appeals officers on the status of issues and their reactions to plaintiff's request for mediation.

7. The production of the documents, or the withheld portions thereof, described in paragraph 11, above, would inhibit the frank and honest discussion of legal and policy matters, and thus would adversely affect the quality of the Service's decisions and policies. Disclosure of the withheld documents or portions of the documents would reveal opinions of Office of Chief Counsel and Internal Revenue Service personnel at many levels at a time when the opinions were not fully developed and the issues were still being debated. None of the withheld information represents a statement of agency policy or a final decision and release of the withheld information could, therefore, result in confusion to the public. Disclosure of the withheld documents, or portions thereof, would adversely affect the Service's ability to administer and enforce sections 338, 482, 1031 and 1060 of the Internal Revenue Code at all levels, from voluntary compliance and examination to appeals and litigation.

8. In addition, certain of the documents, or portions thereof, described in paragraph 11 above, relate to unrelated third party taxpayers and contain the names, the fact of their examination, and certain other details of their transactions and the tax treatment thereof, of these unrelated third party taxpayers. Such documents, or these discrete items of information contained in other documents, constitute the return information of these unrelated third party taxpayers. These items of information are withheld pursuant to I.R.C. § 6103(a), which provides that returns and return information

shall not be disclosed except as authorized by a provision of the Code. Plaintiff has not demonstrated a material interest in any of this material under I.R.C. § 6103(e), nor has it produced any of these taxpayers' consents under I.R.C. § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code to this information. Accordingly, in addition to my assertion of executive privilege, I am claiming I.R.C. § 6103(a) as a statutory bar to the disclosure of this material.

9. Pursuant to the authority vested in me by Delegation Order No. 220 (Rev. 3), I hereby assert a formal claim of executive privilege and respectfully request that none of the withheld documents, or portions thereof, described in paragraph 11, above, be disclosed in response to Plaintiffs' First Request for Production of Documents To Defendant dated September 27, 2006, or otherwise in connection with any issue in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of December, 2006, in Washington, D.C.

Margo L Stevens

MARGO L. STEVENS
Assistant Chief Counsel
(Disclosure and Privacy Law)
Office of Chief Counsel
Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, D.C. 20224
Tel: (202) 622-4560