# Exhibit G

## Government's First Supplemental Log III

## PRIVILEGE LOG FOR NOVEMBER 22, 2006, PRODUCTION
## as revised

"Log" of Additional Documents potentially responsive to Plaintiff's First Request for Production of Documents to Defendant which are subject to attorney client privilege, attorney work product privilege, personal privacy and privilege from production by reason of I.R.C. § 6103 include the following:

**Bates No. SUPP00001-00002.** A string of five e-mails, dated May 27, 1999 through July 1, 1999, among Stephen Barnes, Senior Attorney, SBSE (Salt Lake City), Mark H. Howard, Senior Counsel, SBSE (Salt Lake City), Kendall Williams, Deputy Area Counsel, LMSB (San Jose), Bryce Kranzthor, Special Litigation Assistant, Area Counsel, LMSB (San Francisco), and Ronald Buch, Senior Attorney, Office of Assistant Chief Counsel (Field Service) (Washington, D.C.) transmitting the respective authors' views regarding the application of I.R.C. § 482 in a domestic rather than international setting. The e-mail references other taxpayers and cases where the Service had asserted section 482 in a domestic setting. The Service asserts executive privilege for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning other taxpayers whose examinations and/or litigation involved section 482. A taxpayer's identity, fact of examination (investigation, or other processing) as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00003.** One e-mail, dated September 16, 2002 from Charles Burnett, Senior Attorney, Area Counsel, LMSB (Phoenix) to David Otto, Associate Area Counsel, LMSB (Phoenix), which was copied to Mark H. Howard, relaying a communication from Richard Druk, Group Manager, LMSB (Salt Lake City) about certain related developments on the consideration of a tax exempt entity holding title to the FCC license. The email reflects some advice provided by Helene Winnick, Area Counsel, Tax Exempt & Government Entities (TEGE) (San Francisco) with respect to this entity. The Service asserts executive

EXHIBIT
G

privilege for the entire document as it contains the views of Richard Druk on dealings with a tax exempt entity. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning the Service's determination as to the existence of liability under the Code, including the prospect of examination, of a third party taxpayer. A taxpayer's identity, fact of examination, as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts attorney client privilege for the entire document because it contains the information communicated to counsel by the examination group manager.

**Bates No. SUPP00004.** One e-mail, dated October 28, 2002, from Nancy Hansen, Revenue Agent, TEGE (Salt Lake City) to Mark H. Howard and Richard Druk, which was copied to Janet Hughes, Group Manager, TEGE (Denver) and Robert Towler, Attorney, Area Counsel, TEGE (San Francisco) regarding an examination of a tax exempt entity. The Service asserts executive privilege for the entire document as it relates to a proposed course of action in an examination of a third party taxpayer. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning the Service's determination as to the existence of liability under the Code, including the prospect of examination, of a third party taxpayer. A taxpayer's identity, fact of examination, as well as details concerning the treatment of certain transactions under the Code, are items of that third party taxpayer's return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to counsel by a revenue agent.

**Bates No. SUPP00005.** One e-mail. dated October 28, 2002, from Mark H. Howard to David Otto and Charles Burnett, transmitting the e-mail that is described as Bates No. SUPP003 for their information. The Service asserts executive privilege for the portion of the document that is a duplicate of the document described as Bates No. SUPP003 for the same reasons as set forth for that duplicate document. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning the Service's determination as to the

existence of liability under the Code, including the prospect of examination, of a third party taxpayer. A taxpayer's identity, fact of examination, as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts attorney client privilege for the entire document because it contains the information communicated to counsel by the examination group manager.

**Bates No. SUPP00006-00009.** A string of four e-mails, dated March 24, 2003 through April 24, 2003, among Mark H. Howard, Rick Hosler, Associate Area Counsel, LMSB (Phoenix), Charles Burnett, Monty Careswell, IRS Valuation/Economist Specialist, LMSB (Denver), Richard Druk, Robert Schmidt, Supervisory General Engineer, LMSB (Denver), Arthur (Art) Lucchese, Revenue Agent, Technical Advisor for Media and Entertainment, LMSB (Chicago), Bradley Nance, Revenue Agent, LMSB (Salt Lake City), Linda Flemins, Revenue Agent, Technical Advisor for Media and Entertainment, LMSB (Los Angeles), with an attached three page fact sheet. The three-page fact sheet and the March 24th email are duplicates of the document described in the Stevens Declaration as Bates Nos. 0460-0464. The Service asserts executive privilege for these same portions as set forth for that duplicate document. The Service also asserts executive privilege for the additional three emails as they contain the authors' respective views on the technical advisors' analysis of a valuation issue, and its applicability to the appropriate methodology to use in other contexts (such as plaintiff's examination). This exchange took place at a time when the Service had not yet finalized and issued its notice of deficiency to plaintiff. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to counsel by a revenue agent and requesting assistance.

