amortization of FCC license, capitalization of cable television franchise costs, customer subscription lists, network affiliation agreements, transponders, charitable contributions of inventory, intangibles make ready costs, newspaper morgues, and transition property, which were of interest to IRS Examination personnel as they were conducting their examination of plaintiff. The Service asserts executive privilege for the entire report as it contains the industry specialist's views on strategies under consideration and being employed, with respect to these issues in examinations of, and ruling requests by, unnamed third party taxpayers, and in the development of the Coordinated Issue Paper on these issues.

**Bates No. SUPP00290-00291.** A string of four e-mails, all dated October 27, 2005, among Thomas Collins, Group Manager, LMSB (Salt Lake City), John Barker, Revenue Agent, LMSB (Ogden, formerly Salt Lake City), and Rachel. Jaeckel, Revenue Agent, LMSB (Salt Lake City). The e-mail chain reflects the authors' respective views about how to process plaintiff's refund claims and prepare for the anticipated litigation. The Service asserts executive privilege for the entire document as it memorializes the authors' respective views about how to process plaintiff's refund claims and prepare for the anticipated litigation. The Service asserts attorney client privilege for the entire document because it contains analysis of how to prepare the case in anticipation of litigation.

**Bates No. SUPP00292.** Handwritten note, dated May 1, 2000, from Neal Nelson to Elaine Hare, formerly group secretary, LMSB, now Tax Specialist, Customer Assistance, Relationship & Education (Salt Lake City) asking her to copy documents. The Service does not assert any privilege as to this note. However the Service asserts the right of not to produce the copy of documents mentioned in the note based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103. The copy of documents which relate to Taxpayer A include documents identified below as Bates No. 00293-00843.

**Bates No. SUPP00293-00394.** Draft report on appraisal of FCC license of Taxpayer A. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP00395-00512.** Appraisal report on tangible and intangible assets of broadcast property owned by Taxpayer A. The Service asserts the

duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP00513-00690.** Appraisal report on tangible and intangible assets of a second broadcast property owned by Taxpayer A. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP00692-00721.** Appraisal report of tangible assets of a communications company owned by Taxpayer A. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP00722-00843.** Draft appraisal report of tangible and intangible assets of another communication company owned by Taxpayer A. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP00844-00914.** Annual report of Taxpayer A for 1996. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP00915-01101.** Prospectus of Taxpayer A. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01102-01103.** Copy of the outside and insider cover of a folder containing material provided to the audit team probably by Art Lucchese, the Technical Advisor for Media and Entertainment at that time. The Service asserts no privilege as to these two pages. However the Service asserts the right not to produce the documents contained in the folder that relate to other taxpayers based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103. The copies related to various other taxpayers include documents identified below as Bates No. 001104-01408.

**Bates No. SUPP01104-01192.** Routing slip dated August 14, 1989, from Richard Otier, Engineer, to Charles Reynolds, probably a Revenue Officer (Phoenix), regarding an investigation under I.R.C. § 6700 with an attached appraisal of assets for Taxpayer C. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01193-01226.** Appraisal review prepared for the assets of a communications property owned by taxpayer D. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103

**Bates No. SUPP01227-01240.** Routing slip dated November 13, 1991, from Jo Powers, Revenue Agent (Santa Ana, Cal.) to Arthur Lucchese with an attached partial copy of an appraisal of assets of Taxpayer D. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01241-01305.** Appraisal of tangible and intangible assets of taxpayer E. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01306-01325.** Asset appraisal of television station of taxpayer F. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01326-01404.** Memorandum from Al Kapp, Revenue Agent (Illinois) to Art Lucchese with an attached spread sheet and portions of an appraisal. All of these documents deal with taxpayer G. The appraisal is missing pages 36 through 49 and may be missing other parts of the document. The Service asserts the duty not to produce the entire set of documents based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01405-01408.** Article from Tax Notes Today, dated in 1994 dealing with a communications company, Taxpayer H, with an attached print from an appeals court opinion dealing with Taxpayer H. The Service asserts the duty not to produce the entire document based on the duty not to disclose other taxpayer information pursuant to I.R.C. § 6103.

**Bates No. SUPP01409.** Form 4665, Undated Report Transmittal, prepared for the signature of, by not signed by, John Barker. This document provides a brief analysis of the issues, which the plaintiff did not settle with Appeals, and that were expected to become the subject of claims for refund after the Service assessed the deficiencies determined in the notice of deficiency and applied the payments from the plaintiff. The Service asserts executive privilege for the entire document, as it reflects IRS Examination personnel's analysis of the outstanding

issues and reasons for the proposed adjustments that formed the basis for the notice of deficiency and the denial of plaintiff's refund claim, at a time when litigation was anticipated. Transmitted with this document were a number of other documents identified below as Bates No. SUPP01410-01517.

**Bates No. SUPP01410-01430.** Notice of proposed adjustment 41-1 dated September 9, 2002 and signed by Monty Careswell. The Service asserts no privilege for this document and will produce it.

**Bates No. SUPP01431-01446.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0486-0502. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01447-01461.** This is a duplicate of the document described in the Stevens Declaration as Bates No. 0240-0254, but with additional handwritten comments on the first page, apparently by Neal Nelson, indicating that the document was furnished to Monty Careswell. The Service asserts executive privilege for the same reasons as set forth for that duplicate document. The Service asserts attorney client privilege as Mark Howard provided this memorandum to the Service as its attorney in response to its request and seeking comments before preparing the final product. The Service asserts attorney work product privilege for the document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01462-01486.** Appeals Case Memorandum, prepared by Kelly Schwarz, summarizing the issues in the case and providing his analysis of the issues. The Service asserts executive privilege for the entire document as it contains the author's analysis of the appropriate tax treatment of the transactions that were the subject of the examination of plaintiff, at a time when settlement negotiations were unsuccessful and the Service was preparing to issue a notice of deficiency. The document memorializes Appeals' perspective on the plaintiff's and IRS Examination personnel's respective views on each issue, and Ms. Schwarz's own views and litigating hazards assessment of each.

