# Exhibit K

## Government's Privilege Logs Arranged in Chronological Order

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01104 – 01192 | S1-21 | August 14, 1989 | Routing Slip | Richard Otier | Charles Reynolds | Regarding an investigation under I.R.C. § 6700 with an attached appraisal of assets for another unrelated third party taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP01227 – 01240 | S1-21 | November 13, 1991 | Routing Slip | Jo Powers | Art Lucchese | With an attached partial copy of an appraisal of assets of an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's information pursuant to **I.R.C. § 6103**. |
| 2SUPP00535-00599 | S2-8 | 1992 | Report | David Bivins | | Report prepared by David K. Bivins in 1992 for IRS Regional Counsel, New York, to analyze the appraisal identified above as Bates No, 2SUPP00419-00634. The Service asserts I.R.C. 16103 to protect the identity of an unrelated third party taxpayer, the fact of its examination, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this report. A taxpayer's identity, the fact of its examination, and the asset valuation related research material are items of return information under I,R,C, § 6103(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under I,R.C. § 6103(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| SUPP01405 – 01408 | S1-22 | 1994 | Article | Tax Notes Today | | Article from Tax Notes Today, dated in 1994 dealing with another unrelated third party taxpayer, with an attached print from an appeals court opinion dealing with that taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's information pursuant to **I.R.C. § 6103**. |
| SUPP00282 – 00289 | S1-19 | November 1, 1994 | Status Report | Neal Nelson | | Media/Communications ISP Status report dated November 1,1994, and marked "Official Use Only" with an affixed handwritten note which appears to have been written by Neal Nelson. Respondent does not assert any privilege for the note. The document sets out positions on a number of issues including amortization of cable television franchises, amortization of FCC license, capitalization of cable television franchise costs, customer subscription lists, network affiliation agreements, transponders, charitable contributions of inventory, intangibles make ready costs, newspaper morgues, and transition property. The Service asserts **EXECUTIVE PRIVILEGE** for the entire report as it contains official but internal positions on a number of different issues. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 2SUPP00602-00621 | S2-9 | March 16, 1995 | Memorandum | | | A memorandum dated March 16, 1995, from an employee of a third-party taxpayer with an attached multi-page spread sheet all dealing with advertising contracts. The memorandum also contains a handwritten note back to the original author; this note is dated March 16, 1995. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer and financial data of that taxpayer referenced in the memorandum and spread sheet. A taxpayer's identity and financial information are items of return information under **I.R.C. § 6103**(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer Under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the internal Revenue Code. |
| 2SUPP00815-01719 | S2-10 | December 31, 1996 | Reports | | | Reports on advertising sales of a third-party taxpayer for the period from January 1, 1996, through December 31, 1996. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer, and financial data of that taxpayer referenced in the inventory records. A taxpayer's identity and financial information are items of return information under **I.R.C. § 6103**(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under I.R.C, § 6103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| 0161-0162 | I-16 | September 8, 1997 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the participants' respective views of the issues IRS Examination personnel had identified at that point in the examination for which legal advice and assistance was likely to be needed, including the possible need for the services of an expert at some later point in the examination. |
| 0160 | I-16 | January 20, 1998 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the author's views on intangibles' valuation issues and what issues need to be considered as Monty Careswell proceeds with his appraisal, and IRS Examination personnel continue with the examination of plaintiff. |
| 2SUPP00125-00127 | S2-6 | January 26, 1998 | Form 4564 | Monty Careswell | | A Form 4564, Information Document Request, dated January 26, 1998, signed by Monty Careswell, and dealing with the BIA appraisal of tangible and intangible assets of KIRO-TV. This document has a number of handwritten comments made by David Bivins in the margins of • the first page. The Service asserts the **EXECUTIVE PRIVILEGE** for the portion of the document |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | consisting of the first page as it contains Mr. Bivins' recommendations for changes in language, given his role as an expert. The Information Document Request sought information for the use of Mr. Bivins and IRS Examination personnel assigned to the examination of plaintiff at a time when the Service was formulating its audit position and prior to the issuance of the notice of deficiency. |
| 0158 | I-16 | February 12, 1998 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the participants' discussion of FCC licenses and affiliation agreements in the communications industry as they would inform the development of Mr. Careswell's valuation, which he was developing at that time, for use by IRS Examination personnel in the examination of plaintiff. |
| SUPP00127 | S1-11,12 | February 24, 1998 | Notes | Neal Nelson | | Of a conversation with Stephen Webb, Disclosure Specialist (Denver) regarding possible contract with David Bivins, a media industry expert from Princeton Junction, New Jersey. The notes discuss the information which the Service could provide to Mr. Bivins as part of his contract work. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the author's views regarding disclosure issues involving the valuation issue on the KIRO sale 11 at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. |
| SUPP00128 – 00129 | S1-12 | February 24, 1998 | Notes | Neal Nelson | | Of a conversation with Art Lucchese and dealing with applicable cases, possible experts and discussion of the valuation issue on the KIRO sale. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. |
| 0157 | I-16 | February 24, 1998 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it solicits Mr. Howard's advice regarding a conversation Mr. Nelson held with Art Lucchese about the relative merits of certain court decisions as they may impact the issues in the examination of plaintiff. |
| SUPP00130 | S1-12 | March 5, 1998 | Notes | Richard Druk | | To memorialize a discussion or meeting of Richard Druk, Neal Nelson and Mark Howard regarding valuation of FCC license and other KIRO assets. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document as it involves communications between Service employees and |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | their assigned counsel for the purpose of obtaining legal advice useful to the audit and possible future litigation. |
| 0154-0156 | I-15 | March 5, 1998 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the participants' respective views of, and the author's legal analysis and views regarding, the proper tax treatment of certain transactions under examination, including a discussion of the merits of, and prospect for, litigation. |
| 0153 | I-15 | March 5, 6, & 10, 1998 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes suggested courses of action by Mr. Nelson and Art Lucchese, Technical Advisor for Media and Entertainment, LMSB (Chicago), and their solicitation of advice from Mr. Howard on the merits of securing services of an outside expert for an appraisal, and the timing of next actions, in light of the information developed by IRS Examination personnel at that point in the examination. |
| 0147 | I-15 | March 11, 1998 | | Mark H. Howard | Mr. Mortensen | The Service asserts **EXECUTIVE PRIVILEGE** for a portion of the document (the last paragraph) as it contains the author's analysis regarding the case status and his impressions of the outcome of a meeting with plaintiffs representatives. |
| SUPP00132 – 00133 | S1-12 | March 17, 1998 | Notes | Richard Druk | | Summarizing various questions to be answered and considered in discussion of the valuation issue on the KIRO sale. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the preliminary thoughts and deliberations on the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. |
| 0139-0143 | I-14 | March 20, 1998 | | Mark H. Howard | Richard Druk | Regarding IRS Examination personnel's request for the services of an outside expert. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's views of, and recommendations regarding, the strengths and weaknesses of the examination as it was developed up to that point, the merits of securing an outside expert to address the valuation issues raised in the examination, and his assessment of litigating risks should the matter proceed to trial. |
| 0144-0145 | I-15 | March 20, 1998 | | Neal Nelson | Richard Druk (copy to Mr. Howard and Bob Heer) | Regarding IRS Examination's request for the services of an outside expert to conduct an appraisal. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of the strengths and weaknesses of the examination as it was developed up to that point, the merits of securing an outside expert to address the valuation issues raised in the examination, and his assessment of a particular expert's qualifications to perform these services in plaintiffs examination. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP00134 – 00139 | S1-12,13 | March 25, 1998 | Notes | Robert Schmidt | Monty Careswell | Requesting his review of an attached memorandum from Mark H. Howard dated March 20, 1998. The attached memorandum was previously identified as Bates Nos. 0139-0143. The Service asserts no privilege on the handwritten note. The Service asserts **EXECUTIVE PRIVILEGE** for the entire memorandum of Mark H. Howard for the reasons set forth in the Declaration of Margo Stevens. The Service asserts **EXECUTIVE PRIVILEGE** for the handwritten notes on the memorandum which it appears Mr. Schmidt made as they show his thoughts and deliberations on the memorandum. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney **WORK PRODUCT PRIVILEGE** for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the need for an outside expert and its possible impact on the audit and future litigations. |
| SUPP00140 – 00142 | S1-13 | April 6, 1998 | Notes | Richard Druk | | Memorializing a discussion between Richard Druk with Bob Heer, Chief, Examination Branch II, regarding how the audit team will proceed to analyze and complete the audit process on the valuation issues. The notes also include a summary of responses provided to that point by Mark H. Howard. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the portion of the document summarizing communications between Service employees and their assigned counsel for the purpose of obtaining legal advice useful to the audit and possible future litigation. |
| 0137 | I-14 | April 15, 1998 | | Neal Nelson | Bob Schmidt, with copy to Richard Druk (appears to be earlier version of No. 0135) | It appears to be an earlier version of the document described as Bates No. 0135. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it appears to be a draft and it contains the authors views regarding the merits of securing expert services in the examination of plaintiff, including his analysis of the relative strengths and weaknesses and probable outcome of the examination. |
| 2SUPP0001-00006 | S2-1 | April 15, 1998 | Fax | Neal Nelson | David Bivins | With a five-page attachment that is a proposed Statement of Work to be submitted as part of the request for the expert services contract for David Bivins. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that consists of the proposed Statement of Work because it is a draft that was not yet final and reflects matters that were the subject of then ongoing negotiations between the Service and Mr, Bivins with respect to procuring his appraisal services for use in the |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | examination of plaintiff. There are a few handwritten annotations on the draft. The Service does not assert any privilege for the fax cover sheet. |
| 2SUPP0007-00011 | S2-1 | | Notes | Mark Howard | | Duplicate of Bates No. 2SUPP00001-00006 with different handwritten annotations that were part of the editing and commenting process before Mr. Bivins was hired. This document does not include a facsimile transmission cover sheet. The handwritten annotations were largely made by Mark FL Howard, Senior Counsel, formerly Special Litigation Assistant (Salt Lake City). *One* of the editorial comments was made by Neal Nelson.. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft of the Statement of Work, and it reflects matters that were the subject of then ongoing negotiations between the Service and Mr. Bivins with respect to procuring the latter's appraisal services for use in the examination of the plaintiff. |
| 0135-0136 | I-14 | April 17, 1998 | | Neal Nelson | Bob Schmidt, with copy to Richard Druk | With an attached one-page cost analysis for the expert's services. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's views regarding the merits of securing expert services in the examination of plaintiff, including his analysis of the relative strengths and weaknesses and probable outcome of the examination. |
| 2SUPP00034 | S2-2 | April 18, 1998 | Memorandum | David Bivins | Neal Nelson | Memorandum concerning additional suggestions of language that should be included in the Proposed Statement of Work. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the recommendations of, and comments by, Mr. Bivins on the work he would be asked to do as an expert on the valuation issue to assist the IRS Examination personnel assigned to the examination of plaintiff, at a time when the Service was formulating its audit position before the issuance of the notice of deficiency. This memorandum was written prior to the finalization of the contract for his appraisal services. (This memorandum was sent after the document described as Bates No, 2SUPP00035.) |
| 2SUPP00035 | S2-2 | April 18, 1998 | Memorandum | David Bivins | Neal Nelson | Memorandum concerning suggestions of language that should be Included in the Proposed Statement of Work. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the recommendations of, and comments by, Mr. Bivins on the work he would be asked to do as an expert on the valuation issue to assist the IRS Examination personnel assigned to the examination of plaintiff, at a time when the Service was formulating its audit position before the issuance of the notice of deficiency. This memorandum was written prior to the finalization of the contract for his appraisal services. |
| SUPP00143 – | S1-13 | April 20, 1998 | Memorandum | Associate | Richard Druk and Neal | The principal drafter is Mark H. Howard, and it conveys his review |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 00144 | | | | District Counsel, Salt Lake City | Nelson | of the proposed statement of work prepared by IRS Examination personnel to secure the services of an expert in the examination. It duplicates a document previously identified as Bates No. 0132-0133, except that it contains notations in the margins made by Neal Nelson. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's recommendations for changes in certain language to be used in the statement of work that he believes should be made before IRS Examination personnel finalize the statement of work and Neal Nelson's notes regarding those comments. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney **WORK PRODUCT PRIVILEGE** for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the work which to be done by an outside expert and its possible impact on the audit and future litigation. |
| 0134 | I-14 | April 20, 1998 | | Neal Nelson | Bob Schmidt, with copy to Richard Druk | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of, and recommendations regarding, the outside appraisal cost estimate for the expert's report. |
| 2SUPP00036 | S2-2 | May 8, 1998 | | David Bivins | Neal Nelson | Communication containing request for certain information needed to perform the valuation services for which he was under contract. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains Mr. Bivins' analysis of, and reasons for seeking, certain information before he could further develop the appraisal for the use of the IRS Examination personnel assigned to the examination of plaintiff, at a time when the Service was formulating its audit position before the Issuance of the notice of deficiency. |
| 2SUPP00622-00812 | S2-9 | May 21, 1998 | Fixed Asset Inventory | | | A fixed asset inventory for a third party taxpayer dated May 21, 1998. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer, and financial data of that taxpayer referenced in the inventory records. A taxpayers identity and financial information are items of return information under I.R.C. §6103(b)(2)(A), As such, these items constitute return information which is confidential under I.R,C, § 6103(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| 2SUPP00037-00039 | S2-2 | June 19, 1998 | Email (1) | David Bivins | Neal Nelson | With an attached press release. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document consisting of the email, as it reflects Mr. Bivins' views regarding the possible impact of the relationship between KIRO and the Seattle Mariners on the appraisal he was developing for the use of IRS |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | Examination personnel assigned to the examination of plaintiff, at a time when the Sesrvice was formulating its audit position before the Issuance of the notice of deficiency. |
| SUPP00145 | S1-14 | July 31, 1998 | Memorandum | Arthur A. Lucchese | Neal Nelson | This memorandum references various articles and materials available to the public and provides some discussion and analysis on those articles and materials and on the valuation issue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's thoughts and discussion on the work to be done on the valuation issue at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The referenced attachments are dealt with at Bates Nos.SUPP00149-00222 below. |
| SUPP00146 – 00148 | S1-14 | July 31, 1998 | Memorandum | Arthur A. Lucchese | Neal Nelson | This memorandum references various articles and materials available to the public and provides some discussion and analysis on those articles and materials and on the valuation issue. This memorandum is partially duplicative of Bates No. SUPP00145 above but it adds additional comments and discussion. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's thoughts and discussion on the work to be done on the valuation issue at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The referenced attachments are dealt with at Bates Nos.SUPP0149-00222 below. |
| SUPP00223 | S1-15 | October 6, 1998 | Notes | Neal Nelson | | Conversations with Art Lucchese; Martin H. Peltz, Revenue Agent (New York); Bruce Sanz, probably a revenue agent (New York). The conversations deal with work done by other agents in audits of other, unrelated third party taxpayers in the broadcast industry. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose return information of unrelated third party taxpayers pursuant to **I.R.C. § 6103**. |
| SUPP00224 – 00226 | S1-15 | October 6, 1998 | Notes (3) | Neal Nelson and David Bivins | | The schedules deal with the KIRO sale. The notes contain analysis of the information regarding the KIRO sale. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the preliminary discussions of the valuation issue on the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. |
| 0017 | I-8 | November 16, 1998 | Notes | Neal Nelson | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the author's discussions with, and |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | the respective views of, two Service technical experts pertaining to the proper tax treatment of certain of the taxpayer's transactions under I.R.C. § 501(c)(2). |
