IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION ) | |
| ) | Case No. 06-86 T |
| ) | |
| Plaintiff, ) | Judge Emily C. Hewitt |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO COMPEL SUFFICIENT RESPONSES TO REQUESTS FOR ADMISSIONS AND INTERROGATORIES**

The plaintiff Deseret Management Corporation ("DMC"), through counsel, moves the court pursuant to RCFC 37(a) for an order compelling the defendant United States of America (the "Government") to provide DMC with a non-evasive and complete response, signed under oath by the Government, to certain requests for admissions and interrogatories propounded on November 8, 2006. Copies of the Government's responses are attached as Exhibits A and B hereto. Counsel's certification re: good faith consultation is attached as Exhibit C.

## INTRODUCTION

This Motion first seeks to compel the Government to serve responses to interrogatories signed by the party responding and given under oath. The affirmation of counsel found at page 26 of the Response to Interrogatories does not meet the requirements of RCFC 34(b)(1) and (2).

This Motion also seeks complete, non-evasive substantive responses to the discovery served on the Government. Consistent with the pattern already observed in the extended pleading stage (February 3 through November 8, 2006) and in the initial disclosures (September 15, 2006), the Government has cited the "*de novo*" status of this proceeding and its professed ignorance as principal bases for refusing to provide complete, non-evasive responses to the requests for admissions and interrogatories. The Government has also claimed a privilege as to the identity of the sources consulted to obtain information for responses and has misstated the contents of documents to avoid providing a clear admission. Again, DMC is thwarted by Government recalcitrance from obtaining unambiguous response to facts fundamental to the history and progress of this dispute. The court should order the Government to provide sufficient responses or, in the alternative, find that certain facts are admitted.

**RESPONSES AT ISSUE**

The easiest way to address the several deficiencies in the Government's responses is first to examine briefly the overall form of the interrogatories and then to look at specific categories of interrogatory responses that are deficient.

**Form Deficiency**

The Government's responses to interrogatories are not "signed by the party" "under oath" as required under RCFC 33(b)(1) and (2). Instead, the Government's counsel has provided her certification that, "under penalties of perjury, . . . the foregoing responses to interrogatories are true and correct to the best of my knowledge." Exhibit B at 26.

This does not suffice under RCFC 33. As was the case with the original Answer in this action (which erroneously referenced the knowledge of counsel rather than that of the party), the Rules of this Court do not require disclosure of counsel's knowledge but that of the party.

Counsel is authorized under RCFC 33(b)(2) only to sign for "objections." This court should order the Government to serve responses to the interrogatories that are signed under oath by a person with knowledge of the responses at the Internal Revenue Service ("IRS").

**Substantive Deficiencies**

The interrogatory responses at issue under this heading are those to DMC's Interrogatories Nos. 1, 4, 5, 6, 7, 8, 10, 11, and 12. Each of these is a follow-up to a denial, a profession of lack of knowledge/information, or an equivocation given in response to one or more of the requests for admissions.

**Response to Interrogatory No. 12:**

The first 108 requests for admissions seek to establish the truth of four propositions regarding the valuation of the 27 KIRO-TV assets referenced in NOPA 41-1, as prepared and delivered to DMC by the IRS. (NOPA 41-1 consists of the last 21 pages of Exhibit A to the Complaint. *See also* Response to Request for Admission No. 122.) In view of the Government's past denials for lack of knowledge or information of allegations of these facts (*see* First Amended Answer ¶¶ 48 and 90), DMC requested that, with respect to any denial in whole or in part – whether an outright denial or an assertion that the Government could not truthfully admit or deny the matter for lack of information or knowledge, the Government state:

a. All steps taken to make a "reasonable inquiry" regarding the matter as required in RCFC 36(a).

b. The identity of each person with whom the Government has consulted as part of this "reasonable inquiry."

