IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUESTS FOR ADMISSION TO DEFENDANT (SET ONE)

DEC - 8 2006

Pursuant to Rule 36 of the Rules of the United States Court of Federal Claims, defendant, the United States, hereby submits the following responses to Plaintiffs' Requests For Admission to Defendant (Set One).

Preliminary Statement

Defendant objects to the definitions and instructions contained in Plaintiff's Requests For Admission to Defendant (Set One) to the extent that those definitions and instructions are inconsistent with the Rules of the United States Court of Federal Claims or requires defendant to provide information which is beyond the scope of permissible discovery.

Definitions

A. Defendant objects to definition No. "3" the Notice of Proposed Adjustment prepared by the IRS with respect to Issue No. 41-1in this action is set forth on IRS Form 5701. The IRS Valuation Specialists's Report dated September 9, 2002, is a different document from the IRS Form 5701 for Issue No. 41-1. To the extent this definition treats the IRS Form 5701 and the Valuation Specialist's Report as one document we decline to follow this definition.

## REQUESTS FOR ADMISSION

### A. ASSET LISTED IN COMPLAINT, PARAGRAPH 48, AS "NOT IN DISPUTE"

#### (i) Studio Technical Equipment

**REQUEST TO ADMIT NO. 1**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $18,502,000 for the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request. Defendant reserves the right to supplement this response if additional information is located.

**REQUEST TO ADMIT NO. 2**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $18,502,000 for the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 3**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $18,502,000 for the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 4**

The value of the assets identified in NOPA 41-1 as the "Studio Technical Equipment" of KIRO-TV, as of February 1, 1995, was $18,502,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

(ii) **Land**

**REQUEST TO ADMIT NO. 5**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $4,740,000 for the assets identified in NOPA 41-1 as the "Land" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 6**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $4,740,000 for the assets identified in NOPA 41-1 as the "Land" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 7**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $4,740,000 for the assets identified in NOPA 41-1 as the "Land" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 8**

The value of the assets identified in NOPA 41-1 as the "Land" of KIRO-TV, as of February 1, 1995, was $4,740,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(iii)Vehicles**

**REQUEST TO ADMIT NO. 9**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,496,000 for the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 10**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,496,000 for the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 11**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,496,000 for the assets identified in NOPA 41-1 as the "Vehicles" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 12**

The value of the asset identified in NOPA 41-1 as the "Vehicles" of KIRO-TV, as of February 1, 1995, was $1,496,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(iv) <u>TV Transmitter Equipment</u>**

**<u>REQUEST TO ADMIT NO. 13</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,445,000 for the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 14**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,445,000 for the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 15**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,445,000 for the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 16**

The value of the assets identified in NOPA 41-1 as the "Transmitter Equipment" of KIRO-TV, as of February 1, 1995, was $1,445,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

(v) **Audiovisual Library**

**REQUEST TO ADMIT NO. 17**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,399,000 for the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 18**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,399,000 for the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 19**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,399,000 for the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 20**

The value of the assets identified in NOPA 41-1 as the "Audiovisual Library" of KIRO-TV, as of February 1, 1995, was $1,399,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(vi) Office Equipment**

**REQUEST TO ADMIT NO. 21**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,286,000 for the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 22**

The amount of taxes collected from DMC was based upon in the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,286,000 for the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 23**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,286,000 for the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 24**

The value of the assets identified in NOPA 41-1 as the "Office Equipment" of KIRO-TV, as of February 1, 1995, was $1,286,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(vii) Microwave Equipment**

**REQUEST TO ADMIT NO. 25**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $1,129,000 for the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 26**

The amount of taxes collected from DMC was based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $1,129,000 for the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 27**

The calculation of Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $1,129,000 for the assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 28**

The value of assets identified in NOPA 41-1 as the "Microwave Equipment" of KIRO-TV, as of February 1, 1995, was $1,129,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(viii) Furniture & Fixtures**

**REQUEST TO ADMIT NO. 29**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $868,000 for the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 30**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $868,000 for the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 31**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $868,000 for the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 32**

The value of the assets identified in NOPA 41-1 as the "Furniture & Fixtures" of KIRO-TV, as of February 1, 1995, was $868,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(ix) Towers**

**REQUEST TO ADMIT NO. 33**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $550,000 for the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 34**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $550,000 for the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 35**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $550,000 for the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 36**

The value of the assets identified in NOPA 41-1 as the "Towers" of KIRO-TV, as of February 1, 1995, was $550,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(x) TV Antenna System**

**REQUEST TO ADMIT NO. 37**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $336,000 for the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 38**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $336,000 for the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 39**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $336,000 for the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 40**

The value of the assets identified in NOPA 41-1 as the "TV Antenna System" of KIRO-TV, as of February 1, 1995, was $336,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(xi) Computer Software**

**REQUEST TO ADMIT NO. 41**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $320,000 for the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 42**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $320,000 for the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 43**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $320,000 for the assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 44**

The value of assets identified in NOPA 41-1 as the "Computer Software" of KIRO-TV, as of February 1, 1995, was $320,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(xii) Test Equipment**

**REQUEST TO ADMIT NO. 45**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $245,000 for the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 46**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $245,000 for the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 47**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $245,000 for the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 48**

The value of the assets identified in NOPA 41-1 as the "Test Equipment" of KIRO-TV, as of February 1, 1995, was $245,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.