**(xiii) Spare Parts**

**REQUEST TO ADMIT NO. 49**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $239,000 for the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 50**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $239,000 for the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 51**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $239,000 for the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 52**

The value of the assets identified in NOPA 41-1 as the "Spare Parts" of KIRO-TV, as of February 1, 1995, was $239,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(xiv) Translator Equipment**

**REQUEST TO ADMIT NO. 53**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $195,000 for the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request. +

**REQUEST TO ADMIT NO. 54**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $195,000 for the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 55**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $195,000 for the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 56**

The value of the assets identified in NOPA 41-1 as the "Translator Equipment" of KIRO-TV, as of February 1, 1995, was $195,000.

**Response:** Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

(xv) **Program Prod. Material/Tape Stock**

**REQUEST TO ADMIT NO. 57**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $157,000 for the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 58**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $157,000 for the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV.

**Objection:** Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 59**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $157,000 for the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 60**

The value of the assets identified in NOPA 41-1 as the "Program Prod. Material/Tape Stock" of KIRO-TV, as of February 1, 1995, was $157,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(xvi) <u>Surplus Equipment</u>**

**<u>REQUEST TO ADMIT NO. 61</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $102,000 for the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 62**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $102,000 for the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 63**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $102,000 for the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 64**

The value of the assets identified in NOPA 41-1 as the "Surplus Equipment" of KIRO-TV, as of February 1, 1995, was $102,000.

**Response:** Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(xvii) Tools**

**REQUEST TO ADMIT NO. 65**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $51,000 for the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 66**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $51,000 for the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 67**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $51,000 for the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 68**

The value of the assets identified in NOPA 41-1 as the "Tools" of KIRO-TV, as of February 1, 1995, was $51,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(xviii) Promotional Materials**

**REQUEST TO ADMIT NO. 69**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $0 for the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 70**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $0 for the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 71**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $0 for the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 72**

The value of the assets identified in NOPA 41-1 as the "Promotional Materials" of KIRO-TV, as of February 1, 1995, was $0.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**B. ASSETS LISTED IN COMPLAINT, PARAGRAPH 90, AS "IN DISPUTE"**

**(i) Customer Relationship Asset**

**REQUEST TO ADMIT NO. 73**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $38,100,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Customer Relationship Asset."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request. Defendant reserves the right to supplement this response if additional information is located.

**REQUEST TO ADMIT NO. 74**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $38,100,000 for the assets identified in NOPA 41-1 as the assets identified in the Notice of Deficiency was the KIRO-TV "Customer Relationship Asset."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 75**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $38,100,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Customer Relationship Asset."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 76**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Customer Relationship Asset", as of February 1, 1995, was $38,100,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(ii) <u>Pre-Sold or Acquired Advertising Contracts</u>**

**<u>REQUEST TO ADMIT NO. 77</u>**

The IRS's determination of DMC's tax liability set forth in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $390,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Pre-Sold or Acquired Advertising Contracts."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 78**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $390,000 for the assets identified in NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Pre-Sold or Acquired Advertising Contracts."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 79**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $390,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Pre-Sold or Acquired Advertising Contracts."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 80**

The Government currently contends that the correct value of the assets identified in NOPA 41-1 as the KIRO-TV "Pre-Sold or Acquired Advertising Contracts" as of February 1, 1995, was $390,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(iii)Buildings**

**REQUEST TO ADMIT NO. 81**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $10,195,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Buildings."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 82**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $10,195,000 for the assets identified in the NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Buildings."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 83**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $10,195,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Buildings."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 84**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Buildings," as of February 1, 1995, was $10,195,000.

**Response:** Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(iv) Third Avenue Productions**

**REQUEST TO ADMIT NO. 85**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $3,200,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 86**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $3,200,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 87**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $3,200,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 88**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Third Avenue Productions", as of February 1, 1995, was $3,200,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.