(v) **KIRO Direct**

**REQUEST TO ADMIT NO. 89**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $300,000 for the assets identified in NOPA 41-1 as the KIRO-TV "KIRO Direct."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 90**

The amount of taxes collected from DMC base upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $300,000 for the assets identified in the NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "KIRO Direct."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 91**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $300,000 for the assets identified in NOPA 41-1 as the KIRO-TV "KIRO Direct."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 92**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "KIRO Direct," as of February 1, 1995, was $300,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(vi) Assembled Staff/Workforce**

**REQUEST TO ADMIT NO. 93**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $2,950,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Assembled Staff/Workforce."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 94**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $2,950,000 for the assets identified in NOPA 41-1 as the assets identified in the Notice of Deficiency as the KIRO-TV "Assembled Staff/Workforce."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 95**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $2,950,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Assembled Staff/Workforce."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 96**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Assembled Staff/Workforce," as of February 1, 1995, was $2,950,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(vii) Going Concern (Operations)**

**REQUEST TO ADMIT NO. 97**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $489,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 98**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $489,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 99**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $489,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 100**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Going Concern (Operations)," as of February 1, 1995, was $480,000,

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**(viii) Acquired Program Contracts**

**REQUEST TO ADMIT NO. 101**

The IRS's determination of DMC's tax liability in the Thirty-Day Letter was based upon a value, as of February 1, 1995, of $600,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 102**

The amount of taxes collected from DMC based upon the Thirty-Day Letter was premised upon a value, as of February 1, 1995, of $600,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 103**

The calculation of "Increase in Tax" set forth in the Notice of Deficiency was based upon a value, as of February 1, 1995, of $600,000 for the assets identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts."

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant admits the requested admission.

**REQUEST TO ADMIT NO. 104**

The Government currently contends that the correct value of the asset identified in NOPA 41-1 as the KIRO-TV "Acquired Program Contracts," as of February 1, 1995, was $600,000.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**C. <u>CONSIDERATION/BASIS (Complaint, paragraphs 91-92)</u>**

**<u>REQUEST TO ADMIT NO. 105</u>**

The only consideration that DMC's subsidiary Bonneville International Corporation ("BIC") received from the sale of the various KIRO-TV assets was cash in the amount of $52,529,929.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. Defendant will be conducting discovery in this *de novo* tax refund case that will enable it to learn the particulars of it plaintiff's transaction with reasonable certainty. Plaintiff's request seeks to fix defendant's position before it has conducted discovery and is premature.

**REQUEST TO ADMIT NO. 106**

The Government currently contends that the only consideration that BIC received from the sale of the various KIRO-TV assets was cash in the amount of $52,529,929.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. Defendant will be conducting discovery in this *de novo* tax refund case that will enable it to learn the particulars of it plaintiff's transaction with reasonable certainty. Plaintiff's request seeks to fix defendant's position before it has conducted discovery and is premature.

**REQUEST TO ADMIT NO. 107**

BIC's adjusted basis in the various KIRO-TV assets, as of February 1, 1995, was $9,801,308.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. Defendant will be conducting discovery in this *de novo* tax refund case that will enable it to learn the particulars of it plaintiff's transaction with reasonable certainty. Plaintiff's request seeks to fix defendant's position before it has conducted discovery and is premature.

**REQUEST TO ADMIT NO. 108**

The Government currently contends that BIC's basis in the various KIRO-TV assets , as of February 1, 1995, was $9,801,308.

**Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. Defendant will be conducting discovery in this *de novo* tax refund case that will enable it to learn the particulars of it plaintiff's transaction with reasonable certainty. Plaintiff's request seeks to fix defendant's position before it has conducted discovery and is premature.

## D. VALUATION METHODOLOGY (Complaint, paragraphs 52-53)

**REQUEST TO ADMIT NO. 109**

The expert retained by the IRS to value the assets of KIRO-TV, DKB Consulting ("DKB"), stated in his appraisal report dated December 1998 at page 20 that the discounted cash flow methodology was "weak" as a "general tool" for valuing an FCC license.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection, defendant admits that DKB used the terms "weak" and "general tool" in its appraisal. Denies that the terms were used in the context stated in this request.

**REQUEST TO ADMIT NO. 110**

DKB was correct that the discounted cash flow methodology was "weak" as a "general tool" for valuing an FCC license.

**Response:** Defendant has made a reasonable inquiry and the information known or readily available is insufficient to enable it to admit or deny the requested admission. Defendant will be retaining expert valuation assistance in this case and its position regarding the relative merits of valuation methodologies will be determine on that basis. Plaintiff's request for admission is an attempt to prematurely fix defendant's position without the benefit of consultation with an expert.

**REQUEST TO ADMIT NO. 111**

DKB was correct to use the residual method rather than the discounted cash flow method to value the KIRO-TV FCC license.

