IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(Judge Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT (SET ONE)

DEC - 8 2006

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, defendant, the United States, hereby submits the following responses to Plaintiffs' Interrogatories to Defendant (Set One).

## Preliminary Statement

Defendant objects to the definitions and instructions contained in Plaintiffs' Interrogatories to Defendant (Set One) to the extent that those definitions and instructions are inconsistent with the Rules of the United States Court of Federal Claims or requires defendant to provide information which is beyond the scope of permissible discovery.

## Definitions and Instructions.

A Defendant objects to definition No. 5 as overly broad and vague.

B. Defendant objects to definition No. 6. The Notice of Deficiency is dated April 4, 2005. The letter from the IRS to DMC dated March 28, 2003, is not the Notice of Deficiency. We decline to follow this definition.

C. Defendant objects to definition No. 9 to the extent it seeks to impose on defendant obligations other than those provided by law in connection with assertion of a privilege.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

If the Government's response to any of Plaintiff's Requests for Admission Nos. 1-3, 5-7, 9-11, 13-15, 17-19, 21-23, 25-27, 29-31, 33-35, 37-39, 41-43, 45-47, 49-51, 53-55, 57-59, 61-63, 65-67, 69-71, 73-75, 77-79, 81-83, 85-87, 89-91, 93-95, 97-99, or 101-103 is anything other than an unqualified admission, state the factual basis for such denial including:

a. The value of that asset actually utilized by the Government.

b. All calculations utilized by the Government to arrive at the value stated in response to sub-part 1(a) above.

c. The identify of each person on whose knowledge the Government relied in making the calculation(s) identified in response to part 1(b) above.

d. The identity of all documents setting forth, supporting or referencing the value or calculations stated in response to parts 1(a) or (b) above.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a de novo proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant states that:

a. The "Thirty-Day" letter does not provide a breakdown for the value of the assets identified in this request.

b. The calculations set forth in the "Thirty-Day" letter are not asset specific and do not provide a breakdown for the value of the assets identified in this request.

c. Defendant has at this time identified Brad Nance, Internal Revenue Service.

d. *See* Defendant's Response to No. 1(a) above, which is incorporated herein by reference

**INTERROGATORY NO. 2:**

If the Government's response to any of Plaintiff's Requests for Admission Nos. 4, 8, 12, 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56, 60, 64, 68, or 72 is anything other than an unqualified admission of that Request for Admission, then state the following:

a. The date on which the Government first determined that the value set forth in the Request for Admission was not the value of the asset identified therein.

b. The value the Government contends is the correct value of the asset as of February 1, 1995.

c. The identity of each person on whose knowledge the Government relies in asserting that the amount set forth in any such Request for Admission is not the correct of the asset or that the correct value of the asset is the amount set forth in the response to part 2(b) above.

d. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts 2(a) or (b) above.

**Response**:

a. This is a de novo proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

b. *See* Defendant's Response to Request No. 2(a) which is incorporated herein by reference.

c. *Ibid.*

d. *Ibid.*

**INTERROGATORY NO. 3:**

If the Government's response to any of Plaintiff's Requests for Admission Nos. 76, 80, 84, 88, 92, 96, 100, or 104 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that the value set forth in such Request for Admission was not the correct value as of February 1, 1995, for the subject asset.

b. The value the Government contends is correct value for the asset as of February 1, 1995.

c. All calculations utilized by the Government to arrive at the value stated in response to sub-part 3(b) above.

d. The identity of each person on whose knowledge the Government relies in asserting that the correct value of the applicable asset is the amount set forth in the response to part 3(b) above.

e. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts 3(a) or (b) above.

**Response:**

a. This is a de novo proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

b. *See* Defendant's Response to Request No. 3(a), which is incorporated herein by reference.

c. *Ibid.*

d. *Ibid.*

e. *Ibid.*

**INTERROGATORY NO. 4:**

If the Government's response to any of Plaintiff's Requests for Admission Nos. 105 through 108 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that any amount set forth in such Request for Admission was not the correct amount.

b. The amount the Government contends is the correct amount for the number contested.

c. The identity of each person on whose knowledge the Government relies in asserting that the amount set forth in any such Request for Admission was not correct and that the correct amount is the amount set forth in the response to part 4(b) above.

d. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts 4(a) or (b) above.

