IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | |
| | ) | Case No. 06-86 T |
| | ) | |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE DISCOVERY DISPUTE**

Eric C. Olson, counsel for the plaintiff Deseret Management Corporation ("DMC"), hereby certifies to the Court that, in anticipation of filing a motion to compel with respect to certain responses by the defendant United States of America (the "Government") to DMC's First Requests for Admissions and First Set of Interrogatories, he did the following:

1. On December 22, 2006, I called counsel for the Government, Jennifer Dover Spriggs, to discuss certain deficiencies in the Government's responses to the Requests for Admissions and the Interrogatories.

2. After I had outlined my principal issues and requested some positive response to the most basic issue (disclosure of the name of the person(s) from whom Ms. Spriggs solicited information as requested in Interrogatory No. 12), Ms. Spriggs requested that I provide her with something in writing.

3. I initially declined to do this because I did not believe that, given the history of disclosure in response to inquiries similar to those found in the subject discovery and the reluctance of Ms. Spriggs at the time to make any commitment on the threshold issue raised, a listing of the discovery problems would lead to an acceptable resolution of the problems raised.

4. However, I later concluded to outline my problems as set forth in the two e-mails attached hereto.

5. In the interest of expediting consideration of these issues, with termination of fact discovery less than six weeks away, I have prepared a motion to compel.

Respectfully submitted,

s/ Eric C. Olson

Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

December 22, 2006

**Eric Olson**

**From:** Eric Olson
**Sent:** Friday, December 22, 2006 11:36 AM
**To:** Spriggs, Jennifer D. (TAX)
**Cc:** Hines, J. Michael; Mather, Judith; Ken Birrell
**Subject:** Request for Adequate Response to Discovery

Jennifer-

On reflection, I have concluded to set forth in writing (as you requested) the items of discovery as to which DMC seeks a complete, non-evasive response as discussed in our telephone conversation this a.m. I regret that you felt my effort to detail the specific interrogatories and requests for admissions was rambling and confusing.

1. Interrogatory No. 12: Please name the "IRS counsel" with whom you consulted (and any other person from whom you sought information for response). There is no privilege that protects the *identity* of the person with whom you have consulted. *See Howell v. Jones*, 516 F.2d 53, 58 (5th Cir. 1975).

2. Interrogatories Nos. 5, 6 and 11 (requests 109-11, 120-21): Each of these references the Coordinated Issue Paper dated 27 May 2005 ("CIP") but each fails to provide the identity of any person or document supporting the CIP's conclusion that the residual method is "impermissible." It impossible for DMC to ascertain whether that conclusion, as referenced in the interrogatory responses, was based on some empirical inquiry and factual determination regarding the accuracy of the method or merely on a policy determination independent of any factual inquiry as to the efficacy of the residual method.

3. Interrogatories Nos. 7 and 8 (referencing requests 112 through 115): The language quoted in the Governments responses from the Bivins report (1998) entirely disregards the statement in the report at page 20: "The benefit or value of this goodwill simply is not quantifiable, and it is likely to be small relative to the value of the other assets of KIRO-TV's business. As a practical matter, this asset cannot be valued." In light of this clear statement of how Mr. Bivins treated goodwill, the Government's responses are evasive and incomplete.

4. Interrogatory No. 1 (excepting the third request for admission in each three request grouping as listed in your response [which third request the Government admitted from No. 3 through No. 103]: This response and the requests referenced are incomplete and evasive. Brad Nance, whom you identify in the response, knows the answer to the requested admissions as do both Mark Howard and Neal Nelson. In brief, the sum of the life and non-life adjustments for 1995, found on page 1 of Form 4549-B attached to the thirty-day letter, corresponds to the sum for that year of the NOPA's as set forth in the Schedule of Adjustments (a Government document) found at the twenty-seventh page of Exhibit A to the Complaint. In turn, that summary includes entries at 41-1 for two sums that match those found at the bottom of NOPA 41-1 on page 5. Finally, the calculations yielding the page 5 sums are based on the values shown on page 2 of NOPA 41-1. These values are the same as those found in Bivins' 2001 report, stated as his final opinion of value (Bivins 2001, Ex. 4).

5. Interrogatory No. 4 (requests 105 through 108): The IRS knows how much Bonneville received from the KIRO sale and the amount of its basis in the assets transferred. Opinions as to fair market value of those assets on the date transferred may differ but the amount of the consideration paid and the basis cannot change. These are a matter of record; they are documented in the books and correspondence of Bonneville, which the Government has had in its possession for nearly ten years.

6. Interrogatory No. 10 (requests 117-119): The interrogatory response appears to admit what the responses to the three requests for admissions refuse to admit for lack of knowledge or information. This is not a sufficient response.

In conclusion, many thanks for the sufficient responses to Interrogatories Nos. 15 and 16. We look forward to the Government's supplemental responses to those interrogatories and requests that could not be answered pending retention of an expert and receipt of that expert's opinion.

I am preparing a motion to compel regarding the items above but would welcome prompt sufficient responses that would make such a motion or some portion thereof unnecessary. As I indicated, we will withdraw any portion of the motion satsified by the Government in response to this e-mail. However, because of the discovery cutoff at the end of January 2007 and our trial preparation, we need to set the wheels in motion to obtain responses sufficient to guide our remaining discovery efforts.

**Eric C. Olson**
**(801) 321-4818**

**Eric Olson**

**From:** Eric Olson
**Sent:** Friday, December 22, 2006 11:48 AM
**To:** Spriggs, Jennifer D. (TAX)
**Cc:** Hines, J. Michael; Mather, Judith; Ken Birrell
**Subject:** Further Problem with Interrogatory resposes

Jennifer-

I just noticed a further problem with the interrogartory responses. They were not given "under oath . . . signed by the person making them. . . ." RCFC 33(b)(1) and (2). Your unsworn declaration at page 26 of the response does not comply with the Rules because (a) it was not under oath and (b) it is the affirmation of counsel and not of the party. Therefore, DMC further requests that you correct this deficiency in the Response to Plaintiff's Interrogatories.

**Eric C. Olson**
**(801) 321-4818**