IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-86 T

(The Honorable Emily C. Hewitt)

DESERET MANAGEMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES TO STRIKE
PLAINTIFF'S MOTIONS TO COMPEL

The United States moves to strike the Plaintiff's "Motion to Compel Production of Certain Documents Claimed as Privileged -and- Request for *In Camera* Inspection by the Court," filed on December 20, 2006, and Plaintiff's "Motion to Compel Sufficient Responses to Requests for Admissions and Interrogatories," filed on December 22, 2006. Should the Court deny our motion, defendant requests that it be allowed to file a combined response to the motions to compel within 10 days of such order.

On December 20, 2006, Deseret Management Corporation ("DMC") filed a "Motion to Compel Production of Certain Documents Claimed as Privileged -and- Request for *In Camera* Inspection" (hereafter "motion to compel production of documents"). That motion fails to include a certification that DMC has in good faith conferred or attempted to confer with counsel for the

United States in an effort to secure disclosure without court action. Such a certification – and such consultation – is required by Rule 37(a)(2)(A).

DMC filed a second discovery motion, "Motion to Compel Sufficient Responses to Requests for Admissions and Interrogatories" (hereafter "motion to compel sufficient responses") on December 22, 2006. In a telephone conversation on that very day – December 22, 2006 – counsel for DMC asked that counsel for the United States respond immediately to a number of alleged deficiencies in the Government's responses to DMC's Requests for Admissions and Interrogatories. Our attorney requested that DMC summarize the alleged deficiencies in writing so that there could be no misunderstanding, and so that a good faith effort could be made to determine whether resort to the Court was necessary. While at first refusing to do so, plaintiff's counsel ultimately sent to our attorney two e-mails which outlined DMC's discovery concerns but also advised that DMC was preparing a motion to compel (*see* motion to compel sufficient responses, Ex. C.) DMC's motion to compel sufficient responses was filed on December 22, 2006, the same day that it had first outlined its discovery concerns to counsel for the United States. Thus, there was no good faith attempt on the part of DMC to confer with counsel for the United States with respect to the sufficiency of the Government's discovery responses.

RCFC 37(a)(2)(A) provides that a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." On December 20, 2006, DMC filed its motion to compel production of documents without that certification. In fact, DMC offers no evidence that it even attempted to contact counsel for the United States before it filed its motion. Because DMC failed to confer with counsel for the United States before filing its motion

to compel production, that motion is not properly before the Court and should be stricken. *See Navigant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F. 3d 180, 186-187 (3rd Cir. 2003); *First Federal Savings Bank v. United States*, 55 Fed Cl. 263, 266 (2003).

On December 22, 2006, DMC filed its second discovery motion, the motion to compel sufficient responses. While this motion includes a certification of consultation with defendant's attorney, that consultation, as set out above, was wholly inadequate. DMC's motion to compel sufficient responses was filed on December 22, 2006, the same day that it outlined its discovery concerns to counsel for the United States. This was not a good faith attempt to confer with counsel for the United States. *See Naviant Marketing Solutions Inc.*, 339 F. 3d at 186-187; *Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147, 153 (D.N.J. 1999) (sending fax and demanding a response by the next business day and threatening to file a motion to compel is a token effort rather than a sincere effort). DMC has made no proper effort to comply with the certification requirements of RCFC 37(a), or amicably to resolve its concerns before bringing the matter before the Court. Plaintiff's motion to compel sufficient responses should accordingly be stricken.

Defendant's instant objection is not merely *pro forma*. Beginning today, defendant is represented by a new attorney, and a notice of his appearance has been filed. Review of plaintiff's motions suggests that there exist material areas where agreement can be reached which may be satisfactory to plaintiff. That being said, it must also be said that before specific, document-by-document, response-by-response consultations are actually held, it is impossible to predict whether *all* of plaintiff's complaints can be resolved by agreement. But we are optimistic that many of plaintiff's concerns can be addressed, and that the extent of any remaining dispute that must ultimately be resolved by the Court can be narrowed significantly.

We also note that, were plaintiff's motions to be allowed today, and the relief sought by plaintiff granted, the result would be to burden the Court with the task of reviewing many documents to determine if they had been properly withheld or redacted on any one of a number of privilege or privacy claims. This is a task which we think best undertaken by the Court (if at all) only as a last resort, after counsel for the parties have exhausted every other avenue for possible resolution.

We note that plaintiff appears to be contending that certain of our privilege claims should be rejected for failure to comply with certain procedural prerequisites, principally that the deliberative process privilege ought not be invoked prior to personal consideration of the document, and whether to invoke the privilege, by a properly authorized agency official. See Plaintiff's Motion to Compel Production at 8. We understand this claim to be based upon the unfortunate seriatim manner in which the Government responded during November and early December to plaintiff's discovery. As the Court is aware, those responses were prepared under extreme time pressure. As a consequence, we chose to more promptly provide our objections and claims of privilege where we knew that an appropriate affidavit would be forthcoming, prior to the time when it was possible actually to obtain the affidavit itself, and provide it to plaintiff. As a matter of fact, no document was withheld on a claim of executive privilege, or pursuant to § 6103, except that such withholding was at the instance of Margo L. Stevens, the person to whom the Commissioner has delegated the authority to claim executive privilege on behalf of the Internal Revenue Service. We do not understand plaintiff to be contending that we have withheld – on a claim of privilege – any document which does not appear on an affidavit from the appropriate official of the Internal Revenue Service. If it turns out that we have done so, it is a

mistake or inadvertence of the sort that we would expect to be remedied by consultation between counsel.

WHEREFORE, defendant prays that its motion be granted and that the Court strike the motion to compel production of documents and the motion to compel sufficient responses, without prejudice to the filing of such discovery motions as might be proper after appropriate consultation between counsel. If the Court does not grant this motion, the United States requests that it be allowed to file a combined response to the motions to compel within 10 days of the Court order denying the motion to strike.

Respectfully submitted,

s/ W. C. Rapp
W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

January 8, 2007

s/ Steven I. Frahm
Of Counsel