IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-86 T<br><br>Judge Emily C. Hewitt |

**OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S MOTIONS TO COMPEL**

The plaintiff Deseret Management Corporation ("DMC"), through counsel, submits this Memorandum in opposition to the Motion to Strike Plaintiff's Motion to Compel filed on January 8, 2007, by the defendant United States of America (the "Government").

**ARGUMENT**

**THE COURT SHOULD DENY THE MOTION TO STRIKE BECAUSE COUNSEL HAVE CONFERRED IN GOOD FAITH.**

W.C. Rapp appeared as new trial counsel for the Government on January 8, 2007. Counsel for DMC first contacted Mr. Rapp on January 9, 2007. From that date to the present, counsel have engaged in extended discussions of the discovery issues that divide their clients on at least four occasions. As a culmination of those discussions, DMC's counsel provided Mr. Rapp with a memorandum setting forth and prioritizing the discovery issues, in an attempt to arrive at some specific resolution of those issues. This memorandum is attached as Exhibit 1.

The motion to strike is mooted as a result of the course pursued by counsel in the last ten days. There have been several good faith discussions. Regrettably, to date, these have not resulted in the resolution of any discovery issue (although such agreement is still possible in the future). However, success in discussions is not the measure of compliance with the requirement to confer in good faith under RCFC 37(a)(2)(B). Thus, the motion to strike is moot.

The Court should require the Government to respond to the substance of the motions to compel within ten days. To the extent that the Government is in a position to concede or resolve aspects of those motions, it can do so within that time period and obviate the need for response to the corresponding portions of the motions. This approach appears to hold forth the greatest promise of timely resolution of the discovery disputes. Otherwise, the discussions commenced over the last several days could drag on indefinitely, thereby perpetuating the regrettable delay that, before Mr. Rapp's appearance marked the Government's course in this litigation. As always, DMC stands ready to respond to any specific proposal that would eliminate some point of dispute.

**CONCLUSION**

The motion to strike should be denied as moot. The Government should respond to any issues raised in the motions to compel that divide the parties and provide amended responses to the extent any issue is conceded.

Respectfully submitted,

s/ Eric C. Olson
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

January 18, 2007

## CERTIFICATE OF SERVICE

I certify that service of the foregoing **OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S MOTIONS TO COMPEL** has, this 18th day of January 2007, been made on Defendant by electronic filing to the following address

W.C. Rapp, Esq.
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

s/ Eric C. Olson
Eric C. Olson
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111
Tel. (801) 321-4818
Fax: (801) 321-4893