**U.S. Department of Justice**
**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: W. C. Rapp*
*Attorney's Direct Line: (202) 307-0503*

EJO'C:DG:SIF:WCRapp
154-2425
CMN 2006102128

January 26, 2007

**VIA FAX - Hard Copy to Follow**
(801) 321-4893

Eric C. Olson, Esquire
Kirton & McConkie
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

Re: Deseret Management Corporation v. United States,
Fed. Cl. No. 06-86 T

Dear Mr. Olson:

Enclosed please find Supplemental Response of the United States to Plaintiff's Requests for Admission to Defendant (Set One). Also enclosed is a letter respecting the Coordinated Issue Paper. The remainder of this letter will track your memorandum dated January 12, 2007.

**KIRO Assets**

We have admitted the requests which seek to tie the NOPA 41-1 numbers to the 30-Day Letter, relying upon the information you provided in the Memorandum.

With respect to the requests seeking to tie the NOPA 41-1 numbers to "the amount of taxes collected," we have admitted the requests after providing explanations to make sure there is no misunderstanding.

**Consideration and Basis**

Subject to the caveat that the ultimate issue in this case is how to allocate between Bonneville Holding and Bonneville International the total amount paid by Belo for KIRO-TV, we offer to admit that Belo wrote BIC a check for the indicated amount if you will provide us with proof. As Mr. Rapp has advised you, if you will simply represent to him when, how, and how much Belo paid to BIC that would be sufficient. With respect to the basis questions (RFA 107 & 108), the number you set out is the number plaintiff used, and is also the number the

Internal Revenue Service used, facts which we admit. Whether that number is actually objectively correct has not been raised as an issue (at least not by us), and would require an enormous expenditure of effort to confirm. We make no contention in this respect.

**CIP References**

The letter accompanying this one should address your concerns.

**Goodwill**

Your requests nos. 112 and 114 are not about goodwill, but about what the Bivins report says about goodwill. The report says whatever it says, and we think it is not a reasonable use of our time to proofread it.

**Reliance on NOPA 41-1**

We have admitted your requests 116-118, with the understanding that "rely" doesn't mean exclusive reliance, which is certainly not the sense in which we think you intended these requests. We have responded to request 119, dealing with "payments," by reference back to our explanation respecting the earlier requests dealing with specific asset values and their relationship to tax payments.

**Privileged Documents**

The CIP documents should be rendered unnecessary by our accompanying letter. We have decided not to unilaterally waive the privileged status of the documents which has been properly invoked. If you believe that the privilege logs are deficient or defective, we would of course be pleased to work with you to resolve any difficulties. But since the various privileges (and section 6103) have been properly invoked, it is up to plaintiff to show what compelling need exists that requires disclosure despite the privilege, or what exception to § 6103 permits disclosure of tax return information. Since the documents are not themselves relevant, we don't understand on what basis you would claim to be entitled to them. Similarly, with respect to information protected by § 6103, we do not understand that there exists any "transactional" or "item" connection between plaintiff and the other taxpayer whose return information we have an obligation to protect.

**Execution of Interrogatory Responses**

While your memorandum of January 12, 2007, did not refer to the manner in which our interrogatory responses were executed, we will nonetheless address it. We have provided no modified execution because we do not believe one is called for by the rules. Rule 33(b)(2) requires only that the "answers are to be signed by the person making them." Ms. Spriggs was the person making the answers, and it is she who signed them. It appears to us that the information provided is of such a nature as to be within her personal knowledge, albeit much of it

is hearsay derived from documents and files. At the same time, we are unaware of any requirement that interrogatories must be executed by a person with personal, non-hearsay, first-hand knowledge. If you are aware of decisions requiring more, we would appreciate the opportunity to review them, and would at that time revisit our current understanding.

If, upon reviewing our supplemental responses and the accompanying letter, you believe that there are additional matters which might be resolved by further consultation and cooperation, we would be pleased to hear your suggestions in that respect.

Sincerely yours,

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: David Gustafson

DAVID GUSTAFSON
Chief, Court of Federal Claims Section

enclosures



01/29/07 10:53 FAX TAX DIVISION 003