**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DESERET MANAGEMENT CORPORATION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-86 T** |
| **v.** | § | **The Honorable Emily C. Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**SUBMISSION OF THE UNITED STATES PURSUANT TO THE ORDER OF FEBRUARY 6, 2007, RESPECTING THE FORM OF OATH CONTEMPLATED BY RULE 33(b)(1)**

Defendant, the United States, pursuant to the Order of February 6, 2007, responds hereby respecting the form of oath required by Rule 33(b)(1). That Rule provides that answers to interrogatories are to be "in writing under oath," and must be read in conjunction with Rule 33(b)(2), which calls for those answers to be "signed by the person making them."

Interrogatories may only be directed to parties, and a party that is not a natural person must necessarily designate someone to answer on its behalf. *United States v. Kordel*, 397 U.S. 1, 8 (1970). Rule 33(a) expressly provides that interrogatories to a "governmental agency" are to be answered "by any officer or agent, who shall furnish such information as is available to the party." *See Saudi v. Northrop Grumman Corp.*, 221 F.R.D. 452, 456 (E.D.Va., 2004).

That agent may be the party's attorney. *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 508 & n. 36 (4th Cir.1977). Plaintiff has cited no authority for any other procedure, or for the proposition that signature by a party's attorney is improper. [1/]

Since Rule 33(a) expressly provides that the officer or agent responding on behalf of a party must "furnish such information as is available ***to the party***," the information provided may very well exceed the personal knowledge of the person answering. This was very consciously decided in 1948. Prior to its amendment that year, the analogous provision of the Federal Rules of Civil Procedure required that interrogatories be answered on personal knowledge. The effect of the change was discussed by the Third Circuit in *United States v. 42 Jars, More or Less, Bee Royale Capsules*, 264 F.2d 666 (3rd Cir.,1959). There, the owner of the property which the United States sought to condemn was a corporation, which claimed that it could not answer certain interrogatories addressed to its corporate self, since any officer responding on the basis of personal knowledge might in the process incriminate himself. The Court of Appeals disposed of that claim on the basis that the person responding did not need personal knowledge to answer on behalf of the corporate party (264 F.2d at 670):

> Bee Royale, Inc. does not claim that it, as a corporation, can raise the question of the constitutional provision of freedom from disclosure as applied to it. Its argument concedes that the corporation itself may not claim the Fifth Amendment. *United States v. White*, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; *Wilson v. United States*, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771.

---

[1/] *But see, Fonville v. District of Columbia*, 230 F.R.D. 38, 45 (D.D.C. 2005), holding it to be improper for a paralegal to sign on behalf of the District of Columbia, a decision which conflicts with the notion that where the party is a corporate person, it must designate an agent to act for it in "making" its answers. It is unclear why it would not be entirely reasonable, in the right circumstances, for a paralegal to have assembled the information necessary to answer, and then subscribe to the answers as the person "making them."

> The argument has a further basis, however. It says that answers by a corporation to interrogatories addressed to it must, obviously, be made by some human being on its behalf. Now if the corporate officer who gives the answers, on behalf of the corporation, states things that may involve criminal responsibility, he may find himself involved in a criminal prosecution, especially since liability of corporate officers under the food and drug act is one at peril and no mens rea is involved. See *United States v. Dotterweich*, 1943, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48. But personal criminal liability was the very point involved in the *White* case, *supra*.
>
> This argument would present more possibilities for hardship if the questions were to be answered only by an officer who would be competent to testify on the corporation's behalf, as was the rule prior to the 1948 amendment. See 4 Moore, Federal Practice P33.07 (2d ed. 1950). Under the amended rule the agent who answers on behalf of the corporation does not need to have personal knowledge. The corporation's attorney will do. 4 Moore, Federal Practice P33.07 (2d ed. 1950).

Thus, answers to interrogatories to a governmental agency may be answered by the Government's attorney, and those answers need not be (indeed, ordinarily will not be) made upon personal knowledge. It would be inappropriate, therefore, if the oath were in such form as to suggest such knowledge, as in a simple verification that the answers were "true and correct." An appropriate oath would instead be:

> Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct to the best of my knowledge.

This is, in fact, the form recommended by Professor Moore, with the added fillip of a sentence identifying the signer (unnecessary where that is the Government's attorney) and the statement "I have reviewed the answers to the interrogatories set out in this document," a bit of surplus verbiage, since the attorney signing obviously cannot certify the correctness of something she has not reviewed. 4 James Wm. Moore, *Moore's Manual: Federal Practice Forms*, ch. 15B, Form No. 15B:20 (2003). Here is Moore's proffered verification in its entirety:

VERIFICATION

My name is _____________ [*name of signer*]. I am the _____________ [*name of party or title of officer of party, e.g.,* plaintiff *or* Vice-President of Marketing of the defendant]. I have reviewed the answers to the interrogatories set out in this document.

I declare under penalty of perjury of the laws of ____________ [the State of ___________ *or* The United States] that these answers are true and correct to the best of my knowledge.

Moore's form includes a footnoted reference to 28 U.S.C. § 1746, which renders the "declare under penalty of perjury" language effective.

The signature of defendant's attorney on the Government's interrogatory answers, stating that "Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct to the best of my knowledge," and then going on to identify the signatory, was thus entirely proper under the Rules of this Court.

Respectfully submitted,

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

February 8, 2007

s/ Steven I. Frahm
Of Counsel