IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DESERET MANAGEMENT CORPORATION | ) | |
| | ) | Case No. 06-86 T |
| | ) | |
| Plaintiff, | ) | Judge Emily C. Hewitt |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S SUBMISSION REGARDING PROPER FORM OF OATH FOR ANSWERS TO INTERROGATORIES**

Pursuant to the court's Order of February 6, 2007, the plaintiff Deseret Management Corporation ("DMC") submits the following memorandum concerning the proper form of the oath required for responding to interrogatories. In the present case, the question arises in the context of whether *Defendant's Response to Plaintiff's Interrogatories to Defendant (Set One)*, which were served by government counsel on December 8, 2006, satisfied the requirement of RCFC 33(b)(1) that the answers be made under oath.[1] In that response, government counsel signed as to objections and separately undertook to verify the answers to the interrogatories by signing an unsworn statement: "Under penalties of perjury, I certify that the foregoing responses to the interrogatories are true and correct to the best of my knowledge."

Whether the government counsel's statement constitutes a sufficient oath under the Rules raises two interrelated questions: a) whether government counsel's unsworn verification of the government's answers to interrogatories may be substituted for answers verified by a sworn oath, and b) whether the unsworn statement that the government's answers are true and correct "to the

[1] A copy of the government's responses was filed with this Court on December 22, 2006, as an exhibit to *Plaintiff's Motion to Compel Sufficient Responses to Requests for Admissions and Interrogatories*.

best of my knowledge" is adequate in light of RCFC 33(a)'s requirement that the officer or agent designated to answer "shall furnish such information as is available to the party." As discussed below, an agent's use of an unsworn statement that qualifies the answers to interrogatories as true and correct "to the best of my knowledge" does not satisfy the requirements of RCFC 33. Rather, it undermines the evidentiary value of those answers and, if any answer is disavowed at trial, such a declaration by trial counsel exposes counsel to the prospect of being called as a witness regarding the foundation of the answers provided.

## ARGUMENT

### A. Some Courts Have Allowed The Substitution Of An Unsworn Declaration For A Sworn Oath.

An oath is most commonly accomplished by a sworn statement in the presence of a notary public. The government's responses, however, appear intended to substitute a declaration under 28 U.S.C. § 1746 for the requirement of an oath.[2] Section 1746 directs that an unsworn statement is to be "substantially in the following form" if it is to qualify for treatment as a sworn statement by operation of the statute:

> I declare (or certify or verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature).

28 U.S.C. § 1746. While DMC's counsel has been unable to find an opinion by the Court of Federal Claims providing an example of the use of this statute to answer interrogatories, the Court of Federal Claims and its predecessor, the Claims Court, have each allowed the substitution of an unsworn declaration for an affidavit sworn before a notary public to support a

[2] 28 U.S.C. § 1746 states "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by sworn declaration, verification, certificate, statement, oath, or affidavit . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . of such person which is subscribed by him, as true under penalty of perjury . . . ."

summary judgment motion. *See Brunner v. United States*, 70 Fed. Cl. 623, 642 n. 12 (2006) (allowing unsworn declaration under 28 U.S.C. § 1746 in place of an affidavit in support of a motion for summary judgment); *Mount v. United States*, 2 Cl. Ct. 717, 720, n. 2 (1983) (same).

Some other federal courts have allowed the use of unsworn declarations made in compliance with the requirements of 28 U.S.C. § 1746 for responding to interrogatories. *See Jones v. Semoran Pizza Huts, Inc.*, 2006 WL 3412252, at *1 (M.D. Fla. 2006) (directing counsel to inform plaintiff that she may use a declaration pursuant to 28 U.S.C. § 1746 "in lieu of the need to travel to a notary public to provide sworn answers to interrogatories.") (copy attached); *United States v. United States Currency in the Amount of Forty Thousand Dollars*, 1999 WL 1011938, at *4 (E.D. NY 1999) (copy attached).

But, the fact that federal courts sometimes allow the use of unsworn declarations where sworn oaths are required by the applicable rules of civil procedure does not answer this court's query. The provisions of 28 U.S.C. § 1746 only apply to unsworn declarations that are substantially in the form of the language stated by the statute. If the unsworn answers do not fully comply with the requirements of 28 U.S.C. § 1746 and are ultimately inadmissible as evidence, improperly admitted or may be evaded due to their qualifications, this would undermine one of the core purposes of interrogatories and the discovery process. Thus, whether government counsel's oath is afforded the benefit of this statute will turn on the effect of government counsel adding the phrase "to the best of my knowledge" to its "oath."

