H
Briefs and Other Related Documents
Denmon v. RunyonD.Kan.,1993.Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
Marcell E. DENMON, Plaintiff,
v.
Marvin T. RUNYON, Defendant.
**Civ. A. No. 92-2144-EEO.**

Oct. 25, 1993.

M.J. Willoughby, Stinson, Mag & Fizzell, Overland Park, KS, Lisa C. Creighton, Sprint Communications Co. L.P., Law Dept., Kansas City, MO, for plaintiff.
Robert A. Olsen, Office of U.S. Atty., Civ.Div., W.D.Mo., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

***1** This matter is before the court on defendant Marvin Runyon's motion for summary judgment (Doc. # 108) and on plaintiff Marcell Denmon's motion to strike the declaration of David Abbott and the exhibits which were attached in support of defendant's motion for summary judgment (Doc. # 125).

## NATURE OF THE CLAIM

Plaintiff Marcell Denmon, a former employee of the United States Postal Service, filed this action alleging discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. For the reasons discussed below, plaintiff's motion to strike is granted, and defendant's motion for summary judgment is denied.

## JURISDICTION

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## ANALYSIS

The requirements for an affidavit submitted in support of a motion for summary judgment are set forth in Federal Rule of Civil Procedure 56(e). Rule 56(e) provides, in pertinent part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers ... referred to in an affidavit shall be attached thereto or served therewith.

28 U.S.C. § 1746(2) provides that a declaration made under penalty of perjury may be submitted in lieu of an affidavit. Declarations are subject to the same requirements as affidavits for the purposes of Rule 56(e). In ruling on a motion for summary judgment, the court may only consider material that would be admissible at trial. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2721 (1983) at 40. Because the burden is on the party moving for summary judgment to demonstrate that there is no genuine issue of material fact, the movant must demonstrate that the content of its affidavit is admissible at trial; any doubts as to the admissibility of the material submitted in support of a summary judgment must be resolved against the movant. *See Prudential Ins. Co. v. Curt Bullock Builders, Inc.,* 626 F.Supp. 159, 164 (N.D.Ill.1985); *see generally* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2738 (1983).

Plaintiff objects to the declaration of David Abbott, Postmaster of the Shawnee Mission, Kansas, Main Post Office. Mr. Abbott's declaration and the exhibits accompanying it are the only evidence defendant submits in support of his motion for summary judgment. Plaintiff contends that the declaration and exhibits are defective and should be stricken. We agree. An affidavit that does

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

not measure up to the standards of Rule 56(e) is subject to a motion to strike. *Noblett v. General Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir.1968), *cert. denied*, 393 U.S. 935 (1968); 6 Moore's Federal Practice ¶ 56.22[1] at 56-761.

28 U.S.C. § 1746(2) requires that an unsworn declaration be made "under penalty of perjury" and verified as "true and correct." Section 1746 provides in relevant part:
***2** Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

The last sentence of Mr. Abbott's declaration states: "I declare under penalty of perjury that the foregoing is true and correct *to the best of my knowledge*." (Emphasis added.) Mr. Abbott's declaration, in using the qualifying language "to the best of my knowledge" substantially deviates from the specific language required by 28 U.S.C. § 1746(2). Allowing a declarant to deviate from the form specified in 28 U.S.C. § 1746(2) undermines Rule 56(e). The implication from the qualifying language used by Mr. Abbott is that the matters he declares may not be true or may not be within his personal knowledge.

Even if Mr. Abbott's declaration were not defective as to form, the declaration is nonetheless improperly before the court. The declaration does not affirmatively demonstrate on its face that the statements asserted in paragraphs 2 through 8 and 10 through 12 are within Mr. Abbott's personal knowledge. D.Kan.Rule 206(c) requires that "[a]ll facts on which a motion or opposition is based shall be presented by affidavit [or] declaration under penalty of perjury,.... Affidavits or declarations *shall be based on personal knowledge and by a person competent to testify to the facts stated* which shall be admissible in evidence." (Emphasis added.) Statements not based on personal knowledge must be disregarded by the court. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1367 (8th Cir.1983) (affidavit based on information and belief is insufficient); *Arkansas Best Freight Sys., Inc. v. Youngblood*, 61 F.R.D. 565, 569 (D.Ark.1974) (affidavits merely stating affiants' opinions of what various reports disclosed without a showing that these were facts based on personal knowledge were insufficient and could not be considered on summary judgment).

