**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DESERET MANAGEMENT CORPORATION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-86 T** |
| **v.** | § | **The Honorable Emily C. Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**MOTION OF THE UNITED STATES**
**FOR LEAVE TO FILE ADDITIONAL RESPONSE**
**TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY**

Defendant, the United States, respectfully moves for leave to file this additional response to plaintiff's renewed motion to compel discovery. As good cause therefor, defendant states that, in the course of the February 5, 2007, argument respecting plaintiff's renewed motion to compel, the Court drew counsel's attention to footnote 4, on page 7, of Exhibit F to plaintiff's renewed motion. That footnote states:

> The Initial Log and Second Supplemental Log II, which purport to have been the product of personal review by the proper agency official, invoke the deliberative process privilege for 163 documents comprising 628 pages. In contrast First Supplemental Log I, which was not the product of personal review by the proper agency official, invokes the deliberative process privilege for 140 documents comprising 1,283 pages, or nearly 70% of the total number of pages the Government seeks to protect from production under the deliberative process privilege.

The Court expressed interest in any analysis that suggested differing standards were being applied to the determination of which documents were protected by the deliberative process privilege. Plaintiff's statement suggesting the United States has made inconsistent privilege claims is both wrong and misleading.

There are three sets of privilege logs, because the documents were located, reviewed, and produced in three stages. A detailed description of those logs was set out in our letter of February 9, 2007, transmitting to the Court those documents ordered for *in camera* inspection. The privilege log for the first stage is a Declaration of Margo L. Stevens, Assistant Chief Counsel (Disclosure and Privacy Law), asserting all claimed privileges, as well as protection pursuant to § 6103, and, as it is the affidavit of the proper person, asserts deliberative process privilege on behalf of the Internal Revenue Service.

The privilege logs for the second group of documents produced consist of the First Supplemental Declaration of Margo L. Stevens, dated December 5, 2006, and the document titled "Privilege Log for November 22, 2006 Production (as revised)." In addition to asserting other privileges and invoking § 6103, this document is a comprehensive list, as it incorporates and lists those documents with respect to which the Stevens affidavit raised the deliberative process privilege. If a document appears in this second list as being withheld for deliberative process privilege, but it does not appear in the affidavit of Ms. Stevens, it is inadvertent and the privilege has not been properly invoked with respect to that document. [1/]

---

[1/] A third document, Exhibit B to plaintiff's original motion to compel, filed December 20, 2006, is referred to in plaintiff's papers as "Government's First Supplemental Log I." This paper is a preliminary version of a comprehensive listing of privileged documents prepared prior to review of the materials by Margo Stevens. Accordingly, it was superceded by the later "First (continued...)

Documents withheld from the third (and final) stage of production also are listed in two documents. These are the Second Supplemental Declaration of Margo L. Stevens, dated December 8, 2006, and the "Revised Privilege Log for December 7, 2006, Production." As with the second batch of documents, if one is listed in the latter, but does not appear in Ms. Stevens' affidavit, then the privilege has not been properly invoked with respect to that document. [2/]

The only valid claims of deliberative process privilege that have been made by the Government in this case are with respect to those documents identified by Margo Stevens in one of her three affidavits, each with respect to a different batch of documents produced. If any document appears on a comprehensive privilege log (i.e., those which set out all privileges, as well as § 6103) as withheld pursuant to the deliberative process privilege, and it does not appear in an affidavit by Ms. Stevens, then it is inadvertent. We are aware of no such instances, and plaintiff has identified none.

Thus, plaintiff's claim that the deliberative process privilege has been claimed with respect to documents not listed in an affidavit of Margo Stevens is wrong. And when plaintiff compares what he has termed "The Initial Log" and the "Second Supplemental Log II" (on the one hand) with what he has termed the "First Supplemental Log I," (on the other) he compares

---

[1/] (...continued)
Supplemental Declaration of Margo L. Stevens" and the "Privilege Log for November 22, 2006 Production (as revised)."

[2/] A third document, Exhibit C to plaintiff's original motion to compel, filed December 20, 2006, is referred to in plaintiff's papers as "Government's Second Supplemental Log I." This paper is a preliminary version of a comprehensive listing of privileged documents prepared prior to review of the materials by Margo Stevens. Accordingly, it was superceded by the later "Second Supplemental Declaration of Margo L. Stevens, dated December 8, 2006" and the "Revised Privilege Log for December 7, 2006, Production."

apples with oranges, since the latter document was preliminary, and was superceded by a revised log, prepared after review of the documents by Ms. Stevens.

Respectfully submitted,

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

February 13, 2007

s/ Steven I. Frahm
Of Counsel