# In the United States Court of Federal Claims

No. 06-86 T
(E-Filed: February 27, 2007)

| | |
|---|---|
| DESERET MANAGEMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | Discovery; RCFC 33; Response to Interrogatories by United States; Who May Execute Interrogatories on Behalf of the United States; Proper Form of Oath |

ORDER

Pursuant to the court's order dated February 6, 2007, which granted-in-part plaintiff's Renewed Motion to Compel (Pl.'s Mot. or motion), the court now has before it defendant's Submission of the United States Pursuant to the Order of February 6, 2007, Respecting the Form of Oath Contemplated by Rule 33(b)(1) (Def.'s Sub. or defendant's submission) and Plaintiff's Submission Regarding Proper Form of Oath for Answers to Interrogatories (Pl.'s Sub. or plaintiff's submission).

I. Background

Plaintiff Deseret Management Corporation (DMC) alleges that the United States, acting through the Internal Revenue Service (IRS or government), erroneously assessed and illegally collected income taxes. Pl.'s Compl. 1. Plaintiff filed its complaint against defendant on February 3, 2006, id., and the parties have been engaged in the discovery process since then.

Plaintiff attempted through written discovery "to ascertain the facts behind the position taken to date by [defendant] with respect to the central issue in this action: the fair market value of the assets sold by [plaintiff's] subsidiary . . . in February 1995." Pl.'s Mot. 3. To that end, plaintiff submitted to defendant a set of interrogatories dated

November 8, 2006. Id. Defendant submitted its responses to plaintiff's interrogatories on December 8, 2006. Plaintiff's Motion to Compel Sufficient Responses to Requests for Admissions and Interrogatories (Pl.'s First Mot. or first motion), Ex. B at 1. Other than a preliminary statement, definitions section, and direct responses to the interrogatories, defendant's only other statement contained in its response was the following: "Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct to the best of my knowledge." Id. at 26.

On January 31, 2007, plaintiff filed its motion, which included, among other allegations, that defendant's responses to plaintiff's interrogatories were deficient in certain respects. Pl.'s Mot. 8-10. The court's order dated February 6, 2007 addressed all of plaintiff's allegations except for the allegation that defendant's answers to the interrogatories had been improperly sworn to and executed by an improper person. See generally Order of Feb. 6, 2007. With regard to the form in which the interrogatories should be sworn to and by whom the interrogatories should be executed, the court ordered that the parties brief their arguments and, in particular, the proper form of the oath contemplated by rule 33(b)(1) of the Rules of the Court of Federal Claims (RCFC). Id. at 2. Defendant and plaintiff filed their submissions on February 8, 2007 and February 12, 2007, respectively. Def.'s Sub. 1; Pl.'s Sub. 1.

Plaintiff argues that defendant's responses to plaintiff's interrogatories are deficient because they are "not 'signed by the party' 'under oath' as required under RCFC 33(b)(1) and (2)." Pl.'s Mot. 8. Defendant counters that a party's attorney may sign on its behalf and that the statement presented at the end of its responses satisfies the oath requirement of RCFC 33(b)(1) that interrogatories be "signed by the party" and "under oath." Def.'s Sub. 3-4. For the following reasons, defendant's submission is GRANTED-IN-PART and otherwise DENIED, and plaintiff's submission is GRANTED-IN-PART and otherwise DENIED.

## II. Whether an Attorney May Sign Interrogatories on Behalf of a Party

Plaintiff argues in its motion that defendant's counsel cannot sign defendant's responses to plaintiff's interrogatories and fulfill the requirement of RCFC 33(b)(2) that the answers be signed "by the person making them." Pl.'s Mot. 8. Plaintiff states that, under RCFC 33(b)(2), defendant's counsel may "sign only 'objections.'" Id. Plaintiff reasons that, because RCFC(a) allows an officer or agent to sign on behalf of a government agency, "the Internal Revenue Service [(IRS)] . . . is clearly the agency of the United States implicated by subject matter of the action and consequently the entity that must respond to any discovery." Id. Thus, plaintiff concludes that the "court should order [defendant] to serve responses to the interrogatories that are signed under oath by an

appropriate officer or agent of the [IRS]." Id. at 9.

Defendant argues that an attorney does qualify as an "officer or agent" under RCFC 33(a) when the party is a governmental agency. Def.'s Sub. 1-3. Defendant cites Wilson v. Volkswagon of America, Inc., 561 F.2d 494 (4th Cir. 1977) (Wilson) and Saudi v. Northrop Grumman Corp., 221 F.R.D. 452 (E.D. Va. 2004) (Saudi) as support for its assertion that an "agent may be the party's attorney." Def.'s Sub. 1-2.

RCFC 33(a) states:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.

