**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DESERET MANAGEMENT CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-86 T** |
| **v.** | § | **The Honorable Emily C. Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**REPLY FOR THE UNITED STATES IN SUPPORT OF ITS MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

On February 26, 2007, defendant filed a motion to amend the pretrial scheduling order by extending the existing deadlines by four months. As defendant explained, final contracting is underway with experts defendant has now identified and selected, and the requested additional time is needed to enable them to complete their work in a thorough and professional manner. In addition, as is particularly true in a fact-rich valuation case such as this, as the work of defendant's experts proceeds, they are likely to identify additional factual inquiries that defendant should make through discovery. Finally, defendant's prompt review of plaintiff's (overdue) February 15th responses to its written discovery requests has led it to conclude that the responses are inadequate and that additional efforts will need to be made to obtain the necessary, relevant information.

Plaintiff opposes defendant's motion, but makes no claim that it would suffer any prejudice if the motion were granted. Indeed, plaintiff argues it is not required to establish hardship or prejudice, effectively conceding that there is none. At the same time, plaintiff does not dispute that the government will be severely harmed if it is does not have enough time to properly prepare a defense in this $28 million tax case.

Instead, plaintiff's opposition is largely an argument that the government's past behavior in this case has been dilatory and that the Court should deny the government's motion as punishment. (Opp. at 5-11.) Plaintiff seems to feel, for example, that when the Department of Justice moved (with plaintiff's consent) to enlarge the time to file an Answer (because we had neither the IRS's administrative files, nor a defense letter), that defendant's attorney nevertheless could have been, and should have been, working productively on advancing the case. (Opp. at 6-7.) During that time, the only substantive document we had was plaintiff's Complaint – hardly the stuff with which to work the case. [1/] Plaintiff also charges defendant with continuous delay since filing its Answer. According to plaintiff, defendant should have pursued discovery more aggressively after the Initial Disclosures were made and should have retained experts long ago. But, as the Court will recall, but which plaintiff overlooks, since last fall, defendant has spent an enormous amount of time *on this case*, responding to plaintiff's various motions, challenging what we considered to be unnecessary discovery regarding the Internal Revenue Service's audit activities and conclusions, and, when the Court decided that such discovery should proceed,

---

[1/] Alternatively, plaintiff seems to be suggesting that defendant engaged in improper delay and failed to comply with the Rules of this Court by not filing an Answer by April 5, 2006, when it would have been due in the absence of the enlargements provided by Order of the Court. (Opp. at 6.)

providing the requested discovery. While defendant would have preferred to have directed its energies toward discovery of the facts that affect the valuation of the assets involved in the sale of KIRO-TV, and in identifying, interviewing, and retaining appropriate experts, the fact remains that a party is not dilatory when it was obliged to spend its time on other matters in the case. [2/]

Indeed, plaintiff's counsel seemed to recognize that his own discovery largely preempted defendant's when he advised the Court on November 29, 2006 (Tr. 53), that he sought to get plaintiff's discovery out of the way early, to "leave the field clear" for the government to conduct its discovery. Despite the absence of a clear field, defendant, in addition to addressing plaintiff's motions and extensive discovery requests, identified and vetted several potential experts and solicited proposals for their work. Defendant also served an extensive set of written discovery requests in December and noticed plaintiff's RCFC 30(b)(6) deposition on a large array of identified topics. Moreover, since defendant's present counsel of record replaced the previous counsel, he has worked on this case virtually full time, and has made considerable progress. [3/] Plaintiff's notion that defendant has been inactive in this case and therefore shouldn't be given more time to do what it needs to do to be ready for trial is simply wrong. [4/]

---

[2/] Defendant also believes that plaintiff's focus on the IRS' audit will, in the end, be of no evidentiary value (if plaintiff even offers such evidence) to the resolution of the valuation of the assets of KIRO-TV.

[3/] He is the only trial attorney on the valuation issue that is primary in this case. A junior attorney is working, under his supervision, on two other unrelated issues. The others named on defendant's filings are management personnel, including the head of the Tax Division, with responsibilities for this and many other cases, but which do not involve serving discovery or retaining experts in this case.

[4/] Plaintiff also aims a variety of other charges in defendant's direction in an effort to poison defendant's motion. Plaintiff complains that defendant's February 26th motion was filed

(continued...)

Plaintiff also is wrong in claiming that defendant's experts can finish their reports "with little or no extra effort" by April 25th. Plaintiff points to defendant's estimate in its motion that it will take from eight to ten weeks from contract signing to prepare an expert report. But plaintiff ignores what else defendant said to explain the need for a schedule revision: (1) that contracts have not been signed with all experts, (2) that expert witnesses very often identify new factual information that will require additional discovery requests and the time necessary to obtain responsive information, (3) that defendant's counsel and others in the Government will review the reports to consider whether this case may be resolved by settlement (or even concession), and (4) that plaintiff's discovery responses have not produced the information requested that will enable defendant's experts to properly proceed, and that defendant will be pursuing other avenues to obtain the necessary information. Defendant, not plaintiff, has been in

---

[4/] (...continued)
two days before discovery was set to end. The Court's January 19, 2007, Pretrial Scheduling Order addresses not only discovery, but the exchange of expert reports, and other deadlines extending to July 25, 2007. The contents of defendant's motion obviously were based on its review of plaintiff's responses to discovery, received just 11 days earlier, and on defendant's most recent discussions with its selected experts, just prior to the motion. Certainly, defendant wanted to file the motion before discovery ended, but it could not have been filed earlier. Likewise, plaintiff's complaint that it did not know earlier of defendant's concerns regarding the sufficiency of its discovery responses ignores that plaintiff's responses were weeks overdue and did not arrive until only 11 days before defendant filed its motion. Defendant promptly reviewed those responses and advised plaintiff's counsel by letter that defendant considers them inadequate before it filed this motion. Moreover, the important consideration is that defendant needs more time to conduct discovery, in part, because it has not received the information requested from plaintiff which it now must pursue through other mechanisms – the date on which plaintiff was advised of these deficiencies has no bearing on whether additional time is necessary for discovery. Lastly, plaintiff argues (at 5, 9) that defendant failed to respond to a January 12th communication from plaintiff that it characterizes as its effort "to simplify its own production and make discovery less complicated for the Government." The January 12th communication actually was prepared at defendant's request, as defendant's new counsel was attempting to resolve the parties' disputes over their respective discovery needs. Defendant responded by amending its discovery responses in important respects.

communication with defendant's selected experts, and plaintiff has no basis to claim that their work can be completed, under any circumstances, within the present deadline. The schedule modification defendant has requested is essential to afford defendant and its experts the opportunity to prepare a defense to plaintiff's claims.

Respectfully submitted,

s/ W. C. Rapp
W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

March 12, 2007

s/ Steven I. Frahm
Of Counsel