**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DESERET MANAGEMENT CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-86 T** |
| **v.** | § | **The Honorable Emily C. Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**MOTION OF THE UNITED STATES**
**FOR LEAVE TO FILE RESPONSE TO THE ORDER OF MARCH 29, 2007,**
**AND RESPONSE OF THE UNITED STATES**
**TO THE ORDER OF MARCH 29, 2007**

Defendant, the United States, respectfully moves the Court for leave to supplement its response to plaintiff's renewed motion to compel discovery, with respect to those documents identified by the Court in Section III of its Order of March 29, 2007. Defendant's supplemental response is included herein, as is the response invited by the Court in Section IV of the Order of March 29, 2007.

Defendant states that it believes that all but one of the documents the Court referred to in Sections III and IV of its Order were produced to plaintiff last year, subject only to redactions of the home address and home telephone numbers of Internal Revenue Service employees, based on the personal privacy privilege. As the Court recognized in Section III, defendant asserted this privilege with respect to three documents, 2SUPP00041-00044, 2SUPP000128, and

2SUPP000129. With regard to the documents identified in Section IV, "Missing Descriptions," defendant advises that the privilege logs do assert the personal privacy privilege for those documents. See Privilege Log for November 22, 2006, Production (as revised), at pages 37-38 and 44 (of Exhibit G to Document 42, as filed with the Court). Plaintiff's Motion to Compel included no objection to the withholding of any personal contact information based upon the personal privacy privilege. As a result, there was then no occasion for the Government to include in its response a discussion of that privilege, or its applicability to particular documents.

The only document mentioned in the Order that was not produced to plaintiff is 2SUPP00041-00044. In addition to the assertion of the personal privacy privilege, the executive (deliberative process) privilege was also claimed with respect to this document in the Second Supplemental Declaration of Margo L. Stevens (at page 8 of Exhibit D to Document 42 as filed with the Court). Since the Court sustained the Government's assertion of that privilege, we do not believe that this document has been impermissibly withheld.

The Order of March 29 invites the Government to provide legal authorities with respect to the personal privacy privilege. The personal privacy privilege has been recognized as growing out of multiple statutes in which Congress has either sought to respect the privacy of citizens and its employees (*see, e.g.*, the Privacy Act of 1974, 5 U.S.C. section 552a, 552(b)(2)), or in which Congress has sought to make information available to the public, while at the same time shielding personal information from public revelation (*see, e.g.*, the Freedom of Information Act, 5 U.S.C. section 552, 552(b)(6)). The policy revealed in such enactments has been held to create a privilege, recognizable in civil discovery under Rule 26. *See, e.g., Baldridge v. Shapiro*, 455 U.S. 345 (1982). This brief discussion is necessarily a considerable oversimplification, which would

seem adequate in light of the fact that plaintiff has not sought to overrule our invocation of the privilege. For a specific application of the privilege (or something very like it) see *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004). For a more theoretical conflict as to whether these sorts of privacy considerations should be dealt with as a matter of privilege, or instead by more carefully considering the relevance of such information, compare *Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984) with *Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987).

Accordingly, except for 2SUPP00041-00044 (with respect to which the assertion of executive (deliberative process) privilege was not overruled), the Government intended to produce all of the documents referred to in sections III and IV of the Order of March 29, after the home telephone numbers and address of Service employees were redacted. That information was withheld based upon a recognized privilege, the assertion of which has not been challenged by plaintiff. If, by inadvertence, these documents have not been produced, plaintiff should advise us of that fact and they will be provided.

Respectfully submitted,

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

April 5, 2007

s/ Steven I. Frahm
Of Counsel