**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DESERET MANAGEMENT CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-86 T** |
| **v.** | § | **The Honorable Emily C. Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

**STATUS REPORT**

Pursuant to the Order of July 11, 2007, defendant provides this report respecting the status of the above-captioned case.

By Order of July 11, 2007, proceedings in this case were suspended upon the representation to the Court that plaintiff had submitted an offer in compromise of all of the issues presented, the acceptance of which on behalf of the Attorney General would result in the filing of a stipulation of dismissal with prejudice. This offer is being reviewed in accordance with the Government's usual procedures. See 28 C.F.R., Part 0, Subpart Y, Appendix (Directive No. 105). Because of the amount of the refund that would be generated by the proposed settlement, authority to accept or reject it has been delegated by the Attorney General to the Assistant Attorney General of the Tax Division, and has not been redelegated to an inferior official. Action will be taken by the Assistant Attorney General only after the preparation and submission by defendant's trial attorney of a formal memorandum setting out his analysis. That

memorandum must in turn be reviewed and endorsed or supplemented by the reviewing attorney (in this case, the Assistant Chief) and by the Chief of the Court of Federal Claims Section. Thereafter the offer must be referred to the Tax Division's Office of Review for analysis and recommendation, before being forwarded to the office of the Assistant Attorney General. In addition, the Department of Justice must solicit and receive the advice and recommendation of the Office of Chief Counsel, Internal Revenue Service. Pursuant to § 6405 of the Internal Revenue Code, the proposed settlement must also be referred to the Joint Committee on Taxation, which has 30 days to offer its views.

Plaintiff's offer in compromise was submitted by letter dated July 3, 2007. By letter dated August 10, 2007, we received the recommendation and advice of the Office of Chief Counsel, Internal Revenue Service. Our trial attorney's memorandum, dated August 17, 2007, was endorsed by the Chief of the Court of Federal Claim Section on August 22, 2007, and the case was transferred to the Tax Division's Office of Review. On January 18, 2008, the proposed settlement was referred to the Joint Committee on Taxation and, by letters of that date, both plaintiff and the Office of Chief Counsel were advised of that action. By letter dated March 17, 2008, plaintiff was informed that we had been advised by the Joint Committee staff that it had found no reason to offer any adverse criticism of the proposed settlement. Plaintiff was further advised that its offer in compromise had accordingly been accepted on behalf of the Attorney General. It is now necessary to compute the precise amount to which plaintiff is entitled pursuant to the settlement (including overpayment interest). Plaintiff has provided the Government with computations, and the task of performing final computations has begun, but has not yet been completed. It is expected that they will be completed in the immediate future.

Pursuant to the Order of July 11, we will report again on June 30, 2008.

Respectfully submitted,

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

April 30, 2008

s/ David Gustafson
Of Counsel