**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DESERET MANAGEMENT CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **No. 06-86 T** |
| **v.** | § | **The Honorable Emily C. Hewitt** |
| | § | |
| **THE UNITED STATES,** | § | |
| | § | |
| **Defendant.** | § | |

## STATUS REPORT

Pursuant to the Order of July 11, 2007, defendant provides this report respecting the status of the above-captioned case.

By Order of July 11, 2007, proceedings in this case were suspended upon the representation to the Court that plaintiff had submitted an offer in compromise of all of the issues presented, the acceptance of which on behalf of the Attorney General would result in the filing of a stipulation of dismissal with prejudice. The offer was reviewed in accordance with the Government's usual procedures. See 28 C.F.R., Part 0, Subpart Y, Appendix (Directive No. 105). Because of the amount of the refund that would be generated by the proposed settlement, authority to accept or reject it has been delegated by the Attorney General to the Assistant Attorney General of the Tax Division, and has not been redelegated to an inferior official. In addition, the Department of Justice was required to solicit and receive the advice and recommendation of the Office of Chief Counsel, Internal Revenue Service. Pursuant to § 6405

of the Internal Revenue Code, it was necessary to refer the proposed settlement to the Joint Committee on Taxation.

Plaintiff's offer in compromise was submitted by letter dated July 3, 2007. By letter dated August 10, 2007, we received the recommendation and advice of the Office of Chief Counsel, Internal Revenue Service. Our trial attorney's memorandum, dated August 17, 2007, was endorsed by the Chief of the Court of Federal Claim Section on August 22, 2007, and the case was transferred to the Tax Division's Office of Review. On January 18, 2008, the proposed settlement was referred to the Joint Committee on Taxation and, by letters of that date, both plaintiff and the Office of Chief Counsel were advised of that action. By letter dated March 17, 2008, plaintiff was informed that we had been advised by the Joint Committee staff that it had found no reason to offer any adverse criticism of the proposed settlement. Plaintiff was further advised that its offer in compromise had accordingly been accepted on behalf of the Attorney General.

In December, 2007, plaintiff provided the Government with computations of the consequences of the then pending settlement. After acceptance of plaintiff's offer, on May 19, 2008, the Government provided its computations to plaintiff. By letter of June 19, plaintiff provided its views to us. Revised computations were provided to plaintiff on June 26, 2008, and a telephone conference was conducted on June 27 to discuss these new computations. The parties have also begun to address the logistics of implementing the settlement, either by refund or by crediting of the resulting overpayments.

Pursuant to the Order of July 11, we will report again on August 29, 2008.

Respectfully submitted,

s/ W. C. Rapp

W.C. RAPP
Attorney of Record
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, DC 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

NATHAN J. HOCHMAN
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

June 30, 2008

s/ David Gustafson
Of Counsel