**Bates No. SUPP00010-00012.** A string of five emails, dated March 24, 2003 through April 4, 2003, among Rick Hosler, Mark H. Howard, Charles Burnett, Art Lucchese, Bradley Nance, and Linda Flemins. Except for the March 24, 2003 4:45 PM email and the three-page fact sheet attachment, the emails are included in the document described as Bates No. SUPP0006-0009. The Service asserts executive privilege for the portions of the document that are duplicates of Bates No. SUPP0006-0009 for the same reasons set forth for that duplicate document. The Service asserts attorney client privilege as noted above.

**Bates No. SUPP00013.** An e-mail dated May 13, 2003, from Richard Druk to Mark H. Howard with an attached three page fact sheet reflecting the Media and Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use in other contexts (such as plaintiff's examination). The fact sheet is dealt with below as Bates No. SUPP00014-00016. The Service asserts attorney client privilege for the e-mail as it requests the review by counsel and a discussion with counsel of these matters.

**Bates No. SUPP00014-00016.** A three page fact sheet reflecting the Media and Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use in other contexts, including plaintiff's examination. This is a duplicate of the document described in the Stevens Declaration as Bates Nos. 0460-0464. The Service asserts executive privilege for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00017.** One e-mail, dated August 7, 2003, from Cliff Toyama, Revenue Agent, LMSB ( Honolulu) to Mark H. Howard, which was copied to Bradley Nance and Richard Druk, containing the author's analysis of the application of I.R.C. § 482 to counter the plaintiff's protest and requesting the view of Mr. Howard on his analysis. This exchange took place at a time when the Service had not yet finalized its response to the protest. The Service asserts executive privilege for the entire document as it contains the author's analyses of the valuation issues in the KIRO matter, including his assessment of the comparative strengths and weaknesses of the Service's and plaintiff's positions. The Service asserts attorney client privilege for this entire document as it requests the author's analysis and requests a review by counsel.

**Bates No. SUPP00018-00018a.** One e-mail, dated August 22, 2003, from Mark H. Howard to Cliff Toyama in response to the e-mail described as Bates No. SUPP007.. The Service asserts executive privilege for the entire document as it contains the author's response to, and analysis of, Mr. Toyoma's views regarding the application of I.R.C. § 482 to the plaintiff's case. This exchange took place at a time when the Service had not yet finalized its response to the protest. The Service asserts executive privilege for the entire document as it contains the author's analyses of the valuation issues in the KIRO matter, including his assessment of the comparative strengths and weaknesses of the

Service's and plaintiff's positions. The Service asserts attorney client privilege for this entire document as it requests the author's analysis and requests a review by counsel. The Service asserts work product privilege for the portion of the document in which Mr. Howard provided his response.

**Bates No. SUPP00019-00035.** One e-mail, dated August 27, 2003, from Mark H. Howard to Rick Hosler and M. K. Mortensen, Associate Area Counsel, SBSE (Salt Lake City), with an attached draft memorandum regarding the application of Treas. Reg. § 1.338-6T. The memorandum was written at a time when the Service had not yet finalized its response to plaintiff's protest. The attached memorandum is the same as the document described in the Stevens Declaration as Bates Nos. 0206-0221, except that it does not contain the editorial changes. The Service asserts executive privilege for the portion of this document (attached memorandum) for the same reasons as set forth for that duplicate document. The Service asserts attorney client privilege as Mark Howard provided this memorandum to the Service as its attorney in response to its request and seeking comments before preparing the final product. The Service asserts attorney work product privilege for the document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP00036a-00036r.** A chain of three e-mails, dated September 12, 2003, through September 16, 2003, among Richard Druk, Mark Howard, Bradley Nance and Monty Careswell, with an attached memorandum to file dated September 11, 2003, which was prepared by Monty Careswell. The memorandum is a slightly different, and earlier, draft version of the document described in the Stevens Declaration as Bates Nos. 0486-0502. The Service asserts executive privilege for the attachment for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the e-mail string, which transmits and provides the authors' respective comments about, the memorandum for Mr. Howard's review before it is finalized as a rebuttal to plaintiff's protest.

**Bates No. SUPP00037-00040.** One e-mail, dated October 21, 2003, from Mark H. Howard to Richard Druk which was copied to Rick Hosler, and M. K. Mortensen, with an attached three page summary providing the views of Mr. Druk, with suggested revisions by Mr. Howard, on efforts made to resolve several issues with the plaintiff and their views on various settlement proposals and the prospect of the Service reaching agreement with plaintiff. The Service asserts executive privilege for the portion of the document (attached summary) as it is a draft and it contains the authors' analysis of outstanding issues, including their assessment of litigating hazards, in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00041-00044.** A string of two emails, dated October 21, 2003, through October 22, 2003, between Richard Druk and Mark H. Howard, transmitting an attached three-page summary prepared by Mr. Howard with Mr. Druk's proposed revisions (Bates No. SUPP00037-00040), which reflects the efforts made to resolve several issues with the plaintiff and their views on various settlement proposals. The Service asserts executive privilege for the portion of the document (attached summary) as it is a draft and it contains the authors' analyses of outstanding issues, including their assessment of litigating hazards, in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00045-00048.** One e-mail, dated October 24, 2003, from Mark H. Howard to Richard Druk with further editorial revisions Mr. Howard proposed to the version of an attached three page summary as proposed by Mr. Druk (Bates No. SUPP00041-00044) on efforts made to resolve several issues with the plaintiff and their views on various settlement proposals. The Service asserts executive privilege for the portion of the document (attached summary) as it is a draft and it contains the authors' analysis of outstanding issues, including their assessment of litigating hazards, in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00049.** Page copied in error. The page was recently prepared by Mark H. Howard listing contact names and telephone numbers related to this case. The Service claims personal privacy privilege for the home telephone number of Katherine Ankeny.