**Bates No. SUPP001487-01505.** Valuation report dated June 28, 2005, prepared by Monty Careswell. The Service asserts no privilege for this document.

**Bates No. SUPP01506-1508.** Notice of proposed adjustment 51-1 dated June 11, 2003. The Service does not assert any privilege for this document.

**Bates No. SUPP01509.** Rebuttal to taxpayer's protest for notice of proposed adjustment 51-1. The Service does not assert any privilege for this document.

**Bates No. SUPP01510-01516.** Technical advice memorandum as published in Tax Notes today at TAM 2003 TNT 110-7. The Service does not assert any privilege for this document.

**Bates No. SUPP01517.** Form 886-A, one page explanation of adjustments dealing with net operating loss deductions in 1997 and adjustments for charitable contributions. The Service does not assert any privilege for this document.

**Bates No. SUPP01518-01539.** One email, dated August 25, 2004, from Kelly Schwarz to Glenn McLoughlin, and which is copied to Dwight Sumner, Appeals Team Manager (Dallas), transmitting as attachments draft language for the notice of deficiency and an Appeals Discussion Memorandum regarding the issues Appeals recommended be addressed in the notice of deficiency. The Service asserts executive privilege for the portions of this document consisting of the e-mail and attached draft notice language as they contain the author's analyses of the issues presented in the examination of plaintiff, including strengths and weaknesses thereof, prior to the issuance of the notice of deficiency. The Service asserts no privilege for the Appeals Discussion Memorandum.

**Bates No. SUPP01540.** No document

**Bates No. SUPP01541-01543.** One email, dated November 23, 2004, from Glenn McLoughlin, to Mark O'Leary, Associate Area Counsel, LMSB (Dallas), transmitting for his comments prior to issuance, a memorandum Mr. McLoughlin had prepared to send to "Atcl, Team 1, Office of Appeals, Attn; Kelly Schwarz," in response to Appeals' request for review of the draft notice of deficiency. The Service asserts executive privilege for the portion of the document that is the attached memorandum as it is a draft and it contains the author's analysis of the valuation issue, including suggested draft language for the notice itself.
The Service asserts attorney client privilege over the attachment as it consists of draft advice from counsel to the appeals officer. The Service asserts work product privilege over the attachment as it consists of the work product of counsel for the Service in anticipation of litigation. The Service asserts no privilege for the e-mail and will produce it.
**Bates No. SUPP01544-01545.** A memorandum, dated November 30, 2004, from Glenn McLoughlin, which is copied to the Associate Area Counsel (Dallas,

Group 2) (LMSB) to "Atcl, Team 1, Office of Appeals, Attn: Kelly Schwarz." The principal drafter is Glenn McLoughlin, and it conveys the author's views on the notice of deficiency. It is the final version of the memorandum that was included in the document described as Bates No. SUPP01541-01543. The Service asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue, including suggested draft language for the notice itself. The Service asserts attorney client privilege as it contains advice from counsel to the Appeals officer. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01546-01547.** A string of five emails, dated January 25, 2005 through January 28, 2005, among Katherine Ankeny, Glenn McLoughlin, Kelly Schwarz, and Thomas Wells, all of which are contained in a longer email string this is the document described in the Stevens Declaration as Bates No. 0287-0289. The Service asserts executive privilege for the same portion (January 27th email) for the same reasons as set forth for the duplicate document. The Service asserts work product privilege for the portion of the document that contains the January 27 e-mail as it consists of the work product of counsel prepared in anticipation of litigation.

**Bates No. SUPP01548.** One email, dated February 22, 2005, from Katherine Ankeny to Ronald M. Rosen, Associate Area Counsel, LMSB (Los Angeles), which contains Ms. Ankeny's views regarding the methodology used by, and the results reached in, the expert report. It is included in the longer email string that is the document described in the Stevens Declaration as Bates No. 0380. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01549-01576.** One email, dated February 23, 2005, from Glenn McLoughlin to Mark O'Leary, transmitting three attachments. Attachment 1 is the document described as Bates No. SUPP01544-01545. Attachment 2 is the document described as Bates No. 01520-01539 (Appeals Discussion Memorandum). The Service asserts executive privilege for the portions of this document consisting of Attachment 1 for the same reasons as set forth for that duplicate document. Attachment 3 is an internal report of LMSB significant cases with an executive summary. The Service also asserts executive privilege for Attachment 3, as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue presented in plaintiff's case at a time when the Service anticipated litigation. The Service asserts work product privilege over Attachment 1 as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01577.** A string of three emails, dated February 23, 2005 through February 25, 2005, among Kelly Schwarz, Glenn McLoughlin, Katherine Ankeny, Linda Flemins, and Paul Kelly, Appeals Media ISP (Chicago), transmitting the respective authors' views on the valuation issue. The Service asserts executive privilege for the portion of the document (February 24th email), as it contains the author's suggestion of possible strategies to follow at a time when the notice of deficiency had not yet been finalized and issued to plaintiff. The Service asserts attorney client privilege for the entire document because it contains communications between and among counsel and appeals personnel.