| 2SUPP00045-00050 | S2-3 | December 3, 1998 | Fax | Monty Careswell | David Bivins | With a five-page attachment (of the same date) that is Monty Careswell's review of Bivins' draft appraisal. The review prepared by Mr. Careswell reflects his comments, and questions posed to Mr. Bivins, on his draft appraisal, There are also handwritten annotations; reflecting reactions and comments by Mr. Careswell. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that is the attachment because it includes some content from Mr. Bivins' draft appraisal, at a time when it was not yet final, and reflects the "give-and-take" between the two valuation experts with respect to that draft. The appraisal was being prepared for the use of IRS Examination personnel assigned to the examination of plaintiff, and this document was Written at a time when the Service was formulating its audit position prior to the issuance of the notice of deficiency. |
| SUPP00227 – 00230 | S1-15,16 | December 8, 1998 | Fax | Neal Nelson | David Bivins | Transmitting an attached memorandum from Mark H. Howard dated December 8, 1998. The memorandum provides Mr. Howard's comments on the draft report prepared by Mr. Bivins. The second page of the memorandum has a handwritten comment in the margin which appears to have been made by Neal Nelson. No privilege is asserted for the first page, the fax cover sheet. The memorandum was previously identified as Bates No. 0126-0128 and the Service claims the **EXECUTIVE PRIVILEGE** on the entire document for the reasons stated in the original Margo Stevens Declaration. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire memorandum of Mark H. Howard as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney **WORK PRODUCT PRIVILEGE** for the memorandum of Mark H. Howard as it contains his thoughts and analysis on the work done by an outside expert to that point in time. |
| 2SUPP00051 | S2-3 | December 15, 1998 | Fax | David Bivins | Monty Careswell | The cover sheet refers to a 44-page attachment, but the attachment was not included. The cover.sheet contains a summary of further changes and additions made by Mr. Bivins in the draft expert's report for the consideration of Messrs. Careswell and Nelson. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it includes some content from Mr. Bivins' draft appraisal, at a time when it was not yet final, and reflects the "give-and-take" among them with respect to that draft. The appraisal was being prepared for the use of IRS Examination personnel assigned to the examination of plaintiff, and this document was written at a time when the Service was formulating its audit position prior to the issuance of the notice of deficiency. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 2SUPP00052 | S2-4 | December 15, 1998 | Fax | David Bivins | Monty Careswell and Neal Nelson | The cover sheet makes reference to an attached five-page Part 2 of a draft expert's report that was not Included, (This was sent subsequent to the document described as Bates No. 2SUPP00051.) This cover sheet includes handwritten notes from Givens to Monty Careswell that offer his additional changes to Mr. Bivins' draft expert's report. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it includes some content from Mr. Bivins' draft appraisal, at a time when it was not yet final, and reflects the "give-and-take" among them with respect to that draft. The appraisal was being prepared far the use of IRS Examination personnel assigned to the examination of plaintiff, and this document was written at a time when the Service was formulating its audit position prior to the issuance of the notice of deficiency. |
| 2SUPP00202-00254 | S2-7 | December 1998 | Appraisal Report | | | An appraisal report of assets referenced as Station A, Appraiser 1 in.Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer and certain appraisal-related information concerning that taxpayer's assets that are referenced in this review report. A taxpayer's identity, and the asset valuation related research material, are items of return information under **I.R.C. § 6103**(b)(2)(A). As such, these items constitute return information which is confidential under 1.R.C. § 6103(e). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under I.R.C. § 8103(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| 2SUPP00255-00354 | S2-7 | December 1998 | Appraisal Report | | | An appraisal of assets referenced as Station B, Appraiser 2 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique •of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity, and the asset valuation related research material, are items of return information under **I.R.C. § 6103**(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest In this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the internal Revenue Code. |
| 2SUPP00355- | S2-7 | December 1998 | Appraisal | | | An appraisal of assets referenced as Station C, Appraiser 3 in |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 00383 | | | Report | | | Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KIRO transaction. The Service asserts **I.R.C. § 6103** to protect the Identity of an unrelated third party taxpayer, and certain appraisal-related information concerning that taxpayers assets, that are referenced in this review report. A taxpayers identity, and the asset valuation related research material, are items of return information under **I.R.C. § 6103**(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a), Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| 2SUPP00384-00418 | S2-8 | December 1998 | Appraisal Report | | | An appraisal of assets referenced as Station D, Appraiser 4 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December 1998, and prepared for the Service by DKB Consulting for the KILO transaction. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer, and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity and the asset valuation related research material are items of return information under Ike. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| 2SUPP00419-00534 | S2-8 | December 1998 | Appraisal Report | | | Appraisal report referenced as Station E, Appraiser 5 in Table 2 of the Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuation dated December, 1998, and prepared for the Service by DKB Consulting for the K1RO transaction. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer and certain appraisal-related information concerning that taxpayer's assets that are referenced in this review report. A taxpayer's identity and the asset valuation related research material, are items of return information under I,R.C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the internal Revenue Code. |
| SUPP00245 – 00256 | S1-16 | February 9, 1999 | Fax | Janet Wells | Neal Nelson | Attached portion of a draft appraisal report for an unrelated broadcast industry taxpayer. The Service does not assert |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | privilege for the first page. The Service asserts the right not to produce the remainder of the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP00257 – 00259 | S1-16,17 | February 9, 1999 – November 8, 1999 | Notes | Neal Nelson | | Attached memorandum to Neal Nelson from Art Lucchese dated January 15,1999, with handwritten notes on the memorandum which appear to have been written by Neal Nelson. The notes document conversations with Janet Wells, Art Lucchese, Joann Harmon, appears to be a Revenue Agent (Florida), Myron Belyeu, Revenue Agent (Florida) The notes appear to have. been made on a small note pad, and then pasted on a larger page. The notes and the memorandum deal with conversations on work done by other agents in audits of taxpayers in the broadcast industry. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and discussions of revenue agents on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. . The Service asserts the right of not to produce the document based on the duty not to disclose other unrelated third party taxpayers' return information pursuant to **I.R.C. § 6103**. |
| SUPP00001 – 00002 | S1-1 | May 27, 1999 – July 1, 1999 | Emails (5) | | Stephen Barnes, Mark Howard, Bryce Kranzthor and Ronald Busch. | The e-mail references other taxpayers and cases where the Service had asserted section 482 in a domestic setting. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. The Service also asserts I.R.C. § 6103 as a basis for nondisclosure because of the references to the identities of, fact of examination, and other details regarding, other unrelated third party taxpayers. |
| 0116 | I-12 | June 16, 1999 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it relates Mr. Nelson's solicitation of legal advice at a point in the examination where the possibility of litigation was raised; in particular, the notes reflect a discussion of issues relating to statute extension and information document requests. |
| 0115 | I-12 | November 29, 1999 | Notes | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it relates Mr. Nelson's assessment of an expert's report which was part of plaintiffs rebuttal and his proposed strategy going forward in the examination. |
| 2SUPP00130-00201 | S2-6 | November 1999 | Appraisal Report | Charles H. Kadlec | | An appraisal report prepared by Charles H. Kadlec, plaintiff's appraiser, and dated November 1999, valuing assets of KIRO-TV, Seattle, Washington, This report has numerous handwritten annotations throughout the document by David Bivins. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | as the content of the handwritten annotations, as well as their placement on the appraisal, reflects Mr. Bivins' views of, and reactions to aspects of, plaintiff's appraisers valuation, at a time when the Service was formulating its audit position and prior to the issuance of the notice of deficiency. |
| SUPP00260 | S1-17 | December 1, 1999 | Notes | Neal Nelson | | Regarding the report prepared by Charles H. Kadlec, appraiser for plaintiff, and Mr. Nelson's discussions with David Bivins about that report and how to deal with assertions in that report. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and discussions of Neal Nelson and David Bivins on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. |
| SUPP00261 | S1-17 | December 16, 1999 | Memorandum | Neal Nelson | Myron Belyeu | Requesting information regarding work done in the audit of an unrelated third party taxpayer and providing analysis of work done in the audit of the plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and discussions of a revenue agent on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| 0113-0114 | I-12 | December 20, 1999 | Memorandum to File | Mark H. Howard | | Regarding a meeting with Neal Nelson and a telephone communication with an expert retained by IRS Examination personnel during the examination of plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the respective participants' analyses of, and views regarding, additional work that may be performed by the expert in light of the arguments framed in plaintiffs rebuttal, and what alternative arguments the Service may advance in response. |
| 0109-0111 | I-12 | January 7, 2000 | One-page note | Mark H. Howard | | Conveying an attached two-page memorandum dated January 7, 2000, to Robert H. (Bob) Schmidt, Engineering Group Manager, LMSB, from Neal Nelson and Richard Druk, regarding their request for additional services from an expert. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' analysis of the strengths and weaknesses of their current posture in the examination, including their reasons for recommending additional expert services; in light of the taxpayer |
| 0112 | I-12 | January 7, 2000 | Memorandum to File | Mark H. Howard | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the solicitation of legal advice by Neal Nelson regarding the viability of seeking additional expert services and usage of valuation information gathered in |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | examinations of (unnamed) third party taxpayers. |
| 0107 | I-11 | January 10, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation Messrs. Howard, Mortensen, and Neal had with Patricia Donohue, Assistant Regional Counsel (Tax Litigation), Western Region. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes strategic discussions about the valuation issues present in the examination, and how best to utilize experts. The document also reflects certain outstanding issues to be resolved concerning the use of valuations performed in examinations of other (unnamed) third party taxpayers. |
| 0108 | I-11 | January 10, 2000 | | Mark H. Howard | Richard Druk and Neal Nelson | Conveys his review of, and views respecting, a statement of work that IRS Examination personnel wished to use to obtain additional services from an expert during the examination in light of currently available information and the taxpayer's rebuttal. |
| SUPP00109 | S-8 | January 19, 2000 | Notes | Mark Howard | | Summarizing a telephone conversation with Patricia Donohue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes Ms. Donohue's discussion with Mr. Howard regarding the possible access of the audit team to appraisal reports from other audits and the need for legal review of this issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice. |
| SUPP00110 – 00114 | S1-8 | January 24, 2000 | Memorandum | MK Mortense n | Assistant Chief Counsel (Disclosure Litigation) | The principal drafter is Mark Howard, and it conveys his summary of the facts involving the KIRO issue and discusses the potential for disclosure issues to arise depending on the access of the audit team and expert to appraisal reports involving broadcast industry companies other than the plaintiff in this case. The Service claims **EXECUTIVE PRIVILEGE** for the entire document as the memorandum contains analysis of issues pending in audit and requests legal advice from the national Chief Counsel Office in resolving certain legal issues. The Service claims **ATTORNEY CLIENT PRIVILEGE** as the Service communicated information to its attorneys for the preparation of this memo and the seek of advice. The Service claims attorney **WORK PRODUCT PRIVILEGE** for entire document as Mr. Howard prepared it as part of the process of obtaining a final legal opinion on the issues dealt with in that memo. The Service asserts the right not to produce portions of that document under **I.R.C. § 6103** because of the references to facts and issues pending in an audit of another unrelated third party taxpayer. |
| SUPP00115 | S-9 | February 4,2000 | Notes | Mark H.Howard | | Summarizing a telephone conversation with Neal Nelson, Revenue Agent, LMSB (Salt Lake City). The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | memorializes Mr. Nelson's further discussion of the request for advice on disclosure related to broadcast industry appraisal reports and Mr. Howard's response. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. |
| SUPP00116 | S1-9 | February 18,2000 | Notes | Mark H.Howard | | Summarizing a telephone conversation with Jennifer McGinty, attorney, Office of Assistant Chief Counsel (Disclosure Litigation), (Washington, DC). The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. The Service asserts the right of nonproduction under I.R.C. § 61 03 because the document contains information about the audit of another unrelated third party taxpayer. |
| SUPP00117 | S1-9 | March 7, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation with Neal Nelson. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes Mr. Nelson's further discussion of the request for advice on disclosure related to broadcast industry appraisal reports and Mr. Howard's response. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for this document as it dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. |
| 2SUPP00813 | S2-9 | March 31, 2000 | Letter | | | A letter dated March 31, 2000, from David K. Bivins to an employee of a third-party taxpayer requesting information regarding advertising sales. The Service asserts **I.R.C. § 6103** to protect the identity of an unrelated third party taxpayer. A taxpayers identity and financial information are items of return information under **I.R.C. § 6103**(b)(2)(A), As such, these items constitute return Information which Is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| SUPP00265 – 00274 | S1-17,18 | April 17, 2000 | Notes | Neal Nelson | | With an attachment of research material regarding another unrelated third party taxpayer. The notes memorialize a conversation with Mark Howard on the question of obtaining information from the plaintiff that it had not previously provided and a discussion of the merits of issuing a summons to obtain that information. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and discussions of the revenue agent on the handling of valuation issues at a time when the examination of plaintiff had not yet been completed and |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | Service personnel had not made a final determination. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document as it contains communications from counsel to client on the preparation of an issue for the audit and possible litigation. The Service asserts attorney **WORK PRODUCT PRIVILEGE** for the memorandum of Mark H. Howard as it contains his thoughts and analysis on how to proceed with the collection of information in the audit. .The Service asserts the right of not to produce the remainder of the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP00118 | S1-9,10 | April 20, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation with Jennifer McGinty. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. |
| 0104 | I-10-11 | April 20, 2000 | | Mark H. Howard | Charles Samuels and Marion Mortensen | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it memorializes the solicitation of advice from Mr. Samuels regarding a summons question arising from IRS Examination personnel's interest in obtaining certain information pertinent to the valuation of certain of the plaintiffs assets under examination. It also memorializes additional legal advice that had been solicited regarding the use of valuation information that had been compiled in the course of an examination of a third party taxpayer. |
| 0105-0106 | I-11 | April 20, 2000 | Memorandum to File | Mark H. Howard | | Regarding a meeting with Richard Druk and Neal Nelson, dated April 20, 2000, by Mark H. Howard. It also references a telephone conversation with Charles Samuels. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it summarizes the participants' respective views, legal analyses, and recommendations regarding various issues, including summons enforcement and statute extension, at a time when the examination of plaintiff was still ongoing. |
| SUPP00119 | S1-10 | April 21, 25 & 26, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation with Jennifer McGinty and a separate conversation with Neal Nelson and Jennifer McGinty. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the pending request for advice and provides an informal response to the request for advice. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney **WORK** |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | **PRODUCT PRIVILEGE** for the portion of the notes documenting the legal conclusions of Ms. McGinty |
| SUPP00120 | S1-10 | April 25, 2000 | Email | Jennifer McGinty | Mark H. Howard | Providing an informal response on use of appraisal reports available to an expert from outside sources and the use by the Service of appraisal reports available from other audits. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes an analysis and informal opinion provided to Mr. Howard by Ms. McGinty on general principles of disclosure law which might apply in the case. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney **WORK PRODUCT PRIVILEGE** as the e-mail consists of the legal research and the legal conclusions of Ms. McGinty relative to the general disclosure issues raised. |
| SUPP00121 – 00123 | S1-10 | April 26, 2000 | Fax | Mark H. Howard | Jennifer McGinty | With attached schedule from draft expert report sent to Jennifer McGinty by Mark H. Howard. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it includes information from Mr. Howard provided at the request of Ms. McGinty as part of the process of obtaining her opinion. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice. |
| SUPP00124 | S1-10,11 | April 26, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation with Richard Druk. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the communication by Mr. Howard to Mr. Druk of the informal opinion provided by Ms. McGinty. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to an attorney for the purpose of obtaining legal advice and the response back. The Service asserts the attorney **WORK PRODUCT PRIVILEGE** for the portion of the notes documenting the legal conclusions of Ms. McGinty. |