The Government responded to sub (a) by stating: "Defendant's trial attorney reviewed the IRS administrative file in this action and consulted with the IRS counsel assigned to this matter." The Government responded to sub (b) by stating: "Defendant objects to this

interrogatory on the ground that consultations between defendant's counsel and the Internal Revenue Service, *including the identity of persons* with whom defendant consults, are subject to the attorney-client privilege and protected by attorney work product. Subject to that objection, see response to 12(a)." (Italics added.)

RCFC 36(a) imposes on a party responding to request for admission a duty of "reasonable inquiry" before denying on the basis of lack of knowledge or information. Neither DMC nor the court can ascertain whether or not the Government met this burden because the Government refuses to identify the IRS counsel with whom trial counsel "consulted" or to disclose what that attorney might have done. This information is not privileged. Only the content of attorney-client discussion is privileged, not the identity of those who are party to such discussions or the efforts undertaken to verify the truth of a request for admission. *See generally Howell v. Jones*, 516 F.2d 53, 58 (5th Cir. 1975). The cursory and evasive manner in which the Government has chosen to respond to Interrogatory No. 12, which inquires into the very foundation of the Government's response to 94 requests for admissions, puts in serious doubt whether the Government has met its duty of reasonable inquiry. This court should require the Government to disclose the identity of all persons consulted by both "trial counsel" and "IRS counsel" to ascertain the truth of the requests for admissions and any other steps taken to meet the duty of reasonable inquiry.

**Response to Interrogatory No. 1**

As noted, DMC sought in the requests for admissions to verify four propositions as to the value of each of 27 KIRO-TV assets:

a. Whether or not the IRS's determination of DMC's tax liability as set forth in the Thirty-Day Letter was based upon a specified value for the asset, as of February 1, 1995, set

forth in NOPA 41-1. (Requests Nos. 1, 5, 9, 13, 17, 21, 25, 29, 33, 37, 41, 45, 49, 53, 57, 61, 65, 69, 73, 77, 81, 85, 89, 93, 97, 101, 105)

b. Whether or not the amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a specified value for the asset, as of February 1, 1995, set forth in NOPA 41-1. (Requests Nos. 2, 6, 10, 14, 18, 22, 26, 30, 34, 38, 42, 46, 50, 54, 58, 62, 66, 70, 74, 78, 82, 86, 90, 94, 98, 102, 106)

c. Whether or not the calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of a specified amount for that asset. (Admitted by the Government as to all assets specified and not at issue in this motion.)

d. Whether or not the value of the asset specified in the request was the actual value of the asset. (Not at issue because the Government has stated that, as of December 8, 2006, it had no position but "will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case." *See* Response to Request No. 4 and every fourth response thereafter to No. 108. DMC anticipates that the Government will amend its response once it has retained an expert and has determined its position with respect to the value of the 27 specified assets.)

The Government's sole excuse for not stating an unequivocal admission or denial of the propositions set forth at (a) and (b) above is that the "'Thirty-Day' letter does not provide a breakdown for the value of the assets identified in this request." *See* Response to Interrogatory No.1(a) and (b). This is not a sufficient response. As DMC has explained in Item 4 in its e-mail to counsel for the Government attached to Exhibit C hereto, documents in the record permit the Government to trace its proposed assessment in the Thirty-Day letter back to NOPA 41-1. Moreover, Mr. Nance (identified in response to Interrogatory No. 1(c)) and others at the IRS

know full well whether or not NOPA 41-1 is the source and basis of the calculations in the Thirty-Day letter on which DMC paid the amounts of tax in dispute in this action.

**Response to Interrogatory No. 4**

This interrogatory references Requests Nos. 105 through 108. Therein, DMC sought an admission as to the amount of consideration paid to the for-profit Bonneville International (DMC's subsidiary) for the assets of KIRO-TV that it owned and Bonneville's basis in those assets. These numbers were fully established in the audit and the Government cannot now credibly claim ignorance after making a "reasonable inquiry."