**Response:** Defendant has made a reasonable inquiry and the information known or readily available is insufficient to enable it to admit or deny the requested admission. Defendant will be retaining expert valuation assistance in this case and its position regarding the relative merits of valuation methodologies will be determine on that basis. Plaintiff's request for admission is an attempt to prematurely fix defendant's position without the benefit of consultation with an expert.

**E. TREATMENT OF GOODWILL (Complaint, paragraphs 55-56)**

**REQUEST TO ADMIT NO. 112**

In his appraisal report dated December 1998, DKB did not assign any value to KIRO-TV goodwill.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Subject to its objection, defendant denies the requested admission. DKB in its 1998 report assigned value to an asset described as "going concern/goodwill."

**REQUEST TO ADMIT NO. 113**

DKB was correct not to assign any value to KIRO-TV goodwill.

**Response:** Defendant has made a reasonable inquiry and the information known or readily available is insufficient to enable it to admit or deny the requested admission. Defendant will be retaining expert valuation assistance in this case and its position regarding the relative merits of valuation methodologies will be determine on that basis. Plaintiff's request for admission is an attempt to prematurely fix defendant's position without the benefit of consultation with an expert.

**REQUEST TO ADMIT NO. 114**

In his appraisal report dated December 1998, DKB concluded that KIRO-TV goodwill could not be valued.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Subject to its objection, defendant denies the requested admission. DKB in its 1998 report assigned value to an asset described as "going concern/goodwill."

**REQUEST TO ADMIT NO. 115**

DKB was correct to conclude that KIRO-TV goodwill could not be valued.

**Response:** Defendant has made a reasonable inquiry and the information known or readily available is insufficient to enable it to admit or deny the requested admission. Defendant will be retaining expert valuation assistance in this case and its position regarding the relative merits of valuation methodologies will be determine on that basis. Plaintiff's request for admission is an attempt to prematurely fix defendant's position without the benefit of consultation with an expert.

**F. RELIANCE ON DKB APPRAISAL REPORTS (Complaint, paragraph 44)**

**REQUEST TO ADMIT NO. 116**

The IRS relied upon DKB's valuation of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports in preparing the Thirty-Day Letter.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 117**

The IRS relied upon DKB's valuation of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports in preparing the NOPA 41-1.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Subject to its objection, defendant admits that during audit the IRS relied upon some of DKB's valuations of KIRO-TV assets. Defendant denies that the IRS relied upon all the DKB's assets valuations for KIRO-TV.

**REQUEST TO ADMIT NO. 118**

The IRS relied upon DKB's valuation of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports in preparing the Notice of Deficiency.

**Objection**: Defendant objects to this request as calling for information which is not relevant. The detailed allegations with respect to the administrative process are not relevant here, since a tax refund suit is a *de novo* proceeding. Findings by the Commissioner during the examination and the administrative proceeding are tentative actions and do not bind the United States. *See Sara Lee Corp. v. United States*, 29 Fed. Cl. 330, 336 (1993).

**Response:** Subject to its objection, defendant admits that the IRS relied upon some of DKB's valuations of KIRO-TV assets. Defendant denies that the IRS relied upon all the DKB's assets valuations for KIRO-TV.

**REQUEST TO ADMIT NO. 119**

The IRS relied upon DKB's valuation of the various KIRO-TV assets as set forth in the DKB December 1998 and December 2001 appraisal reports when it collected from DMC the claimed tax deficiencies set forth in the Thirty-Day Letter.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. The "Thirty-Day" letter does not provide a breakdown for the value of the asset identified in this request.

**REQUEST TO ADMIT NO. 120**

The Government currently contends that DKB's valuations, as set forth in the DKB December 1998 and December 2001 appraisal reports of KIRO-TV assets, are correct.

**Response**: **Response**: Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**REQUEST TO ADMIT NO. 121**

The Government currently contends that DKB used the correct valuation methodologies, as set forth in the DKB December 1998 and December 2001 appraisal reports, to determine the value of the KIRO-TV assets.

**Response:** Defendant has made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny the requested admission. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case. Plaintiff's request for an admission to fix defendant's position before defendant has engaged in discovery and without the assistance of experts is premature.

**G. AUTHENTICATION OF NOPA 41-1 (Complaint, paragraph 8)**

**REQUEST TO ADMIT NO. 122**

Exhibit A hereto is a true and correct copy of the NOPA 41-1 dated September 9, 2002, for Issue No. 41-1, relating to the fair market value of the assets sold by and resulting gains reported by DMC in connection with the sale of Third Avenue Television, Inc.

**Response:** Defendant admits the requested admission.

Respectfully submitted,

Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

Steven I. Frahm by Jennifer Dover Spriggs
Of Counsel

December 8, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Defendant's Response to Plaintiff's Request for Admission (Set One) has, this 8 day of December 2006, been made on plaintiff by mailing a copy thereof in a postage prepaid envelope, to the following address:

Eric C. Olson
Kirton & McConkie
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

Jennifer Dover Spriggs
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440