**Response:**

a. This is a de novo proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case..

b. *See* Defendant's Response to Request No. 4(a), which is incorporated herein by reference.

c. *Ibid.*

d. *Ibid.*

**INTERROGATORY NO. 5:**

If the Government's response to either of Plaintiff's Requests for Admission Nos. 109 and 110 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that DKB Consulting ("DKB") was not correct in stating that the discounted cash flow methodology was "weak" as a "general tool" to value an FCC License.

b. The identity of each person on whose knowledge the Government relies in making that determination.

c. The identity of all documents setting forth, supporting or referencing the Government's position that DKB was not correct in stating that the discounted cash flow methodology was "weak" as a "general tool" to value an FCC license.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a de novo proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response**: Without waiver of the foregoing objection, defendant states that:

a. The DKB report for 1998 states at p. 20 "our opinion is that their [BIA] methodology is weak, both as a general tool and in the subject appraisal." Thus, while the DKB report uses the terms "weak" and "general tool" they were both used in the context of analyzing the methodology used by another expert witness. The IRS advised that use of the residual method to value the FCC license was an impermissible method in its Coordinated Issue Paper dated May 27, 2005.

b. Defendant will be retaining expert valuation assistance and will then determine the relative merits of different valuation methods.

c. *See* Defendant's Response to Request No. 5(b), which is incorporated herein by reference.

**INTERROGATORY NO. 6:**

If the Government's response to either of Plaintiff's Requests for Admission Nos. 111 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that DKB was not correct in choosing to use the residual method rather than the discounted cash flow method to value the KIRO-TV FCC License.

b. The identity of the methodology that the Government contends is the correct methodology for valuing the KIRO-TV FCC License.

c. The identity of each person on whose knowledge the Government relies in asserting that DKB was not correct with respect to the valuation methodology employed in its appraisal of the KIRO-TV FCC License and that the correct methodology is as set forth in the response to part 6(b) above.

d. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts 6(a) or (b) above.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a de novo proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655,658 (1994).

**Response:** Without waiver of the foregoing objection; defendant states as follows:

a. The IRS advised that use of the residual method to value the FCC license was an impermissible method in its Coordinated Issue Paper dated May 27, 2005, but made no determination with respect to the DKB reports in particular plaintiff's suit for a tax refund is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

b. Defendant will be retaining expert valuation assistance and will then determine the relative merits of different valuation methods.

c. *See* Defendant's Response to Request No. 6(b), which is incorporated herein by reference.

d. *See* Defendant's Response to Request Nos. 6(a) and (b), which is incorporated herein by reference.

**INTERROGATORY NO. 7:**

If the Government's response to either of Plaintiff's Requests for Production Nos. 112 and 113 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that DKB was not correct in deciding not to assign any value to KIRO-TV goodwill.

b. The identity of each person on whose knowledge the Government relies in asserting that DKB was not correct in its conclusion that no value should be assigned to KIRO-TV goodwill.

c. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to part 7(a) above.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a de novo proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant states as follows:

a. The 1998 report prepared by DKB states (at p. 36) "We include goodwill by convention as part of this asset." The language of the DKB report indicates that goodwill was assigned a value.

b. This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

c. *See* Defendant's Response to Request No. 7(a), which is incorporated herein by reference.

**INTERROGATORY NO. 8:**

If the Government's response to either of Plaintiff's Requests for Admission Nos. 114 and 115 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that DKB was not correct in concluding that the KIRO-TV goodwill could not be valued.

b. The identity of each person on whose knowledge the Government relies in asserting that DKB was not correct in concluding that the KIRO-TV goodwill could not be valued.

c. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts 8(a) above.

**Objection:** Defendant objects to this request as calling for information which is not relevant. This is a de novo proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** *See* Defendant's Response to Request No. 7, which is incorporated herein by reference.

**INTERROGATORY NO. 9:**

If the Government currently contends that the KIRO-TV goodwill had value as of February 1, 1995, state the following:

a. The date on which the Government first determined that KIRO-TV had goodwill that, as of February 1, 1995, could be valued.

b. The identity of any methodology or analysis on which the Government relies in determining (I) that KIRO-TV had goodwill as of February 1, 1995, that could be valued, and (ii) the correct value of any goodwill belonging to KIRO-TVas of February 1, 1995.

c. The identity of each person on whose knowledge the Government relies in asserting that the methodology or analysis for determining the value of KIRO-TV goodwill is as set forth in the response to part 9(b) above.

d. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts (a) or (b) above.