### B. While Some Courts Have Allowed Government Counsel's Practice of Adding "To The Best of My Knowledge" To An Unsworn Declaration Substituting For An Affidavit, Other Courts Have Stricken Such Declarations Where This Qualifying Language Conflicted With The Purpose For Which The Declaration Was Offered.

The government argues that government counsel's practice of verifying answers to interrogatories as "true and correct to the best of my knowledge" qualifies as an oath by

operation of 28 U.S.C. § 1746. Govt. Br., p. 4 (filed Feb. 8, 2007). Some courts have admitted unsworn declarations by individual witnesses using the qualifying phrase "to the best of my knowledge." *See Marsh v. Butler County School System*, 242 F. Supp.2d 1086, 1089 (M.D. Ala. 2003) (declaration under penalty of perjury that the contents of an affidavit are true and correct to the best of the person's knowledge, information and belief substantially complies with 28 U.S.C. § 1746); *United States v. 152 Char-Nor Manor Blvd.*, 922 F. Supp. 1064, 1067 n. 1 (D. Md. 1996) (accepting police sergeant's declaration "to the best of my knowledge, information, and belief" under 28 U.S.C. § 1746 as providing factual basis for forfeiture), *aff'd*, 114 F.3d 1178 (4th Cir. 1997).

But, other courts have found that such qualifying phrases exclude an unsworn statement from the benefits of 28 U.S.C. § 1746. An examination of these cases reveals that, while these courts rejected the declarations on the basis that their qualifying language failed to comply with 28 U.S.C. § 1746, the courts actually focused on whether the addition of the qualifying phrase rendered the unsworn statement unreliable for its intended purpose. In *Denmon v. Runyon*, 1993 WL 441970 (D. Kan. 1993), a former employee of the U.S. Postal Service brought suit alleging a discriminatory discharge, and the defendant moved for summary judgment on the basis of an unsworn statement by the local Postmaster (ostensibly made on the basis of personal knowledge) which stated "I declare under penalty of perjury that the foregoing is true and correct *to the best of my knowledge* . . . ." *Id.* at *2 (emphasis in original) (copy attached).

The court in *Denmon* struck the declaration, reasoning that the addition of "the qualifying language 'to the best of my knowledge' substantially deviated from the specific language required by 28 U.S.C. § 1746(2)." The court went on to state:

> Allowing a declarant to deviate from the form specified in 28 U.S.C. § 1746(2) undermines Rule 56(e). The implication from the qualifying language used by

> Mr. Abbot [the local Postmaster] is that the matters he declares may not be true or may not be within his personal knowledge.

*Id.* at *2. Because FRCP 56(e), like RCFC 56(e), requires that affidavits submitted in support of a motion for summary judgment be made on personal knowledge and set forth such facts as would be admissible in evidence, the *Denmon* court concluded that the use of the phrase "to the best of my knowledge" rendered the declaration unsuitable for its intended purpose. *Id.*; *see also United States v. That Certain Real Property Located at 632-636 Ninth Ave.*, 798 F. Supp. 1540, 1547 (N.D. Ala. 1992) (declaration "under penalty of perjury that the foregoing, based <u>in part on information supplied by others</u>, is true and correct" does not comply with 28 U.S.C. § 1746, where additional language raises questions as to "[w]hat parts of these answers were supplied by others . . . .") (emphasis in original).

The addition of "to the best of my knowledge" to a declaration intended to support a motion for summary judgment under FRCP 56, which requires personal knowledge, raises different concerns than its addition in the context now before the court, but the qualifying phrase is similarly incompatible with an agent's duties when answering interrogatories under RCFC 33(a). It begs the question: Has the attorney subscribing to the statement actually assembled and provided all information available to the party? The question is particularly troubling if the attorney so affirming has previously disavowed knowledge of the information available to answer the complaint or interrogatories.

Under RCFC 33(a), the agent answering is at most relieved of the obligation to speak from personal knowledge; that agent must still speak for the knowledge obtained from the party. Thus, the form of the unsworn statement used by the Government's counsel would not qualify for the provisions of 28 U.S.C. § 1746 under the reasoning of *Denmon.* The attorney's "personal knowledge" has no place in the equation. Even if the addition of "to the best of my knowledge"

were compatible in some abstract way with 28 U.S.C. § 1746, the form of counsel's "oath" in the context of answering interrogatories as an agent of a party remains inadequate in light of RCFC 33(a)'s requirement that the agent furnish such information "as is available to the party."