Statements in affidavits or declarations may not be "based on a review of records," a basis upon which Mr. Abbott purports to rely. Declaration of David Abbott, ¶ 1. In *Cummings v. Roberts*, 628 F.2d 1065 (8th Cir.1980), a prisoner filed a civil rights complaint, asserting a claim of cruel and unusual punishment against jail officials for refusing to provide him a wheelchair in his cell, thus allegedly forcing him to crawl on the floor. In reversing the district court, the Eighth Circuit held that a statement made in an affidavit of a jail superintendent was inadequate to support summary judgment because the statement was not based upon the personal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

knowledge of the affiant. In that affidavit, the superintendent stated "an investigation revealed" that plaintiff had been observed on numerous occasions standing and walking unassisted in his jail cell. *See also Dean Construction Co. v. Simonetta Concrete Corp.*, 37 F.R.D. 242, 245 (S.D.N.Y.1965) (affidavits submitted by Assistant U.S. Attorney in support of motion for summary judgment "on information and belief based upon the records and files in the possession of the United States Attorney for the Southern District of New York" did not meet the requirement that an affidavit be made on personal knowledge). Nor is it sufficient for an affiant or declarant to make statements based on the allegation that he was "advised" of the fact stated. *See Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F.Supp. 312, 316 (D.Md.1983) (striking a portion of an affidavit because the statement was "the product of advice from others").

***3** All papers referred to in an affidavit must also be sworn or certified. Fed.R.Civ.P. 56(e). Each paper, or exhibit, must be authenticated by and attached to an affidavit which meets the requirements of Federal Rule of Civil Procedure 56(e). *Nolla Morell v. Riefdohl*, 651 F.Supp. 134, 140 (D.P.R.1986) (documents filed by defendants on motion for summary judgment were inadmissible where unaccompanied by affidavits attesting to their validity). *See also Cummings v. Roberts*, 628 F.2d 1065 (8th Cir.1980) (on motion for summary judgment, district court properly did not consider 17 pages of medical records that were attached to an affidavit but not certified as required by Federal Rule of Civil Procedure 56(e)). Further, the affiant should be the person through whom the exhibits could be admitted into evidence. *Nolla Morell v. Riefdohl*, 651 F.Supp. at 140.

Defendant's Exhibits A through J, submitted with defendant's summary judgment motion, are likewise defective as to form. Each of these exhibits should have had an affidavit attached which properly authenticated the exhibit and which met the requirements of Federal Rule of Civil Procedure 56(e). The affiant for each exhibit should have been the person through whom the exhibit could be admitted into evidence. Mr. Abbott's declaration alone does not lay an adequate foundation for receipt of any of the exhibits into evidence.

A writing is not authenticated simply by attaching it to an affidavit, even if the writing appears on its face to have originated from some governmental agency and the affiant is a government official. The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of a document and, where appropriate, its delivery.

*United States v. Dibble*, 429 F.2d 598, 602 (8th Cir.1970).

Additionally, many of the exhibits to defendant's motion for summary judgment contain inadmissible hearsay.

IT IS THEREFORE ORDERED that plaintiff's motion to strike the declaration of David Abbott and the exhibits attached in support of defendants' motion for summary judgment (Doc. # 125) is granted. The clerk is directed to strike the affidavit of David Abbott dated May 21, 1993, and the exhibits attached thereto.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Doc. # 108) is summarily denied.

D.Kan.,1993.
Denmon v. Runyon
Not Reported in F.Supp., 1993 WL 441970 (D.Kan.)

Briefs and Other Related Documents (Back to top)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

• 2:92cv02144 (Docket) (Apr. 20, 1992)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.