RCFC 33(a) (2006) (emphasis added). RCFC 33(b)(2) also provides that "[t]he answers are to be signed by the person making them." RCFC 33(b)(2). Several courts have determined that this language authorizes the party's attorney to sign the interrogatories. In Wilson, the Court of Appeals for the Fourth Circuit reprimanded the trial court for not permitting defendant's counsel to sign its responses to plaintiff's interrogatories. Wilson, 561 F.2d at 508. The court, pointing to the language of rule 33 of the Federal Rules of Civil Procedure (FRCP), to which RCFC 33 is analogous, stated: "[FRCP 33] expressly provides that interrogatories directed to a corporate party may be answered 'by any officer or agent, who shall furnish such information as is available to the party.' This language has been uniformly construed to authorize 'answers by an attorney' for the party." Id. The district court for the District of Columbia arrived at a similar conclusion in Gluck v. Ansett Australia Ltd., 204 F.R.D. 217 (D.D.C. 2001) (Gluck), which held that the magistrate judge did not err when the magistrate judge did not "compel an actual officer of the defendant to sign the interrogatory responses when defendant's counsel had already signed them." Gluck, 204 F.R.D. at 221. The Saudi court also held that a party's attorney was an agent of the party where that party was a corporation. Saudi, 221 F.R.D. at 456. The court dismissed plaintiff's objection to defendant's interrogatory responses being signed by defendant's counsel as an argument that "has no merit." Id.

Defendant responded to plaintiff's interrogatories on December 8, 2006. Pl.'s First Mot. Ex. B at 1. Defendant's response to plaintiff's interrogatories were signed by Jennifer Dover Spriggs, defendant's attorney of record at that time. Id. at 28. The defendant party in this case is the IRS, a governmental agency. Thus, under RCFC 33(a),

"any officer or agent" may sign on behalf of the IRS. As discussed above, several jurisdictions support the view that "officer or agent" includes the party's attorney. Plaintiff does not offer any authority to the contrary, and the court has found none. The court sees no reason to disagree with the conclusion that, for the purposes of RCFC 33(a), a party's attorney is an officer or agent of that party. Therefore, the court determines that defendant acted properly and in accordance with RCFC 33(a) when defendant's counsel signed defendant's responses to plaintiff's interrogatories.

III. Form of Oath Required by RCFC 33(b)(1)

Plaintiff asserts in its motion that defendant failed properly to sign its responses to plaintiff's interrogatories "under oath," as required by RCFC 33(b)(1). Plaintiff states that defendant's qualifying phrase, "to the best of my knowledge," to its responses renders the responses "meaningless" and without "evidentiary value." Pl.'s Mot. 8-9. Defendant argues that its statement in its response, "[u]nder penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct to the best of my knowledge," Pl.'s First Mot. Ex. B at 26, is the appropriate oath under RCFC 33(b)(1), Def.'s Sub. 3. Defendant implies that, without the phrase, "to the best of my knowledge," the statement would "suggest [personal] knowledge," something that the drafters of an amendment to the analogous provision of the Federal Rules of Civil Procedure (FRCP) "very consciously decided" against. Id. at 2-3.

Both defendant and plaintiff refer to the 1948 amendment to RCFC 33(b)(1) to support their respective positions. Defendant argues that, prior to the 1948 amendment, "the analogous provision of the [FRCP] required that interrogatories be answered on personal knowledge." Id. at 2. Defendant points to the court's discussion of the amendment and its effect in United States v. 42 Jars, More or Less, of an article of drug labeled in part 'Bee Royale Capsules', 264 F.2d 666 (3rd Cir. 1959) (42 Jars) in order to demonstrate that, after the 1948 amendment, "the person responding did not need personal knowledge to answer on behalf of the corporate party." Def.'s Sub. at 2 (citation omitted). Plaintiff agrees that "the 1948 amendment is read as relieving the person designated to answer on behalf of a corporation (and now the government) from having personal knowledge." Pl.'s Sub. 7. Plaintiff asserts, however, that the government's addition of "to the best of my knowledge" "erroneously returns the focus of the oath to the knowledge of the attorney, when the focus should rightly be on the combined knowledge of those in the corporation, partnership, association or government agency." Id. Plaintiff also states that, "because the 1948 amendment deleted the requirement of an officer competent to testify," the person answering the interrogatories "can now state 'under penalties of perjury, the foregoing answers are true and correct' without adding qualifying phrases." Id. at 8.

Plaintiff further argues that defendant's statement, which includes the qualifier, "to the best of my knowledge," is inconsistent with the requirement of RCFC 33(a) that an agent "furnish such information as is available to the party." Id. at 8-9. Plaintiff asserts that the phrase "undermines the usefulness of the answers to the interrogatories" because it "creates questions as to the completeness of the answers and whether the answers will ultimately bind the party making them." Id. at 9.