**Bates No. SUPP00050-00053.** One e-mail, dated October 24, 2003, from Richard Druk to Kelly Schwarz, Appeals Officer (Oklahoma City), which is copied to Bradley Nance and Mark H. Howard, and an attached three page summary on efforts made to resolve several issues with the plaintiff and their views on various settlement proposals, which is a duplicate of the document described as Bates No. SUPP00050-00053. The Service asserts executive privilege for the attachment for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the email as it contains the author's analysis of outstanding issues, including their assessment of litigating hazards, in preparation for the appeals conference with plaintiff.

**Bates No. SUPP00054-00057.** One e-mail, dated October 24, 2003, from Mark H. Howard to Rick Hosler and Charles Burnett, which is copied to M. K. Mortensen, forwarding for their information the email and attached three page summary, which is the document described as Bates No. SUPP00050-00053.

The Service asserts executive privilege for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the email as it contains the author's views on a strategy for handling various issues in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00058-00059.** One e-mail, dated October 27, 2003, from Richard Druk to Kelly Schwarz, which is copied to Mark H. Howard and Bradley Nance. This e-mail attaches a draft supplement to the transmittal memorandum to Appeals ("T-letter") with information on the ownership of the plaintiff and providing an analysis of several of the issues going to Appeals for consideration. The Service asserts executive privilege for the entire document as it consists of draft language for the T-letter and the authors' analyses of certain issues in preparation for the pre-Appeals conference with plaintiff.

**Bates No. SUPP00060-00061.** One e-mail, dated October 28, 2003, from Mark H. Howard to Rick Hosler and Charles Burnett, forwarding for their information the e-mail and attached draft supplement to the T-letter, which is the document described as Bates No. SUPP00058-00059. The Service asserts executive privilege for the same portions of the document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00062-00067.** One e-mail, dated November 14, 2003, from Mark H. Howard to John Prisco, Technical Advisor for Insurance, LMSB (New York) forwarding a four page attachment prepared by Grid Glyer, attorney, Office of the Associate Chief Counsel, Corporate (Washington, DC) to memorialize informal assistance he had provided over the telephone to Mr. Howard during a prior audit cycle. The Service asserts executive privilege for the entire document as it transmits Mr Glyer's legal analysis on insurance issues from a prior audit cycle of the plaintiff, for the current cycle that was pending in Appeals. The Service asserts attorney work product privilege on the attachment as it contains the legal research and analysis of an attorney in the Office of Chief Counsel.

**Bates No. SUPP00068-00084.** One e-mail, dated October 28, 2003, from Mark H. Howard to Kelly Schwartz with an attached 16 page memorandum. The memorandum was described in the Stevens Declaration as Bates No. 0467 to 0482. The Service asserts the executive privilege for the attached memorandum for the same reasons as set forth for that duplicate document. The Service also asserts the attorney work product and attorney client privilege for this memorandum prepared by Mark H. Howard at the request of the Service employees in anticipation of the Appeals consideration and possible litigation.

**Bates No. SUPP00085-00086.** A string of e-mails dated from December 4,

2003, to December 2, 2003, among Bradley Nance, Mark H. Howard, Cliff Toyama and Richard Druk asking for assistance in locating a cases relevant to the discussion on the taxpayer's protest. The Service claims attorney client privilege for the entire document as it provided information to Mark H. Howard to use in providing legal assistance related to issues in the case.

**Bates No. SUPP00087-00088.** An e-mail dated December 4, 2003, from Mark H. Howard to Cliff Toyama and Bradley Nance with the remainder of the chain e-mail identified as Bates No. SUPP00085-00086 above. This e-mail contains the author's response to the inquiry regarding cases involving section 482 and cases discussed in preparation for the pre-Appeals conference. For the reasons stated above, the Service asserts attorney client privilege as to the entire document. The Service asserts attorney work product privilege as to the portion of the e-mail from Mark H. Howard as it provides fruit of his research on the I.R.C. § 482 issue.

**Bates No. SUPP00089.** A string of two e-mails dated from October 1, 2004, through October 1, 2004 among Charles Burnett, Rick Hosler and Mark H. Howard regarding an area weekly report and including information on another case involving the valuation of FCC licenses and the possible application of that information in this taxpayer's case. The Service also asserts I.R.C. § 6103 to protect the identity of, and details concerning other taxpayers whose examination and identity appear in the report. A taxpayer's identity, fact of examination (investigation, or other processing) as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00090-00091.** A string of three e-mails, dated March 1, 2005, through March 7, 2005, among Richard Druk, Mark H. Howard, Robert Schmidt, Monty Careswell and Bradley Nance. Each transmitted the fourth e-mail, which is the document described in the Stevens Declaration as Bates No. 0409. The Service asserts executive privilege for the portion of this document (the fourth email) for the same reasons asserted for that duplicate document.

**Bates No. SUPP00092-00096.** A string of four e-mails, dated March 1, 2005, through March 10, 2005, with attached three pages of notes. The last e-mail from Richard Druk to Mark H. Howard transmits and comments upon a copy of

the e-mail identified in the Stevens Declaration as Bates No. 428-429 and the attachment identified as Bates No. 0176–0178. The Service asserts executive privilege for the entire email string for the same reasons as set forth for that duplicate document. The Service asserts attorney client privilege for the entire document which transmits information between various Service personnel and the attorneys working with them.

**Bates No. SUPP00097-00101.** A string of five e-mails, dated March 1 through March 14, 2005, with attached three pages of notes. The last e-mail from Mark H. Howard to Rick Hosler transmits and comments upon the previous four emails that are contained in the document described as Bates No. SUPP00092-00096. The Service asserts the executive privilege for the entire email string for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00102.** An e-mail dated April 13, 2005, from Richard Druk to Linda Flemins with copies to Mark H. Howard and Glenn McLoughlin, Attorney, LMSB (Oklahoma City). The Service claims attorney client privilege for the entire document as it communicates information to attorneys for the Service in anticipation of or preparation for litigation.

**Bates No. SUPP00103.** One e-mail, dated April 20, 2005, from Richard Druk to Robert Schmidt, which is copied to Edward Johnsen, Program Manager, Natural Resources & Construction, LMSB (Phoenix), Bradley Nance, and Mark H. Howard. This is a duplicate of the document described in the Stevens Declaration as Bates No. 0170. The Service asserts executive privilege for the same portions for the same reasons as set forth for that duplicate document. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorney in anticipation of litigation.

**Bates No. SUPP00104.** A string of two e-mails, both dated April 20, 2005. One of the emails duplicates the document described as Bates No. SUPP00103. The other email is a response from Mark Howard to Rick Hosler, with his comments on the handling of anticipated litigation. The Service asserts executive privilege for the portion of this document (one email sent at 8:00 AM) for the same reasons as set forth for that duplicate document. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorney in anticipation of litigation.

**Bates No. SUPP00105-00106.** A string of four e-mails, dated April 20, 2005 through April 21, 2005, among Linda Flemins, Glenn McLoughlin, Senior Attorney, Area Counsel, LMSB (Oklahoma City), Katherine Ankeny, Media Industry Counsel, LMSB (Los Angeles), Richard Druk, Robert Schmidt, Bradley

Nance, Edward Johnsen, and Mark H. Howard, transmitting the respective authors' views regarding the steps needed to be taken after the notice of deficiency and in anticipation of plaintiff's refund claim being filed in court, and particularly with respect to any additional development of the valuation methodology. These four emails are included in the five-email string that is the document described in the Stevens Declaration as Bates No. 0171-0174. The Service asserts executive privilege for the entire document for the same reasons as that duplicate document. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorneys in anticipation of litigation.

**Bates No. SUPP00107-108.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0171-0174. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document. The Service asserts attorney client privilege for the entire document as it communicated information to the assisting attorneys in anticipation of litigation.

**Bates No. SUPP00109.** Handwritten notes, dated January 19, 2000, by Mark H. Howard, summarizing a telephone conversation with Patricia Donohue, Assistant Regional Counsel (Tax Litigation), Western Region (San Francisco). The Service asserts executive privilege for the entire document as it memorializes strategic discussions certain outstanding issues to be resolved concerning the use of valuations performed in examinations of other (unnamed) third party taxpayers. The Service asserts executive privilege for the entire document as it memorializes Ms. Donohue's discussion with Mr. Howard regarding IRS Examination personnel assigned to plaintiff's audit gaining access to appraisal reports from other audits and the need for legal review of this issue. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice.

**Bates No. SUPP00110-00114.** A memorandum, dated January 24, 2000, from M. K. Mortensen to the Assistant Chief Counsel (Disclosure Litigation) . The principal drafter is Mark H. Howard, and it conveys his summary of the facts involving the KIRO issue and requesting assistance on the disclosure rules as they would apply to IRS Examination personnel and expert's access to, and use of, appraisal reports involving broadcast industry companies other than the plaintiff in this case. The Service claims executive privilege for the entire document as it contains the author's analysis of issues pending in the examination and requests legal advice from the Assistant Chief Counsel

(Disclosure Litigation) in resolving certain legal issues. The Service also asserts I.R.C. § 6103 to protect the portions of the memorandum that reference the fact of, and broadcast property appraisal-related information obtained and developed by IRS Examination personnel with respect to the determination of the liability of, an unrelated (unnamed) third party taxpayer. Even though unnamed, the fact of examination, and details as to the appraisal of assets of that taxpayer, drawn directly from the examination of that taxpayer, are items of return information under I.R.C. § 6103(b)(2)(A). The location of that taxpayer, which is in the same industry as plaintiff, is indicated. As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service claims attorney client privilege for the documents as the Service communicated information to its attorneys for the preparation of this memorandum and the seeking of advice. The Service claims attorney work product privilege for entire document as Mr. Howard prepared it as part of the process of obtaining a final legal opinion on the issues dealt with in that memorandum.

**Bates No. SUPP00115.** Handwritten notes, dated February 4, 2000, by Mark H. Howard, summarizing a telephone conversation with Neal Nelson, Revenue Agent, LMSB (Salt Lake City). It memorializes Mr. Nelson's further discussion of the request for advice on disclosure related to broadcast industry appraisal reports and Mr. Howard's response. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00116.** Handwritten notes, dated February 18, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty, Attorney, Office of Assistant Chief Counsel (Disclosure Litigation), (Washington, DC). The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for disclosure-related advice, including a new strategy being considered for which disclosure advice would be needed. The Service also asserts I.R.C. § 6103 to protect the identity of, and the fact of examination of, an unrelated third party taxpayer, whose appraisal-related information was being discussed in the context of Mr. Howard's request for advice from Ms. McGinty. A taxpayer's identity, the fact of examination, and the appraisal-related information), are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party

return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00117.** Handwritten notes, dated March 7, 2000, by Mark H. Howard, summarizing a telephone conversation with Neal Nelson. The Service asserts attorney client privilege for this document as it dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00118.** Handwritten notes, dated April 20, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. Mr. Howard acted as the conduit to transmit the facts to the national office Chief Counsel attorneys to use in providing an opinion.

**Bates No. SUPP00119.** Handwritten notes, dated April 21, 25 and 26, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty and a separate conversation with Neal Nelson and Ms. McGinty. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice. It recounts her informal response to the request for advice and her request for additional information from Mr. Howard. The Service asserts attorney client privilege for the matters communicated by the Service through Mr. Howard to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege for the portion of the notes documenting the legal conclusions of Ms. McGinty.

**Bates No. SUPP00120.** One e-mail, dated April 25, 2000, from Jennifer McGinty to Mark H. Howard, providing an informal response on use of appraisal reports available to an expert from outside sources and the use by IRS Examination personnel assigned to plaintiff's examination of appraisal reports available from other audits. The Service asserts executive privilege for the entire document as it memorializes Ms. McGinty's analysis of the disclosure laws as they would apply to plaintiff's case, depending on various strategies then be considered. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of

obtaining legal advice and the response back. The Service asserts the attorney work product privilege as the e-mail consists of the legal research and the legal conclusions of Ms. McGinty relative to the general disclosure issues raised.

**Bates No. SUPP00121-123.** Fax cover sheet (2 pages), dated April 26, 2000, with attached schedule from Mr. Bivens' draft expert report sent to Jennifer McGinty by Mark H. Howard in response to the request described in Bates No. SUPP00119. The Service asserts executive privilege for the portions of the document (attached schedule) as it includes information developed to date by the expert assisting IRS Examination personnel in the examination of plaintiff, which was furnished by Mr. Howard at the request of Ms. McGinty as part of the process of obtaining her legal assistance. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice.

**Bates No. SUPP00124.** Handwritten notes, dated April 26, 2000, by Mark H. Howard, summarizing a telephone conversation with Richard Druk. The Service asserts executive privilege for the entire document as it memorializes the communication by Mr. Howard to Mr. Druk of the informal advice received from Ms. McGinty as to the expert's use of appraisal-related information from the examinations of unrelated (unnamed) third party taxpayers. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege for the portion of the notes documenting the legal conclusions of Ms. McGinty.

**Bates No. SUPP00125.** Handwritten notes, dated April 26 and 27, 2000, by Mark H. Howard, summarizing a telephone conversation with Jennifer McGinty and memorializing additional legal analysis of Ms. McGinty and David Fish, Branch Chief, Office of Assistant Chief Counsel (Disclosure Litigation), with regard to the appraisal expert's access to, and use of, appraisal reports of other unrelated (unnamed) third party taxpayers who were under examination.. The Service asserts executive privilege for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the request for advice and provides additional assistance on disclosure-related issues that were being developed at a time when they were continuing to develop the valuation issue that would be needed to complete their examination. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege for the portion of the notes documenting the legal conclusions of Ms. McGinty and Mr. Fish.

**Bates No. SUPP00126.** A memorandum, dated November 20, 2000, from Mark H. Howard to Richard Druk and Neal Nelson, memorializing the informal advice received from Disclosure Litigation on the disclosure questions they had raised. The Service asserts executive privilege for the entire document as it memorializes the legal advice and assistance the field and national office attorneys were providing to IRS Examination personnel, at a time when they were continuing to develop the valuation issue that would needed to complete their examination of plaintiff. The Service asserts attorney client privilege because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice and the response back. The Service asserts the attorney work product privilege as the memorandum documents the legal analysis of Jennifer McGinty and David Fish.

**Bates No. SUPP00127.** Handwritten notes of Neal Nelson, dated February 24, 1998, of a conversation with Stephen Webb, Disclosure Specialist, Governmental Liaison & Disclosure (Denver), regarding a possible contract with David Bivins, a media industry expert from Princeton Junction, New Jersey. The notes discuss the particulars of any tax information the Service could provide to Mr. Bivins as part of his contract work. The Service asserts executive privilege for the entire document, as it contains the author's memorialization of the advice provided by Mr. Webb on disclosure issues involving the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would needed to complete their examination of plaintiff.

**Bates No. SUPP00128-00129.** Handwritten notes of Neal Nelson, dated February 24, 1998, of a conversation with Art Lucchese and dealing with potentially applicable cases involving third party taxpayers with similar issues, possible experts and discussion of the valuation issue on the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00130.** Handwritten notes, dated March 5, 1998, probably written by Richard Druk, to memorialize a conversation among Richard Druk, Neal Nelson and Mark Howard, regarding valuation of FCC license and other KIRO assets. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale, and their strategy for further developing certain information, at a time when

IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service asserts attorney client privilege for the entire document as it involves communications between Service employees and their assigned counsel for the purpose of obtaining legal advice useful to the audit and possible future litigation.

**Bates No. SUPP00131.** Handwritten notes on ledger paper, not dated, probably prepared by Neal Nelson. The notes appear to deal with the possible use of expert witnesses then under consideration. The Service asserts executive privilege for the entire document, as it contains the preliminary thoughts and deliberations toward the obtaining of an outside expert on the valuation issue for the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00132-00133.** Handwritten notes, dated March 17, 1998, probably prepared by Richard Druk, summarizing various questions that needed to be answered and considered during IRS Examination personnel's examination of plaintiff as to the valuation issue on the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the author's preliminary thoughts and analysis on various aspects of the information gathered to date as it affects the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00134-00139.** Handwritten note, dated March 25, 198 [sic], from Robert Schmidt to Monty Careswell, requesting his review of an attached memorandum from Mark H. Howard, dated March 20, 1998. The attached memorandum has Mr. Schmidt's handwritten notations in the margins. The attached memorandum (without Mr. Schmidt's notations) was previously identified as the document described in the Stevens Declaration as Bates Nos. 0139-0143. The Service asserts executive privilege for the memorandum for the reasons set forth for that duplicate document. The Service also asserts executive privilege for the handwritten notes on the memorandum which Mr. Schmidt made as they show his thoughts on, and reactions to, Mr. Howard's memorandum. The Service asserts attorney client privilege for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the need for an outside expert and its possible impact on the audit and future litigation.

**Bates No. SUPP00140-00142.** Handwritten notes, probably written by Richard Druk, memorializing discussions among Mr. Druk, Mark H. Howard, Neal Nelson, Sharon [last name unknown], and Bob Heer, Chief, Examination Branch II (LMSB), during the time period of March 23, 1998 through April 1, 1998, regarding how IRS Examination personnel intended to proceed on the examination, particularly with respect to the valuation issues. The notes also include a summary of responses provided to that point by Mark H. Howard. The Service asserts executive privilege for the entire document, as it contains the respective participants' preliminary discussions of the valuation issue on the KIRO sale, including the use of possible experts, at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service asserts attorney client privilege for the portion of the document summarizing communications between Service employees and their assigned counsel for the purpose of obtaining legal advice useful to the audit and possible future litigation.

**Bates No. SUPP00143-00144.** A memorandum, dated April 20, 1998, to "Examination Division, Salt Lake City," to the attention of Richard Druk and Neal Nelson, from Associate District Counsel, Salt Lake City. The principal drafter is Mark H. Howard, and it conveys his review of the proposed statement of work prepared by IRS Examination personnel to secure the services of an expert in the examination. This memorandum is the same as the document described in the Stevens Declaration as Bates No. 0132-0133, except that it contains handwritten notations in the margins made by Neal Nelson. The Service asserts executive privilege for the same reasons as set forth for that duplicate document, as well as for the additional notations, which reflect Neal Nelson's views on, and reactions to, Mr. Howard's memorandum. The Service asserts attorney client privilege for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the work which to be done by an outside expert and its possible impact on the audit and future litigation.

**Bates No. SUPP00145.** A memorandum, dated July 31, 1998, from Art Lucchese to Neal Nelson. This memorandum reflects his analysis of various articles and materials as they impact the valuation issue presented in plaintiff's examination. The Service asserts executive privilege for the entire document as it contains the author's thoughts on, and strategies to follow with respect to, the work to be done on the valuation issue at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed

to complete their examination of plaintiff. The referenced attachments are dealt with at Bates Nos.SUPP00149-00222 below.

**Bates No. SUPP00146-00147.** A memorandum, dated July 31, 1998, from Art Lucchese to Neal Nelson. This memorandum reflects his analysis of various articles and materials as they may impact the valuation issue presented in plaintiff's examination. This memorandum appears to be a more extensive discussion of the matters addressed in the document described as Bates No. SUPP00145 as it contains the same content as well as additional comments and analysis. The Service asserts executive privilege for the entire document as it contains the author's thoughts on, and strategies to follow with respect to, the work to be done on the valuation issue at a time when. when IRS Examination personnel were continuing to develop the valuation issue that would be needed to complete their examination of plaintiff. The attachments referenced in the memorandum are dealt with at Bates Nos. SUPP0149-00222 below.

**Bates No. SUPP00148.** An envelope which it appears was used to transmit the memorandum identified as Bates No. SUPP00146-00147. The envelope has some notes on it related to the audit of another taxpayer. The Service asserts I.R.C. § 6103 to protect the identity of, and details concerning the other taxpayer whose examination and identity appear on the envelope. A taxpayer's identity, fact of examination (investigation, or other processing) as well as details concerning the treatment of certain transactions under the Code, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts I.R.C. § 6103 to protect the identity of the third party taxpayers, and the fact of their examination.

**Bates No. SUPP00149-00152.** Discussion paper entitled "ABCs of LMAs" by Erwin G. Krasnow. No privilege asserted. This document will be produced.

**Bates No. SUPP00153-00155.** Discussion paper entitled "Local Marketing Agreements" by Haley Bader & Potts P.L.C. No privilege asserted. This document will be produced.

**Bates No. SUPP00156-00170.** Discussion paper entitled "Cooperative Arrangements Between Local Broadcasters In An Era Of Regulatory Uncertainty" by John C. Quale and Anthony E. Varona. No privilege asserted. This

document will be produced.

**Bates No. SUPP00171-00176.** Article entitled "Independents Network for Survival" from the March 1, 1993, Broadcasting & Cable No privilege asserted. This document will be produced.

**Bates No. SUPP00177-00182.** FCC forms 314, 315 and 316. No privilege asserted. These documents will be produced.

**Bates No. SUPP00183-00191.** Broadcasting & Cable Yearbook 1995. No privilege asserted. This document will be produced.

**Bates No. SUPP00192-00207.** Cable & Broadcasting Industry , Broadcast Television Fact Book for March 1997. No privilege asserted. This document will be produced.

**Bates No. SUPP00208-00217.** Article on Station Trading in 1994 from Broadcasting & Cable. No privilege asserted. This document will be produced.

**Bates No. SUPP00218-00222.** Article on Station Trading in 1995 from Broadcasting & Cable. No privilege asserted. This document will be produced.

**Bates No. SUPP00223.** Handwritten notes of Neal Nelson, dated October 6, 1998, memorializing his conversations with Art Lucchese, Martin H. Peltz, Revenue Agent, LMSB (New York); Bruce Danz, Revenue Agent (New York). The conversations deal with work done by other agents in examinations of other unrelated third party taxpayers in the broadcast industry. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of the third party taxpayers, and the fact of their examination, and certain details of their transactions which were under examination. A taxpayer's identity, the fact of examination, and details collected by IRS Examination personnel to determine these taxpayers' tax liability, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00224-00226.** Three pages of schedules with handwritten notes. Notes on the first page appear to be by Neal Nelson. Notes on the second page appear to be by David Bivins. The second two pages have a fax print date of October 6, 1998. The schedules deal with the KIRO sale. The notes contain analysis of the information regarding the KIRO sale. The Service asserts executive privilege for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00227.** Fax cover sheet dated December 8, 1998, from Neal Nelson to David Bivins transmitting an attached memorandum from Mark H. Howard dated December 8, 1998. The government will produce this document.

**Bates No. SUPP00228-00230.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0126-0128.The Service claims executive privilege for the entire document for the same reasons stated for that duplicate document. The Service asserts attorney client privilege for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the work done by an outside expert to that point in time.

**Bates No. SUPP00231-00244.** Draft appraisal of an unrelated third party taxpayer whose examination raised similar issues to plaintiff's examination, accompanied by transmittals from the assigned revenue agent to Neal Nelson, which he has annotated and as to which he transcribed notes on the final page. The Service asserts executive privilege for his annotations and handwritten notes as they reflect his preliminary views as to the utility of this information for the valuation issue present in his examination of plaintiff. The Service also asserts I.R.C. § 6103 for the entire appraisal, as it contains the name of the third party taxpayer, reflects the fact of its examination, and consists, in its entirety, of other data, such as its assets and liabilities. A taxpayer's identity, the fact of examination, and details collected by IRS Examination personnel to determine this taxpayer's tax liability, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code

**Bates No. SUPP00245-00256.** Draft appraisal of an unrelated third party taxpayer whose examination raised similar issues to plaintiff's examination, accompanied by transmittals from another assigned revenue agent to Neal Nelson, which he has annotated and as to which he transcribed notes on the final page. The Service asserts executive privilege for his annotations and handwritten notes as they reflect his preliminary views as to the utility of this information for the valuation issue present in his examination of plaintiff. The Service also asserts I.R.C. § 6103 for the entire appraisal, as it contains the name of the third party taxpayer, reflects the fact of its examination, and consists, in its entirety, of other data, such as its assets and liabilities. A taxpayer's identity, the fact of examination, and details collected by IRS Examination personnel to determine this taxpayer's tax liability, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code

**Bates No. SUPP00257-00259.** Two page of handwritten notes of Neal Nelson, dated February 9, 1999, through November 8, 1999, and an attached handwritten memorandum to Neal Nelson from Art Lucchese dated January 15, 1999, with handwritten notes on the memorandum which appear to have been written by Neal Nelson. The notes memorialize conversations with Janet Wells, Art Lucchese, Joann Harmon, revenue agent, LMSB (Florida), Myron Belyeu, revenue agent, LMSB (Florida) The notes appear to have been made on smaller note paper and then pasted on a larger page. The notes and the memorandum deal with conversations on work done by other agents in examinations of other unrelated third party taxpayers in the broadcast industry. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff.

**Bates No. SUPP00260.** Handwritten notes of Neal Nelson, dated December 1, 1999, regarding the report prepared by Charles H. Kadlec, appraiser for plaintiff, and Mr. Nelson's discussions with David Bivins about that report and how to deal with assertions in that report. The Service asserts executive privilege for the entire document, as it contains the respective views of Neal Nelson and David Bivins on the handling of valuation issues at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103

for the identity of an unrelated third party taxpayer whose examination raised similar issues to plaintiff's examination. A taxpayer's identity and the fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code

**Bates No. SUPP00261.** A memorandum, dated December 16, 1999, from Neal Nelson to Myron Belyeu, requesting information as to appraisal-related work done in the examination of an unrelated third party taxpayer in the broadcasting industry and providing preliminary strategies as to how IRS Examination personnel intend to develop the valuation issue in the examination of the plaintiff. The Service asserts executive privilege for the entire document, as it contains preliminary views of Mr. Nelson on the handling of valuation issues at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination. The Service also asserts I.R.C. § 6103 to protect the identity of the third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in this memorandum. Although unnamed, the particular assets indirectly identify the taxpayer. A taxpayer's identity, the fact of examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00262-00263.** Two page document including a first page with a handwritten note by Neal Nelson and a second page consisting of a fax cover sheet. The service has released this document.

**Bates No. SUPP00264.** This is a duplicate of the document described as Bates No. SUPP00261, with the addition of Mr. Nelson's handwritten initials. The Service asserts executive privilege and I.R.C. § 6103 for this document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP00265-00274.** Handwritten notes of Neal Nelson, dated April 17, 2000, with an attachment of research regarding another unrelated third party taxpayer in the broadcasting industry. The notes memorialize a conversation with Mark Howard on the question of obtaining information from the plaintiff that

it had not previously provided and a discussion of the merits of issuing a summons to obtain that information. The Service asserts executive privilege for the entire document, as it contains thoughts and discussions of the revenue agent on the handling of valuation issues at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of the third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in these notes and in the attached research material., A taxpayer's identity, the fact of its examination, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts attorney client privilege for the entire document as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney work product privilege for the memorandum of Mark H. Howard as it contains his thoughts and analysis on how to proceed with the collection of information in the audit.

**Bates No. SUPP00275.** Handwritten notes of Neal Nelson, dated April 28, 2000, summarizing work Mr. Nelson needed to do on the valuation issue and memorializing a conversation with David Bivins with respect to obtaining information from other appraisers and regarding the restrictions on use of information from other appraisal sources. The Service asserts executive privilege for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with the Service's outside expert at a time when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in these notes and in the attached research material. A taxpayer's identity, the fact of its examination, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00276.** Undated, handwritten notes of Neal Nelson, memorializing a conversation with Art Lucchese on how to obtain information on appraisal-related work done in the examination of an unrelated third party taxpayer. The Service asserts executive privilege for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with another revenue agent at a time when when IRS Examination personnel were continuing the develop the valuation issue that would be needed to complete their examination of plaintiff. The Service also asserts I.R.C. § 6103 to protect the identity of an unrelated third party taxpayer, the fact of its examination, and certain appraisal-related information concerning the taxpayer's assets, that are referenced in these notes and in the attached research material., A taxpayer's identity, the fact of its examination, and the asset valuation related research material, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP00277.** Form 3213, Engineer Memorandum Report, dated December 18, 2002, from Robert Schmidt to Neal Nelson but signed by Monty Careswell. This report was used by the Service to transmit the Engineering and Valuation Report of Monty Careswell. A copy of the report is not attached. This document will be released.

**Bates No. SUPP00278-00281.** A string of four emails, dated March 1, 2005, through March 2, 2005, with some notes written in the margins, and to which some handwritten notes are attached. The handwriting is Bradley Nance's. This document pertains to a conference call that was set up to discuss certain issues that needed to be addressed before the notice of deficiency was to be issued. The two March 1st emails are duplicates of the document described as Bates No. 0090-0091. The Service asserts executive privilege for these portions (March 1st emails) for the same reason as set forth for that duplicate document. The Service also asserts executive privilege for the attached page of handwritten notes that memorialize the author's summary of the consensus reached during a conference call among the participants as to the recommendations to be made to Examination and Appeals personnel as to the next steps to be taken prior to the Service's issuance of the notice of deficiency.

**Bates No. SUPP00282-00289.** Media/Communications ISP Status report, dated November 1, 1994, " The document outlines selected legal authorities that address a number of issues including amortization of cable television franchises,