**Bates No. SUPP01578-01606.** One email, dated February 25, 2005, from Glenn McLoughlin to Mark O'Leary, transmitting three attachments. Attachment 1 is an internal report of significant cases approaching litigation with an executive summary. Attachment 2 is a duplicate of the document found at Bates No. SUPP01544-01545. Attachment 3 is a duplicate of the document described as Bates No. SUPP01520-1539 (Appeals Discussion Memorandum). The Service asserts executive privilege for Attachment 2 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for Attachment 1 as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue at a time when the Service anticipated litigation on this matter. The Service asserts work product privilege over Attachments 1 and 2 as they consist of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01607-1635.** One email, dated February 25, 2005, from Mark O'Leary, to Bernard Nelson, Area Counsel, Natural Resources and Construction (LMSB) (Houston), and Dennis Kelly, Special Trial Attorney (LMSB) (Dallas), which is copied to Glenn McLoughlin, with three attachments. The email is included in a longer email string that is described in the Stevens Declaration as Bates No. 0412. The three attachments are duplicates of the attachments in the document described as Bates No. SUPP01578-01606. The Service asserts executive privilege for the portions of this document consisting of the email and two attachments for the same reasons as set forth for the duplicate documents. The Service asserts work product privilege over attachments 1 and 2 as they consist of the work product of counsel for the Service prepared in anticipation of litigation. The Service asserts attorney client privilege for attachment 2 because it contains advice from counsel to the appeals officer.

**Bates No. SUPP01636-01637.** A string of five emails, dated February 25, 2005, through February 28, 2005, among Dennis Kelly, Mark O'Leary, Glenn McLoughlin, William Merkle, Deputy Area Counsel, Strategic Litigation, LMSB

(Chicago), Kendall Williams, Alan Jacobson, Special Trial Attorney, LMSB (Kansas City), and Bernard Nelson. The emails discuss the authors' respective views on the valuation issue in the notice of deficiency and its relationship to other cases pending in the office. The two February 25th emails are duplicates of documents described in the Stevens Declaration as Bates No. 0412 and in this declaration as Bates No. SUPP1607. The Service asserts executive privilege for these two emails for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the remaining emails as they contain the authors' respective analyses of the valuation issue. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts work product privilege over the entire document as it consists of the work product of counsel prepared in anticipation of litigation.

**Bates No. SUPP01638-1666.** A string of two emails, dated February 25, 2005 and March 1, 2005, among Dennis Kelly, Bettie Ricca, Acting Deputy Division Counsel (LMSB), Bernard Nelson, James Clark, Area Counsel, Communications Technology and Media (LMSB) (Oakland), James Lanning, Area Counsel, Retailers, Food & Pharmaceuticals, LMSB (Chicago), Mark O'Leary, Kendall Williams and Allan Lang, Deputy Area Counsel, Strategic Litigation, LMSB (Dallas), with three attachments, concerning the valuation issue in the notice of deficiency. The three attachments are the same three attachments included in the document described as Bates No. SUPP01578-01606. The February 25th email is a duplicate of the document described as Bates No. SUPP01607. The Service asserts executive privilege for two of the three attachments for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the March 1st email as it reflects the views of the author, as well as Mr. O'Leary, with respect to the valuation issue and handling of the case as it moves forward in anticipation of litigation that was expected. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise

demonstrated its entitlement under the Internal Revenue Code. The Service asserts work product privilege over the entire document as it consists of the work product of counsel prepared in anticipation of litigation.

**Bates No. SUPP01667.** A string of three emails, dated February 25, 2005 through March 1, 2005. The two earlier emails are duplicates of the documents described as Bates No. SUPP01667. The Service asserts executive privilege and I.R.C. § 6103 for those two emails for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the third email, dated March 1, 2005, from William Merkle to Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, and James Lanning, and which is copied to Mark O'Leary, Kendall Williams, Allan Lang, and Glenn McLoughlin, as it contains the author's views on the matters addressed by the two earlier emails, at a time when the notice of deficiency was to be issued by Appeals. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of that third party taxpayer, and the fact and nature of issues in its examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01668.** A string of four emails, dated February 25, 2005, through March 1, 2005. Two of the earlier emails are duplicates of the document described as Bates No. SUPP01638. The Service asserts executive privilege and I.R.C. § 6103 for those two emails for the same reasons as set forth for that duplicate document. The third and fourth emails, both dated March 1, 2005, are from Bernard Nelson and William Merkle, respectively, to each other, Dennis Kelly, Bettie Ricca, James Clark, and James Lanning, and which are copied to Mark O'Leary, Kendall Williams, Allan Lang and Glenn McLoughlin. The Service also asserts executive privilege for the additional emails, as they contain the authors' respective views, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01669.** A string of three emails, dated February 25, 2005 through March 1 2005. The two emails dated February 25 and March 1, 2005, are duplicates of the document described as Bates No. SUPP01638. The

Service asserts executive privilege and I.R.C. § 6103 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the third email, dated March 1, 2005, from Kendall Williams to Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, and James Lanning, and which is copied to Mark O'Leary, William Merkle, Allan Lang, and Glenn McLoughlin, as it reflects the author's analysis, including strengths and weaknesses, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01670.** A string of four emails, dated February 25, 2005 through March 1, 2005. The three earlier emails dated February 25 and March 1, 2005, are duplicates of the document described as Bates No. SUPP01669. The Service asserts executive privilege and I.R.C. § 6103 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the fourth email, dated March 1, 2005, and sent at 5:26 PM, from James Clark to Kendall Williams, Dennis Kelly, Bettie Ricca, Bernard Nelson, and James Lanning, and which is copied to Mark O'Leary, William Merkle, Allan Lang, and Glenn McLoughlin, as it reflects the author's analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel prepared in anticipation of litigation.

**Bates No. SUPP01671-01672.** One email, dated March 2, 2005, from Glenn McLoughlin to Katherine Ankeny, in which Mr. McLoughlin further responds to an an (attached) exchange of two emails that are included in the document in the Stevens Declaration described as Bates No. 0419-0420. The Service asserts executive privilege for the two emails for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the additional email as it provides the author's additional views as to a strategy he recommends that the Service follow before the notice of deficiency is finalized and issued. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01673.** A string of three emails, dated February 25, 2005 through March 3, 2005. The two earlier emails, dated February 25 and March 1, 2005, are duplicates of the document described as Bates No. SUPP01669. The Service asserts executive privilege and I.R.C. § 6103 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the fourth email, dated March 3, 2005, from Bettie Ricca to Dennis Kelly, Bernard Nelson, and James Lanning, and which is copied to Mark

O'Leary, William Kendall, William Merkle, Allan Lang, Glenn McLoughlin, and Joanne Michaels, Program Analyst, LMSB (Washington, D.C.), as it reflects the author's analysis, including strengths and weaknesses, of the valuation issue. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service prepared in anticipation of litigation.

**Bates No. SUPP01674-1676.** One email, dated March 28, 2005, from Glenn McLoughlin to Mark O'Leary, discussing the notice of deficiency and transmitting a second and revised draft memorandum to "Atcl, Team 1, Office of Appeals to the attention of Kelly Schwarz," analyzing the notice of deficiency for his review. The attachment is dated March 28, 2005, and is prepared by Glenn McLoughlin. The Service asserts executive privilege for the entire document, including the attachment (which is a draft memorandum), as it is contains the author's analysis of the valuation issue and references earlier advice and the manner in which the draft advice addresses some of the same issues, as well as the views of Katherine Ankeny as to the draft memorandum. The Service also asserts I.R.C. § 6103 to withhold the identity of a third party taxpayer whose pending case raises similar issues. The identity of the third party taxpayer, and the fact and nature of issues in its examination, are items of return information under I.R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. The Service asserts attorney client privilege over the attachment as it consists of draft advice from counsel to the appeals officer. The Service asserts work product privilege over the entire document, including the attachment, as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01677-01678.** A memorandum, dated March 29, 2005, from Associate Area Counsel (Dallas, Group 2) (LMSB) to "Atcl, Team 1, Office of Appeals to the attention of Kelly Schwarz." The principal drafter is Glenn McLoughlin, and it conveys the author's views on the notice of deficiency. It is the final version of the document described as Bates No. SUPP01675-01676. The Service asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue, including the strengths and weaknesses of the Service's position at a time when the notice of deficiency had yet to be finalized and issued to the plaintiff. The Service asserts attorney client privilege as it contains advice from counsel to the appeals officer. The Service asserts work product privilege over the entire document as it consists of the work product of counsel for the Service in anticipation of litigation.

**Bates No. SUPP01679.** One e-mail, dated March 29, 2005, from Kelly Schwarz to Glenn McLoughlin and Dwight Sumner, concerning the issuance of the statutory notice of deficiency. The Service asserts attorney client privilege for the entire document because it contains factual information communicated to counsel by the appeals officer and requests assistance.

**Bates No. SUPP01680.** One email, dated March 30, 2005, from Kelly Schwarz to Dwight Sumner, and which is copied to Glenn McLoughlin, regarding the issuance of the notice of deficiency and the valuation issue therein. The Service asserts executive privilege for the entire document, as it contains the author's analysis of, as well as local counsel's views regarding, various issues framed in the examination and the resulting notice of deficiency, including strengths and weaknesses of the positions reflected therein. The Service asserts the attorney client privilege for the entire document as it contains factual information communicated to counsel by the appeals officer and discusses advice received from counsel.

**Bates No. SUPP01681-01682.** A string of two emails, both dated March 30, 2005, between Kelly Schwarz, and Dwight Sumner, and which is copied to Glenn McLoughlin. The emails discuss the authors' respective views regarding the issues in the proposed notice of deficiency and local counsel's review of the notice. The earlier email is a duplicate of the document described as Bates No. SUPP1680. The Service asserts executive privilege for the earlier email for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the other email as it contains the author's views as to the strategy the Service should employ in developing and potentially defending the valuation issue in this matter. The Service asserts attorney client privilege because it contains factual information communicated to counsel by the Appeals officer regarding advice provided by counsel.

**Bates No. SUPP01683-01684.** A string of five emails, all dated April 20, 2005, among Linda Flemins, Glenn McLoughlin, Katherine Ankeny, and Kelly Schwarz. Three of the emails are included in the document described in the Stevens Declaration as Bates No. 0438-0439. The Service asserts executive privilege for the same portions for the same reasons as that duplicate document. The Service also claims executive privilege for a portion of this document (email sent at 2:25 PM) as it reflects the author's views of, and strategies concerning, the treatment of the valuation issue at a time when the notice of deficiency had been issued and the Service anticipated litigation. The Service asserts attorney client privilege over the second e-mail as it contains advice from counsel to an appeals officer.

**Bates No. SUPP01685.** A string of three emails, dated April 22, 2005, through July 6, 2005, among Katherine Ankeny, Glenn McLoughlin, Peter Baumgarten, Attorney, Office of the Associate Chief Counsel (Income Tax & Accounting (ITA)) (Washington, D.C.), Barbara Leonard, Deputy Area Counsel (LMSB) (Oakland) and Craig R. Wojay, Attorney, Office of Associate Chief Counsel (ITA) (Washington, DC), all of which are included in a longer email string described in the Stevens Declaration as Bates No. 0451-0452,. The Service asserts executive privilege for the portion of this document (April 22nd email sent at 2:30 PM) for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01686.** One e-mail, dated July 7, 2005, from Katherine Ankeny to Donna Crisalli, Senior Technician Reviewer, Income Tax & Accounting (Washington, D.C.), with copies to Barbara Leonard, Area Counsel, Communications, Technology and Media (LMSB) (Oakland) and Glenn McLoughlin, describing the status of case, post issuance of the statutory notice of deficiency and the potential effect on the industry. Bates No. SUPP01686 is a duplicate of Bates No. 0458 that was previously released.

**Bates No. SUPP01687-01688.** A string of five emails, dated April 22, 2005 through July 8, 2005, between Katherine Ankeny and Glenn McLoughlin, all but the latest of which are duplicates of the email string described in the Stevens Declaration as Bates No. 0451-0452. The Service asserts executive privilege for the same portions for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01689.** One email, dated January 23, 2006, from Linda Flemins to Katherine Ankeny, reflecting the status of, and the strategy employed regarding, the valuation issue in the notice of deficiency. The Service asserts executive privilege for the entire document as it contains the author's analysis of the valuation issue. The Service asserts the attorney client privilege as it contains factual information communicated to counsel by an appeals officer.

**Bates No. SUPP01690-01691.** A string of two emails, dated November 1, 2006 through September 24, 2003, among Kelly Schwarz, Tammi Bond, Information Technology Specialist, LMSB (Oklahoma City), Richard Druk and Bradley Nance regarding the preparation of a rebuttal in response to the plaintiff's protest. The email includes, as an attachment, a one-page Form 4665, Report Transmittal, which contains IRS Examination personnel's position on the plaintiff's protest. The Service asserts executive privilege for the attachment, as it contains the thoughts and deliberations of the revenue agent in anticipation of the pre-Appeals conference with plaintiff.

**Bates No. SUPP01692-01698.** A string of two emails, dated November 1, 2006, through September 26, 2003 among Kelly Schwarz, Tammi Bond, William Reitan, Appeals Team Manager (Houston), with two attached memoranda and a work plan. The memoranda are both dated September 25, 2003, and they are addressed from Kelly Schwarz to Lynn Gaston, Appeals Officer (Omaha) and Sharon Johnson, Appeals Officer (Oklahoma City), and concern an upcoming pre-Appeals conference with plaintiff. The email contains a discussion by Mr. Schwarz of some of the work needed to be done in preparation for the pre-Appeals conference. The Service asserts executive privilege for the portions of the document (emails and attached memoranda) as they reflect the issues framed by IRS Examination personnel and their proposed adjustments, as a starting point for Appeals' consideration in anticipation of the pre-Appeals conference with plaintiff. The Service does not assert any privilege for the work plan.

**Bates No. SUPP01699.** A string of three emails, dated October 2, 2003 through October 6, 2003, among Jerry Payne, Appeals Officer (Dallas), William Reitan and Kelly Schwarz. The document contains the authors' respective views about the need for a screening panel in plaintiff's examination and makes reference to a screening panel recommendation in another case. The Service asserts executive privilege for the entire document as it contains the authors' analyses of the aspects of the case in anticipation of the pre-Appeals conference. The Service also asserts I.R.C. § 6103 to protect the identity of, and fact of examination of, a third party taxpayer who is named in the document. A taxpayer's identity and fact of examination are items of return information under I.R.C. § 6103(b)(2)(A), which is confidential under I.R.C. § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under section 6103(e), secured a consent from the taxpayer under section 6103(c), or otherwise demonstrated its entitlement under the Internal Revenue Code.

**Bates No. SUPP01700-01702.** A string of two e-mails dated from November 1, 2006, to October 27, 2003, among Kelly Schwarz, Tammi Bond, and William Reitan. The text of the e-mail describes the scheduling of the pre-Appeals conference. The attachment to the e-mail contains some personal information on a Travel Request. The Service asserts personal privacy privilege for the home telephone number listed on Bates No. SUPP01701 as it constitutes personal information of a Service employee in a travel approval request.

**Bates No. SUPP01703-01708.** A string of four e-mails dated from November 1, 2006, to October 27, 2003, among Kelly Schwarz, Tammi Bond, Veronica Perez

and William Reitan. Related to Bates No. SUPP1700-1702 above. The e-mail adds a personal message that is not related to the case and is not protected by privilege. The Service asserts personal privacy privilege for home telephone number found at Bates No. SUPP01705 and SUPP01707 as it constitutes personal information of a Service employee in a travel approval request.

**Bates No. SUPP01709-01720.** One email, dated November 24, 2003, from Kelly Schwarz to Lynn Gaston, with an attached 11-page draft Appeals Counsel Memorandum on a number of insurance issues. This email was then forwarded by an email, dated November 1, 2006, from Mr. Schwarz to Tammi Bond. The Service asserts executive privilege for the portion of the document that is the attachment as it contains the author's analysis of applicable legal authorities as they would affect the taxpayer's and IRS Examination personnel's respective positions on the insurance-related issues that were pending, including the author's proposed treatment of these transactions, at a time before the notice of deficiency was issued.

**Bates No. SUPP01721-1723.** One email, dated November 24, 2003, from Kelly Schwarz to Lynn Gaston, which is copied to Jeffrey Galante, and which transmits his conference notes. This email is then forwarded by an email, dated November 1, 2006, from Mr. Schwarz to Tammi Bond. The email references the pre-Appeals conference and the conference notes contain the author's memorialization of the Examination, Appeals, and Counsel participants' respective views of the issues presented at the pre-Appeals conference as it related to insurance issues. The Service asserts executive privilege for the attached conference notes as it reflects numerous participants' views on the insurance issues framed in plaintiff's examination, at a time before the notice of deficiency was issued.

**Bates No. SUPP01724.** One email, dated April 13, 2004 from Kelly Schwarz to Dwight Sumner, which is copied to Sharon Johnson. The email contains Mr. Schwarz's, and other team members' respective analyses of several issues in the case. The Service asserts executive privilege for the entire document as it reflects the personal views and analysis, including litigating hazard assessments, of Mr. Schwarz and the other Appeals team members.

**Bates No. SUPP01725-01726.** A string of three emails, dated April 14, 2004, through April 19, 2004, among Lynn Gaston, Dwight Sumner, and Kelly Schwarz. The e-mails deal with the negotiations with the plaintiff, including consideration of how to deal with additional issues. The Service asserts executive privilege for

the entire document as it contains a briefing by the Appeals team members of the tentative posture of plaintiff's case, including consideration of various approaches for trying to resolve all outstanding issues.

**Bates No. SUPP01727-01745.** A string of two emails, both dated June 18, 2004, between Kelly Schwarz and Lynn Gaston with an attached 13-page draft of the Appeals Case Memorandum with respect to certain issues assigned to Ms. Gaston. This email string, with attachments (including an attached copy of Private Letter Ruling 200323002, dated January 31, 2003), was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it reflects the preliminary analysis of a member of the Appeals team on certain issues, at a time before the notice of deficiency was issued, including her recommendations as to courses of action to take and the prospects for settlement.

**Bates No. SUPP01746-1750.** One email, dated July 27, 2004, from Kelly Schwarz to Cynthia Gdula, Appeals Tax Computation Team Manager (Houston), which is copied to Dwight Sumner, with an attached request for services and schedule of adjustments for certain pending issues. This email was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it discusses preparations for the notice of deficiency and refers to the attachments, which involve the preparation of tax computations, at a time before the notice of deficiency was finalized and issued to plaintiff.

**Bates No. SUPP01751-01755.** A string of two emails, both dated July 27, 2004, among Kelly Schwarz, Cynthia Gdula, and Todd Ekstrom, Supervisory Appeals Officer (Chicago), which is copied to Dwight Sumner, with an attached request for services and schedule of adjustments. The email was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it discusses preparations for the notice of deficiency and refers to the attachments which involve the preparation of tax computations, at a time before the notice of deficiency was finalized and issued to plaintiff.

**Bates No. SUPP01756.** One email, dated September 14, 2004 from Thomas Wells, Revenue Agent, Appeals (Omaha) to Kelly.Schwarz. The email provides corrected figures to certain draft computations for an anticipated partial agreement with the plaintiff. The Service asserts executive privilege for the entire document as it contains suggested input for a computation that was

furnished at a time before the notice of deficiency was not yet finalized and issued to plaintiff.

**Bates No. SUPP01757-01758.** One email, dated September 16, 2004, from Thomas Wells to Kelly Schwarz, transmitting a spreadsheet involving preparations to be incorporated into the notice of deficiency, which had not yet been finalized and issued to plaintiff. This email was then forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document as it contains preliminary language to be incorporated into the notice of deficiency, at a time before it had been finalized and issued to the plaintiff.

**Bates No. SUPP01759-1761.** A string of four emails, dated August 20, 2004, through October 1, 2004, among David Blivins, Kelly Schwarz and Linda Flemins. The emails deal with the valuation on the KIRO issue. The Service asserts executive privilege for the entire document as it contains the authors' respective views regarding, and their legal analysis of, the valuation issue, including their litigating hazards assessments, at a time when the notice of deficiency had not yet been finalized and issued to plaintiff and the Service was still formulating its position for the Coordinated Issue Paper on this issue.

**Bates No. SUPP01762.** A string of two emails, dated November 3, 2004, through November 4, 2004, between Thomas Wells and Kelly Schwarz. The email reflects the authors' discussion of additional computations that might need to be made and certain other issues that need resolution. The Service asserts executive privilege for the portion of the document (November 4th email) as it reflects certain matters warranting further development, at a time before the Service finalized and issued the notice of deficiency to plaintiff.

**Bates No. SUPP01763.** A string of three emails, dated November 3, 2004 and November 4, 2004. Two of the emails are included in the document described as Bates No. SUPP01762; the third email, also dated November 4, 2004, from Kelly Schwarz to Thomas Wells responds to the earlier exchange. The Service asserts executive privilege for the portion of the document (the same November 4th email) for the same reasons as set forth for that portion of the duplicate document.

**Bates No. SUPP01764-01765.** One email, dated January 25, 2005, from Kelly Schwarz to Terri Shelley-Kirkum, Supervisory Tax Examining Technician, Appeals (Phoenix), which is copied to Dwight Sumner, with an attached case assignment request. This email was later forwarded by Mr. Schwarz to Tammi

Bond by a second email dated November 1, 2006. The Service asserts executive privilege for the entire document as it reflects the continuing development of the examination, including the calculations needed in preparation for the issuance of the notice of deficiency and subsequent assessment.

**Bates No. SUPP01766-01767.** A string of two emails, both dated January 25, 2005, among Kelly Schwartz, Terri Shelly-Kirkum, Patricia Dittman, Tax Examining Technician, Appeals (St. Louis), which is copied to Dwight Sumner, with an attached case assignment request. These emails were later forwarded by Mr. Schwarz to Tammi Bond by a third email dated November 1, 2006. The earliest email (and its attachment) is included in the document described as Bates No. SUPP1764-1765. The Service asserts executive privilege for the same reasons as set forth for that duplicate document. The other January 25th email reflects additional steps to be taken in the development of the examination. The Service also asserts executive privilege for that email, as it reflects the continuing development of the examination, including the calculations needed in preparation for the issuance of the notice of deficiency and subsequent assessment.

**Bates No. SUPP01768.** One email, dated February 2, 2005 from Kelly Schwarz to Lynn Gaston and Sharon Johnson. The email briefly explains the progress in the case toward assessment of agreed amounts and issuance of the notice of deficiency. The Service asserts executive privilege for the entire document as it reflects the continuing development of the examination, including the calculations needed in preparation for the issuance of the notice of deficiency and subsequent assessment.

**Bates No. SUPP01769-01791.** One email, dated February 16, 2005, from Sharon Johnson,to Kelly Schwarz, with an attached 22-page analysis. This email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The attachment is a draft portion of the Appeals Case Memorandum addressing one issue, prepared by Ms. Johnson for Mr. Schwarz's review. The Service asserts executive privilege for the entire document as it is a draft and it contains her analysis and recommendations as to the tax treatment of certain transactions at issue, including her litigating hazards assessments, at a time when the matter was not finalized.

**Bates No. SUPP01792-01829.** One email, dated February 16, 2005, from Kelly Schwarz to Richard Druk, with a 34-page analysis by the appeals officers assigned to develop various issues in the case and an attached three-page work

plan, for his review. This email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document (email and 34-page attachment) as it is a draft that will ultimately be incorporated into the Appeals Case Memorandum, and it contains the appeals officers' analyses and recommendations as to the tax treatment of certain transactions at issue, including litigating hazards assessments, at a time when the matter was not finalized and litigation was anticipated. The Service asserts no privilege for the work plan.

**Bates No. SUPP01830-01852.** One email, dated February 16, 2005, from Kelly Schwarz to Richard Druk with an attached 22-page analysis that is prepared by Sharon Johnson. The analysis is a duplicate of the attachment that is a part of the document described as Bates No. SUPP1769-1691. The analysis was forwarded by Mr. Schwarz to Mr. Druk for use in the expected claim disallowance and later for anticipated litigation. This email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the entire document for the same reasons as set forth for that duplicate document.

**Bates No. SUPP01853.** A string of two emails, dated, February 23, 2005, through February 24, 2005, among Glenn McLoughlin, Kelly Schwarz, Katherine Ankeny, Linda Flemins and Paul Kelly regarding ideas on how the Service should approach the valuation adjustment in the notice of deficiency. The Service asserts executive privilege for the portion of the document that consists of the February 24th email as it reflects the author's analysis and recommendations on the valuation issue and certain calculations at a time when the notice of deficiency had not yet been issued. The Service asserts attorney-client privilege for the document as it communicates information to the attorney assigned to provide legal review of the notice of deficiency.

**Bates No. SUPP01854-01858.** A string of three emails, all dated May 16, 2005, among Lynette Schofield, Lead Tax Examining Technician, Appeals (Ogden), Kelly Schwarz, Patricia Dittman, Terri Shelley-Kirkum and Dwight Sumner, and an attached request for interest computation. The Service asserts executive privilege for the entire document as it reflects the authors' respective views as to the processing of the notice of deficiency and possible need for subsequent assessment and interest computations.

**Bates No. SUPP01859-01862.** A string of two emails, dated May 16, 2005, through May 23, 2005, among Kelly Schwarz, Terri Shelley-Kirkum, Dwight

Sumner, Patricia Dittman, David Hatherley, Supervisory Appeals Officer (Boston) attaching a request for interest computation. These emails (with 2-page attachment) were later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The May 16th email is contained in the document described as Bates No. SUPP01855; the second page of the attachment is a duplicate of the document described as Bates No. SUPP01857. The Service asserts executive privilege for the same reasons as set forth for those duplicate documents. The Service also asserts executive privilege for the first page of the attachment as it contains the bases for the interest computations.

**Bates No. SUPP01863-01975.** One email, dated September 1, 2005, from Kelly Schwarz to Susan Kahalekulu, Appeals Officer (Denver), with attached copies of: an undated and unexecuted closing agreement on the sewer treatment plant issue; a the Appeals Case Memorandum that analyzes the various issues Appeals had under consideration. This email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. While the email references an attached work plan there was not one attached. The Service asserts executive privilege for the email as it addresses the progress of the case and certain information that may be useful to Ms. Kahalekulu, who was assigned to the examination of plaintiff for later years. The Service also asserts executive privilege for the Appeals Case Memorandum, as it reflects the analyses and recommendations of various appeals officers, including their litigating hazards assessments, on the outstanding issues in plaintiff's case. The Service does not assert any privilege for the closing agreement.

**Bates No. SUPP01976-01977.** One email, dated October 31, 2003, from Kelly Schwarz to William Reitan, with an attached conference memorandum, dated October 31, 2003. The email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document (the attachment) as it memorializes a discussion between Kelly Schwarz and Paul Kelly regarding the KIRO issue and how it should be dealt with in the Appeals Case Memorandum, at a time when the notice of deficiency had yet to be finalized and issued to the plaintiff.

**Bates No. SUPP01978-01980.** One email, dated January 9, 2004, from Kelly Schwarz to Dwight Sumner, with two attached memoranda of conference calls. The email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The email reflects the progress of the matter under Appeals consideration, including consideration of procuring the services of an expert. The first memorandum dated January 9, 2003, memorializes a conference among Kelly Schwarz, Richard Druk, and Monty

Careswell regarding the valuation on the KIRO issue and the expert witness on that matter. The second memorandum dated January 9, 2003, memorializes a conference between Kelly Schwarz and Eric Olson. The Service asserts executive privilege for the first attachment as it contains the respective participants' views on the valuation issue, at a time when Appeals had just begun its consideration of case, and before the notice of deficiency had not yet been finalized and issued to the plaintiff.

**Bates No. SUPP01981-02006.** One email, dated February 2, 2005, from Kelly Schwarz to Glenn McLoughlin, with an attached and revised 25-page Appeals Case Memorandum. The email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document that is the attachment as it is a draft of the Appeals Counsel Memorandum forwarded for Mr. McLoughlin's consideration as part of his review of the notice of deficiency, at a time before the Service had issued the notice of deficiency to the plaintiff.

**Bates No. SUPP02007-02022.** A string of three e-mails dated from November 1, 2006 to February 18, 2004 among, Kelly Schwarz, Tammi Bond, Richard Druk, Linda Flemins and Bradley Nance. The e-mail has two attachments. The first attachment is a transmittal of the Coordinated Issue Paper. The second attachment is a draft of a cover letter to Scott Florence of Bonneville International Corporation concerning the Coordinated Issue Paper and the draft of the Coordinated Issue Paper. Both attachments are drafts and are not final documents. The Service will release these documents.

**Bates No. SUPP02023-02030.** One email, dated May 4, 2004, from Kelly Schwarz to Dwight Sumner, with an attached draft of a mediation contract. The email (with attachments) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document that consists of the attachment as it is a draft of a mediation contract that may be used, if the Service and plaintiff were to agree, at a time when the decision to utilize mediation was not yet made.

**Bates No. SUPP02031-02051.** One email, dated June 10, 2004, from Kelly Schwarz to Dwight Sumner, with an attached 20-page draft position paper. The email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The attachment is a draft of the Appeals Discussion Memorandum which is not in final form. The Service asserts executive privilege for the portion of the document that consists of the attachment as it is a draft and reflects the analysis and recommendations of the

appeals officers at a time when the Service and plaintiff were to enter mediation.

**Bates No. SUPP02052-02206.** An e-mail dated September 14, 2004 from Linda Flemins to Kelly Schwarz, with an attached response from Broadcast Cable Financial Management Association to a draft Coordinated Issue Paper prepared by the Medial & Entertainment ISP. The Service has released this document.

**Bates No. SUPP02207-02471.** A string of two emails, dated January 25, 2005 through January 26, 2005, between Kelly Schwarz and Thomas Wells, with attached portions of the draft notice of deficiency. The email (with attachment) was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts executive privilege for the portion of the document that is the attachment, as it is a draft and consists of the preliminary analysis and recommendations as to the tax treatment of certain transactions, before the notice of deficiency was finalized and issued to the plaintiff.

**Bates No. SUPP02472-02525.** A string of two emails, dated February 24, 2005, through February 25, 2005, among Kelly Schwarz, Glenn McLoughlin, Monty Careswell, Craig Wojay, Barbara Leonard, Ronald Rosen, and Scott Cline, General Engineer, LMSB (Rochester), with an attached copy of the BIA appraisal of tangible and intangible assets for KIRO-TV as of January 31, 1995, which has some handwritten annotations by Neal Nelson. This email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by a third email dated November 1, 2006. The Service asserts executive privilege for the portion of this document that contains the February 24th email as it is a duplicate of the document described in the Stevens Declaration as Bates No. 0390 for the same reasons as set forth for that duplicate document. The Service also asserts executive privilege for the appraisal, as the placement and content of the handwritten annotations reflects the agent's views at a time before the notice of deficiency was finalized and issued to the plaintiff.

**Bates No. SUPP02526-02640.** One email, dated March 30, 2005, among Kelly Schwarz, Tammi Bond, Dwight Sumner and Joyce Phillips, Technical Advisor, Appeals Area 7 (Houston), with the following attachments: Form 5402, Appeals Transmittal and Case Memo, dated June 30, 2005, sending the case for closing and including comments from Kelly Schwarz on the status of the case; Schedule of Adjustments for Deseret Management Corporation for 1994 through 1998; Closing Agreement on Financial Determination Covering Specific Matters (Deseret Management Corporation and Subs); Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment; Appeals Case Memoranda for various issues providing the

analysis, summaries and recommendations of the appeals officers on the various issues. The email, with attachments, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service asserts the executive privilege for the portions of the document consisting of the attachments except the Forms 870 and closing agreement, as they reflect the appeals officers' analyses and recommendations respecting the outstanding issues, including litigating hazards assessments, at a time before the Service had finalized and issued the notice of deficiency to plaintiff.

**Bates No. SUPP02641.** One email, dated March 5, 2004, from Kelly Schwarz to Lynn Gaston, which is copied to Dwight Sumner. This email contains the author's summary of aspects of his conversation with Eric Olson and his analysis of, and recommendations on, developing the case further. The Service asserts executive privilege for the entire document as it reflects his analysis and recommendations, including his litigating hazards assessment, as to how the Service should proceed in light of plaintiff's position on the KIRO issue, at a time before the Service had finalized and issued the notice of deficiency to plaintiff.

**Bates No. SUPP02642-02650.** One email, dated November 24, 2003 from Kelly Schwarz to William Reitan, with two attached conference memoranda, both of which are dated November 20, 2003. The email, with attachments, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The conference memoranda summarize selected discussions during a meeting by Kelly Schwarz and Sharon Johnson with representatives of the plaintiff including Eric Olson, Scott Florence, Bob Edwards, Mike Hines, Charles Kadlec, Bruce Olson and Bob Smith. The Service asserts executive privilege for the portion of the document that consists of the second attached memorandum as it contains the thoughts and analyses of the appeals officers in reaction to the presentation made by the plaintiff's representatives, including their recommended next steps that might be taken.

**Bates No. SUPP02651-02654.** One email, dated March 4, 2004, from Kelly Schwarz to Dwight Sumner, with an attached conference memorandum dated March 4, 2004. This email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The memorandum memorializes select discussions among Kelly Schwarz, Sharon Johnson, Eric Olson and Scott Florence. The Service claims executive privilege for the portion of the document that consists of the attached memorandum as it contains the analyses of the appeals officers on the issues discussed, including his litigating hazards assessment and his recommended next steps that might be taken

**Bates No. SUPP02655-02657.** One email, dated April 14, 2004, from Kelly

Schwarz to Dwight Sumner and Sharon Johnson. The email string attaches a Conference Memorandum, dated April 13, 2004, memorializing select portions of a conference attended by Kelly Schwarz, Sharon Johnson, Dwight Sumner, Eric Olson and Scott Florence dealing with a request for post-Appeals mediation. This email, with attachment, was later forwarded by Mr. Schwarz to Tammi Bond by an email dated November 1, 2006. The Service claims executive privilege for the portion of the document that consists of the attached Conference Memorandum as it contains the analyses of the appeals officers on the status of issues and their reactions to plaintiff's request for mediation.

**Bates No. SUPP02658-02661**. A string of two e-mails dated from November 1, 2006 to April 26, 2004, among Kelly Schwarz, Tammi Bond, and Dwight Sumner with an attached Conference Memorandum dated April 26, 2004. The Conference Memorandum deals with a conference of Kelly Schwarz, Sharon Johnson, Scott Florence and Eric Olson and the discussion of settlements of a number of issues. The Service will not assert any privilege for this document.