| SUPP00125 | S1-11 | April 26 & 27, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation with Jennifer McGinty and memorializing the legal analysis of Ms. McGinty and David Fish, then a branch chief in the Office of Assistant Chief Counsel (Disclosure Litigation) regarding reference in an expert report to appraisal reports of other companies. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes a discussion between Mr. Howard and Ms. McGinty regarding the request for advice and provides an informal response to a portion of the request for advice as developed through the continuing discussion. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to attorneys for the |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | purpose of obtaining legal advice and the response back. The Service asserts the attorney **WORK PRODUCT PRIVILEGE** for the portion of the notes documenting the legal conclusions of Ms. McGinty and Mr. Fish. |
| SUPP00275 | S1-18 | April 28, 2000 | Notes | Neal Nelson | | Summarizing work Mr. Nelson needed to do on the valuation issue and memorializing a conversation with David Bivins regarding the obtaining of information from other appraisers and regarding the restrictions on use of information from other appraisal sources. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with the outside expert at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103** as the document makes reference to appraisals of an unrelated third party taxpayer. |
| SUPP00292 | S1-19,20 | May 1, 2000 | Note | Neal Nelson | Elaine Hare | Note asking her to copy documents. The Service does not assert any privilege as to this note. However the Service asserts the right of not to produce the copy of documents mentioned in the note based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. ,The copy of documents which relate to one unrelated third party taxpayer include documents identified below as Bates No. 00293-00843. |
| 2SUPP00814 | S2-9 | May 3, 2000 | Letter | | | An informal letter dated May 3, 2000, from an employee of a third-party taxpayer to David Bivins transmitting reports on advertising sales. The Service asserts 1,R.C. § 6103 to protect the identity of an unrelated third party taxpayer. A taxpayer's identity and financial information are items of return information under I.R,C. § 6103(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under **I.R.C. § 6103**(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |
| 2SUPP00053-00054 | S2-4 | May 26, 2000 | Fax | David Bivins | Neal Nelson | The cover sheet is a two-page document that memorializes a discussion between Messrs. Bivins and Nelson and provides a status report on the valuation work in progress. The document refers to two invoices as enclosures, but they were not included. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as It includes some content from Mr. Bivins' draft appraisal, at a time when it was not yet final, and reflects the "give-and take" among them with respect to that draft. The |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | appraisal was being prepared for the use of IRS Examination personnel assigned to the examination of plaintiff, and this document was written at a time when the Service was formulating its audit position and prior to the issuance of the notice of deficiency. |
| 0103 | I-10 | August 30, 2000 | Notes | Mark H. Howard | | Summarizing a telephone conversation with Neal Nelson. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes Mr. Nelson's solicitation of advice from Mr. Howard as to the appropriate tax treatment of certain information he had gathered regarding exempt organizations and FCC licenses, at a time when IRS Examination personnel were still conducting its examination of plaintiff. |
| 0101-0102 | I-10 | November 13, 2000 | Memorandum to File | Mark H. Howard | | Regarding a meeting attended by Neal Nelson, Janet Hughes, Nancy Hansen, Erling Holje, Revenue Agent, LMSB (Salt Lake City), and Marion K. Mortensen, Associate Area Counsel, SBSE (Salt Lake City), dated November 13, 2000, by Mark H. Howard. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it summarizes the participants' respective legal analyses, views, and recommendations as to the appropriate tax treatment of certain transactions, and next steps that might be taken, at a time when IRS Examination personnel were still conducting its examination of plaintiff. |
| SUPP00126 | S1-11 | November 20, 2000 | Memorandum | Mark H. Howard | Richard Druk and Neal Nelson | Providing a summary of the legal response to the disclosure questions they had raised. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes the ongoing discussion between the Service employees and their attorneys on the disclosure issues and the implementation of that advice in the case. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because this document dealt with matters communicated by the Service to attorneys for the purpose of obtaining legal advice and the response back. The Service asserts the attorney **WORK PRODUCT PRIVILEGE** as the memorandum documents the legal analysis of Jennifer McGinty and David Fish. |
| 2SUPP00055-00063 | S2-4 | November 14, 2001 | Fax | Neal Nelson | David Bivins | With attachments including: one page of the Kadlec report, a letter from Bond & Pecaro, and six pages from a document prepared by Lamb Appraisal Associates, Inc. The page of the Kadlec report has Mr. Bivins' handwritten notes consisting of questions and comments. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document consisting of the page of the Kadlec report, which contains the handwritten notes made by David Bivins as those notes document his views regarding, arid his analysis of, this portion of the Kadlec report as they would inform IRS Examination personnel assigned to the examination of plaintiff as to the valuation issue, at a time when the Service was |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | formulating its audit position and prior to the issuance of the notice of deficiency. |
| **SEPTEMBER 9, 2002 – INTERNAL REVENUE SERVICES ISSUES NOPA 41-1 TO DMC** | | | | | | |
| SUPP00003 | S1-1 | September 16, 2002 | Email | Charles Burnett | David Otto and copied to Mark Howard | Regarding developments on the consideration of the exempt entity holding title to the FCC license. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the views of Richard Druk on dealings with the exempt. The Service also asserts **I.R.C. § 6103** as a basis for nondisclosure because of the references to review of another taxpayer. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains the information communicated to counsel by the examination group manager. |
| SUPP00004 | S1-1,2 | October 28, 2002 | Email | Nancy Hansen | Mark Howard, Richard Druk and copies to Janet Hughes, Robert Towler | Regarding examination of another taxpayer. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains proposed course of action for dealing with a related audit. The Service asserts **I.R.C. § 6103** as a basis for nondisclosure because of the references to examination of another named taxpayer. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains factual information communicated to counsel by a revenue agent. |
| SUPP00005 | S1-2 | October 28, 2002 | Email | Mark Howard | David Otto and Charles Burnett | Transmitting the same email above as Bates # SUPP00003. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains proposed course of action for dealing with an audit of another taxpayer. The Service asserts **I.R.C. § 6103** as a basis for nondisclosure because of the references to examination of another named taxpayer. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains factual information communicated to counsel by a revenue agent. |
| SUPP00277 | S1-18,19 | December 18, 2002 | Memorandum | Robert Schmidt | Neal Nelson (signed by Monty Careswell) | This report was used by the Service to transmit the Engineering and Valuation Report of Monty Careswell. However, a copy of that report was not attached. This report is used to transmit comments or discussion between Service personnel which should not be included in the transmitted report. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it is the report used to send deliberative comments and analysis between Service employees and is specifically marked "Not for Taxpayer." |
| 0460-0464 | I-43 | March 24-31, 2003 | Emails (3) | | Among Bradley Nance, | With attached three-page fact sheet reflecting the Media and |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Monty Careswell, Art Lucchese, Linda Flemins, Mark Howard, Robert Schmidt, and Richard Druk. | Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use in other contexts (such as plaintiffs examination). This exchange took place at a time when the Service had not yet finalized and issued its notice of deficiency to plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses, including strengths and weaknesses thereof, a valuation issue. |
| SUPP00006 – 0009 | S1-2 | March 24, 2003 – April 4, 2003 | Emails (4) | | Among Mark Howard, Rick Hosler, Charles Burnett, Monty Careswell, Richard Druk, Robert Schmidt, Art Lucchese, Bradley Nance and Linda Flemins | With attached three page fact sheet. The bulk of this document was dealt with in the original declaration of Margo Stevens at bates # 0460 through 0464. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document for the reasons set forth in that declaration. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains factual information communicated to counsel by a revenue agent and requesting assistance. |
| **MARCH 28, 2003 – INTERNAL REVENUE SERVICE MAILS 30-DAY LETTER TO DMC** | | | | | | |
| SUPP00010 – 00012 | S1-2 | March 24, 2003 – April 4, 2003 | Email | Rick Hosler | Mark Howard | The string e-mail identified as Bates # SUPP005 with an added response but without the attachment. The Service asserts the same privileges as noted above. |
| SUPP00013 – 00016 | S1-2,3 | May 13, 2003 | Email | Richard Druk | Mark Howard | With an attached 3 page fact sheet reflecting the Media and Broadcasting technical advisors' analysis of like-kind exchanges of broadcast properties under I.R.C. § 1031 for the recipients' consideration, particularly with respect to its applicability to the appropriate methodology to use in other contexts (such as plaintiff's examination). This exchange took place at a time when the Service had not yet finalized and issued its notice of deficiency to plaintiff. The Service assert **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses, including strengths and weaknesses thereof, a valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for this entire document as it requests the review by counsel and a discussion with counsel of these matters. |
| SUPP00017 | S1-3 | August 7, 2003 | Email | Cliff Toyama | Mark Howard | Containing the author's analysis of the application of I.R.C. § 482 to counter the taxpayer protest and requesting the view of Mr. Howard on that analysis. This exchange took place at a time when the Service had not yet finalized its response to the protest. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's analyses, including strengths |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | and weaknesses thereof. This dealt, in part, with the valuation issues in the KIRO matter. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for this entire document as it requests the author's analysis and requests a review by counsel. |
| SUPP00018 – 00018a | S1-3 | August 22, 2003 | Email | Mark Howard | Cliff Toyama | In response to the email identified as Bates # SUPP007 above. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's analyses, including strengths and weaknesses thereof. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for this entire document as it requests the author's analysis and requests a review by counsel. The Service asserts **WORK PRODUCT PRIVILEGE** for the portion of the document in which Mr. Howard provided his response. |
| 0239 | I-19 | August 26, 2003 | Notes | Mark H. Howard | | Regarding a telephone conversation with Bradley Nance. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it reflects Mr. Nance's comments on the draft memorandum regarding allocations under I.R.C. § 338 and Treas. I. § 1.338-6T, which Mr. Howard had shared with him, prior to its being finalized and issued. |
| SUPP00019 – 00035 | S1-3 | August 27, 2003 | Email | Mark Howard | Rick Hosler and M.K. Mortensen | With an attached draft memorandum regarding the application of Treas. I. § 1.338-6T. The attached memorandum is the same as the one found in the original Margo Stevens Declaration at Bates #0206 – 0221 except that it does not contain the editorial changes. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. I. § 1.338-6T as it would apply to plaintiff's transactions under examination, for the use of IRS Examination personnel before they issued any rebuttal to plaintiff. The Service asserts **ATTORNEY CLIENT PRIVILEGE** as Mark Howard provided this memorandum to the Service as its attorney in response to its request and seeking comments before preparing the final product. The Service asserts attorney **WORK PRODUCT PRIVILEGE** for the document as it consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| SUPP00036 | S1-3,4 | August 27, 2003 | Email | Rick Hosler | Mark Howard | In response to the email identified as Bates # SUPP009 above. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. I. § 1.338-6T as it would apply to plaintiff's transactions under examination, for the use of IRS Examination personnel before they issued any rebuttal to plaintiff. |
| 0189-0204 | I-18 | August 28, 2003 | | Mark H. Howard | Richard Druk | Regarding plaintiffs protest sent to Appeals. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's legal analysis regarding allocations under I.R.C. § |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | 338 and Treas. I. § 1.338-6T as it would apply to plaintiffs transactions under examination, for the use of IRS Examination personnel before they issue any rebuttal to plaintiff. |
| 0467-0482 | I-43 | August 28, 2003 | | Mark H. Howard | Richard Druk | Regarding the taxpayer's protest sent to Appeals. This is a duplicate of the document described as Bates Nos. 0189-0204. The Service asserts **EXECUTIVE PRIVILEGE** for the same reasons as that duplicate document. |
| 0486-0502 | I-44 | September 11, 2003 | Memorandum to File | Monty Careswell . | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of certain issues addressed in taxpayer's protest for inclusion in the Service's rebuttal, which had not yet been finalized and issued to plaintiff. |
| 0255 | I-19 | September 11, 2003 | Memorandum | Monty Careswell | | Handwritten computations by Katherine Ankeny at the bottom of the page, regarding plaintiffs protest of the 30-day letter. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of the appropriate tax treatment of the transactions that were the subject of the examination, prepared in anticipation of the Service's response to plaintiffs protest. The page also reflects Ms. Ankeny's reactions to what Mr. Careswell has prepared. |
| SUPP01431 – 01446 | S1-22 | September 11, 2003 | Memorandum | Monty Careswell | | Previously identified as Bates No. 0486-0502 The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as explained in the original Declaration of Margo Stevens. |
| SUPP00036a – 00036r | S- | September 12 – 16, 2003 | Emails (3) | | Among Richard Druk, Mark Howard, Bradley Nance and Monty Careswell | With attached memorandum to file dated Sept. 11, 2003 prepared by Monty Careswell. The e-mail transmits the memorandum and requests review of the memorandum by Mark Howard. The Service asserts **EXECUTIVE PRIVILEGE** for the e-mail as it deals with matter under examination and in preparation for the presentation of a rebuttal to plaintiff's protest. The Service asserted **EXECUTIVE PRIVILEGE** for the entire attached memorandum in the original Margo Stevens Declaration. See Bates # 0486-0502. |
| 0483-0484 | I-43-44 | September 17, 2003 | | Bradley Nance | Monty Careswell | providing an explanation for, and transmitting a one-page attachment of, Mr. Nance's suggested revisions to what Mr. Careswell had prepared as the rebuttal to the plaintiffs protest. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the respective authors' analyses of the issues addressed in a portion of taxpayer's protest for inclusion in the Service's rebuttal, which had not yet been finalized and issued to plaintiff. |
| SUPP01690 – 01691 | S1-31,32 | September 26, 2003 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi L. Bond Richard Druk, and Bradley Nance | A string of two e-mails dated from November 1, 2006 to September 24,2003 among Kelly Schwarz, Tammi L. Bond, Information Technology Specialist (Oklahoma City), Richard Druk |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | and Bradley K. Nance regarding a rebuttal to the protest. The e-mail includes, as an attachment, a Report Transmittal which contains the examination's position on the taxpayer's protest. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains thoughts and deliberations of the revenue agent in anticipation of the pre-Appeals conference. |
| SUPP01692 – 01698 | S1-31,32 | September 26, 2003 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi L. Bond and William Reitan | A string of two e-mails dated from November 1, 2006, to September 26,2003 among Kelly R. Schwarz, Tammi L. Bond, William C. Reitan, Appeals Team Manager (Houston) with two attached memorandums and a work plan. The memorandums are both dated September 25,2003, and they are addressed from Kelly Schwarz to Lynn E. Gaston, Appeals Officer (Omaha) and Sharon G. Johnson, Appeals Officer (Oklahoma City), and deal with an upcoming pre-Appeals conference. The e-mail contains a discussion by Mr. Schwarz of some of the work needed in the case in preparation for the pre- Appeals conference. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document other than the work plan as the documents involve the deliberations and preparations for the pre-Appeals conference. |
| SUPP01699 | S1-32 | October 2-6, 2003 | Emails (3) | | Among Jerry Payne, William Reitan and Kelly Schwarz | A string of three e-mails, dated from October 6, 2003 through October 2, 2003 among Jerry D. Payne, Appeals Officer (Dallas), William Reitan and Kelly Schwarz. The document contains thoughts and discussion about the need for a screening panel and makes reference to a screening panel recommendation in another case. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of the aspects of the case in anticipation of the pre-Appeals conference. The Service asserts the duty not to produce this document pursuant to **I.R.C. § 6103** to protect the return information of an unrelated third party taxpayer. |
| SUPP00037 – 00040 | S1-4 | October, 21, 2003 | Email | Mark Howard | Richard Druk, copies to Rick Hosler and MK Mortensen | With an attached three page summary providing the views of Mark Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the authors' analysis of issues in preparation for the pre-Appeals conference. |
| SUPP00041 – 00044 | S1-4 | October 22, 2003 | Email | Richard Druk | Mark Howard | With an edit of the attached three page summary providing the views of Mark Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the authors' analysis of issues in preparation for the pre-Appeals conference. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP00045 – 00049 | S1-4 | October 24, 2003 | Email | Mark Howard | Richard Druk | With an edit of the attached three page summary providing the views of Mark Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the authors' analysis of issues in preparation for the pre-Appeals conference. |
| SUPP00050 – 00053 | S1-5 | October 24, 2003 | Email | Richard Druk | Kelly Schwarz with copies to Bradley Nance and Mark Howard | With an attached three page summary providing the views of Mark Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' analysis of issues in preparation for the pre-Appeals conference. |
| SUPP00054 – 00057 | S1-5 | October 24, 2003 | Email | Mark Howard | Rick Hosler and Charles Burnett with a copy to MK Mortensen | With an attached three page summary providing the views of Mark Howard and Richard Druk on efforts made to resolve several issues with the taxpayer and their view on various settlement proposals. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' analysis of issues in preparation for the pre-Appeals conference. |
| SUPP00058 – 00059 | S1-5 | October 27, 2003 | Email | Richard Druk | Kelly Schwarz with copies to Mark Howard and Bradley Nance | This e-mail contained a supplement to the transmittal memorandum to Appeals with information on the ownership of the taxpayer and providing an analyses of several of the issues going to Appeals for consideration. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of issues in preparation for the pre-Appeals conference. |
| SUPP01700 – 01702 | S1-32 | October 27 2003 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and William Reitan | A string of two e-mails dated from November 1, 2006, to October 27, 2003, among Kelly Schwarz, Tammi Bond, and William Reitan. The text of the e-mail describes the scheduling of the pre-Appeals conference. The attachment to the e-mail contains some personal information on a Travel Request. The Service asserts **EXECUTIVE PRIVILEGE** for four page attachment to the e-mail string as it contains personal information of Service employees on their travel requests. |
| SUPP01703 – 01708 | S1-32 | October 27 2003 – November 1, 2006 | Emails (4) | | Among Kelly Schwarz, Tammi Bond, Veronica Perez and William Reitan | A string of four e-mails dated from November 1, 2006, to October 27, 2003, among Kelly Schwarz, Tammi Bond, Veronica Perez and WiliamReitan. Related to Bates No. SUPP01700-01702 above. The e-mail adds a personal message that is not related to the case and is not protected by privilege. However, the same attachment with the Travel Request is privileged as to the personal employee information that it contains. |
| SUPP00068-00084 | S1-6 | October 23, 2003 | Email (1) | Mark H. Howard | Kelly Schwartz | The Service also asserts the attorney **WORK PRODUCT** and **ATTORNEY CLIENT PRIVILEGE** for this memorandum prepared |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | by Mark H. Howard at the request of the Service employees in anticipation of the Appeals consideration and possible litigation. |
| SUPP00060 – 00061 | S1-5 | October 28, 2003 | Emails | Mark H. Howard | Rick Hosler and Charles Burnett | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author' analysis of issues in preparation for the pre-Appeals conference. |
| SUPP01976 – 01977 | S1-37 | October 31, 2003 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and William Reitan | A string of two e-mails dated from November 1, 2006, to October 31,2003, among Kelly Schwarz, Tammi Bond and William Reitan with an attached conference memo dated October 31, 2003. The e-mail and memorandum deal with a discussion between Kelly Schwarz and Paul Kelly regarding the KIRO issue and how it should be dealt with. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document. |
| SUPP00062-00067 | S1-5 | November 14, 2003 | Email (1) | Mark H. Howard | John Prisco | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document. The email transmits a memorandum and comments on the insurance issues pending in Appeals. The attachment provides the author's analysis of an insurance issue from a prior audit cycle of the plaintiff. The Service asserts attorney **WORK PRODUCT PRIVILEGE** on the attachment as it contains the legal research and analysis of an attorney in the Office of Chief Counsel. |
| 0508 | I-44 | November 21, 2003 | Email (1) | Richard Druk | Monty Careswell, which was copied to Robert Schmidt and Bradley Nance | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it reflects certain matters the author was considering as he prepared for the upcoming Appeals conference with plaintiff. |
| SUPP01709 – 01720 | S1-32 | November 24, 2003 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, Lynn Gaston and Jeffrey Galante | A string of two e-mails dated November 1, 2006, through November 24,2003, among Kelly Schwarz, Tammi Bond, Lynn Gaston and Jeffrey M. Galante, Team Manager, Appeals (Laguna Niguel), with an attached memorandum dated November 24,2003 from Lynn Gaston to Kelly Schwarz. The e-mail references the pre-Appeals conference and the memorandum contains the analysis of the author of what was presented at the pre-Appeals conference as it related to insurance issues. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains information that involves agency deliberations that are pre-decisional. |
| SUPP01721 – 01723 | S1-33 | November 24, 2003 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and Lynn Gaston | A string of two e-mails dated November 1, 2006, through November 24,2003, among, Kelly Schwarz, Tammi L. Bond and Lynn Gaston with an attached 11 page draft analysis of a number of insurance issues. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains information that involves agency deliberations that are pre-decisional. |
| SUPP02642 – | S1-39,40 | November 24, 2003 – | Emails (2) | | Among Kelly Schwarz, | A string of two e-mails dated from November 1, 2006, to |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 02650 | | November 1, 2006 | | | Tammi Bond and William Reitan | November 24,2003 among Kelly Schwarz, Tammi Bond and William Reitan with two attached memoranda. The first memorandum is dated November 20, 2003, and it summarizes the presentations at the pre-Appeals conference. The Service asserts no privilege for the e-mail and the first memorandum and will produce them. The second memorandum is dated November 20, 2003, and it summarizes discussions during a meeting by Kelly Schwarz and Sharon Johnson with representatives of the taxpayer including Eric Olson, Scott Florence, Bob Edwards, Mike Hines, Charles Kadlec, Bruce Olson and Bob Smith. The Service asserts **EXECUTIVE PRIVILEGE** for the second memorandum as it contains the thoughts and analysis of the Appeals officers on the presentation made by the plaintiffs representatives. |
| SUPP00087-00088 | S1-6 | December 4, 2003 | Email (1) | Mark H. Howard | Clif Toyama & Bradley Nance | This email contains the author's response to the inquiry regarding cases involving section 482 and cases discussed in preparation for the pre-Appeals conference. For the reasons stated above, the Service asserts **EXECUTIVE PRIVILEGE** and **ATTORNEY CLIENT PRIVILEGE** as to the entire document. The Service asserts attorney **WORK PRODUCT PRIVILEGE** as to the portion of the email from Mark H. Howard as it provides fruit of his research on the I.R.C. § 482 issue. |
| 2SUPP00064 | S2-5 | December 12, 2003 | Notes | David Bivins | | The notes appear to summarize a telephone call with Kelly Schwarz, Appeals Officer (Oklahoma City). The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as the notes reflect the "give-and-take" between them as to certain issues that needed further development by the expert. The appraisal was being prepared for the use of IRS Appeals personnel assigned to plaintiff's case, and this document was written at a time prior to the issuance of the notice of deficiency. |
| 2SUPP00065-00069 | S2-5 | December 19, 2003 | Fax | David Bivins | Kelly Schwartz | Transmitting five pages consisting of estimated costs for additional services in January through March 2004 by David Bivins, handwritten notes prepared by David Bivins reflecting his conversation with Kelly Schwarz dealing with Mr. Bivins' appraisal services, and an Amendment of Solicitation/Modification of Contract proposal for Mr. Bivins' expert services. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document consisting of the handwritten notes, which memorialize the preliminary valuation work Mr. Bivins had in process as he assisted IRS Appeals personnel assigned to plaintiffs case, at a time prior to the issuance of the notice of deficiency. |
| SUPP01978 – 01980 | S1-37 | January 9, 2004 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and Dwight Sumner | A string of two e-mails dated from November 1, 2006, to January 9,2004, among Kelly R. Schwarz, Tammi Bond and Dwight Sumner with two attached memoranda. The e-mail deals with preparations for a meeting on the KIRO issue. The first memorandum dated January 9, 2003, memorialized the |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | discussions which occurred in a conference with Kelly Schwarz, Richard Druk, and Monty Careswell regarding the valuation on the KIRO issue and the expert witness on that matter. The second memorandum dated January 9, 2003, memorialized a conference with Kelly Schwarz and Eric Olson. The Service asserts **EXECUTIVE PRIVILEGE** for the e-mail and the first memorandum as they contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. The Service does not assert any privilege on the second memorandum. |
| 0510-0511 | I-44 | January 12, 2004 | Emails (2) | | Among Kelly Schwarz, Robert Schmidt, Richard Druk, and Monty Careswell. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective views regarding the vulnerabilities in the Service's positions that could be addressed in additional work by an expert. The document reflects their views as to what tasks should be included in a statement of work to be finalized to secure the services of an outside expert. |
| **FEBRUARY 12, 2004 – INTERNAL REVENUE SERVICE ISSUES COORDINATED ISSUE PAPER** | | | | | | |
| SUPP02007 – 02022 | S1-37,38 | February 18, 2004 – November 1, 2006 | Emails (3) | | Among Kelly Schwarz, Tammi Bond, Richard Druk, Linda Flemins, and Bradley Nance | A string of three e-mails dated from November 1,2006 to February 18,2004 among, Kelly Schwarz, Tammi Bond, Richard Druk, Linda Flemins and Bradley Nance. The e-mail has two attachments. The first attachment is a transmittal of the Coordinated Issue Paper. The second attachment is a draft of a cover letter to Scott Florence of Bonneville International Corporation concerning the Coordinated Issue Paper and the draft of the Coordinated Issue Paper. Both attachments are drafts and are not final documents. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document because it deals with a draft document under consideration as part of the ongoing dealings with the taxpayer in preparation for the issuance of the notice of deficiency. |
| SUPP02651 – 02654 | S1-40 | March 4, 2004 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, and Dwight Sumner | A string of two e-mails dated from November 1, 2006, to March 4,2004, among Kelly Schwarz, Tammi Bond and Dwight Sumner with an attached memorandum dated March 4,2004. The memorandum memorialized discussion between Kelly Schwarz, Sharon Johnson, Eric Olson and Scott Florence. The Service claims **EXECUTIVE PRIVILEGE** for the memorandum as it contains the analysis of the Appeals Officers on the issues discussed. The Service asserts no privilege for the e-mail string. |
| SUPP02641 | S1-39 | March 5, 2004 | Email | Kelly Schwarz | Lynn Gaston with copies to Dwight Sumner | An e-mail dated March 5, 2004, from Kelly Schwarz to Lynn Gaston with copies to Dwight Sumner. This e-mail contains the author's summary of a conversation with Eric Olson and his analysis of the taxpayer position asserted on the KIRO issue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | as it contains the thoughts and analysis of the KIRO issue at a pre-decision state of the case. |
| SUPP01724 | S1-33 | April 13, 2004 | Email | Kelly Schwarz | Dwight Sumner and copied Sharon Johnson | An e-mail dated April 13, 2004 from Kelly R. Schwarz to Dwight M. Sumner with a copy to Sharon *G.* Johnson. The e-mail contains an analysis if several of the issues in the case and contains the personal opinions and deliberations of team members. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional. |
| SUPP02655 – 02657 | S1-40 | April 14, 2004 – November 1, 2006 | Emails | | Among Kelly Schwarz, Tammi Bond, Dwight Sumner and Sharon Johnson | An e-mail string dated from November 1, 2006, to April 14,2004, among Kelly Schwarz, Tammi Bond, Dwight Sumner and Sharon Johnson with an attached Conference Memorandum dated April 13, 2004, regarding a conference of Kelly Schwarz, Sharon Johnson, Dwight Sumner, Eric Olson and Scott Florence dealing with a request for post-Appeals mediation. The Service claims **EXECUTIVE PRIVILEGE** for the Conference Memorandum as it contains that thoughts and analysis of the Appeals employees on the status of issues and on the taxpayer request for mediation. The Service asserts no privilege for the e-mail string. |
| SUPP01725 – 01726 | S1-33 | April 14 – April 19, 2004 | Emails (3) | | Among Kelly Schwarz, Dwight Sumner and Lynn Gaston | A string of three e-mails dated April 19, 2004, to April 14,2004, among Lynn Gaston, Dwight Sumner, and Kelly Schwarz. The emails deal with the negotiations with the plaintiff, certain agreements reached and consideration of how to deal with additional issues. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional. |
| SUPP02658 – 02661 | S1-40 | April 26, 2004 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and Dwight Sumner | A string of two e-mails dated from November 1, 2006 to April 26, 2004, among Kelly Schwarz, Tammi Bond, and Dwight Sumner with an attached Conference Memorandum dated April 26, 2004. The Conference Memorandum deals with a conference of Kelly Schwarz, Sharon Johnson, Scott Florence and Eric Olson and the discussion of settlements of a number of issues. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document including the attachment as they contain thoughts and considerations by the Appeals Officers on the proposed settlement of various issues. |
| SUPP02023 – 02030 | S1-38 | May 4, 2004 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and Dwight Sumner | A string of two e-mails dated from November 1, 2006, to May 4, 2004, among Kelly R. Schwarz, Tammi Bond and Dwight M. Sumner with an attached draft mediation contract. The e-mail and attachment deal with preliminary documents and the consideration of the mediation process for the KIRO issue. The Service asserts the **EXECUTIVE PRIVILEGE** for the entire document. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 2SUPP00070 | S2-5 | June 3, 2004 | Fax | David Bivins | Kelly Schwartz | The fax cover letter refers to an 11 page attachment but none was present. The Service asserts no privilege and will produce this document, |
| 2SUPP00071-00090 | S2-5 | June 8, 2004 | Fax | | | The attachment is a draft report prepared by David Bivins bearing a June 2004 date. There are some handwritten annotations, presumably by Mr. Bivins. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document consisting of the attachment, which is a draft report that was not yet final. The appraisal was being prepared for the use of IRS Appeals personnel assigned to plaintiffs case, and this document was written at a time prior to the issuance of the notice of deficiency. |
| 2SUPP00091-00112 | S2-5 | June 9, 2004 | Fax | Kelly Schwartz | David Bivins | With a 21-page attachment. The attachment is a draft of an Appeals Discussion Memorandum, with handwritten annotations, presumably by Mr. Bivins, throughout, (The final version of the Appeals Discussion Memorandum, which is the document described as Bates No. SUPP01549-01578 and Bates No. SUPP01578-01808, was disclosed to plaintiff.) The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document consisting of the attachment as it is a draft and it contains the preliminary views of the issues by IRS Appeals personnel assigned to plaintiffs case at a time prior to the issuance of the notice of deficiency. |
| 2SUPP00113-00115 | S2-6 | June 10, 2004 | Fax | Kelly Schwartz | David Bivins | With two attached pages. The two pages are labeled as proposed exhibits to the draft Appeals Discussion Memorandum. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document consisting of the two-page attachment as it is part of the draft Appeals Discussion Memorandum, and it contains the preliminary views of the issues by IRS Appeals personnel assigned to plaintiff's case at a time prior to the issuance of the notice of deficiency. |
| SUPP02031 – 02051 | S1-38 | June 10, 2004 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond and Dwight Sumner | A string of two e-mails dated November 1, 2006,- through June 10,2004, among Kelly Schwarz, Tammi Bond and Dwight Sumner with an attached 20 page draft position paper. The attachment is a draft of the Appeals Discussion Memorandum which is not in final form. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, including attachment. |
| SUPP01727 – 01745 | S1-33 | June 18, 2004 – November 1, 2006 | 33 | | Among Kelly Schwarz, Tammi Bond and Lynn Gaston | A string of three e-mails dated from November 1, 2006 to June 18,2004, among Kelly Schwarz, Tammi Bond, and Lynn Gaston with an attached 13 page analysis of certain issues and an attached copy of Private Letter Ruling 200323002 dated January 31, 2003. The e-mail contains a discussion of the issues in the attachment. The Service asserts **EXECUTIVE PRIVILEGE** for the e-mail and the attachment as it contains agency deliberations that |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | are pre-decisional. The Service does not claim a privilege for the private letter ruling. |
| 2SUPP00116-00124 | S2-6 | July 7, 2004 | | | | A nine-page undated document entitled "Deseret Management Settlement Options," which includes two pages of spread sheets, The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the views end analyses of IRS Appeals personnel assigned to plaintiff's case, including litigating hazards assessments, as they prepared for the mediation conference with plaintiff, scheduled for July 7, 2004. |
| SUPP01746 – 01750 | S1-33 | July 27, 2004 – November 1, 2006 | 33 | | Among Kelly Schwarz, Tammi Bond and Cynthia Gdula and Dwight Sumner | A string of two e-mails dated from November 1, 2006, to July 27, 2004, among Kelly Schwarz, Tammi Bond, Cynthia E. Gdula, Appeals employee (Houston), and Dwight Sumner with an attached request for services and schedule of adjustments. The e-mail discusses preparations for the notice of deficiency and refers to the attachments which involve the preparation for the notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |
| SUPP01759 – 01761 | S1-34 | August 20, 2004 – October 1, 2004 | Emails (4) | | Among David Blivins, Kelly Schwarz, and Linda Flemins | A string of four e-mails dated from October 1, 2004, through August 20, 2004, among David Blivins, Kelly Schwarz and Linda Flemins. The e-mails deal with the valuation on the KIRO issue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |
| SUPP01518 – 01539 | S1-23,24 | August 25, 2004 | Email | Kelly Schwarz | Glenn McLoughlin copied to Dwight Sumner | Transmitting as attachments draft language for the statutory notice of deficiency and an Appeals Discussion Memorandum regarding the issues to be addressed in the statutory notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the e-mail and the draft statutory notice language as they contain the authors' analyses, including strengths and weaknesses thereof at a time prior to the issuance of the notice of deficiency. The Service asserts the **ATTORNEY CLIENT PRIVILEGE** for the e-mail and the draft statutory notice language as they contain factual information communicated to counsel by the Appeals officer. The Service asserts no privilege for the Appeals Discussion Memorandum. |
| SUPP0252 – 02206 | S1-38 | September 14, 2004 | Email | Linda Flemins | Kelly Schwarz | An e-mail dated September 14, 2004 from Linda Flemins to Kelly Schwarz, with an attached response from Taxpayer I to a draft Coordinated Issue Paper prepared by the Medial & Entertainment ISP. The Service asserts **EXECUTIVE PRIVILEGE** for the e-mail which contains comments and thoughts of Linda Flemins. The Service asserts the duty pursuant to **I.R.C. § 6103** not to produce the entire document which relates to a third party taxpayer. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01756 | S1-34 | September 14, 2004 | Email | Thomas J. Wells | Kelly R. Schwarz | An e-mail dated September 14, 2004 from Thomas J. Wells, Revenue Agent, Office of Appeals (Omaha) to Kelly R. Schwarz. The email provides corrections to a draft computation for a partial agreement. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency actions that are not final. |
| SUPP01757 – 01758 | S1-34 | September 16, 2004 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, and Thomas Wells | A string of two e-mails dated November 1, 2006 to September 16,2004 among Kelly Schwarz, Tammi L. Bond and Thomas J. Wells with an attached spreadsheet. Both the e-mail and the spreadsheet involve preparations for the notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-.decisional to the notice of deficiency and potential litigation. |
| SUPP00089 | S1-6 | October 1, 2004 | Emails (2) | | Among Charles Burnett, Rick Hosler and Mark H. Howard | Regarding an area weekly report and including information on another taxpayer's case involving the valuation of FCC licenses and the possible application of that information in this taxpayer's case. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document because of its discussion of the valuation of FCC licenses. The Service asserts that the document is not subject to production under **I.R.C. § 6103** because of its discussion of a named unrelated third party taxpayer in another case. |
| SUPP01762 | S1-34 | November 3 – 4, 2004 | Emails (2) | | Among Thomas Wells and Kelly Schwarz | A string of two e-mails dated from November 4, 2004; to November 3,2004,among Thomas Wells and Kelly Schwarz. The e-mail provides information on a meeting on and preparations for the issuance of the notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |
| SUPP01763 | S1-34,35 | November 3 – 4, 2004 | Emails (2) | | Among Thomas Wells and Kelly Schwarz | A string of three e-mails dated from November 4, 2004 through November 3,2004, among Kelly Schwarz and Thomas Wells. The emails provided information on a meeting on and preparations for the issuance of the notice of deficiency with comments on the prior matter. This e-mail includes Bates No. SUPP01762 above. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |
| SUPP01544 – 01545 | S1-24 | November 30, 2004 | Memorandum | Associate Area Counsel (Dallas Group 2) | Atcl, Team 1, Office of Appeals, Kelly Schwarz | The principal drafter is Glenn McLoughlin, and it conveys the author's views on the statutory notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of the valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** as it contains advice from counsel to the Appeals officer. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel for the Service in anticipation of |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | litigation. |
| 0258 | I-19-20 | January 13, 2005 | Emails (2) | | Among Glenn McLoughlin and Linda Flemins | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it reflects the authors' respective analyses and views as to the strategy the Service should employ on valuation issues, in light of the issues framed in the notice of deficiency issued to plaintiff. |
| 0259-0260 | I-20 | January 13-18, 2005 | Emails (4) | | Among Glenn McLoughlin, Linda Flemins, Kelly Schwarz, Katherine Ankeny regarding the significance of issues framed in the notice of deficiency issued to plaintiff | Transmitting the respective authors' views regarding the significance of issues framed in the notice of deficiency issued to plaintiff and how the Service should coordinate the development of the matter in anticipation of possible litigation. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. |
| 0261-0263 | I-20 | January 13-18, 2005 | Emails (6) | | Among Glenn McLoughlin, Linda Flemins and Kelly Schwarz, regarding the significance of issues framed in the notice of deficiency. | Transmitting the respective authors' views regarding the significance of issues framed in the notice of deficiency issued to plaintiff and how the Service should coordinate the development of the matter in anticipation of possible litigation. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. |
| 0267-0270 | I-20 | January 13-18, 2005 | Emails (9) | | Among Glenn McLoughlin, Linda Flemins, Kelly Schwarz, Katherine Ankeny regarding the significance of issues framed in the notice of deficiency issued to plaintiff. | Transmitting the respective authors' views regarding the significance of issues framed in the notice of deficiency issued to plaintiff and how the Service should coordinate the development of the matter in anticipation of possible litigation. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. |
| 0271-0273 | I-21 | January 13-18, 2005 | Emails (8) | | Among Glenn McLoughlin, Linda Flemins, Kelly Schwarz, Katherine Ankeny regarding the significance of issues framed in the notice of deficiency issued to plaintiff. | Transmitting the respective authors' views regarding the significance of issues framed in the notice of deficiency issued to plaintiff and how the Service should coordinate the development of the matter in anticipation of possible litigation. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. |
| 0264-0266 | I-20 | January 13-18, 2005 | Emails (7) | | Among Glenn McLoughlin, Linda | Transmitting the respective authors' views regarding the significance of issues framed in the notice of deficiency issued to |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Flemins, Kelly Schwarz, Katherine Ankeny regarding the significance of issues framed in the notice of deficiency issued to plaintiff. | plaintiff and how the Service should coordinate the development of the matter in anticipation of possible litigation. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. |
| 0274-0277 | I-21 | January 13-19, 2005 | Emails (8) | | Among Glenn McLoughlin, Linda Flemins, Kelly Schwarz, Katherine Ankeny regarding the significance of issues framed in the notice of deficiency issued to plaintiff. | Transmitting the respective authors' views regarding the significance of issues framed in the notice of deficiency issued to plaintiff and how the Service should coordinate the development of the matter in anticipation of possible litigation. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views as to the strategy the Service should employ in developing (and potentially defending) the valuation issues in this matter. |
| 0278-0279 | I-21 | January 25-27, 2005 | Emails (4) | | Among Kelly Schwarz, Thomas Wells, Glenn McLoughlin, and Katherine Ankeny regarding draft notice of deficiency issues to plaintiff | Transmitting the respective authors' views regarding the draft notice of deficiency that was undergoing review before its issuance to plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the January 27 e-mail as it contains the author's explanation of his strategy regarding the treatment of valuation issues, in anticipation of possible litigation. |
| SUPP01764-01765 | S1-35 | January 25, 2005 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, Terri Shelley-Kirkum and a copy to Dwight Sumner | A string of two e-mails dated from November 1, 2006 through January 25,2005, among Kelly Schwarz, Tammi Bond, Terri L. Shelley-Kirkum, Supervisor Tax Examining Technician, Appeals (Phoenix) with a copy to Dwight M. Sumner with an attached case assignment request. The email and attachment deal with the preparations for the issuance of the notice of deficiency and subsequent assessment. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |
| SUPP01766-01767 | S1-35 | January 25, 2005 – November 1, 2006 | Emails (3) | | Among Kelly Schwarz, Tammi Bond, Terri Shelley-Kirkum, Patricia Dittman and a copy to Dwight Sumner | A string of three e-mails dated from November 1, 2006 to January 25, 2005, among Kelly Schwartz, Tammi Bond, Terri L. Shelly-Kirkurn Patricia G. Dittman, Tax Examining Technician, Appeals (St. Louis) with a copy to Dwight M. Sumner with an attached case assignment request. This e-mail is related to Bates No. SUPP#26 above, containing that email content and the attachment. The e-mail assigns the case and provides instructions. This information is part of the case development process. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0285-0286 | I-21 | January 25-February 1, 2005 | Emails (5) | | Among Kelly Schwarz, Thomas Wells, Glenn McLoughlin, and Katherine Ankeny. | Transmitting the respective authors' views regarding the draft notice of deficiency that was undergoing review before its issuance to plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** for the portions of the document that contain the January 27 and 28 e-mails as they contain the authors' discussion of strategy regarding the treatment of valuation issues, in anticipation of possible litigation. |
| 0287-0289 | I-21-22 | January 25-February 2, 2005 | Emails (7) | | Among Kelly Schwarz, Thomas Wells, Glen McLoughlin, and Katherine Ankeny regarding the draft notice of deficiency that was undergoing review before its issuance to plaintiff. | Transmitting the respective authors' views regarding the draft notice of deficiency that was undergoing review before its issuance to plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** for the portions of the document that contain the January 27 through February 2 e-mails as they contain the authors' discussion of strategy regarding the treatment of valuation issues, in anticipation of possible litigation. |
| SUPP01546 – 01547 | S1-24 | January 28, 2005 | Emails (5) | Katherine Ankeny | Glenn McLoughlin | Requests information relating to the valuation issue. The Service responded to the balance of the e-mails on November 15, 2006, Bates Nos. 0278-0279. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the January 27 e-mail as it contains the author's explanation of his strategy regarding the treatment of valuation issues, in anticipation of possible litigation. The Service asserts **WORK PRODUCT PRIVILEGE** for the portion of the document that contains the January 27 e-mail as it consists of the **WORK PRODUCT** of counsel prepared in anticipation of litigation. |
| SUPP01981 – 02006 | S1-37 | February 2, 2005 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, and Glenn McLoughlin | A string of two e-mails dated from November 1, 2006, to February 2,2005, among Kelly Schwarz, Tammi Bond and Glenn McLoughlin with an attached and revised Appeals Case Memorandum. The attachment is a 25 page document containing the personal opinions, analyses, and recommendations of the appeals officer. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, including the attachment. The Service claims **ATTORNEY CLIENT PRIVILEGE** for these documents as they deal with the communications from an Appeals Officer to an assigned attorney as part of the statutory notice review process. |
| SUPP01768 | S1-35 | February 2, 2005 | Email | Kelly Schwarz | Lynn Gaston and Sharon Johnson | An email dated February 2, 2005 from Kelly R. Schwarz to Lynn E. Gaston and Sharon G. Johnson. The e-mail briefly explains the progress in the case toward assessment of agreed amounts and issuance of the notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains information that is speculative about the progress of the case and does not represent a final decision. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0290 | I-22 | February 11, 2005 | Email | Katherine Ankeny | Linda Flemins | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's comments and suggestions regarding the outside expert's appraisal. The document also includes the author's recommendations as to how the Service might address the issues framed in this examination in training materials and refers to a third party taxpayer, whose examination frames a similar issue. |
| 0291 | I-22 | February 11, 2005 | Emails (2) | Katherine Ankeny | Linda Flemins | The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that is a duplicate of the document described as Bates No. 0290 for the same reasons as set forth for that duplicate document. |
| 0292 | I-22 | February 11, 2005 | Emails (3) | Katherine Ankeny | Linda Flemins | The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that is a duplicate of the document described as Bates No. 0290 for the same reasons as set forth for that duplicate document. |
| 0293 | I-22 | February 16, 2005 | Email | Katherine Ankeny | Glenn McLoughlin, Linda Flemins, Alan Jacobson, Deborah Delgado, and Scott Cline. | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's views and concerns regarding the appraisal of the outside expert and her recommendations as to how the Service should proceed once plaintiff responds to the notice of deficiency, which had not yet been issued. |
| 0294-0295 | I-22-23 | February 16, 2005 | Emails (2) | Katherine Ankeny | Glenn McLoughlin and Craig Wojay, Barbara Leonard and Peter Baumgarten | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective views and concerns regarding the appraisal of the outside expert and their recommendations and strategies as to how the Service should proceed once plaintiff responds to the notice of deficiency, which had not yet been issued. |
| 0296-0297 | I-23 | February 16, 2005 | Emails (3) | Katherine Ankeny | Two of the three e-mails are duplicates of the documents described as Bates Nos. 0294-0295; the third merely transmits the other two to Linda Flemins. | Two of the three e-mails are duplicates of the documents described as Bates Nos. 0294-0295; the third merely transmits the other two to Linda Flemins. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document for the same reasons as set forth for that duplicate document. |
| SUPP01769 – 01791 | S1-35 | February 16, 2005 – November 1, 2006 | Emails (2) | | Kelly Schwarz, Tammi Bond and Sharon Johnson | A string of two e-mails dated from November 1, 2006 to February 16,2005, among Kelly Schwarz, Tammi Bond and Sharon G. Johnson with an attached 22 page analysis. The attachment involves issues which almost entirely issues not pending before the court and contains the thoughts and analysis of the Ms. Johnson on the various issues. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01792 – 01829 | S1-35,36 | February 16, 2005 – November 1, 2006 | Emails (2) | | Kelly Schwarz, Tammi Bond and Richard Druk | A string of two e-mails dated from November 1, 2006 to February 16,2005, among Kelly Schwarz, Tammi Bond and Richard Druk with a 34-page analysis by the Appeals officers of various issues in the case and an attached three-page work plan. The e-mail and 34-page deal with the analysis and deliberations of the appeals officers on the various issues and deals almost entirely with resolved issues. The Service asserts **EXECUTIVE PRIVILEGE** for the e-mail and the 34-page analysis but asserts no privilege for the work plan. |
| SUPP01830 – 01852 | S1-36 | February 16, 2005 – November 1, 2006 | Emails (2) | | Kelly Schwarz, Tammi Bond and Richard Druk | A string of two e-mails dated from November 1, 2006 through February 16,2005, among Kelly Schwarz, Tammi Bond and Richard Druk with an attached 22-page analysis on legal fee issues. The e-mail and attachment deal with the analysis and deliberations of the Appeals officer. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document. |
| 0298 | I-23 | February 17, 2005 | Email | Katherine Ankeny | Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, with copy to Monty Careswell. | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's analysis of the appraisal of the outside expert, reflects Mr. Careswell's views of the methodology employed by, and results of, that expert, and her suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff. |
| 0299-0300 | I-23 | February 17, 2005 | Emails (2) | | Among Katherine Ankeny, Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins with copies to Monty Careswell, Alan Jacobson, and Deborah Delgado | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, reflects Mr. Careswell's and Kelly Schwarz's views of the methodology employed by, and results of, that expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff. |
| 0301-0302 | I-23 | February 17, 2005 | Emails (3) | | Among Katherine Ankeny, Glenn McLoughlin, Craig Wojay, Peter Baumgarten, Scott Cline, Linda Flemins, Monty Careswell, Alan Jacobson, Barbara Leonard, Deborah Delgado | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, reflects Mr. Careswell's and Kelly Schwarz's views of the methodology employed by, and results of, that expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, in anticipation of expected litigation by plaintiff. |
| 0304-0305 | I-24 | February 16 & 17, 2005 | Emails | | Among Marion Friedman, Associate | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses of the |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Area Counsel, LMSB (Houston), Stephen Toomey, Senior Counsel, Office of the Associate Chief Counsel (ITA), and Barbara Leonard. | appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0306-0307 | I-24 | February 16 & 17, 2005 | Email | | Marion Friedman, Stephen Toomey, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. |
| 0308-0309 | I-24-25 | February 18, 2005 | Email | Scott Cline | Katherine Ankeny and Linda Flemins. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of, and views regarding, valuation issues involving FCC licenses, as it would inform the development of the Coordinated Issue Paper and the Service's treatment of these issues in examinations of taxpayers generally and this taxpayer specifically. The document also references his recommendations on how to proceed in plaintiffs examination, given his view of litigating hazards. |
| 0310 | I-25 | February 18, 2005 | Email | Katherine Ankeny | Barbara Leonard | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis regarding the outside expert's appraisal and her recommendations as to the strategy the Service should employ going forward. |
| 0311-0313 | I-25 | February 16-18, 2005 | Emails (4) | | Among Katherine Ankeny, Glenn McLoughlin, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0314-0316 | I-25-26 | February 16-18, 2005 | Emails (5) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0317-0319 | I-26 | February 16-18, 2005 | Emails (7) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Barbara Leonard, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0320-0322 | I-26-27 | February 16-18, 2005 | Emails (5) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0323-0326 | I-27 | February 16-18, 2005 | Emails (7) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in Issue Paper that was then in development. The document also includes references to valuation |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Schmidt, and Stephen Toomey. | issues presented in cases involving unrelated third party taxpayers. |
| 0327-0330 | I-27-28 | February 16-18, 2005 | Emails (8) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0331-0333 | I-28 | February 16-18, 2005 | Emails (3) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Barbara Leonard and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0335 | I-28 | February 22, 2005 | Emails (3) | | Between Katherine Ankeny and Scott Cline. | The Service asserts **EXECUTIVE PRIVILEGE** for the portions of the document that contain the 7:35 AM and 10:18 AM e-mails as they reflect the authors' respective views on the outside expert's appraisal and the strategy the Service should employ before finalizing and issuing the notice of deficiency to plaintiff. |
| SUPP01548 | S1-24, 25 | February 22, 2005 | Email | Katherine Ankeny | Ronald M. Rosen | This document reports the status of the case to an attorney manager. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's views of the valuation issues. |
| 0336-0338 | I-29 | February 22, 2005 | Email | Katherine Ankeny | Barbara Leonard and Ronald Rosen | The document outlines an inventory review and tasks that are to be completed in the upcoming weeks. Only a portion of Bates No. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | 0337 pertains to this plaintiff; the other portions pertain to other matters assigned to Ms. Ankeny, including third party taxpayers. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's recommendations as to the strategies to follow on each of these matters, which were submitted to her reviewers. Strategies including a discussion of the issues being considered before the notice of deficiency in plaintiffs case was finalized and issued. |
| 0339-0343 | I-29 | February 16-22, 2005 | Emails (8) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwanz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0344-0348 | I-30 | February 16-22, 2005 | Emails (9) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers |
| 0351.0356 | I-30-31 | February 16-22, 2005 | Emails (10) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0360-0365 | I-31, 32 | February 16-22, 2005 | Emails (11) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scott Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, and Stephen Toomey. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. The document also includes references to valuation issues presented in cases involving unrelated third party taxpayers. |
| 0349-0350 | I-30 | February 22, 2005 | Emails (3) | | Among Katherine Ankeny, Glenn McLaughlin, Linda Flemins, Scott Cline, Craig Wojay, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. |
| 0358-0359 | I-31 | February 22, 2005 | Emails (4) | | Among Katherine Ankeny, Glenn McLoughlin, Barbara Leonard, Linda Flemins, Craig Wojay, and Scott Cline. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. |
| 0367-0371 | I-32 | February 16-23, 2005 | Emails (9) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Alan Jacobson, Deborah Delgado, Scoff Cline, Craig Wojay, Peter Baumgarten, Marion Friedman, Robert Schmidt, Barbara Leonard, Stephen Toomey, and Ronald Rosen. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors', as well as Kelly Schwarz's, respective analyses of the appraisal of the outside expert, and their suggestions as to the strategy that should be followed before the notice of deficiency is finalized and issued to plaintiff, including a litigating hazards assessment, in anticipation of expected litigation by plaintiff. The document also addresses the manner in which the Service should address the issues framed in this examination across the industry, including the issuance of a Coordinated Issue Paper that was then in development. |
| SUPP01549 – 01576 | S1-25 | February 23, 2005 | Email | Glenn McLoughl in | Mark O'Leary | Transmitting three attachments. The Service asserts no privilege for the e-mail and will produce it. Attachment 1 is the memorandum described .in Bates No. SUPP01544-01545. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. Attachment 2 is the |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | Appeals Discussion Memorandum described in Bates No. SUPP01518-01539. The Service asserts no privilege on attachment 2 Attachment 3 is an internal report of LMSB significant cases with an executive summary. The Service asserts **EXECUTIVE PRIVILEGE** for attachments 1 and 3, as they contain the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over Attachment 3 as it consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| 0372 | I-32 | February 23, 2005 | Emails (2) | | Among Katherine Ankeny, Glenn McLoughlin, Ronald Rosen, Barbara Leonard, and Craig Wojay. | The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analyses of the outside expert's report and how it may affect the Service's strategy in the event of litigation. |
| 0375-0376 | I-32, 33 | February 23, 2005 | Emails (4) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Craig Wojay, Scott Cline, Barbara Leonard, and Ronald Rosen. | The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the 11:11 AM e-mail as it reflects the author's analysis of the methodology used by, and the results reached in, the expert's appraisal. |
| 0377-0378 | I-33 | February 23, 2005 | Emails (5) | | Among Katherine Ankeny, Glenn McLoughlin, Monty Careswell, Linda Flemins, Craig Wojay, Scott Cline, Barbara Leonard, and Ronald Rosen. | The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the 11:11 AM e-mail as it reflects the author's analysis of the methodology used by, and the results reached in, the expert report. |
| 0379 | I-33 | February 23, 2005 | Emails (2) | | Between Katherine Ankeny and Monty Careswell, and which was copied to Scott Cline. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the methodology used by, and the results reached in, the expert report. |
| 0380 | I-33 | February 22 & 23, 2005 | Emails (4) | | Among Katherine Ankeny, Glenn McLoughlin, Ronald Rosen, and Craig Wojay. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' views regarding the methodology used by, and the results reached in, the expert report. |
| 0381 | I-33 | February 23, 2005 | Emails (2) | | Between Katherine Ankeny and Glenn McLoughlin. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective views as to the strategy that may be employed before issuance of the notice of |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | deficiency. |
| 0382-0383 | I-33 | February 22 & 23, 2005 | Emails (5) | | Among Katherine Ankeny, Glenn McLoughlin, Craig Wojay, and Ronald Rosen. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses of the methodology used by, and the results reached in, the expert report. |
| 0384 | I-33 | February 22 & 23, 2005 | Emails (3) | | Between Katherine Ankeny and Glenn McLoughlin. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective views, as well as Monty Careswell's, as to the strategy that may be employed before issuance of the notice of deficiency. |
| 0385 | I-34 | February 23, 2005 | | Ronald Rosen | Katherine Ankeny | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains Mr. Rosen's suggested editorial changes to a summary of the issues raised in the examination of plaintiff prepared by Ms. Ankeny, which includes a discussion of the outside expert's report and the possible options that may be pursued before the Service finalizes and issues the notice of deficiency to plaintiff. |
| 0388-0389 | I-34 | February 23 & 24, 2005 | Emails (3) | | Among Katherine Ankeny, Scott Cline, Monty Careswell, and Linda Flemins. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and views regarding the methodology employed by, and the results reached in, the outside expert's report, including a discussion of possible options that may be pursued before the Service finalizes and issues the notice of deficiency to plaintiff. |
| SUPP01853 | S1-36 | February 23 & 24, 2005 | Emails (2) | | Among Glenn McLoughlin, Kelly Schwarz, Tammi Bond, and Richard Druk | A string of two e-mails dated from February 24, 2005, to February 23, 2005, among, Glenn McLoughlin, Kelly Schwarz, Katherine Ankeny, Linda Flemins and Paul Kelly regarding ideas on how the Service should approach the valuation adjustment in the notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it deals with analysis and deliberations pre-decisional to the statutory notice. The Service asserts attorney-client privilege for the document as it communicates information to the attorney assigned to provide legal review of the notice of deficiency. |
| SUPP01577 | S1-25 | February 23 -25, 2005 | Emails (3) | | Among Kelly Schwarz, Glenn McLoughlin, Katherine Ankeny, Linda Flemins and Paul Kelly | Transmitting the respective authors' views regarding the valuation issue. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document, including attachments, as it contains the authors' analyses, including strengths and weaknesses thereof. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains communications between and among counsel and appeals personnel. |
| 0390 | I-34 | February 24, 2005 | Email | Katherine Ankeny | Glenn McLoughlin, Monty Careswell, Craig | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis and opinions |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Wojay, Linda Flemins, Barbara Leonard, and Ronald Rosen | regarding an upcoming conference call during which time the participants would be discussing the methodology used by, and the results reached in, the outside expert's report and what options may be pursued before the Service finalizes and issues the notice of deficiency to plaintiff. |
| SUPP02472 – 02525 | S1-38,39 | February 24, 2005 – November 1, 2006 | Emails (3) | | Among Kelly Schwarz, Tammi Bond, Glenn McLoughlin, Monty Careswell, Craig Wojay, Barbaea Leonard, Ronald Rosen, and Scott Cline. | A string of three e-mails dated from November 1, 2006, through February 24, 2005, among Kelly Schwarz, Tammi Bond, Glenn McLoughlin, Monty Caresweil, Craig R. Wojay, attorney, Income Tax & Accounting (IT&A) (Washington, DC), Barbara M. Leonard, Ronald M. Rosen, and Scott Cline, General Engineer, LMSB (Rochester), with an attached copy of the BIA appraisal of tangible and intangible assets for KIRO-N as of January 31, 1995. The e-mail contains a discussion of the KIRO issue for the parties to consider in preparation for a conference call. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document including the attachment as the copy of the appraisal has comments which appear to be those of the revenue agent in the margin and would disclose his pre-decisional thinking. The plaintiff already has copies of the report without the comments. |
| SUPP01578 – 01606 | S1-25 | February 25, 2005 | Email | Glenn McLoughl in | Mark O'Leary | Transmitting three attachments. The Service asserts no privilege for the e-mail and will produce it. Attachment 1 is an internal report of significant cases approaching litigation with an executive summary. Attachment 2 is a copy of the Appeals Discussion Memorandum described in Bastes No. SUPP 01518-01539. The Service asserts no privilege for this memorandum and will produce it. Attachment 3 is the memorandum described in Bates No. SUPP01544-01545. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. The Service asserts **EXECUTIVE PRIVILEGE** to Attachments 1 and 3, as they contain the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over Attachments 1 and 3 as they consist of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| SUPP01607 – 01635 | S1-26 | February 25, 2005 | Email | Mark O'Leary | Bernard Nelson and Dennis Kelly, copied to Glenn McLoughlin | With three attachments. Attachment 1 is an internal memorandum and executive summary described in Bates No. SUPP01578-01606. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. Attachment 2 is the memorandum described in Bates No. SUPP01544-01545. The Service response with respect to this memorandum is set forth above and incorporated herein by reference. Attachment 3 is a copy of an Appeals Discussion Memorandum described in Bates No. SUPP01518-01539. The Service asserts no privilege for this memorandum and will produce it. The Service asserts **EXECUTIVE PRIVILEGE** to the e-mail and Attachments 1 and 2, |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | as they contain the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for Attachment 2 because it contains advice from counsel to the appeals officer. The Service asserts **WORK PRODUCT PRIVILEGE** over the original e-mail and Attachment 1 as it consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| 0393 | I-34 | February 25, 2005 | Email (3) | | Among Katherine Ankeny, Kendall Williams, Mark O'Leary, Associate Area Counsel, LMSB (Dallas), Bernard Nelson, Area Counsel, LMSB (Houston), Dennis Kelly, Special Trial Attorney, LMSB (Dallas), William Merkle, Deputy Area Counsel, LMSB (Chicago). | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding the valuation issues present in the case, which was expected to be litigated by plaintiff. |
| SUPP01636 – 01637 | S1-26 | February 25 – 28, 2005 | Emails (5) | | Among Dennis Kelly, Mark O'Leary, Glenn McLoughlin, William Merkle, Kendall Williams, Alan Jacobson, and Bernard Nelson | The e-mails discuss the valuation issue in the statutory notice of deficiency and its relationship to other cases pending in the office. The Service asserts **EXECUTIVE PRIVILEGE** over the entire document as it contains the authors' analysis of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel prepared in anticipation of litigation. The Service asserts that the document is not subject to production under IRC § 6103 because of its discussion of named unrelated third party taxpayers in other cases. |
| SUPP01638 – 01666 | S1-26,27 | February 25-March 1, 2005, | Emails (2) | | Among Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, James Lanning, Mark O'Leary, Kendal Williams and Allan Lang | With three attachments, concerning the valuation issue in the statutory notice of deficiency. The three attachments are the same three attachments to Bates. No. SUPP01578-01606. The Service response with respect to these three attachments is set forth above and incorporated herein by reference. The Service asserts **EXECUTIVE PRIVILEGE** over the entire document as it contains the authors' analysis of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel prepared in anticipation of litigation. The Service asserts that the document is not subject to production under IRC § 6103 because of its discussion of named unrelated third party taxpayers in other cases. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01667 | S1-27 | February 25-March 1, 2005, | Emails (3) | | Among William Merkle, Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark and James Lanning | The e-mail dated February 25 is the e-mail covered in Bates No. SUPP01607-01635 without attachments, and the Service response above is incorporated herein by reference with respect to that e-mail. The second e-mail in the string, dated March 1, 2005 is the same as described in Bates No. SUPP1673. The top e-mail is from William Merkle to Dennis Kelly, Bettie Ricca, now Deputy Associate Chief Counsel, International (Washington, D.C.), Bernard Nelson, James Clark, and James Lanning and which is copied to the same group in the second e-mail (with the exception of William Merkle). These e-mails are in response to the Bates No. SUPP01607-01635 discussed above and contain the authors' views on the case. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| SUPP01668 | S1-27 | February 25-March 1, 2005, | Emails (4) | | Among William Merkle, Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark and James Lanning and copies to Mark O'Leary, Kendall Williams, Allan Lang and Glenn McLoughlin. | The top e-mail in this string, dated March 1, 2005, is from Bernard Nelson to William Merkle, Dennis Kelly, Bettie Ricca, James Clark, and James Lanning, and which is copied to Mark O'Leary, Kendall Williams, Allan Lang and Glenn McLoughlin. The balance of the string is identical to the three emails discussed in Bates No. SUPP01667. These e-mails are in response to the Bates No. SUPP01607-01635 discussed above and contain the authors' views on the case. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| SUPP01669 | S1-27,28 | February 25-March 1, 2005, | Emails (3) | | Among Kendall Williams, Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark and James Lanning | The e-mail dated February 25 is the e-mail covered in Bates No. SUPP01607-01635 without attachments, and the Service response above is incorporated herein by reference with respect to that e-mail. The second e-mail in the string, dated March 1, 2005 is the same as described in Bates No. SUPP01673. The top e-mail is from Kendall Williams to Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, and James Lanning and which is copied to the same group in the second e-mail. These e-mails are in response to Bates No. SUPP01607-01635 discussed above and they contain the authors' views on the case. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| 0394 | I-35 | February 25-March 1, 2005, | Emails (4) | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |
| 0395-0396 | I-35 | February 25-March 1, 2005 | Emails (6) | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by the plaintiff. |
| 0397-0398 | I-35-36 | February 25-March 1, 2005 | Emails (6) | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |
| 0399-0400 | I-36 | February 25-March 1, 2005 | | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0401-0402 | I-36 | February 25- March 1, 2005 | Emails (9) | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |
| 0403-0405 | I-36-37 | February 25- March 1, 2005 | Emails (11) | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |
| 0406-0408 | I-37 | February 25- March 1, 2005 | Emails (11) | | Among Katherine Ankeny, Kendall Williams, William Merkle, Mark O'Leary, Bernard Nelson, Dennis Kelly, Glenn McLoughlin, Ronald Rosen, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |
| SUPP01673 | S1-28,29 | February 25 – March 3, 2005 | Emails(3) | | Among Dennis Kelly, Bettie Ricca, Bernard Nelson, James Clark, James Lanning, copied to Mark O'Leary, Kendall Williams, William Merkle, Allan Lang, Glenn McLoughlin. | The e-mail dated February 25 is the e-mail covered in Bates No. SUPP01607-01635 without attachments, and the Service response above is incorporated herein by reference with respect to that e-mail. The second e-mail in the string, dated March 1, 2005, is from Dennis Kelly to Bettie Ricca, Bernard Nelson, James Clark, Area Counsel Communications Technology and Media (LMSB) (Oakland) and James Lanning, Area Counsel Retailers, Food, Pharmaceuticals and Health Care (LMSB) (Chicago), and which is copied to Mark OlLeary, Kendall Williams, William Merkle, Allan Lang Deputy Area Counsel Strategic Litigation (LMSB) (Dallas), and Glenn McLoughlin. The top email is from Bettie Ricca to Dennis Kelly, Bernard Nelson, James Clark, and James Lanning and which is copied to the same group in the second e-mail., with the addition of Joanne Michaels, Program Analyst (LMSB) (Washington, D.C.). These e-mails are in response to Bates No. SUPP01607-01635 discussed above and contain the authors' views on the case. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the authors' respective analysis, including strengths and weaknesses thereof, of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. |
| SUPP00278 – 00281 | S1-19 | March 1, 2005 | Emails (2) | Monty Careswell | Robert Schmidt and Bradley Nance | The 6:03 PM e-mail from Monty Careswell to Robert Schmidt and Bradley Nance, forwards a 2:40 PM e-mail that is described as Bates No. 0409 (the only difference being the time zone in which it was received) and offers her suggested advice that Mr. McLoughlin should provide Appeals regarding the valuation issues as they should be addressed in the notice of deficiency that had yet to be finalized and issued to the plaintiff. It also reflects her assessment of litigating hazards associated with that issue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's summary of the consensus reached during a conference call among the participants as to the recommendations to be made to Examination and Appeals personnel as to the next steps to be taken prior to the Service's issuance of the notice of deficiency as well as comments by the forwarding party. |
| SUPP01670 | S1-28 | March 1, 2005 | Emails(2) | | | A string of two e-mails, both dated March 1, 2005, over a string of two e-mails described in Bates No. SUPP01638-01666, without the attachments. The Service's response with respect to the two e-mails described in Bates No. SUPP01638-01666 to this memorandum is set forth above and incorporated herein by reference. The Service asserts **EXECUTIVE PRIVILEGE** over the entire document as it contains the authors' analysis of the valuation issue. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel prepared in anticipation of litigation. The Service asserts that the document is not subject to production under **I.R.C. § 6103** because of its discussion of other unrelated third party taxpayers in other cases. |
| 0409 | I-37 | March 1, 2005 | Email | Katherine Ankeny | Glenn McLoughlin, Monty Careswell, Linda Flemins, Barbara Leonard, Kendall Williams, Scott Cline, Craig Wojay and Ronald Rosen. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's summary of the consensus reached during a conference call among the participants as to the recommendations to be made to Examination and Appeals personnel as to the next steps to be taken prior to the Service's issuance of the notice of deficiency. |
| 0410 | I-37-38 | March 1, 2005 | Emails (2) | | Between Katherine Ankeny and Ronald Rosen. | In response to the third email, which is the document described as Bates No. 0409. The Service asserts **EXECUTIVE PRIVILEGE** for the 1:40 PM e-mail for the same reasons as set forth for Bates No. 0409; the Service also asserts **EXECUTIVE PRIVILEGE** for the 2:15 and 2:13 PM e-mails as they reflect an additional exchange of ideas with regard to valuation issues raised in the examination. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0411 | I-38 | March 1, 2005 | | Barbara Leonard | Katherine Ankeny | The Service asserts **EXECUTIVE PRIVILEGE** for the 1:40 PM e-mail for the same reasons as set forth for Bates No. 0409; the Service also asserts **EXECUTIVE PRIVILEGE** for the 2:25 PM e-mail as it reflects an additional exchange of ideas with regard to valuation issues raised in the examination. |
| 0412 | I-38 | March 1, 2005 | Emails (4) | | Among Katherine Ankeny, Kendall Williams, Barbara Leonard, Ronald Rosen, William Meade, Mark O'Leary, Bernard Nelson, Dennis Kelly, and Glenn McLoughlin. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and opinions regarding valuation issues present in the case, which was expected to be litigated by plaintiff. |
| 0413-0414 | I-38 | March 1, 2005 | Emails (4) | | Between Katherine Ankeny and Ronald Rosen. | As a result of a fifth e-mail, also dated March 1, 2005, which is described as Bates No. 0409. The Service asserts **EXECUTIVE PRIVILEGE** for the 1:40 PM e-mail for the same reasons as set forth for that duplicate document. The Service also asserts **EXECUTIVE PRIVILEGE** for the other four e-mails, which reflect the authors' respective views as to the methodology used by the outside expert in his report and what strategies may be used by the Service as they consider the valuation issue before the notice of deficiency is finalized and issued. |
| 0415-0416 | I-38-39 | March 1, 2005 | Emails (2) | Katherine Ankeny | Glenn McLoughlin, Scott Cline, Craig Wojay, Ronald Rosen, Monty Careswell, Linda Flemins, Barbara Leonard, and Kendall Williams. | Forwards a 1:40 PM e-mail that is described as Bates No. 0409 and offers her suggested advice that Mr. McLoughlin should provide Appeals regarding the valuation issues as they should be addressed in the notice of deficiency that had yet to be finalized and issued to the plaintiff. It also reflects her assessment of litigating hazards associated with that issue. |
| 0417-0418 | I-39 | March 1, 2005 | Emails (5) | | Between Katherine Ankeny and Ronald Rosen, as a result of a sixth e-mail, also dated March 1, 2005, which is described as Bates No. 0409. | The Service asserts **EXECUTIVE PRIVILEGE** for 1:40 PM e-mail for the same reasons as set forth for that duplicate document. The Service also asserts **EXECUTIVE PRIVILEGE** for the other five e-mails, which reflect the authors' respective views as to the methodology used by the outside expert in his report and what strategies may be used by the Service as they consider the valuation issue before the notice of deficiency is finalized and issued. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01671 – 01672 | S1-28 | March 1-2, 2005 | Emails(3) | Glenn McLoughl in | Katherine Ankeny | A string of three e-mails, dated March 2,2005 through March 1, 2005. The top e-mail is from Glenn McLoughlin to Katherine Ankeny, and discusses strategy concerning the issuance of the statutory notice of deficiency. The Service response with respect to the rest of the document was provided on November 15,2005, Bates Nos. 0415-0416 and 0409, which response is incorporated herein by reference. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it discusses the steps to be taken with respect to issuing the statutory notice of deficiency. |
| 0419-0420 | I-39 | March 2, 2005 | Emails (2) | | Between Katherine Ankeny and Glenn McLoughlin | As a result of two March 1, 2005, e-mails, at 1:40 PM and 2:56 PM, which are the documents described as Bates No. 0409 and Bates No. 0415, respectively. The Service asserts **EXECUTIVE PRIVILEGE** for the 1:40 PM and 2:56 PM e-mails for the same reasons as set forth for those duplicate documents. The Service also asserts **EXECUTIVE PRIVILEGE** for the additional e-mail exchange that addresses the strategy they recommend that Service follow before the notice of deficiency is finalized and issued. |
| 0421-0423 | I-39-40 | February 28 – March 3, 2005 | Emails (6) | | Among Katherine Ankeny, Barbara Leonard, Craig Wojay, Peter Baumgarten, Linda Flemins, Percy Weathington, Revenue Agent, LMSB (Chicago), Scoff Cline, Deborah Delgado, Kathy Follis, Revenue Agent, LMSB (King of Prussia, PA), Fred Petrino, Attorney, Area Counsel, LMSB (Newark), Maria Hwang, Program Manager, LMSB (San Jose), Paul Kelly, Appeals Officer, Technical Services (Chicago), Chris Lappano, Team Manager, LMSB (Syracuse, NY),. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective analyses and recommendations as to the development of the position in the Coordination Issue Paper on the valuation issue, and the strategy that should be employed by the Service in finalizing the notice of deficiency that had not yet been issued to plaintiff in anticipation of expected litigation. |
| 0424 | I-40 | March 3, 2005 | Email | Katherine Ankeny | Glenn McLoughlin, with copy to Barbara Leonard and Linda Flemins. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it memorializes her discussions with Messrs. Careswell, Schmidt, Nance, and Druk as to the strategy that should be employed with the notice of claim disallowance which would have to be drafted once plaintiff filed its refund claim; in |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | particular, the e-mail touches upon the valuation issues raised in the examination. |
| 0425 | I-40 | March 3, 2005 | Email | Linda Flemins | Monty Careswell, with a copy to Katherine Ankeny. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it solicits from Ms. Ankeny her advice and reactions to the author's understanding of, and relates the views of Monty Careswell as they relate to, the issue of valuation of FCC licenses and I.R.C. § 1031, for her use in developing a response to in an unrelated (unnamed) third party taxpayer's inquiry on such matters. The document also reflects alternative methodologies that may be used in these valuation matters. |
| 0426-0427 | I-40-41 | March 3, 2005 | Email | Linda Flemins | Scott Cline, with a copy to Katherine Ankeny | Transmitting the document described as Bates No. 0245, and soliciting from Mr. Cline his advice and reactions to the author's understanding of, and relates the views of Monty Careswell as to, the issue of valuation of FCC licenses and I.R.C. § 1031, for her use in developing a response to in an unrelated (unnamed) third party taxpayer's inquiry on such matters. The document also reflects alternative methodologies that may be used in these valuation matters. |
| SUPP00090-00091 | S1-7 | March 7, 2005 | Emails (4) | | Among Richard Druk to Mark H. Howard and Robert Schmidt to Richard Druk and Monty Careswell to Robert Schmidt and Bradley Nance | The Service asserts **EXECUTIVE PRIVILEGE** for this entire document for the same reasons asserted on that earlier document. |
| SUPP00092-00096 | S1-7 | March 10, 2005 | Emails (4) | Richard Druk | Mark H. Howard | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document for the same reasons asserted for the prior documents in the original Declaration of Margo Stevens. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document which transmits information between various Service personnel and the attorneys working with them. |
| 0428-0429 | I-41 | March 10, 2005 | Email | Monty Careswell | Katherine Ankeny, Glenn McLoughlin, with a copy to Scott Cline, Craig Wojay, Ronald Rosen, Linda Flemins, Barbara Leonard, Kendall Williams, Richard Druk, Bradley Nance, and Robert Schmidt. | As a result of his receipt of the document described as Bates No. 0415, which is reproduced herein. This document is included within the document described as Bates No. 0174. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document for the same reasons as those duplicate documents. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0430-0431 | I-41 | March 10, 2005 | Email | Katherine Ankeny | Monty Careswell, with a copy to Glenn McLoughlin, Scott Cline, Craig Wojay, Ronald Rosen, Linda Flemins, Barbara Leonard, Kendall Williams, Richard Druk, Bradley Nance, and Robert Schmidt. | As a result of her receipt of the document described as Bates Nos. 0428-0429, which is reproduced herein. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of this document that reproduces the e-mails that are described as Bates Nos. 0428-0429 (which are, in turn, described as Bates No. 0415) for the same reasons as that duplicate document. |
| SUPP00097-00101 | S1-7 | March 14, 2005 | Emails (5) | Mark H. Howard | Richard Hosler | The Service asserts the **EXECUTIVE PRIVILEGE** and **ATTORNEY CLIENT PRIVILEGE** for the entire document for the reasons stated for that prior document. |
| SUPP01674 – 01676 | S1-29 | March 28, 2005 | Email | Glenn McLoughl in | Mark O'Leary | Discussing the statutory notice of deficiency and transmitting a second draft memorandum analyzing the statutory notice of deficiency for review. The attachment is dated March 28,2005, and was prepared by Glenn McLoughlin for Kelly Schwarz. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document, including the attachment, as it contains the author's analysis of the valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** over the attachment as it consists of draft advice from counsel to the appeals officer. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document, including the attachment, as it consists of the **WORK PRODUCT** of counsel for the Service in anticipation of litigation. |
| SUPP01677 – 01678 | S1-29 | March 29, 2005 | Memorandum | Glenn McLoughl in | Kelly Schwarz | A memorandum dated March 29,2006, from Associate Area Counsel (Dallas, Group 2) (LMSB) to Atcl, Team 1, Office of Appeals, Attn: Kelly Schwarz. The principal drafter is Glenn McLoughlin, and it conveys the author's views on the statutory notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's analysis of the valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** as it contains advice from counsel to the appeals officer. The Service asserts **WORK PRODUCT PRIVILEGE** over the entire document as it consists of the **WORK PRODUCT** of counsel for the Service in anticipation of litigation. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01679 | S1-29 | March 29, 2005 | Email | Kelly Schwarz | Glenn McLoughlin and Dwight Sumner | Concerning the issuance of the statutory notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document, including attachments, as it contains the authors' analyses, including strengths and weaknesses thereof. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains factual information communicated to counsel by the appeals officer and requests assistance. |
| SUPP02526 – 02640 | S1-39 | March 30, 2005 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, Dwight Sumner and Joyce Phillips | A string of two e-mails dated from November 1, 2006, to March 30, 2005, among Kelly Schwarz, Tammi Bond, Dwight Sumner and Joyce L. Phillips, employee, Office of Appeals (Houston). The e-mail attachments are as follows: Appeals Transmittal and Case Memo, Form 5402 dated June 30, 2005, sending the case for closing and including comments from Kelly Schwarz on the status of the case; Schedule of Adjustments for Deseret Management Corporation for 1994 through 1998; Closing Agreement on Financial Determination Covering Specific Matters (Deseret Management Corporation and Subs); Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment; Appeals case memoranda for various issues providing the analysis, summaries and recommendations of the Appeals officers on the various issues. The Service does not assert any privilege for the closing agreement or the Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. The Service asserts the **EXECUTIVE PRIVILEGE** for the e-mail and all the remaining documents as they document the deliberative process of the Appeals Office on the issues in this case. |
| SUPP01680 | S1-29,30 | March 30, 2005 | Email | Kelly Schwarz | Glenn McLoughlin and Dwight Sumner | Regarding the issuance of the statutory notice of deficiency and the valuation issue therein. The Service asserts **EXECUTIVE PRIVILEGE** to the entire document, as it contains the author's analyses, including strengths and weaknesses thereof. The Service asserts the **ATTORNEY CLIENT PRIVILEGE** for the entire document as it contains factual information communicated to counsel by the appeals officer and discusses advice received from counsel. |
| SUPP01681 – 01682 | S1-30 | March 30, 2005 | Emails(2) | Kelly Schwarz | Dwight M. Sumner and copied to Glenn McLoughlin | The e-mails discuss the authors' views regarding the issues in the proposed statutory notice of deficiency and counsel's review of the notice. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document because it contains the authors' views as to the strategy the .Service should employ in developing and potentially defending the valuation issues in this matter. The Service asserts **ATTORNEY CLIENT PRIVILEGE** because it contains factual information communicated to counsel by the Appeals officer. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| **JULY 3, 2005 – INTERNAL REVENUE SERVICE ISSUED NOTICE OF DEFICIENCY TO DMC** | | | | | | |
| SUPP00102 | S1-7 | April 13, 2005 | Email | Richard Druk | Linda Flemins | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's questions about the statutory notice and claim disallowance. The Service claims **ATTORNEY CLIENT PRIVILEGE** for the entire document as it communicates information to attorneys for the Service in anticipation of or preparation for litigation. |
| 0437 | I-41 | April 13-14, 2005 | Email (2) | | Between Richard Druk and Linda Flemins, which was copied to Katherine Ankeny, Mark Howard, and Glenn McLoughlin. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' discussion of issues that may be framed in the plaintiffs refund claim, and what options the Service will have at that point. |
| SUPP01683 – 01684 | S1-30 | April 20, 2005 | Emails (5) | | Among Linda Flemins, Glenn McLoughlin and copied to Katherine Ankeny | The Service provided a response to the first three e-mails in the string in the Declaration of Margo L. Stevens for Bates Nos. 0438-0439. Top e-mail is from Linda Flemins to Glenn McLoughlin and acknowledges his ,email. The Service asserts no privilege for this e-mail and will produce it. The second e-mail is from Glenn McLoughlin to Linda Flemins, with copy to Katherine Ankeny concerning the valuation issue in the statutory notice of deficiency as it was issued. The Service asserts **EXECUTIVE PRIVILEGE** over the second e-mail as it contains the authors' analysis of the valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** over the second e-mail as it contains advice from counsel to an appeals officer. |
| SUPP00103 | S1-7 | April 20, 2005 | Email | Richard Druk | Robert Schmidt | Transmitting the author's views on the status of the notice of deficiency, the processing of a claims disallowance notice and the preparations of the Service for defending the valuation issue and a charitable deduction issue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains views on the preparation of the Service for litigation. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document as it communicated information to the assisting attorney in anticipation of litigation. |
| SUPP00104 | S1-8 | April 20, 2005 | Emails (2) | Mark Howard | Rick Hosler | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains views on the preparation of the Service for litigation. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document as it communicated information to the assisting attorney in anticipation of litigation. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 0438-0439 | I-41 | April 20, 2005 | Emails (3) | | Among Linda Flemins, Kelly Schwarz, Glenn McLoughlin, and Katherine Ankeny. | The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the 2:15 PM e-mail, which memorializes various case development strategies with respect to the valuation issues that should be employed prior to the Service considering the issuance of a claim disallowance in anticipation of plaintiff filing a claim. |
| 0440-0441 | I-42 | April 20, 2005 | Emails (4) | | Among Linda Flemins, Kelly Schwarz, Glenn McLoughlin, and Katherine Ankeny. | The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the e-mail for which privilege is claimed in the document described as Bates Nos. 0438-0439 for the same reasons as that duplicate document. The Service also asserts **EXECUTIVE PRIVILEGE** for the additional e-mail that Mr. McLoughlin wrote in response, as it reflects Appeals' consideration of various issues, including advice previously rendered by Chief Counsel, before the Service's issuance of the notice of deficiency, and discusses strategies concerning the valuation issues. |
| SUPP00105-00106 | S1-8 | April 21, 2005 | Emails (4) | | Between Richard Druk, Robert Schmidt, Bradley Nance, Mark H. Howard, Edward Johnsen, Linda Flemins, Katherine Ankeny, Glenn McLoughlin | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' discussion of issues that may be framed in the plaintiff's refund claim, and what options the Service will have at that point as well as preparation for expected litigation. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document as it communicated information to the assisting attorneys in anticipation of litigation. |
| SUPP00107-00108 | S1-8 | April 21, 2005 | Emails (5) | Mark H. Howard | Rick Hosler | The Service asserts the same privileges for this email as the prior one. |
| 0442 | I-42 | April 22, 2005 | Email | Katherine Ankeny | Peter Baumgarten, with a copy to Glenn McLoughlin, Barbara Leonard, and Craig Wojay. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors views on the draft notice of deficiency Appeals had not yet finalized and issued to plaintiff, including an assessment of litigating hazards associated with the positions taken in the draft notice of deficiency. |
| 0443 | I-42 | April 22, 2005 | | Katherine Ankeny | Linda Flemins | In response to the document described as Bates No. 0442, which is reproduced herein. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that reproduces Bates No. 0442 for the same reasons as that duplicate document. |
| 0444 | I-42 | April 22, 2005 | | Glenn McLoughlin | Katherine Ankeny | in response to the document described as Bates No. 0442, which is reproduced herein. The Service asserts **EXECUTIVE PRIVILEGE** for the same reasons as that duplicate document; in addition, the Service asserts **EXECUTIVE PRIVILEGE** for Mr. McLoughlin's comments on the draft notice of deficiency. |
| 0445-0446 | I-42 | April 22, 2005 | Emails (5) | | Among Katherine Ankeny, Peter | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective views on the draft |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Baumgarten, Glenn McLoughlin, Linda Flemins, Craig Wojay, and Barbara Leonard. | notice of deficiency Appeals had not yet finalized and issued to plaintiff, including an assessment of litigating hazards associated with the positions taken in the draft notice of deficiency. |
| 0447-0448 | I-43 | April 22, 2005 | Emails (4) | | Among Katherine Ankeny, Peter Baumgarten, Glenn McLoughlin, Linda Flemins, Craig Wojay, and Barbara Leonard. | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the authors' respective views on the draft notice of deficiency Appeals had not yet finalized and issued to plaintiff, including an assessment of litigating hazards associated with the positions taken in the draft notice of deficiency. |
| 0449-0450 | I-43 | April 22, 2005 | Emails (2) | | Among Katherine Ankeny, Charles Burnett, Barbara Leonard, Rick Hosier, and John Duncan. | These e-mails are also contained in the document described as Bates Nos. 0168-0169. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document for the same reasons as that duplicate document. |
| SUPP01685 | S1-30 | April 22, 2005 – July 6, 2005 | Emails (3) | | Among Katherine Ankeny, Glenn McLoughlin, Peter Baumgarten, Barbara Leonard and Craig Wojay. | The Service responded to the first April 22, 2005, e-mail in the first Margo L. Stevens Declaration at Bates No. 0442. The Service continues to assert **EXECUTIVE PRIVILEGE** for that portion of the e-mail string. The Service asserts no privilege for the remaining two portions of the e-mail string dated July 6,2005, and April 22,2005, and will produce them. |
| SUPP01685 (same as above) | S1-30,31 | April 22, 2005 | Emails (2) | Katherine Ankeny | Glenn McLoughlin | A string of two e-mails between Katherine Ankeny and Glenn McLoughlin, over an e-mail dated April 22,2005. The Service responded to the April 22 e-mail on November 15,2006, Bates No. 0442. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the April 22 e-mail for the reasons set forth in the original Declaration of Margo L. Stevens at Bates No. 0442. The Service asserts no privilege for the two portions of the e-mail string dated July 6, 2005, and April 22, 2005, and will produce them. |
| SUPP01687 – 01688 | S1-31 | April 22, 2005 | Emails (5) | Katherine Ankeny | Glenn McLoughlin | A string of five e-mails that include the three e-mails described in Bates No. SUPP01685 between Katherine Ankeny and Glenn McLoughlin, including an e-mail dated April 22, 2005. The Service responded to the April 22 e-mail on November 15, 2006, Bates No. 0442. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that contains the April 22 e-mail for the reasons set forth in the original Declaration of Margo L. Stevens at Bates No. 0442. The Service asserts no privilege for the two other portions of the string e-mail and will produce them. |
| SUPP01854 – 01862 | S1-36 | May 16, 2005 | Emails (3) | | Among Lynette Schofield, Kelly Schwarz, Patricia Dittman, Terri Shelley-Kirkum, and | A string of three e-mails dated from May 16, 2005 through May 16,2005, among Lynette Schofield, Lead Tax Examining Technician, Office of Appeals (Ogden), Kelly Schwarz, Patricia Dittman, Terri L. Shelley-Kirkum and Dwight M. Sumner, and |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | Dwight Sumner | attached request for interest computation. The e-mails deal with the processing of the notice of deficiency and possible need for subsequent assessment and interest computations. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that deal with the notice of deficiency and potential litigation. |
| SUPP01859 – 01862 | S1-36 | May 16, 2005 – November 1, 2006 | Emails (3) | | Among Kelly Schwarz, Tammi Bond, Terri Shelley-Kirkum, Dwight Sumner, Patricia Dittman, and David Hatherley | A string of three e-mails dated from November 1, 2006, to May 16, 2005, among Kelly Schwarz, Tammi Bond, Terri Shelley-Kirkum, Dwight Sumner, Patricia Dittman, David A. Hatherley, Supervisory Appeals Officer (Boston). The e-mail contains the e-mails in Bates No. SUPP01854-01858. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document for the same reasons noted above. |
| 0451-0452 | I-43 | July 6-8, 2005 | Emails (4) | | Between Katherine Ankeny and Glenn McLoughlin. | Reproduces the two e-mails contained in the document described as Bates No. 0444. The Service asserts **EXECUTIVE PRIVILEGE** for the portions of the document that contain the two e-mails contained in Bates No. 0444 for the same reasons as that duplicate document. |
| SUPP01686 | S1-31 | July 7, 2005 | Email | Katherine Ankeny | Donna Crisalli with copies to Barbara Leonard and Glenn McLoughlin | Describing the status of case, post issuance of the statutory notice of deficiency and the potential effect on the industry. the Service asserts **EXECUTIVE PRIVILEGE** to the entire document as it contains the author's analysis of the valuation issues, in anticipation of litigation. The Service asserts attorney **WORK PRODUCT** for the entire document as it consists of the **WORK PRODUCT** of counsel with respect to the communications industry in anticipation of litigation. |
| SUPP01863 – 01975 | S1-36,37 | September 1, 2005 – November 1, 2006 | Emails (2) | | Among Kelly Schwarz, Tammi Bond, and Susan Kahalekulu | A string of two e-mails dated from November 1, 2006 to September 1,2005, among Kelly Schwarz, Tammi Bond and Susan Kahalekulu, Appeals Officer (Denver) with attached copies of: Undated and unexecuted closing agreement on the sewer treatment plant issue; a series of Appeals Case Memorandum which includes the analysis by Appeals of the various issues they had under consideration. While the e-mail references an attached work plan there was not one attached. The e-mail and attached series of Appeals Case Memoranda deal with the analysis and deliberations of the Appeals officers. The Service asserts **EXECUTIVE PRIVILEGE** for those documents. The Service does not assert any privilege for the closing agreement. |
| SUPP00290 – 00291 | S1-19 | October 27, 2005 | Emails (4) | | Among Thomas Collins, John D. Barker and Racheal A. Jaeckel | The e-mail chain documents a discussion about how to process the refund claims and prepare for the anticipated litigation. The Service asserts **ATTORNEY CLIENT PRIVILEGE** for the entire document because it contains analysis of how to prepare the case in anticipation of litigation. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP01541 – 01543 | S1-24 | November 23, 2005 | Email | Glenn McLoughlin | Mark O'Leary | Transmitting a draft memorandum analyzing the statutory notice of deficiency for review. The Service asserts no privilege for the e-mail and will produce it. The attachment is dated November 23,2004, and was prepared by Glenn McLoughlin for Kelly Schwarz. The Service asserts **EXECUTIVE PRIVILEGE** to the attachment as it contains the author's analysis of the valuation issue. The Service asserts **ATTORNEY CLIENT PRIVILEGE** over the attachment as it consists of draft advice from counsel to the appeals officer. The Service asserts **WORK PRODUCT PRIVILEGE** over the attachment as it consists of the **WORK PRODUCT** of counsel for the Service in anticipation of litigation. |
| SUPP01689 | S1-31 | January 23, 2006 | Email | Linda Flemins | Katherine Ankeny | Regarding the valuation issue in the statutory notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** over the entire document as it contains the author's analysis of the valuation issue. The Service asserts the **ATTORNEY CLIENT PRIVILEGE** as it contains factual information communicated to counsel by an appeals officer. |
| SUPP02207 – 02471 | S1-38 | January 25, 2006 – November 1, 2006 | Emails (3) | | | A string of three e-mails dated from November 1, 2006, to January 25, 2006, with attached portions of the draft notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document that deals with draft documents prepared for the issuance of the notice of deficiency. |
| SUPP01751 – 01755 | S1-34 | July 27, 2006 – November 1, 2006 | Emails (3) | | Among Kelly Schwarz, Cynthia Gdula and Todd Ekstrom | A string of three e-mails dated from November 1, 2006 to July 27, 2006, among Kelly Schwarz, Cynthia E. Gdula, Todd A. Ekstrom, Supervisory Appeals Officer (Chicago) with an attached request for services and schedule of adjustments. The e-mail discusses preparations for the notice of deficiency and refers to the attachments which involve the preparation for the notice of deficiency. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains agency deliberations that are pre-decisional to the notice of deficiency and potential litigation. |
| 0001 | I-8 | UNKNOWN | Undated Notes | Neal Nelson | | Regarding the tax issues he identified arising from the KIRO-TV sales transaction. These notes dealt with discussions with his manager, Richard Druk, Group Manager, Examination, LMSB, and Mark H. Howard, LMSB Senior Counsel and formerly Special Litigation Assistant (Salt Lake City), of I.R.C. § 482 and other issues pertaining to the sale of KIRO-TV, which occurred during IRS Examination personnel's consideration of what issues to raise in the revenue agent's report, which had not yet been finalized. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the author's views regarding I.R.C. §§ 1031 and 482, and Treas. Reg. § 1.482-1(j)(2) as they pertain to the issue of allocation of the value between BHC and BIC at a time when the examination of plaintiff had not yet been completed |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | and IRS Examination personnel had not yet made its final determination. |
| SUPP00131 | S1-12 | UNKNOWN | Notes | Neal Nelson | | Appear to deal with possible expert witnesses under consideration and work they had done. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains the preliminary thoughts and deliberations toward the obtaining of an outside expert on the valuation issue for the KIRO sale at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. |
| SUPP00231 – 00244 | S1-16 | UNKNOWN | Business Card & Notes | Janet Wells | Neal Nelson | Attached handwritten note from Janet Wells to Neal Nelson dealing with an appraisal in a case for another unrelated broadcast industry taxpayer and transmitting an attached summary portion of the appraisal from that case. The Service does not assert privilege for the first page. The Service asserts the right not to produce the remainder of the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103. |
| SUPP00262 – 00264 | S1-17 | UNKNOWN | Notes | Neal Nelson | | Three page document including a first page with a handwritten note by Neal Nelson, a second page consisting of a fax cover sheet and a third page which is the document identified as Bates No. SUPP00261 above. The Service asserts the same privileges for the third page as noted above. The Service does not assert a privilege as to the first two pages. |
| SUPP00276 | S1-18 | UNKNOWN | Notes | Neal Nelson | | Dealing with a conversation Arthur A. Lucchese on how to obtain information on work done by the Service employees in the audit of another unrelated third party taxpayer. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it contains thoughts and analysis of the revenue agent and his discussions with another revenue agent at a time when the examination of plaintiff had not yet been completed and Service personnel had not made a final determination. The Service asserts the right of not to produce the document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103** as the document makes reference to another unrelated third party taxpayer. |
| SUPP00293 – 00394 | S1-20 | UNKNOWN | Draft Report | | | Draft report on appraisal of FCC license of an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| SUPP00395 – 00512 | S1-20 | UNKNOWN | Appraisal Report | | | Appraisal report on tangible and intangible assets of broadcast property owned by an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103. |
| SUPP00513 – 00690 | S1-20 | UNKNOWN | Appraisal Report | | | Appraisal report on tangible and intangible assets of a second broadcast property owned by an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103. |
| SUPP00692 – 00721 | S1-20 | UNKNOWN | Appraisal Report | | | Appraisal report on tangible assets of a communications company owned by an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to I.R.C. § 6103. |
| SUPP00722 – 00843 | S1-20 | UNKNOWN | Draft Appraisal Report | | | Draft appraisal report of tangible and intangible assets of another communication company owned by an unrelated third party taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP00844 – 00914 | S1-20 | UNKNOWN | Annual Report | | | Annual report of an unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP00915 – 01101 | S1-20 | UNKNOWN | Prospectus | | | Prospectus of an unrelated third party taxpayer The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP01102 – 01103 | S1-21 | UNKNOWN | Copy of cover to a folder | Art Lucchese | | Copy of the outside and insider cover of a folder containing material provided to the audit team probably by Art Lucchese, the Technical Advisor for Media and Entertainment at that time. The Service asserts no privilege as to these two pages. However the Service asserts the right not to produce the documents contained in the folder that relate to other unrelated third party taxpayers based on the duty not to disclose other unrelated third party taxpayers' return information pursuant to I.R.C. § 6103. The copies related to various other taxpayers include documents identified below as Bates No. 001104-01408. |
| SUPP01193 – 01226 | S1-21 | UNKNOWN | Appraisal | | | Appraisal review prepared for the assets of a communications property owned by another unrelated third party taxpayer. The Service asserts the duty not to produce the entire document |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103** |
| SUPP01241 – 01305 | S1-21 | UNKNOWN | Appraisal | | | Appraisal of tangible and intangible assets of another unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP01306 – 01325 | S1-21 | UNKNOWN | Asset Appraisal | | | Asset appraisal of television station of another unrelated third party taxpayer. The Service asserts the duty not to produce the entire document based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP01326 – 01404 | S1-22 | UNKNOWN | Memorandum | Al Kapp | Art Lucchese | With an attached spread sheet and portions of an appraisal. All of these documents deal with another unrelated third party taxpayer. The appraisal is missing pages 36 through 49 and may be missing other parts of the document. The Service asserts the duty not to produce the entire set of documents based on the duty not to disclose another unrelated third party taxpayer's return information pursuant to **I.R.C. § 6103**. |
| SUPP01409 | S1-22 | UNKNOWN | Report Transmittal | John Barker | | This document provides a brief analysis of each of the issues which the plaintiff did not settle with Appeals and which became the subject of claims for refund after the Service assessed the deficiencies determined in the statutory notice and applied the payments from the plaintiff. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document, as it is the report used to send deliberative comments and analysis between Service employees. Transmitted with this document were a number of other documents identified below as Bates No. SUPP01410-01517. |
| SUPP01447 – 01461 | S1-22,23 | UNKNOWN | Draft | Neal Nelson | | Undated draft of the document described as Bates Nos. 0189-0204. See also Bates Nos. 0240-0254. It contains the handwritten "Draft" on the first page and there are some handwritten*comments that appear to have been made by Neal Nelson. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it would apply to plaintiffs transactions under examination, for the use of IRS Examination personnel before they issued any rebuttal to plaintiff as well as comments of Neal Nelson regarding that analysis. The Service asserts **ATTORNEY CLIENT PRIVILEGE** as Mark Howard provided this memorandum to the Service as its attorney in response to its request and seeking comments before preparing the final product. The Service asserts attorney **WORK PRODUCT PRIVILEGE** for the document |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | as it consists of the **WORK PRODUCT** of counsel for the Service prepared in anticipation of litigation. . |
| SUPP01462 – 01486 | S1-23 | UNKNOWN | Memorandum | Kelly Schwarz | | Appeals case memorandum prepared by Kelly Schwarz summarizing the issues in the case and providing his analysis of the issues. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it contains the author's analysis of the appropriate tax treatment of the transactions that were the subject of the examination and of Appeals consideration and, for some issues, of future litigation. |
| 0018 | I-9 | UNKNOWN | Notes | Neal Nelson | | Reflecting his intention to seek the assistance of Mark H. Howard. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it identifies several issues for which Mr. Nelson planned to seek assistance and advice from Mr. Howard. The notes also contain the author's opinions regarding tax exempt entities and FCC licensing issues which he believed needed to be addressed by IRS Examination personnel in the examination of plaintiff, which was not yet completed. |
| 0021-0077 | I-9 | UNKNOWN | Form 5701 | Monty Careswell | | Form 5701, Notice of Proposed Adjustment, regarding asset valuation, which was attached to the document described as Bates No. 0019. The principal drafter was Monty Careswell. The unsigned draft has handwritten markings throughout, probably by Richard Druk. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft of the final Form 5701, which had not yet been completed. Moreover, the draft reflects Mr. Careswell's recommendations as to the proper tax treatment of transactions under examination, that he recommended be included in the revenue agent's report, which had also not yet been finalized. |
| 0148-0152 | I-15 | UNDATED AND UNSIGNED | Incomplete draft of a memorandum | Mark H. Howard | | Regarding valuation reports. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it sets forth the facts developed in the examination at that time, which the author deemed material to his consideration of the valuation issues raised by IRS Examination personnel. |
| 0180-0184 | I-18 | UNKNOWN | Emails (4) | | with attachment, all of which are included in the document described as Bates Nos. 0174-0178. | Included in the document described as Bates Nos. 0174-0178. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document for the same reasons as set forth for that duplicate document. |
| 0206-0221 | I-18 | UNKNOWN | Draft document | MKH (initials) | | Draft of the document described as Bates Nos. 0189-0204. It is undated, with the handwritten notation "MKH EDIT" on the first page and a few handwritten editorial changes throughout. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| | | | | | | would apply to plaintiffs transactions under examination, for the use of IRS Examination personnel before they issue any rebuttal to plaintiff. |
| 0223-0238 | I-18-19 | UNKNOWN | Draft Document | | | The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it would apply to plaintiffs transactions under examination, for the use of IRS Examination personnel before they issue any rebuttal to plaintiff. |
| 0240-0254 | I-19 | UNKNOWN | | | | Undated draft of the document described as Bates Nos. 0189-0204. It contains the handwritten "Draft" on the first page and there are some handwritten editorial changes throughout the text. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it is a draft and it contains the author's legal analysis regarding allocations under I.R.C. § 338 and Treas. Reg. § 1.338-6T as it would apply to plaintiffs transactions under examination, for the use of IRS Examination personnel before they issue any rebuttal to plaintiff. |
| 2SUPP0012-00033 | S2-1 | UNKNOWN | Draft Document | David Bivins | | Document starts with a Table of Contents and contains an Executive Summary and attachment "a." The Table of Contents addresses Issues 1 through 4 and identifies the KIRO issue as Issue # 1. The Executive Summary and attachment "a" deal with Issue #1, KIRO-TV. Although the document was prepared by plaintiff, Attachment "a" contains handwritten annotations made by Mr. Bivins, which reflect his analysis and deliberations on the KIRO valuation issue. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as the content of the handwritten annotations, as well as their placement on the document, reflects Mr. Bivins' views of, and reactions to aspects of, plaintiff's presentation of the issues, at a time when the Service was formulating its audit position and prior to the issuance of the notice of deficiency. |
| 2SUPP00040 | S2-2 | UNKNOWN | Fax | David Bivins | Neal Nelson | Refers to a one-page attachment (a cost breakdown), which was not included. The document refers to the proposed Statement of Work and contains Mr. Bivins' suggestions as to draft language in the proposed Statement of Work. The document also is a request to discuss certain questions. The Service asserts **EXECUTIVE PRIVILEGE** for the entire document as it reflects draft language for the Statement of Work at a time before it was finalized and raises certain' questions for which Mr. Bivins needed answers in order to perform his valuation, and to produce the expert's report, for use by IRS Examination personnel in the course of the examination of plaintiff, at a time when the Service was formulating its audit position before the issuance of the notice of deficiency. This cover sheet was written prior to the finalization of the contract for his appraisal services. |

| BATES # | PRIVILEGE LOG ORIGINAL PAGE # | DATE | TYPE | AUTHOR | SENT TO | DESCRIPTION |
|---|---|---|---|---|---|---|
| 2SUPP00041-00044 | S2-3 | UNKNOWN | Fax | David Bivins | Monty Careswell | With an attachment, dated November 6, 1998. The attachments are preliminary schedules and suggested calculations by Mr. Bivins that were, part of the valuation services he was under contract to perform. There are some minor handwritten notations on the attached pages, presumably by Mr. Bivins. The Service asserts **EXECUTIVE PRIVILEGE** for the portion of the document that is the attachment as it reflects the expert's work papers and preliminary deliberations on the valuation issue for the use of IRS Examination personnel assigned to the examination of plaintiff, at a time when the Service was formulating its audit position before the issuance of the notice of deficiency. The Service asserts personal privacy privilege for the home telephone number of Monty Careswell listed on Bates No. 2SUPP00041. |
| 2SUPP00600-00601 | S2-8 | UNKNOWN | | | | An undated, two-page document entitled "Overview of Tangible Assets" dealing with the assets of a radio station of a third party taxpayer, The Service asserts **I.R.C. § 6103** to protect the identity, of an unrelated third party taxpayer and certain appraisal-related information concerning that taxpayer's assets, that are referenced in this review report. A taxpayer's identity and the asset valuation related research material, are items of return information under **I.R.C. § 6103**(b)(2)(A). As such, these items constitute return information which is confidential under **I.R.C. § 6103**(a). Plaintiff has not demonstrated a material interest in this third party return information under I.R.C, § 6103(e), secured a consent from the taxpayer under **I.R.C. § 6103**(c), nor otherwise demonstrated its entitlement under the Internal Revenue Code. |