**Responses to Interrogatories No. 5, 6 and 11**

These interrogatories reference Requests Nos. 110-11 and 120-21, all dealing with the use by DKB Consulting (outside valuation expert for the Government during the audit; hereinafter "DKB") of the "residual" methodology to ascertain the value of KIRO-TV assets owned by Bonneville (DMC's subsidiary). In the event of a failure to admit the requests, DMC asked the Government to state when it concluded that DKB's choice of methodology was wrong, the identity of each person on whom the Government relies to assert that DKB was not correct, and the identity of all documents supporting that conclusion.

In partial response, the Government states: "The IRS advised that use of the residual method to value the FCC license was an impermissible method in its Coordinated Issue Paper dated May 27, 2005." Notwithstanding this response and reference to the Coordinated Issue Paper, the Government has failed to identify any persons or documents supporting its conclusion that the residual method is "impermissible" as requested in sub-parts (b) and (c) of Interrogatories Nos. 5 and 11 and sub-parts (c) and (d) of Interrogatory No. 6. Thus, its response is incomplete and the court should order the Government to provide a complete response stating

the identity of all persons on whom the Government relies for its conclusion that the residual method is "impermissible" and the identity of all documents supporting that conclusion.

**Response to Interrogatories Nos. 7 and 8**

These interrogatories reference Requests Nos. 112 and 114. In these requests, DMC cited the Government to DKB's decision not to assign any value to "goodwill" in valuing the assets of KIRO-TV and sought certain admissions acknowledging that decision. The Government's response is evasive and misleading. The Government contends that DKB "assigned value to an asset described as "going concern/goodwill" and, therefore, denied the requests. While the fact stated is true, it represents an incomplete reading of the report and is misleading. As DKB made clear in his report, the inclusion of "goodwill" under the heading of "going concern/goodwill" was "by convention" and all value identified attached to "going concern." (DKB Rpt. 1998 at 36.) Moreover, DKB made it equally clear that "the benefit or value of this goodwill simply is not quantifiable" and "[a]s a practical matter, this asset cannot be valued." (*Id.* at 20). Relevant excerpts from the DKB report of December 1998 are attached as Exhibit D. What the Government has stated in defense of its denial is demonstrably evasive and misleading. The requests should be deemed admitted and the Government's evasive response stricken.

**Response to Interrogatory No. 10**

This interrogatory references Requests Nos. 117 through 119. In these requests, DMC sought admissions that the Government relied on DKB's valuation of the various KIRO-TV assets in preparing NOPA 41-1, in preparing the Notice of Deficiency and in preparing the Thirty-Day Letter. As to NOPA 41-1 and the Notice of Deficiency (Requests Nos. 117 and 118), the Government admitted reliance on "some of DKB's valuations of KIRO-TV assets" and denied reliance on "all of the DKB's assets [sic] valuations for KIRO-TV." The Government

does not specify the valuation on which it relied and those on which it did not rely. In response to Interrogatory No. 10(a), which seeks identity of the "opinions, calculations, analyses or methodologies" on which the Government relied as to any valuation not taken from DKB, the Government failed to disclose any further information and incorporates into its response the very documents that were the subject of the inquiry. The response to Request No. 119 suffers from the same deficiencies already noted above as to Interrogatory No. 1 and related requests.

"A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." RCFC 36(a). The Government's response to Requests Nos. 117 and 118 does not meet this requirement of the Rules of this court. DMC requests that this court order the Government to amend its response to Request Nos. 117 and 118 to specify which valuations of DKB it relied upon and which it did not.

**CONCLUSION**

This court should compel the Government to serve a response to interrogatories signed under oath by the Government. The Government should also provide responses to both the requests for admissions and interrogatories noted above that are not evasive, incomplete or misleading and which fully reflect the Government's true knowledge. "*De novo*" review is no excuse for a half-hearted attempt to provide discovery responses.

Respectfully submitted,

s/ Eric C. Olson

Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

December 22, 2006

## CERTIFICATE OF SERVICE

I certify that service of the foregoing **PLAINTIFF'S MOTION TO COMPEL SUFFICIENT RESPONSES TO REQUESTS FOR ADMISSIONS AND INTERROGATORIES** has, this 22nd day of Deember 2006, been made on Defendant by electronic filing to the following address

Jennifer Dover Spriggs
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893