**Response:**

This is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

INTERROGATORY NO. 10:

If the Government's response to either of Plaintiff's Requests for Admission Nos. 116, 117, 118 or 119 is anything other than an unqualified admission, state the following;

a. The identity of all opinions, calculations, analyses or methodologies on which the Government relied.

b. The identity of each person on whose knowledge the IRS relied with respect to the opinions, calculations, analyses or methodologies identified in part 10(a).

c. The identity of all documents setting forth, supporting or referencing the opinions, calculations, analyses or methodologies stated in response to part 10(a).

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a de novo proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant states as follows:

a. The Internal Revenue Service relied during audit on the 1998 and 2001 DKB appraisals, the IRS Thirty-Day Letter, the Notice of Proposed Adjustment for Issue 41-1, and the Notice of Deficiency. Plaintiff's suit for a tax refund is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

b. Defendant has identified the following individuals: Brad Nance, Internal Revenue Service, Monty A. Careswell, Internal Revenue Service, Kelly R. Schwarz, Internal Revenue Service. *See also*, Defendant's Response to Request No. 10(a) which is incorporated herein by reference.

c. *Ibid.*

**INTERROGATORY NO. 11:**

If the Government's response to either of Plaintiff's Requests for Admission Nos. 120 or 121 is anything other than an unqualified admission, state the following:

a. The date on which the Government first determined that the DKB valuations and/or methodologies for any of the various KIRO-TV assets were not correct.

b. The identity of each person on whose knowledge the Government relies in asserting that the DKB valuations and/or methodologies for any of the various KIRO-TV assets were not correct.

c. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to part 11(a).

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant states as follows:

a. The IRS advised that use of the residual method to value the FCC license was an impermissible method in its Coordinated Issue Paper dated May 27, 2005. Plaintiff's suit for a tax refund is a *de novo* proceeding, and defendant will be engaging in discovery and will be retaining expert valuation assistance to determine its position with respect to the valuation issues in this case.

b. *See* Defendant's Response to Request No. 11(a), which is incorporated herein by reference.

c. *Ibid.*

**INTERROGATORY NO. 12:**

If the Government's response to any of Plaintiff's Requests for Admission Nos. 1 through 94 is a denial, in whole or in part, based upon a lack of information or knowledge, or if the Government states that it cannot truthfully admit or deny the matter, state the following:

a. All steps taken to make a "reasonable inquire" regarding the matter as required in RCFC 36(a).

b. The identity of each person with whom the Government has consulted as part of this "reasonable inquiry."

**Response**:

a. Defendant's trial attorney reviewed the IRS administrative file in this action and consulted with the IRS counsel assigned to this matter.

b. Defendant objects to this interrogatory on the grounds that consultations between defendant's counsel and the Internal Revenue Service, including the identity of persons with whom defendant consults, are subject to the attorney-client privilege and protected by attorney work product. Subject to that objection, see response to 12(a).

**INTERROGATORY NO. 13:**

State whether the Government agrees with each of the following statements and/or conclusions made by DKB in its December 1998 "Appraisal of the Intangible Assets and Review and Critique of the Tangible Asset Valuations and Valuation of the Associated Properties Third Avenue Productions and KIRO Direct as of February 1, 1995" (the "DKB Appraisal"):

a. That it is improper for an appraiser, when using the residual method of valuation, to begin with the purchase price paid by an unrelated buyer in an arm's length transaction; that the appraiser should instead begin by determining the fair market value of the assets sold "which could in theory be greater or less than the purchase price." DKB Appraisal at 19.

b. That "the benefit or value of [the KIRO-TV] goodwill simply is not quantifiable." *Id.*

c. That the benefit or value of the KIRO-TV goodwill "is likely to be small relative to the value of the other assets of KIRO-TV's business." *Id.*

d. That "[a]s a practical matter, [the KIRO-TV goodwill] cannot be valued." *Id.*

e. That the "discounted cash flow approach to valuing the [KIRO-TV] FCC license" is "weak" as "a general tool." *Id.* at 20.

f. That a valuation of an FCC license that is based upon the discounted cash flow method "should be buttressed by alternative valuation approaches, such as the residual method." *Id.* at 21.

g. That when it comes to the use of a discounted cash flow method for valuing an FCC license, "there are many uncertainties about the reliability of this method." *Id.* at 22.

h. That the discounted cash flow method for valuing an FCC license "if executed fairly would tend to understate FCC license value." *Id.*

I That "[i]n employing any income method, much depends upon the accuracy, or at least the lack of bias, in the forecast model assumptions." *Id.* at 23.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant states as follows:

a.- I. Defendant will be retaining expert valuation assistance and will then determine the relative merits of the different valuation methods.

**INTERROGATORY NO. 14:**

For each negative answer provided in response to Interrogatory No. 13 above, state the following:

a. The date on which the Government first determined that the statement or conclusion by DKB in the DKB Appraisal was incorrect.

b. Each fact on which the Government bases its position that the statement or conclusion made by DKB in the DKB Appraisal is incorrect.

c. The first communication with DMC in which the Government advised DMC that it had determined that DKB was incorrect.

d. What the Government believes is the correct statement or conclusion with respect to the relevant issue for each statement or conclusion.

e. The identity of each person on whose knowledge the Government relies in asserting that the conclusion quoted from the DKB Appraisal is incorrect.

f. The identity of all documents setting forth, supporting or referencing the conclusions stated in response to parts 14(a) through © above.

**Objection**: Defendant objects to this request as calling for information which is not relevant. This is a *de novo* proceeding. Therefore, the reasoning and conclusions of the IRS during administrative proceedings are irrelevant. Resolution of the issues in this case depends solely on the facts of this case and the application of the law to those facts. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

**Response:** Without waiver of the foregoing objection; defendant states as follows:

*See* Defendant's Response to Request No. 13(a)-(I) which is incorporated herein by reference.

**INTERROGATORY NO. 15:**

For each document attached to Plaintiff's Complaint as an Exhibit B through F, identify each difference between the exhibit attached to the Complaint and the copy of the document in the administrative file on which the Government bases its denial that the exhibit attached to the Complaint is a true and correct copy of the document identified in the Complaint.

**Response**:

Exhibit B, which contains 16 pages, varies from the Notice of Deficiency in the IRS administrative file which contains 145 pages plus exhibits.

Exhibit C varies from the IRS administrative file copy of the 1995 Form 1120X in that it does not contain IRS Form 5278, Statement of Income Tax Change, which is attached to the administrative file copy. Exhibit C also includes a copy of Form 1120 for 1995 which differs from the IRS administrative file copy. The Form 4626, Alternative Minimum Tax Computation, attached to Exhibit C varies from the Form 4626 attached to the Form 1120X for 1995 contained in the administrative file.

Exhibit D varies from the IRS administrative file copy in that the administrative file copy of Form 1120X for 1996 does not include the Explanation of Overpayments which is attached to Exhibit D.

Exhibit E varies from the IRS administrative file copy in that the administrative file copy of Form 1120X for 1997 does not include the Explanation of Overpayments which is attached to Exhibit E.

Exhibit F varies from the IRS administrative file copy in that the administrative file copy of Form 1120X for 1998 does not include the Explanation of Overpayments which is attached to

Exhibit F. In addition, the copy of Form 1120 for 1998 attached to Exhibit F is missing p. 2, which is contained in the administrative file copy.

**INTERROGATORY NO. 16:**

If the Government's response to either of Plaintiff's Requests for Admission No. 122 is anything other than an unqualified admission, state in what ways the document attached to the Request for Admissions differs from the document found in the files of the Government and identify the corresponding document found in the files of the Government.

**Response**: Defendant admits Request No. 122

Respectfully submitted,

Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

As to objections:

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

Steven I. Frahm by Jennifer Dover Spriggs

Of Counsel

December 8, 2006

Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct to the best of my knowledge.

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

CERTIFICATE OF SERVICE

I certify that service of the foregoing Defendant's Response to Plaintiff's Interrogatories to Defendant Set One has, this 8 day of December 2006, been made on plaintiff by mailing a copy thereof in a postage prepaid envelope, to the following address:

Eric C. Olson
Kirton & McConkie
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

Jennifer Dover Spriggs
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440

US OFFICIAL MAIL
$300 Penalty
For Private Use

016H16601050
$06.050
12/08/2006
Mailed From 20530
US POSTAGE
Hasler

U.S. Department of Justice
TAX/CT. FED. CL. SEC.
Washington, D.C. 20530

Eric C. Olson, Esquire
KIRTON & McCONKIE
60 East South Temple Street
Suite 1800
Salt Lake City, Utah 84111

RECEIVED
DEC 19 2006
KIRTON & McCONKIE