### C. While The Addition Of The Phrase "To The Best Of My Knowledge" Has Sometimes Been Accepted By Courts In Place Of Affidavits, It Is Inconsistent With The Duties Imposed By RCFC 33(a) On An Attorney Answering On Behalf Of A Government Agency, Corporation, Partnership Or Association.

RCFC 33(a) allows a corporation or a government agency to designate an officer or agent to answer interrogatories on its behalf. However, that agent's "personal knowledge" is not the evidentiary basis for response to the interrogatories; rather, the basis is the collected knowledge of the organization. *See Holt v. Southern Railway Co.*, 51 F.R.D. 296, 299 (E.D. Tenn. 1969) (corporation answered interrogatories through agent out of necessity, and the knowledge of all the corporation's officers and agents was attributed to the corporation and its answers). On the one hand, RCFC 33(a) gives a corporation, association, partnership and government agency the benefit of designating a single agent to answer on its behalf, but this benefit comes with a corresponding duty that the designated person perform the requisite due diligence necessary to furnish complete answers with the "information as is available to the *party*." RCFC 33(a)(emphasis added).[3]

#### 1. The 1948 amendment to FRCP 33 eliminated the requirement that a corporation answer through an "officer thereof competent to testify in its behalf" and, thus, eliminated any need or justification for using the qualifying phrase "to the best of my knowledge" in the oath verifying the corporation's answers to interrogatories.

The Government submits that the addition of the qualifying phrase "to the best of my knowledge" to government counsel's oath is necessary because the information contained in the

[3] The government argues that government counsel's practice of verifying answers to interrogatories as "true and correct to the best of my knowledge" is in accord with the form recommended by Professor Moore, but a review of Professor Moore's suggested form reveals that it is headed: "Answers to Interrogatories—Skeletal Form." Moreover, the suggested form does not purport to be the proper form for answers made by an agent, particularly by an attorney who has disavowed knowledge.

government's answers "may very well exceed the personal knowledge of the person answering." Govt. Br., p. 2. The Government further states that, prior to the 1948 amendment of FRCP 33, the officer designated to answer on behalf of a corporation was charged with having personal knowledge of all the information contained in the corporation's answers.[4] *Id.* The argument continues that the 1948 amendment was necessary to relieve the officer designated to answer on behalf of the corporation from having such personal knowledge.[5] From this history, the Government concludes that it would be improper for the government attorney to imply that she had personal knowledge of the information contained in her answers to the interrogatories by failing to add the phrase "to the best of my knowledge." *Id*. at 3.

First, it is unclear how the addition of the phrase "to the best of my knowledge" could be justified since the 1948 amendment is read as relieving the person designated to answer on behalf of a corporation (and now the government) from having personal knowledge. If the attorney or signing agent is relieved of having personal knowledge, then the knowledge of that attorney or agent is irrelevant. The Government's use of "to the best of my knowledge," by qualifying what has no consequence under the amended rule, erroneously returns the focus of the oath to the knowledge of the attorney, when the focus should rightly be on the combined knowledge of those in the corporation, partnership, association or government agency.

Second, the Government's conclusions regarding the effect of the changes made by the 1948 amendment are flawed. Prior to the 1948 amendment, FRCP 33 read in pertinent part as follows:

---

[4] This amendment is referred to as the "1946 Amendment" by Professor Moore but both the Thomson West edition of the Federal Rules of Civil Procedure and Professors Wright and Miller refer to it as the "1948 Amendment." DMC's counsel has found the Advisory Committee's report that submitted the relevant amendments to the U.S. Supreme Court in 1946, but has not found when the proposed amendments were reported to Congress by the Attorney General, which was a necessary prerequisite for the amendments to take effect.

[5] This option was extended to government agencies by the amendment of FRCP 33 in 1970.

> Any party may serve upon an adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf.

FRCP 33 (as originally promulgated in 1937). *See* Moore's Federal Practice 3d, Historical Appendix § 33App.02[2] (showing text of FRCP 33 with the 1948 amendment's deletions in brackets and additions in italics) (copy attached). The 1948 amendment then deleted the language "thereof competent to testify in its behalf" and added the language allowing the corporation to designate an agent, in addition to an officer, to answer on its behalf. The government's insistence on adding the qualifying phrase "to the best of my knowledge" effectively nullifies the 1948 amendment and reinstitutes the prior limitation to personal knowledge of the person answering on behalf of the corporation.

It is precisely because the 1948 amendment deleted the requirement of an officer <u>competent to testify</u>—which may have required personal knowledge—that the officer or agent answering can now state "under penalties of perjury, the foregoing answers are true and correct" without adding qualifying phrases. This change in the rules has the effect of holding the party rather than the agent responsible for gaps in the answers so long as the attorney takes reasonably prudent steps to determine the information available to the party. Thus, a court may remedy an incomplete answer by choosing from the various discovery sanctions available against the party.

**2. RCFC 33(a)'s requirement that an agent "furnish such information as is available to the party" is inconsistent with an oath qualifying the agent's answers as true and correct "to the best of <u>my</u> knowledge."**

The questions raised by an oath using the phrase "to the best of my knowledge" render the oath incompatible with the obligations imposed on an agent answering interrogatories under RCFC 33(a). In fact, a complete reading of the changes made by the 1948 amendment reveals that this same amendment imposed a new duty on the officer or agent designated to answer interrogatories on behalf of a corporation, partnership or

association: they "shall furnish such information as is available to the party." One court has attempted to satisfy the requirements of RCFC 33(a) while accommodating the tendency of affiants to use "to the best of my knowledge" by suggesting the following oath: "An attorney for a corporation may sign and swear to answers to interrogatories addressed to it if he makes [an] oath that to the best of his knowledge, information and belief the answers are true *and contain all information which is available to the corporation on the interrogatories which are being answered*." *Fernandes v. United Fruit Co.*, 50 F.R.D. 82, 85–86 (D.C.Md.1970) (emphasis added). While the approach advocated in *Fernandes* would have the oath expressly state what is necessarily implied, *i.e.*, that all available information is contained in the answer, DMC submits that the italicized language would be unnecessary to assure compliance with the rule so long as the agent does not qualify her answers as being only "to the best of my knowledge."

Such qualifying language undermines the usefulness of the answers to the interrogatories as evidence in the action. In *Lackey v. Mesa Petroleum Co.*, 559 P.2d 1192 (N.M. App. 1976), the New Mexico Appellate Court observed under Rule 33 of its state rules of civil procedure (which also allowed a corporation to designate an agent to answer on its behalf) that,

> verification on *knowledge and belief* leaves a party with convenient avenues of evasion . . . . It also permits each (party) to avoid stating specifically under oath with respect to questions he claims to be unable to answer, that he does not have the information necessary to answer the question, and that the answers given reflect all the information available to him.

*Id.* at 1193-94 (emphasis added). In the present case as well, the qualifying language "to the best of my knowledge" creates questions as to the completeness of the answers and whether the answers will ultimately bind the party making them. For these reasons, DMC submits that an oath containing the phrase "to the best of my knowledge" is incompatible with the obligation of an agent answering under RCFC 33(a) to "furnish such information as is available to the party."

## CONCLUSION

An oath by an agent answering interrogatories on behalf of a corporation, partnership, association or government agency that includes the phrase "to the best of my knowledge" renders those answers incompatible with their intended function in discovery and, provided that the agent complies with his or her duty of inquiry under RCFC 33(a), is entirely unnecessary. Thus, where an agent might employ an unsworn declaration to verify answers to interrogatories made on behalf of a corporation, partnership, association or government agency in place of a sworn oath, the proper form of the unsworn declaration should read as follows: "Under penalties of perjury, the foregoing answers are true and correct."

Respectfully submitted,

s/ Eric C. Olson
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111

February 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing *Plaintiff's Submission Regarding Proper Form of Oath For Answers to Interrogatories* to be filed with the ECF System of the United States Court of Federal Claims this 12th day of February, 2007, with Notice of Electronic Filing to be made on all case participants who are ECF filing users in compliance with the service requirements of RCFC 5 and the proof of service requirements of RCFC 5.1, as provided in United States Court of Federal Claims General Order No. 42A. I am not aware of any case participants who are not ECF filing users of this Court.

s/ Eric C. Olson
Eric C. Olson (Attorney of Record)
Tel. (801) 321-4818
Fax: (801) 321-4893
KIRTON & McCONKIE
60 East South Temple Street, Ste. 1800
Salt Lake City, Utah 84111