The 1948 amendment to which defendant and plaintiff refer is referred to as the "1946 Amendment" by Professor James Wm. Moore in Moore's Federal Practice. 7 Moore's Federal Practice, § 33App.02[2] (Matthew Bender 3d ed. 2004) (Moore's).[1] The amendment amended FRCP 33(a), the rule analogous to RCFC 33(a), to state the following:

> Any party may serve upon any party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by an officer . . . or agent, who shall furnish such information as is available to the party.

Id. (emphasis as shown in Moore's). Prior to the amendment, FRCP 33 read:

> Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf.

Id. at § 33App.01[1] (emphasis added). Upon review of the emphasized portion of FRCP 33(a) before and after the 1948 amendment, the court agrees with the contention made by both defendant and plaintiff that the amendment deletes from the rule a concept of knowledge personal to the individual responding to the interrogatories. As defendant properly points out, the 42 Jars court read the amendment to signify that "the agent who answers on behalf of the corporation does not need to have personal knowledge." 42 Jars, 264 F.2d at 670. The question remaining to be decided, then, is whether defendant's phrase "to the best of my knowledge" improperly returns the focus of the inquiry to the

---

[1]Plaintiff notes in its submission that Professor Moore refers to the amendment in question as the "1946 Amendment" but that "both the Thomson West edition of the Federal Rules of Civil Procedure and Professors Wright and Miller refer to it as the '1948 Amendment.'" Plaintiff's Submission Regarding Proper Form of Oath for Answers to Interrogatories 7 n.4. The court refers to the amendment as the "1948 amendment."

agent's personal knowledge.

At least two authorities have allowed answers to interrogatories to include a statement limiting the answers to the agent's knowledge. In one of these case, Fernandes v. United Fruit Company, 50 F.R.D. 82 (D.C. Md. 1970) (Fernandes), the court held that "[a]n attorney for a corporation may sign and swear to answers to interrogatories addressed to it if he makes [an] oath that[,] to the best of his knowledge, information and belief[,] the answers are true and contain all information [that] is available to the corporation on the interrogatories [that] are being answered." Fernandes, 50 F.R.D. at 85-86. The Fernandes court's approach appears to attempt to address the requirement of FRCP 33(a) that the agent "shall furnish such information as is available to the party," although it does not, the court believes, fully accomplish what it attempts. Even less responsive to the requirement that the agent "shall furnish such information as is available to the party," FRCP 33(a), is the holding in Brennan v. Glens Falls National Bank & Trust Co., No. 73-273 1974 U.S. Dist. LEXIS 8541, at *8 (N.D. N.Y. May 19, 1974), that responses to interrogatories that "were true to the best of [the responder's] knowledge, information and belief" fulfilled the requirements of FRCP 33(a).

Other courts have struck responses to interrogatories that contain oaths with the phrase "to the best of my knowledge." In Nagler v. Admiral Corp., 167 F. Supp. 413 (S.D.N.Y. 1958), the court found that "a blanket verification that the answers are true to the best of [responder's] 'knowledge, information and belief.' . . . leaves [the responding party] with convenient avenues of evasion." Nagler, 167 F. Supp. at 415. The Nagler court found that the qualifying phrase permits the responder "to avoid stating specifically under oath with respect to questions he claims to be unable to answer, that he does not have the information necessary to answer the question, and that the answers given reflect all the information available to him." Id. See also Lackey v. Mesa Petroleum Co., 559 P.2d 1192, 1193-94 (N.M. Ct. App. 1976) (quoting Nagler and holding that answers to interrogatories that are based on knowledge and belief do not fulfill the requirements of New Mexico's state rules of civil procedure, which are analogous to FRCP).

As the parties agree, the 1948 amendment to FRCP 33 shifted the focus away from the respondent's personal knowledge. The court reads RCFC 33(a) in its current form to mean that the oath to the interrogatories encompasses all "such information as is available to the party." RCFC 33(a). Adding the phrase "to the best of my knowledge," Pl.'s First Mot. Ex. B at 26 (emphasis added), improperly returns that focus to the personal knowledge of the respondent

The qualifying phrase "to the best of my knowledge" also prompts questions regarding the completeness of the answers and whether the answers bind defendant. The

court agrees with the Nagler court in that the phrase gives the responding party "convenient avenues of evasion" from its responses. Because the court finds that defendant's phrase "to the best of my knowledge" is incompatible with the requirement of RCFC 33(a) that an agent "furnish such information as is available to the party" and that the phrase creates ambiguities, the court holds that the proper form of oath under RCFC 33(a) is the following: "Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct."

## IV. Conclusion

For the foregoing reasons, defendant's submission is GRANTED-IN-PART and otherwise DENIED, and plaintiff's submission is GRANTED-IN-PART and otherwise DENIED. Defendant shall execute its responses to plaintiff's interrogatories in a manner consistent with this opinion and deliver its responses to plaintiff on or before March 6, 2007.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge